1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   MATTHEW S. MCCONNELL, Cal. Bar No. 209672
3  mmcconnell@sheppardmullin.com
   TRAVIS J. ANDERSON, Cal. Bar No. 265540
4  tanderson@sheppardmullin.com
   12275 El Camino Real, Suite 200
5  San Diego, California 92130
   Telephone: 858.720.8900
6  Facsimile: 858.509.3691

7  Attorneys for Plaintiff
   MEDICINOVA, INC.

8

9                    UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  MEDICINOVA, INC., a Delaware          Case No.  '14CV2513 L    KSC
    Corporation,
13                                        **COMPLAINT FOR BREACH OF
              Plaintiff,                  CONTRACT AND BREACH OF
14                                        COVENANT OF GOOD FAITH
         v.                               AND FAIR DEALING AND
15                                        DEMAND FOR JURY TRIAL**
    GENZYME CORPORATION, a
16  Massachusetts Corporation,

17            Defendants.

18

19

20
         Plaintiff MediciNova, Inc. ("Plaintiff" or "MediciNova") alleges the
21
    following:
22

23
                       **FEDERAL JURISDICTION**
24
         1.    This court has original and exclusive jurisdiction over the subject
25
    matter of this action under 28 U.S.C. §§ 1331 and 1338 in that MediciNova's right
26
    to relief depends on resolution of a substantial question of federal patent law.
27

28

                                    -1-

1    2.    This court has original jurisdiction under 28 U.S.C. § 1332, in that it is

2  a civil action between citizens of different states in which the matter in controversy

3  exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000.00).

4

5                              **PARTIES**

6    3.    Plaintiff MediciNova, Inc. is a Delaware corporation with its principal

7  place of business in San Diego, California.

8

9    4.    Defendant Genzyme Corporation ("Genzyme") is a Massachusetts

10  corporation with its principal place of business in Cambridge, Massachusetts.

11

12                              **VENUE**

13    5.    Venue is proper in the Southern District because this is the District in

14  which MediciNova's principal place of business is located, Defendants conduct

15  business within this District, relevant witnesses are located in this District, and a

16  substantial part of the events or omissions giving rise to the claim occurred in this

17  District.

18

19                   **FACTUAL BACKGROUND**

20    6.    Genzyme entered into a written Assignment Agreement with Avigen,

21  Inc. dated December 19, 2005 (the "Assignment Agreement").

22

23    7.    Under the Assignment Agreement, Genzyme acquired from Avigen

24  certain gene therapy intellectual property and gene therapy research and

25  developmental programs.  Avigen, in turn, received consideration up front and was

26  eligible for specified milestone payments should certain events and/or conditions be

27  met in the future.

28

                                     COMPLAINT FOR BREACH OF CONTRACT

8.     The gene therapy technology acquired by Genzyme included recombinant adeno-associated viral vectors, also known as AAV vectors, as well as a portfolio of patents referred to as "Gene Therapy Patents" under the Assignment Agreement, which related to Avigen's gene therapy technology, including Avigen's AAV vector technology.

9.     AAV vectors provide a mechanism for transferring genes into a targeted set of cells within a patient in order to potentially treat a variety of diseases.

10.     Under the Assignment Agreement, certain milestone payments are required based on the development of products using Avigen's technology including the AAV Vectors.  More particularly, a milestone payment is due under the Assignment Agreement when the first patient is dosed or treated in a Phase I clinical study with a product that is covered by a claim of one of the Gene Therapy Patents issued in certain major markets, including the United States as set forth in the Assignment Agreement.

11.     On or about December 18, 2009, Avigen, Inc. merged with MediciNova.  As a result, MediciNova assumed all rights under the Assignment Agreement, including rights to any subsequent milestone payments.

12.     In March 2014, Genzyme informed MediciNova that Genzyme was currently conducting a Phase 1 clinical trial of a gene therapy product for age-related macular degeneration named AAV-sFLT.  Genzyme explained that all patients in the clinical trial had already been dosed with AAV-sFLT.

13.     MediciNova is informed and believes that the AAV vector technology being used by Genzyme in AAV-sFLT is covered by at least one claim of one or

-3-

1   more U.S. Gene Therapy Patents under the Assignment Agreement.  As a result,

2   Genzyme was required to pay a $1,000,000 milestone under Schedule 3.2 (Part E) of

3   the Assignment Agreement when the first patient was dosed with AAV-sFLT.

4

5      14.   To date, and despite demand, Genzyme has failed to pay to

6   MediciNova the $1,000,000 milestone payment.

7

8      15.   MediciNova has complied with the informal dispute resolution

9   requirements of the Assignment Agreement.

10

11                   **FIRST CLAIM FOR RELIEF**

12                     **Breach of Contract**

13

14      16.   MediciNova incorporates by reference each of the allegations of the

15   preceding paragraphs as though fully set forth herein.

16

17      17.   As stated above, Avigen and Genzyme entered into the Assignment

18   Agreement, the consideration for which was fair and reasonable.

19

20      18.   MediciNova acquired all rights under the Assignment Agreement by

21   virtue of its merger with Avigen.

22

23      19.   MediciNova has performed all obligations and duties required of it

24   under the Assignment Agreement.

25

26      20.   Defendants breached the Assignment Agreement by failing to fulfill all

27   of their obligations, including but not limited to their obligation to timely notify

28

-4-

1  MediciNova about the commencement of the AAV-sFLT clinical trial and to timely
2  pay the $1,000,000 first milestone.
3
4  21.    As a direct and proximate result of Defendants' breaches of the
5  Assignment Agreement MediciNova has been damaged in an amount of at least
6  $1,000,000, plus prejudgment interest.
7
8  ## SECOND CLAIM FOR RELIEF
9  **Breach of Covenant of Good Faith and Fair Dealing**
10
11  22.    MediciNova incorporates by reference each of the allegations of the
12  preceding paragraphs as though fully set forth herein.
13
14  23.    As stated above, Avigen and Genzyme entered into the Assignment
15  Agreement, the consideration for which was fair and reasonable.
16
17  24.    There is an implied covenant of good faith and fair dealing in every
18  contract, including the Assignment Agreement pursuant to which each party
19  covenants not to do anything which would deprive the other party of the benefit of
20  its bargain.  The implied covenant of good faith and fair dealing prohibits a party
21  such as Genzyme from taking action or failing to take action in a manner that would
22  deprive MediciNova of the full benefits of the Assignment Agreement.
23
24  25.    As detailed above, Defendants have breached the implied covenant of
25  good faith and fair dealing by failing to fulfill all of their obligations under the
26  Assignment Agreement, thereby depriving MediciNova of the $1,000,000 milestone
27  payment to which it is owed plus pre-judgment interest.
28

-5-

1

## DEMAND FOR JURY TRIAL

2    26.    MediciNova demands a jury trial.

3

## PRAYER FOR RELIEF

4

5    WHEREFORE, MediciNova demands judgment against Defendants as

6 follows:

7        1.    General damages of at least $1,000,000;

8        2.    Prejudgment interest;

9        3.    Costs of suit; and

10        4.    For such other relief as the court deems proper.

11

12 Dated: October 21, 2014

13                    Respectfully submitted,

14                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15

16            By

17                    MATTHEW S. MCCONNELL
18                    TRAVIS J. ANDERSON

19                    Attorneys for Plaintiff
20                    MEDICINOVA, INC.

21

22

23

24

25

26

27

28

-6-