1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MEDICINOVA, INC.,                    Case No.  14-cv-2513L(KSC)

12              Plaintiff,                **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE [ECF NO. 3]**

13        v.

14   GENZYME CORPORATION,

15              Defendant.

16

17

18       Pending before the Court is Defendant's fully briefed motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6).  The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS** the motion **WITHOUT PREJUDICE**.

19
20
21
22

//
//
//
//
//
//

## I. BACKGROUND

According to the Complaint, on December 19, 2005, Defendant Genzyme Corporation ("Genzyme") entered into a written Assignment Agreement with Avigen, Inc. ("Agreement"). (Compl. ¶¶ 3, 6, ECF No. 1.) Under the Agreement, Genzyme acquired gene therapy intellectual property, research, and developmental programs. (*Id.* ¶ 7.) Avigen received "consideration up front and was eligible for specified milestone payments should certain events and/or conditions be met in the future." (*Id.*)

The gene therapy technology included "recombinant adeno-associated viral vectors, also knowns as AAV vectors, as well as a portfolio of patents referred to as 'Gene Therapy Patents' under the Assignment Agreement. . ." (*Id.* ¶ 8.) AAV vectors are used to transfer genes into targeted cells to potentially treat diseases. (*Id.* ¶ 9.) Pursuant to the agreement, Genzyme agreed to make a milestone payment when the first patient "is dosed or treated in a Phase I clinical study with a product that is covered by a claim of the Gene Therapy Patents. . ." (*Id.* ¶ 10.)

On December 18, 2009, Avigen, Inc. merged with Plaintiff Medicinova ("Medicinova"), which assumed all rights under the Agreement, including rights to subsequent milestone payments. (*Id.* ¶ 11.) In March 2014, Genzyme informed MediciNova that it was conducting a Phase 1 clinical trial of a gene therapy product named AAV-sFLT, and explained that all patients had already been dosed with AAV-sFLT. (*Id.* ¶ 12.) The "AAV vector technology being used by Genzyme in AAV-sFLT is covered by at least one claim of one or more U.S. Gene Therapy Patents under the Assignment Agreement." (*Id.* ¶ 13.) Accordingly, Genzyme was to pay MediciNova $1,000,000 as a milestone payment, which it has not yet paid. (*Id.* ¶ 14.)

On October 21, 2014, MediciNova filed the instant Complaint for breach of contract and breach of the covenant of good faith and fair dealing. On February 3, 2015, Genzyme filed the instant motion to dismiss. (MTD, ECF No. 3.)

## II. LEGAL STANDARD

**Motion to Dismiss for Failure to State a Claim**

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a

cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. Breach of Contract Claim

Genzyme moves to dismiss MediciNova's breach of contract claim on a number of grounds. First, it suggests that the allegations are conclusory and therefore insufficient under *Iqbal* and *Twombly*. (MTD 6.) Second, Genzyme argues that MediciNova's claims based on "information and belief" are improper. (*Id.* at 7.) Third, Genzyme maintains that the allegations are insufficient because they fail to point out which of the Gene Therapy Patents in the Agreement cover AAV-sFLT. (*Id.* at 7-8.)

All of Genzyme's arguments boil down to one issue: whether or not MediciNova has sufficiently identified which "Gene Therapy Patents" are at issue in this case. MediciNova's breach of contract claims hinge on the following allegation:

> MediciNova is informed and believes that the AAV vector technology being used by Genzyme in the AAV-sFLT is covered by at least one claim of one or more U.S. Gene Therapy Patents under the Assignment Agreement. As a result, Genzyme was required to pay a $1,000,000 milestone under Schedule 3.2 (Part E) of the Assignment Agreement when the first patient was dosed with AAV-sFLT.

(Compl. ¶ 13.) This allegation is supported by MediciNova's allegation that Genzyme "failed to fulfill all of their obligations, including . . . their obligation to timely notify MediciNova about the commencement of the AAV-sFLT clinical trial and to timely pay the $1,000,000 first milestone." (Compl. ¶ 20.) In some circumstances, such allegations would be sufficient to state a breach of contract claim. However, due to the complexity of the Agreement and the breadth of the definition of "Gene Therapy Patents" therein, these allegations are insufficient.

As Genzyme points out, and MediciNova does not dispute, the term "Gene Therapy Patents" covers more than 246 worldwide patent applications and 5 U.S granted patents. (MTD 8.) Simply claiming that the clinical trials of AAV-sFLT are covered by the "Gene Therapy Patents," without more, does not put Genzyme on notice as to which "Gene Therapy Patents" are at issue here. MediciNova's Complaint is devoid of any facts which support its claim that the AVV-sFLT trials are covered by the Assignment Agreement, and is therefore insufficient.

Further, MediciNova's allegations based on "information and belief" are inappropriate as plead. Under Rule 8, "[p]leading on information and belief is a desirable and essential expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of the plaintiff but he [or she] has sufficient data to justify interposing an allegation on the subject." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224 (2d ed.1990). "However, pleading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption." *Id.*

Here, whether or not AVV-sFLT is covered by the "Gene Therapy Patents" is presumptively within the knowledge of MediciNova. MediciNova is familiar with the Agreement, and knows what every single patent under the "Gene Therapy Patent" umbrella is. This fact, paired with MediciNova's detailed allegations about AAV vector technology and that AAV-sFLT is covered by the "Gene Therapy Patents,"

means that MediciNova must either know, or be able to determine via review of the relevant patents, which patents cover the clinical trial use in question. As such, MediciNova cannot rely on "information and belief" allegations. That being said, if MediciNova can add allegations to the Complaint that rebut the presumption that such information is within its knowledge, MediciNova may rely on "information and belief" allegations.

In light of the foregoing, the Court **GRANTS** the motion to dismiss the breach of contract claim **WITH LEAVE TO AMEND**.

### B. Breach of the Covenant of Good Faith and Fair Dealing

Genzyme next moves to dismiss MediciNova's good faith claims because they are coextensive with the breach of contract claim. (MTD 9.) MediciNova admits that the two claims are based on identical facts, but argues that both claims are appropriate because breach of distinct contractual obligations may be properly plead as separate counts. (Opp'n 9-10.)

Because the good faith and fair dealing claim is admittedly based on the same factual allegations as the deficient breach of contract claim, it is also **DISMISSED WITH LEAVE TO AMEND.** The Court notes that MediciNova may bring a breach of contract claim and a breach of the covenant of good faith and fair dealing based on the same underlying facts, as each cause of action, properly stated, asserts that Genzyme violated a different contractual obligation. *See Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 885 (2011).

//
//
//
//
//
//
//

IV. **CONCLUSION & ORDER**

    The Court **GRANTS** motion to dismiss **WITH LEAVE TO AMEND**, as specified above.  Plaintiff shall file its amended Complaint on or before **August 28, 2015.**

    **IT IS SO ORDERED.**

DATED: August 19, 2015

*/s/ M. James Lorenz*
M. James Lorenz
United States District Judge