1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
      Including Professional Corporations
2  MATTHEW S. MCCONNELL, Cal. Bar No. 209672
   mmcconnell@sheppardmullin.com
3  TRAVIS J. ANDERSON, Cal. Bar No. 265540
   tanderson@sheppardmullin.com
4  12275 El Camino Real, Suite 200
   San Diego, California  92130
5  Telephone:  858.720.8900
   Facsimile:   858.509.3691
6
7  DON J. PELTO, Cal. Bar No. 140499
   dpelto@sheppardmullin.com
   2099 Pennsylvania Avenue, N.W., Suite 100
8  Washington, DC 20006-6801
   Telephone:  202.747.1911
9  Facsimile:   202.747.3389

10  Attorneys for Plaintiff
    MEDICINOVA, INC.
11

12              UNITED STATES DISTRICT COURT

13             SOUTHERN DISTRICT OF CALIFORNIA

14

15  MEDICINOVA INC., a Delaware          Case No. 14-cv-2513-L-KSC
    Corporation,
16
             Plaintiff,                  **DECLARATION OF MATTHEW S.**
17                                       **MCCONNELL IN SUPPORT OF**
                                         **JOINT MOTION FOR**
18        v.                             **DETERMINATION OF**
                                         **DISCOVERY DISPUTE**
19  GENZYME CORPORATION, a
    Massachusetts Corporation,
20                                       Magistrate Judge Karen S. Crawford
             Defendants.
21

22

23

24

25

26

27

28

## DECLARATION OF MATTHEW S. MCCONNELL

I, Matthew S. McConnell, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for plaintiff MediciNova, Inc.  This declaration is submitted in support of the parties' Joint Motion for Determination of Discovery Dispute.  I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.     MediciNova served its first set of requests for admissions on defendant Genzyme Corp. by mail on July 13, 2016.  A true and correct copy of the first set of requests for admissions is attached hereto as Exhibit A.  MediciNova served its second set of requests for admissions on Genzyme by mail on November 21, 2016.  A true and correct copy of the second set of requests for admissions is attached hereto as Exhibit B.

3.     MediciNova served its first set of requests for production on defendant Genzyme Corp. by mail on July 13, 2016.  A true and correct copy of the first set of requests for production is attached hereto as Exhibit C.  MediciNova served its second set of requests for production on Genzyme by mail on November 21, 2016.  A true and correct copy of the second set of requests for production is attached hereto as Exhibit D.

4.     After the Court entered the Protective Order on January 31, 2017, Genzyme served its responses to the first and second sets of requests for admissions and the first and second sets of requests for production by email on February 6, 2017.  A true and correct copy of Genzyme's responses to the first set of requests for admissions is attached hereto as Exhibit E.  A true and correct copy of Genzyme's responses to the second set of requests for admissions is attached hereto as Exhibit F.  A true and correct copy of Genzyme's responses to the first set of

-1-

1   requests for production is attached hereto as <u>Exhibit G</u>.  A true and correct copy of

2   Genzyme's responses to the second set of requests for production is attached hereto

3   as <u>Exhibit H</u>.  Genzyme also served responses to MediciNova's first and second sets

4   of interrogatories.  Genzyme refused to provide a single substantive response to any

5   of the interrogatories on the ground that the first set (Nos. 1-18) and the second set

6   (Nos. 19-29) combined for more than 25 interrogatories.

7          5.      On February 17, 2017, I sent a letter by email and U.S. mail to

8   Genzyme's counsel of record detailing various deficiencies in the discovery

9   responses Genzyme served by email on February 6.  A true and correct copy of my

10  February 17 letter is attached hereto as <u>Exhibit I</u>.

11         6.      On February 28, 2017, I received a letter by email from

12  Genzyme's counsel of record responding to my February 17 letter.  A true and

13  correct copy of the February 28 letter is attached hereto as <u>Exhibit J</u>.

14         7.      On March 3, 2017, I responded to the February 17 letter

15  requesting a telephonic meet and confer call on March 6, 8, or 9.  A true and correct

16  copy of my March 3 letter is attached hereto as <u>Exhibit K</u>.  On March 6, counsel for

17  Genzyme indicated that they were not available on any of those dates and proposed

18  to meet and confer on March 13, 2017.  A true and correct copy of a March 6 email

19  from Genzyme's counsel is attached hereto as <u>Exhibit L</u>.  Counsel for the parties

20  met and conferred regarding various outstanding discovery disputes on March 13.

21  On March 13, 2017, prior to the meet and confer call, Genzyme provided

22  substantive responses to the first set of special interrogatories, but continued to

23  refuse to provide any substantive responses to the second set because it took the

24  total number to 29 interrogatories.  As to Genzyme's responses to the first set of

25  special interrogatories, Genzyme marked every single page "attorneys' eyes only."

26  During a lengthy call on March 13, the parties discussed numerous discovery issues,

27  including those raised in the pending Joint Motion.  Genzyme agreed to review all

28

-2-

MCCONNELL DECLARATION ISO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE

1 | of its objections to MediciNova's discovery requests and provide a follow-up
2 | response.
3 |       8.     On March 15, 2017, I received a final letter by email from
4 | Genzyme's counsel of record.  In that letter, Genzyme's counsel stated that
5 | Genzyme intended to stand by all of its objections.  A true and correct copy of the
6 | March 15 letter is attached hereto as <u>Exhibit M</u>.
7 |       9.     The March 15 letter from Genzyme's counsel also enclosed
8 | copies of Genzyme's supplemental responses to MediciNova's first set of
9 | interrogatories and its first and second sets of requests for admissions, wherein
10 | Genzyme removed the "attorneys' eyes only" designation previously affixed thereto.
11 | A true and correct copy of the "redacted" responses to MediciNova's first set of
12 | interrogatories is attached hereto as <u>Exhibit N</u>.  A true and correct copy of the
13 | "redacted" responses to MediciNova's first set of requests for admissions is attached
14 | hereto as <u>Exhibit O</u>.  A true and correct copy of the "redacted" responses to
15 | MediciNova's second set of requests for admissions is attached hereto as <u>Exhibit P</u>.
16 |      10.     Genzyme served its initial disclosures by email in this action
17 | pursuant to Rule 26 of the Federal Rules of Civil Procedure on August 4, 2016.
18 | Every page of Genzyme's initial disclosures was designated "attorneys' eyes only."
19 | After MediciNova objected to this designation, Genzyme served amended initial
20 | disclosures without the "attorneys' eyes only" designation on August 16, 2016.  A
21 | true and correct copy of the amended initial disclosures is attached hereto as <u>Exhibit</u>
22 | <u>Q</u>.
23 |      11.     Genzyme produced documents in response to MediciNova's
24 | requests for production on March 6, 2017.  The documents were produced as
25 | hundreds of individual PDF files with no underlying metadata, making efforts to
26 | search and utilize the documents extremely difficult.  MediciNova has identified
27 | only about 9,000 pages out of the approximately 121,000 produced that are
28 |

-3-

1  designated "attorneys' eyes only."  An example cited by Genzyme is a document

2  that appears to be a 2005 letter with attachments that is addressed to an official at

3  the federal Food and Drug Administration's Center for Biologics Evaluation and

4  Research.  One of the attachments is a journal article entitled "Long-Term

5  Evaluation of AAV-Mediated sFlt-1 Gene Therapy for Ocular Neovascularization in

6  Mice and Monkeys," which appears to have been published in the journal

7  "Molecular Therapy" in 2005.

8         12.    On April 14, 2017, I provided a copy of this motion to

9  Genzyme's counsel of record by email.  On April 19, 2017, Genzyme's counsel

10  informed me that Genzyme would not participate in the joint motion because it

11  violates the Court's 45-day time limit to present discovery disputes.  A true and

12  correct copy of my April 14 through 19 email exchange with Genzyme's counsel is

13  attached hereto as Exhibit R.

14         13.    On April 17 and 18, 2017, I requested identification of any

15  documents as well as the total number of documents marked attorneys' eyes only.

16  To date, I have received no response other than counsel's statement that Genzyme

17  has no record of which documents were marked attorneys' eyes only.

18         14.    My staff was tasked with analyzing Genzyme's discovery

19  responses, preparing the meet and confer letters, and preparing the joint motion.  My

20  staff was also tasked with reviewing the applicable rules and procedures for this

21  process, including for filing a motion to compel.  My staff determined that the

22  motion needed to be a joint motion with each individual discovery request set forth,

23  along with each response, and arguments for and against additional discovery.

24  Unfortunately, neither my staff nor I realized that the Court had a rule requiring that

25  such motions be filed within 45 days.  Ultimately, this is my responsibility and I

26  apologize for this oversight, and assure the Court that we will carefully review and

27  comply with the Court's rules on all future matters.  I can also attest that we worked

28

-4-

MCCONNELL DECLARATION ISO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE

1  diligently to try to informally resolve the discovery disputes, and when that failed,

2  we worked diligently to prepare the joint motion.

3          I declare under penalty of perjury under the laws of the State of

4  California that the foregoing is true and correct.

5          Executed on this 28ᵗʰ day of April, 2017, at San Diego, California.

6

7  _____
   Matthew S. McConnell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

# EXHIBIT A

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   MATTHEW S. MCCONNELL, Cal. Bar No. 209672
3  mmcconnell@sheppardmullin.com
   TRAVIS J. ANDERSON, Cal. Bar No. 265540
4  tanderson@sheppardmullin.com
   12275 El Camino Real, Suite 200
5  San Diego, California 92130
   Telephone: 858.720.8900
6  Facsimile:  858.509.3691

7  Attorneys for Plaintiff
   MEDICINOVA, INC.
8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 MEDICINOVA INC., a Delaware          Case No. 14-cv-2513-L-KSC
   Corporation,
13
              Plaintiff,
14                                       **PLAINTIFF MEDICINOVA, INC.'S**
      v.                                 **REQUESTS FOR ADMISSIONS TO**
15                                       **DEFENDANT GENZYME**
   GENZYME CORPORATION, a               **CORPORATION [SET ONE]**
16 Massachusetts Corporation,

17            Defendants.

18

19

20

21

22

23 PROPOUNDING PARTY:     PLAINTIFF MEDICINOVA, INC.

24 RESPONDING PARTY:      DEFENDANT GENZYME CORPORATION

25 SET NO.:               ONE

26

27

28

SMRH:478542329.1        PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                          GENZYME CORPORATION [SET ONE]

1   Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff

2   MediciNova, Inc. ("MediciNova") hereby propounds the following requests for

3   admissions to be answered by Defendant Genzyme Corporation ("Genzyme"), and

4   in writing under oath within 30 days of the date of service hereof.

5

6   These requests seek admissions as of the date of the response and shall be

7   deemed to be continuing, requiring Genzyme to serve upon Medicinova such further

8   admissions promptly after Genzyme has acquired additional knowledge or

9   information relating to these requests in any way.

10

11                              **DEFINITIONS**

12

13   In the following requests for production:

14

15   1.    "Defendant," "you" and "your" means Defendant Genzyme

16   Corporation, all parents, subsidiaries (wholly-owned or otherwise), affiliated

17   companies, predecessor or successor companies, and all present or former officers,

18   directors, employees, agents and representatives.

19

20   2.    "Patent-in-suit" means U.S. Patent No. 6,376,237.

21

22   3.    "IND" means Investigational New Drug Application.

23

24   4.    "Drug Product" means the AAV2-sFLT01 vector which was subject to

25   a clinical trial in the U.S. (ClinicalTrials.gov Identifier: NCT01024998), which can

26   be the AAV2-sFLT01 vector genome or a viral particle containing the vector

27   genome, and includes any improvement or derivative which includes an adeno-

28

SMRH:478542329.1                    PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                                              GENZYME CORPORATION [SET ONE]

1 | associated viral vector and a sequence encoding a sFLT gene or a domain or portion
2 | thereof.

3 |

4 |      5.    "Assignment Agreement" means the written Assignment Agreement
5 | between YOU and Avigen, Inc. dated December 19, 2005, as alleged in Paragraph 6
6 | of the First Amended Complaint.

7 |

8 |      6.    "Document" has its broadest possible meaning permitted by Federal
9 | Rule of Civil Procedure 34(a), and includes, but is not limited to, any writing,
10 | graphic matter or other tangible thing, whether printed, recorded, produced by any
11 | process, or written or produced by hand, including but not limited to letters, reports,
12 | other written communications, correspondence, telegrams, memoranda, summaries,
13 | records of oral conversations, original or preliminary notes, diaries, calendars, travel
14 | records or itineraries, forecasts, analyses, lab reports, projections, work papers,
15 | photographs, tape records, models, graphs, statistical statements, notebooks, charts,
16 | plans, drawings, artwork, brochures, summaries of negotiations, press releases,
17 | intra-office or intercompany communications, routing slips or the like, promotional
18 | or advertising materials, marginal comments appearing on any document, invoices,
19 | shipping papers, labels, packaging, purchase orders, contracts, printed publications,
20 | minutes or records of meetings, minutes or records of conferences, agendas,
21 | expressions or statements of policy, lists of persons attending meetings or
22 | conferences, reports and summaries of investigations, opinions or reports of
23 | consultants, studies, evaluations, records, sound recordings, motion pictures,
24 | models, sketches, video tapes, proofs, photographs, films, computer input or output,
25 | recordings on disk or tape, archive records, whether recorded on volatile or
26 | nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse,
27 | email messages whether or not printed in hard copy, or any other writing including

28 |

SMRH:478542329.1 PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
GENZYME CORPORATION [SET ONE]

1    drafts, revisions, foreign language versions or translations to English of any of the

2    foregoing.

3

4        7.      "Person" means the singular and plural of natural person, corporation,

5    company, proprietorship, partnership, joint venture, association, firm, government

6    entity or any other entity recognized in law, and shall include the owners, officers,

7    directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors

8    and successors of each such "Person."

9

10       8.      "Third Party" means and includes any Person or Persons other than

11    parties named in the above-captioned lawsuit.

12

13       9.      "Communication" means any transmission of information of any kind,

14    orally, in writing or in any other manner, at any time or place, and under any

15    circumstances whatsoever.

16

17      10.      "Concerning" means relating to, referring to, describing, evidencing,

18    constituting, identifying, mentioning, discussing or analyzing.

19

20      11.      "Related to" or "relating to" means concerning, consisting of, referring

21    to, associated with, describing, evidencing, constituting or in any way connected

22    with, regarding, discussing, compromising, containing, setting forth, showing,

23    disclosing, explaining, summarizing, reflecting or mentioning.

24

25      12.      "Thing" means and includes any tangible item other than a Document.

26

27      13.      "FDA" means the United States Food and Drug Administration.

28

1    14.    The connectives "and" and "or" shall be construed either disjunctively
2  or conjunctively as necessary to bring within the scope of these requests all
3  responses that might otherwise be construed as outside of its scope.

4

5    15.    The use of the singular form of any word includes the plural and vice
6  versa, and the use of the past tense includes the present tense and vice versa, as
7  necessary to bring within the scope of these requests all responses that might
8  otherwise be construed as outside of its scope.

9

10    16.    "Identify" means:

11

12    A. When used in reference to a business organization or entity, the full
13    legal names, the address of its principal place of business, the entity's line of
14    business and the name of its officers and owners.

15

16    B. When used in reference to a document, (a) state the title and date of
17    the document; (b) identify the author(s) (and if different, the signer(s)), the
18    addressee(s), and all persons who received or reviewed the document or
19    copies thereof; (c) state its subject matter and summarize its contents; and (d)
20    state its present custodian.

21

22    C. When used in reference to an act, instance, transaction, occasion,
23    oral discussion, conversation, communication or event, the date upon which
24    and the place it occurred, the identity of each person who participated therein
25    or who was present when it occurred, its substance (i.e., what was said and by
26    whom and/or what transpired) and the identity of each document which, in
27    whole or in part, was the subject of the act or in which it is manifested,
28    referred to, or expressed.

1

## **INSTRUCTIONS**

2

3       1.    This First Set of Requests For Admission below must be answered in
4   accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure. Genzyme
5   must serve upon Medicinova a written answer and/or objection addressed to each
6   Request For Admission, and such answer or objection must be signed by Genzyme.
7   In answering the First Set of Requests For Admission, please furnish all information
8   available to Genzyme, including information in the possession of its attorneys
9   and/or accountants, their investigators, and all persons acting on Genzyme's behalf,
10  and not merely such information known of any individual's personal knowledge.

11

12      2.    If Genzyme cannot answer the First Set of Requests For Admission in
13  full after exercising due diligence to secure the information, so state in the answer to
14  the extent possible, specifying Genzyme's inability to answer the remainder, and
15  state whatever information or knowledge Genzyme has concerning the unanswered
16  portions and the efforts it has undertaken to secure the information sought.

17

18      3.    All Requests For Admission herein must be answered separately and
19  fully, and an incomplete or evasive answer shall be considered a failure to answer.

20

21      4.    These Requests For Admission shall be deemed continuing so as to
22  require further and supplemental answers in accordance with the Federal Rules of
23  Practice and Procedure.

24

25      5.    If Genzyme contends that any information sought by a Request For
26  Admission is privileged, please identify the Request, describe the nature of the
27  privileged information, identify the person in possession of the information, and
28  identify the ground of the asserted privilege. If Genzyme contends that only a

1   portion of the information sought by a Request For Admission is privileged, please
2   provide the information that Genzyme does not contend is privileged.

3

4        6.      If Genzyme objects to any portion of a Request For Admission, please
5   provide all information requested by any portion of that Request to which Genzyme
6   does not object.

7

8        7.      If Genzyme objects to or disagrees with any of the definitions set forth
9   in these First Set of Requests For Admission, or if Genzyme does not understand
10  any term used in them, explain in detail the nature of Genzyme's disagreement with
11  the definition, or lack of understanding of the term, and provide Genzyme's
12  definition of the term.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SMRH:478542329.1            PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                                         GENZYME CORPORATION [SET ONE]

## REQUESTS FOR ADMISSION

1. Admit that the DRUG PRODUCT contains a recombinant virus.

2. Admit that the DRUG PRODUCT contains an adeno-associated virus.

3. Admit that the DRUG PRODUCT does not contain an amount of wild-type adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

4. Admit that the DRUG PRODUCT does not contain an amount of replicable adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

5. Admit that the DRUG PRODUCT contains a recombinant virus containing a recombinant adeno-associated virus vector.

6. Admit that the DRUG PRODUCT contains a recombinant adeno-associated virus vector that contains a nucleic acid sequence encoding a protein that is not native to the virus.

7. Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral protein capable of replicating or packaging an adeno-associated virus vector.

8. Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral rep protein.

SMRH:478542329.1  PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT GENZYME CORPORATION [SET ONE]

1    9.    Admit that the DRUG PRODUCT contains a recombinant virus which

2  does not contain a nucleic acid sequence encoding a viral cap protein.

3

4    10.    Admit that the preparation of the DRUG PRODUCT includes the

5  preparation or use of a cell that contains an adeno-associated virus vector and a

6  separate vector containing a nucleic acid sequence encoding an adeno-associated

7  virus rep protein or an adeno-associated virus cap protein.

8

9    11.    Admit that the preparation of the DRUG PRODUCT includes the

10  preparation or use of a cell that contains an adeno-associated virus vector and a

11  separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A,

12  or E4 protein.

13

14    12.    Admit that the preparation of the DRUG PRODUCT includes the

15  preparation or use of a cell that contains an adeno-associated virus vector and a

16  separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A,

17  or E4 protein that is not derived from herpes simplex virus type-1.

18

19    13.    Admit that the preparation of the DRUG PRODUCT includes the

20  preparation or use of a cell that contains an adeno-associated virus vector, a separate

21  vector containing a nucleic acid sequence encoding an adeno-associated virus rep

22  protein or an adeno-associated virus cap protein, and a further separate vector

23  containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein

24  that is not derived from herpes simplex virus type-1.

25

26    14.    Admit that YOU do not dispute that the PATENT-IN-SUIT is valid.

27

28

1     15.     Admit that YOU do not dispute that the PATENT-IN-SUIT is

2  enforceable.

3

4     16.     Admit that the PATENT-IN-SUIT is infringed by the DRUG

5  PRODUCT.

6

7     17.     Admit that the DRUG PRODUCT is covered by the PATENT-IN-

8  SUIT pursuant to the terms of the ASSIGNMENT AGREEMENT.

9

10     18.     Admit that the claims in the PATENT-IN-SUIT do not include any

11  mention of a herpes simplex virus type-1.

12

13     19.     Admit that the PATENT-IN-SUIT does not expressly exclude the use

14  of a herpes simplex virus type-1.

15

16     20.     Admit that YOU owe a $1,000,000 milestone payment to MediciNova,

17  Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

18

19     21.     Admit that prior to June 15, 2016, YOU never informed MediciNova,

20  Inc. that YOU believed there was an exclusion in the PATENT-IN-SUIT for the use

21  of a herpes simplex virus type-1.

22

23     22.     Admit that prior to June 15, 2016, YOU never informed MediciNova,

24  Inc. that YOU believed the DRUG PRODUCT is made using a herpes simplex virus

25  type-1.

26

27

28

1   Dated: July 13, 2016

2                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                           By

5                                    MATTHEW S. MCCONNELL

6                                    Attorneys for Plaintiff
                                     MEDICINOVA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:478542329.1           PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                               GENZYME CORPORATION [SET ONE]

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 200, San Diego, CA 92130-2006.

On July 13, 2016, I served true copies of the following document(s) described as **PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT GENZYME CORPORATION [SET ONE]** on the interested parties in this action as follows:

**See Attached Service List**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 858.509.3691. The transmission was reported as complete and without error. No error was reported by the fax machine that I used. A transmission report was properly issued by the sending fax machine.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jkeeping@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction

SMRH:478545728.1

Page 20

-1-

Receipt located on the File & ServeXPress website
(https://secure.fileandservexpress.com) pursuant to the Court Order establishing the
case website and authorizing service of documents.

☐ **BY ELECTRONIC SERVICE:** Pursuant to Court Order Authorizing Electronic
Service, dated _____, I provided the document(s) listed above
electronically on the CASE ANYWHERE Website to the parties on the Service List
maintained on the CASE ANYWHERE Website for this case, or on the attached
Service List. Case Anywhere is the on-line e-service provider designated in this
case.

☐ **BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in
the Service List by submitting an electronic version of the document(s) to One
Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the
parties to accept service by e-mail or electronic transmission via Court's Electronic
Filing System (EFS) operated by ImageSoft TrueFiling (TrueFiling), I provided the
document(s) listed above electronically on the TRUE FILING Website to the
parties on the Service List maintained on the TRUE FILING Website for this case,
or on the attached Service List. TRUE FILING is the on-line e-service provider
designated in this case. Participants in the case who are not registered TRUE
FILING users will be served by mail or by other means permitted by the court rules.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or
package provided by the overnight service carrier and addressed to the persons at
the addresses listed in the Service List. I placed the envelope or package for
collection and overnight delivery at an office or a regularly utilized drop box of the
overnight service carrier or delivered such document(s) to a courier or driver
authorized by the overnight service carrier to receive documents.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the
office of the addressee(s).

☐ **BY MESSENGER SERVICE:** I served the documents by placing them in an
envelope or package addressed to the persons at the addresses listed on the Service
List and providing them to a professional messenger service for service.

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person
at the addresses listed in the Service List. (1) For a party represented by an
attorney, delivery was made to the attorney or at the attorney's office by leaving the
documents in an envelope or package clearly labeled to identify the attorney being
served with a receptionist or an individual in charge of the office. (2) For a party,
delivery was made to the party or by leaving the documents at the party's residence
with some person not less than 18 years of age between the hours of nine in the
morning and five in the afternoon.

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) directly to
the person(s) being served.

1         I declare under penalty of perjury under the laws of the United States of America
     that the foregoing is true and correct and that I am employed in the office of a member of
2    the bar of this Court at whose direction the service was made.

3         Executed on July 13, 2016, at San Diego, California.

4

5                                                     _____

6                                                     Joanna E. Keeping

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3   Steven M. Selna                    ATTORNEYS FOR DEFENDANT
    Steven.selna@dbr.com               GENZYME CORPORATION
4   Amy P. Frenzen
    Amy.frenzen@dbr.com
5   Drinker Biddle & Reath LLP
    50 Fremont Street, 20th Floor
6   San Francisco, CA 94105-2235
    Telephone: (415) 591-7500
7   Facsimile: (415) 591-7510

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   MATTHEW S. MCCONNELL, Cal. Bar No. 209672
3  mmcconnell@sheppardmullin.com
   TRAVIS J. ANDERSON, Cal. Bar No. 265540
4  tanderson@sheppardmullin.com
   12275 El Camino Real, Suite 200
5  San Diego, California 92130
   Telephone: 858.720.8900
6  Facsimile:   858.509.3691

7  DON J. PELTO, Cal. Bar No. 140499
   dpelto@sheppardmullin.com
8  2099 Pennsylvania Avenue, N.W., Suite 100
   Washington, DC 20006-6801
9  Telephone:  202.747.1911
   Facsimile:   202.747.3389

10
   Attorneys for Plaintiff
11 MEDICINOVA, INC.

12                    UNITED STATES DISTRICT COURT

13                  SOUTHERN DISTRICT OF CALIFORNIA

14

15 MEDICINOVA INC., a Delaware          Case No. 14-cv-2513-L-KSC
16 Corporation,

17            Plaintiff,

                                        **PLAINTIFF MEDICINOVA, INC.'S**
18        v.                            **REQUESTS FOR ADMISSIONS TO**
                                        **DEFENDANT GENZYME**
19 GENZYME CORPORATION, a               **CORPORATION [SET TWO]**
   Massachusetts Corporation,
20
              Defendants.
21

22

23

24
   PROPOUNDING PARTY:        PLAINTIFF MEDICINOVA, INC.
25
   RESPONDING PARTY:         DEFENDANT GENZYME CORPORATION
26
   SET NO.:                  TWO
27

28

                                   Page 25
   SMRH:479230247.1    PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                              GENZYME CORPORATION [SET TWO]

1       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff

2 MediciNova, Inc. ("MediciNova") hereby propounds the following requests for

3 admissions to be answered by Defendant Genzyme Corporation ("Genzyme"), and

4 in writing under oath within 30 days of the date of service hereof.

5

6       These requests seek admissions as of the date of the response and shall be

7 deemed to be continuing, requiring Genzyme to serve upon Medicinova such further

8 admissions promptly after Genzyme has acquired additional knowledge or

9 information relating to these requests in any way.

10

11                   **DEFINITIONS**

12

13       In the following requests for production:

14

15       1.     "Defendant," "you" and "your" means Defendant Genzyme

16 Corporation, all parents, subsidiaries (wholly-owned or otherwise), affiliated

17 companies, predecessor or successor companies, and all present or former officers,

18 directors, employees, agents and representatives.

19

20       2.     "Patent-in-suit" means U.S. Patent No. 6,376,237.

21

22       3.     "IND" means Investigational New Drug Application.

23

24       4.     "Drug Product" means the AAV2-sFLT01 vector which was subject to

25 a clinical trial in the U.S. (ClinicalTrials.gov Identifier: NCT01024998), which can

26 be the AAV2-sFLT01 vector genome or a viral particle containing the vector

27 genome, and includes any improvement or derivative which includes an adeno-

28

1 | associated viral vector and a sequence encoding a sFLT gene or a domain or portion
2 | thereof.

3

4 |     5.    "Assignment Agreement" means the written Assignment Agreement
5 | between YOU and Avigen, Inc. dated December 19, 2005, as alleged in Paragraph 6
6 | of the First Amended Complaint.

7

8 |     6.    "Document" has its broadest possible meaning permitted by Federal
9 | Rule of Civil Procedure 34(a), and includes, but is not limited to, any writing,
10 | graphic matter or other tangible thing, whether printed, recorded, produced by any
11 | process, or written or produced by hand, including but not limited to letters, reports,
12 | other written communications, correspondence, telegrams, memoranda, summaries,
13 | records of oral conversations, original or preliminary notes, diaries, calendars, travel
14 | records or itineraries, forecasts, analyses, lab reports, projections, work papers,
15 | photographs, tape records, models, graphs, statistical statements, notebooks, charts,
16 | plans, drawings, artwork, brochures, summaries of negotiations, press releases,
17 | intra-office or intercompany communications, routing slips or the like, promotional
18 | or advertising materials, marginal comments appearing on any document, invoices,
19 | shipping papers, labels, packaging, purchase orders, contracts, printed publications,
20 | minutes or records of meetings, minutes or records of conferences, agendas,
21 | expressions or statements of policy, lists of persons attending meetings or
22 | conferences, reports and summaries of investigations, opinions or reports of
23 | consultants, studies, evaluations, records, sound recordings, motion pictures,
24 | models, sketches, video tapes, proofs, photographs, films, computer input or output,
25 | recordings on disk or tape, archive records, whether recorded on volatile or
26 | nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse,
27 | email messages whether or not printed in hard copy, or any other writing including

28

1 drafts, revisions, foreign language versions or translations to English of any of the
2 foregoing.

3

4      7.    "Person" means the singular and plural of natural person, corporation,
5 company, proprietorship, partnership, joint venture, association, firm, government
6 entity or any other entity recognized in law, and shall include the owners, officers,
7 directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors
8 and successors of each such "Person."

9

10      8.    "Third Party" means and includes any Person or Persons other than
11 parties named in the above-captioned lawsuit.

12

13      9.    "Communication" means any transmission of information of any kind,
14 orally, in writing or in any other manner, at any time or place, and under any
15 circumstances whatsoever.

16

17      10.    "Concerning" means relating to, referring to, describing, evidencing,
18 constituting, identifying, mentioning, discussing or analyzing.

19

20      11.    "Related to" or "relating to" means concerning, consisting of, referring
21 to, associated with, describing, evidencing, constituting or in any way connected
22 with, regarding, discussing, compromising, containing, setting forth, showing,
23 disclosing, explaining, summarizing, reflecting or mentioning.

24

25      12.    "Thing" means and includes any tangible item other than a Document.

26

27      13.    "FDA" means the United States Food and Drug Administration.

28

1       14.    The connectives "and" and "or" shall be construed either disjunctively

2   or conjunctively as necessary to bring within the scope of these requests all

3   responses that might otherwise be construed as outside of its scope.

4

5       15.    The use of the singular form of any word includes the plural and vice

6   versa, and the use of the past tense includes the present tense and vice versa, as

7   necessary to bring within the scope of these requests all responses that might

8   otherwise be construed as outside of its scope.

9

10      16.    "Identify" means:

11

12      A. When used in reference to a business organization or entity, the full

13  legal names, the address of its principal place of business, the entity's line of

14  business and the name of its officers and owners.

15

16      B. When used in reference to a document, (a) state the title and date of

17  the document; (b) identify the author(s) (and if different, the signer(s)), the

18  addressee(s), and all persons who received or reviewed the document or

19  copies thereof; (c) state its subject matter and summarize its contents; and (d)

20  state its present custodian.

21

22      C. When used in reference to an act, instance, transaction, occasion,

23  oral discussion, conversation, communication or event, the date upon which

24  and the place it occurred, the identity of each person who participated therein

25  or who was present when it occurred, its substance (i.e., what was said and by

26  whom and/or what transpired) and the identity of each document which, in

27  whole or in part, was the subject of the act or in which it is manifested,

28  referred to, or expressed.

## <u>INSTRUCTIONS</u>

1.    This Second Set of Requests For Admission below must be answered in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure. Genzyme must serve upon Medicinova a written answer and/or objection addressed to each Request For Admission, and such answer or objection must be signed by Genzyme. In answering the Second Set of Requests For Admission, please furnish all information available to Genzyme, including information in the possession of its attorneys and/or accountants, their investigators, and all persons acting on Genzyme's behalf, and not merely such information known of any individual's personal knowledge.

2.    If Genzyme cannot answer the Second Set of Requests For Admission in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying Genzyme's inability to answer the remainder, and state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought.

3.    All Requests For Admission herein must be answered separately and fully, and an incomplete or evasive answer shall be considered a failure to answer.

4.    These Requests For Admission shall be deemed continuing so as to require further and supplemental answers in accordance with the Federal Rules of Practice and Procedure.

5.    If Genzyme contends that any information sought by a Request For Admission is privileged, please identify the Request, describe the nature of the privileged information, identify the person in possession of the information, and

1   identify the ground of the asserted privilege. If Genzyme contends that only a

2   portion of the information sought by a Request For Admission is privileged, please

3   provide the information that Genzyme does not contend is privileged.

4

5        6.     If Genzyme objects to any portion of a Request For Admission, please

6   provide all information requested by any portion of that Request to which Genzyme

7   does not object.

8

9        7.     If Genzyme objects to or disagrees with any of the definitions set forth

10  in these Second Set of Requests For Admission, or if Genzyme does not understand

11  any term used in them, explain in detail the nature of Genzyme's disagreement with

12  the definition, or lack of understanding of the term, and provide Genzyme's

13  definition of the term.

14

15  <div align="center">**REQUESTS FOR ADMISSION**</div>

16

17       23.     Admit that the manufacturing of the DRUG PRODUCT uses or has

18  used an adeno-associated virus ("AAV") vector that contains a nucleic acid

19  sequence encoding a protein that is not native to the virus (hereinafter referred to as

20  "Production Molecule") and a separate AAV vector that assists the PRODUCTION

21  MOLECULE with replication and/or packaging in a host cell (hereinafter referred to

22  as "Helper Molecule").

23

24       24.     Admit that the HELPER MOLECULE contains a region that codes for

25  an AAV replication protein or a protein that is capable of replicating the

26  PRODUCTION MOLECULE in the host cell (hereinafter referred to as "Rep

27  Protein").

28

1    25.    Admit that the HELPER MOLECULE contains a region that codes for

2 an AAV capsid protein or a protein that is capable of packaging the PRODUCTION

3 MOLECULE into a virion in the host cell (hereinafter referred to as "Cap Protein").

4

5    26.    Admit that the HELPER MOLECULE contains an AAV p5 promoter.

6

7    27.    Admit that the HELPER MOLECULE contains an AAV p5 promoter

8 and the p5 promoter is modified such that the p5 promoter does not function in

9 transcription initiation.

10

11    28.    Admit that the HELPER MOLECULE contains an AAV p5 promoter

12 and the p5 promoter is modified to not include a TATA box.

13

14    29.    Admit that the HELPER MOLECULE contains an AAV p5 promoter

15 and the p5 promoter is situated in a location such that the p5 promoter does not

16 function in transcription initiation.

17

18    30.    Admit that the HELPER MOLECULE contains an AAV p5 promoter

19 and the p5 promoter is located 3' relative to a REP PROTEIN.

20

21    31.    Admit that the HELPER MOLECULE contains an AAV p5 promoter

22 and the p5 promoter is located 3' relative to a CAP PROTEIN.

23

24    32.    Admit that the HELPER MOLECULE codes for both a long form and a

25 short form of a REP PROTEIN.

26

27    33.    Admit that the HELPER MOLECULE expresses a greater amount of a

28 short form of a REP PROTEIN than a long form of the REP PROTEIN.

PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                        GENZYME CORPORATION [SET TWO]

1    34.    Admit that the PRODUCTION MOLECULE contains an AAV Rep
2    binding site that binds a REP PROTEIN.

3

4    35.    Admit that the PRODUCTION MOLECULE contains an AAV Rep
5    binding site that includes a GCTC sequence.

6

7    36.    Admit that that the HELPER MOLECULE contains a CAP PROTEIN
8    that contains at least a mutation.

9

10   37.    Admit that the manufacturing of the DRUG PRODUCT uses or has
11   used a cell that contains a PRODUCTION MOLECULE and a separate nucleic acid
12   containing an adenovirus E4 region (hereinafter referred to as "Accessory Function
13   Molecule").

14

15   38.    Admit that the ACCESSORY FUNCTION MOLECULE lacks an
16   intact E4 ORF 6 coding region.

17

18   39.    Admit that the ACCESSORY FUNCTION MOLECULE contains an
19   adenovirus VA RNA coding region.

20

21   40.    Admit that the ACCESSORY FUNCTION MOLECULE contains an
22   adenovirus E2A 72KD coding region.

23

24   41.    Admit that the ACCESSORY FUNCTION MOLECULE contains an
25   adenovirus E1A coding region.

26

27   42.    Admit that the ACCESSORY FUNCTION MOLECULE contains an
28   adenovirus E1B coding region.

1    43.    Admit that the adenovirus E1B coding region lacks an intact E1B 55k

2  coding region.

3

4    44.    Admit that at least one formulation of the DRUG PRODUCT contains

5  a dihydric alcohol.

6

7    45.    Admit that at least one formulation of the DRUG PRODUCT contains

8  a polyhydric alcohol.

9

10    46.    Admit that at least one formulation of the DRUG PRODUCT contains

11  a detergent and a dihydric or polyhydric alcohol.

12

13    47.    Admit that at least one formulation of the DRUG PRODUCT contains

14  a propylene glycol.

15

16    48.    Admit that the manufacturing of the DRUG PRODUCT uses or has

17  used anion exchange chromatography.

18

19    49.    Admit that the manufacturing of the DRUG PRODUCT uses or has

20  used anion exchange chromatography which is washed with a reagent that contains

21  sarcosine.

22

23    50.    Admit that the manufacturing of the DRUG PRODUCT uses or has

24  used cation exchange chromatography.

25

26

27

28

1   Dated: November 21, 2016

2                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                   By

5                            MATTHEW S. MCCONNELL
                             DON J. PELTO
6                            Attorneys for Plaintiff
                             MEDICINOVA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:479230247.1   PLAINTIFF MEDICINOVA, INC.'S REQUESTS FOR ADMISSIONS TO DEFENDANT
                                                          GENZYME CORPORATION [SET TWO]

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 200, San Diego, CA 92130-2006.

On November 21, 2016, I served true copies of the following document(s) described as **PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR ADMISSIONS TO DEFENDANT GENZYME CORPORATION [SET TWO]** on the interested parties in this action as follows:

### See Attached Service List

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 858.509.3691. The transmission was reported as complete and without error. No error was reported by the fax machine that I used. A transmission report was properly issued by the sending fax machine.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jkeeping@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXPress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

☐ **BY ELECTRONIC SERVICE:** Pursuant to Court Order Authorizing Electronic Service, dated _____, I provided the document(s) listed above electronically on the CASE ANYWHERE Website to the parties on the Service List maintained on the CASE ANYWHERE Website for this case, or on the attached Service List.  Case Anywhere is the on-line e-service provider designated in this case.

☐ **BY ELECTRONIC SERVICE:**  I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY ELECTRONIC SERVICE:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission via Court's Electronic Filing System (EFS) operated by ImageSoft TrueFiling (TrueFiling), I provided the document(s) listed above electronically on the TRUE FILING Website to the parties on the Service List maintained on the TRUE FILING Website for this case, or on the attached Service List.  TRUE FILING is the on-line e-service provider designated in this case.  Participants in the case who are not registered TRUE FILING users will be served by mail or by other means permitted by the court rules.

☐ **BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

☐ **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **BY MESSENGER SERVICE:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed on the Service List and providing them to a professional messenger service for service.

☐ **BY PERSONAL SERVICE:**  I personally delivered the document(s) to the person at the addresses listed in the Service List.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of nine in the morning and five in the afternoon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2016, at San Diego, California.

_____
Joanna E. Keeping

1

## SERVICE LIST

2

3    Steven M. Selna                          ATTORNEYS FOR DEFENDANT
     Steven.selna@dbr.com                     GENZYME CORPORATION
4    Amy P. Frenzen
     Amy.frenzen@dbr.com
5    Drinker Biddle & Reath LLP
     50 Fremont Street, 20th Floor
6    San Francisco, CA 94105-2235
     Telephone: (415) 591-7500
7    Facsimile: (415) 591-7510

8    Francis DiGiovanni
     Francis.digiovanni@dbr.com
9    Drinker Biddle & Reath LLP
     222 Delaware Avenue, Suite 1410
10   Wilmington, DE 19801
     Telephone: (302) 467-4200
11   Facsimile: (302) 467-4201

12   Ann E. Kinsey
     akinsey@bkflaw.com
13   Blanchard, Krasner & French, APC
     800 Silverado Street, Second Floor
14   La Jolla, CA 92037-4234
     Telephone: (858) 551-2440
15   Facsimile: (858) 551-2434

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |  Including Professional Corporations
  | MATTHEW S. MCCONNELL, Cal. Bar No. 209672
3 | mmcconnell@sheppardmullin.com
  | TRAVIS J. ANDERSON, Cal. Bar No. 265540
4 | tanderson@sheppardmullin.com
  | 12275 El Camino Real, Suite 200
5 | San Diego, California 92130
  | Telephone: 858.720.8900
6 | Facsimile:  858.509.3691

7 | Attorneys for Plaintiff
  | MEDICINOVA, INC.

8 |

9 |                UNITED STATES DISTRICT COURT

10 |              SOUTHERN DISTRICT OF CALIFORNIA

11 |

12 | MEDICINOVA INC., a Delaware          Case No. 14-cv-2513-L-KSC
   | Corporation,
13 |
   |              Plaintiff,
14 |                                      **PLAINTIFF MEDICINOVA, INC.'S
   |         v.                            REQUEST FOR PRODUCTION OF
15 |                                       DOCUMENTS TO DEFENDANT
   | GENZYME CORPORATION, a                GENZYME CORPORATION
16 | Massachusetts Corporation,            [SET ONE]**
   |
17 |              Defendants.

18 |

19 |

20 |

21 |

22 | PROPOUNDING PARTY:      PLAINTIFF MEDICINOVA, INC.

23 | RESPONDING PARTY:       DEFENDANT GENZYME CORPORATION

24 | SET NO.:                ONE

25 |

26 |

27 |

28 |

SMRH:478542352.1      PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
                                   DEFENDANT GENZYME CORPORATION [SET ONE]

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

2 Medicinova, Inc. ("Medicinova") requests that Defendant Genzyme Corporation

3 respond to each request set forth below and produce all responsive documents and

4 things within 30 days of service of these discovery requests to Medicinova.

5

6   **DEFINITIONS**

7

8   In the following requests for production:

9

10   1.   "Defendant," "you" and "your" means Defendant Genzyme

11 Corporation, all parents, subsidiaries (wholly-owned or otherwise), affiliated

12 companies, predecessor or successor companies, and all present or former officers,

13 directors, employees, agents and representatives.

14

15   2.   "Patent-in-suit" means U.S. Patent No. 6,376,237.

16

17   3.   "IND" means Investigational New Drug Application.

18

19   4.   "Drug Product" means the AAV2-sFLT01 vector which was subject to

20 a clinical trial in the U.S. (ClinicalTrials.gov Identifier: NCT01024998), which can

21 be the AAV2-sFLT01 vector genome or a viral particle containing the vector

22 genome, and includes any improvement or derivative which includes an adeno-

23 associated viral vector and a sequence encoding a sFLT gene or a domain or portion

24 thereof.

25

26   5.   "Assignment Agreement" means the written Assignment Agreement

27 between YOU and Avigen, Inc. dated December 19, 2005, as alleged in Paragraph 6

28 of the First Amended Complaint.

SMRH:478542352.1   PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET ONE]

6.    "Document" has its broadest possible meaning permitted by Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including but not limited to letters, reports, other written communications, correspondence, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, travel records or itineraries, forecasts, analyses, lab reports, projections, work papers, photographs, tape records, models, graphs, statistical statements, notebooks, charts, plans, drawings, artwork, brochures, summaries of negotiations, press releases, intra-office or intercompany communications, routing slips or the like, promotional or advertising materials, marginal comments appearing on any document, invoices, shipping papers, labels, packaging, purchase orders, contracts, printed publications, minutes or records of meetings, minutes or records of conferences, agendas, expressions or statements of policy, lists of persons attending meetings or conferences, reports and summaries of investigations, opinions or reports of consultants, studies, evaluations, records, sound recordings, motion pictures, models, sketches, video tapes, proofs, photographs, films, computer input or output, recordings on disk or tape, archive records, whether recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, email messages whether or not printed in hard copy, or any other writing including drafts, revisions, foreign language versions or translations to English of any of the foregoing.

7.    "Person" means the singular and plural of natural person, corporation, company, proprietorship, partnership, joint venture, association, firm, government entity or any other entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors and successors of each such "Person."

8.     "Third Party" means and includes any Person or Persons other than parties named in the above-captioned lawsuit.

9.     "Communication" means any transmission of information of any kind, orally, in writing or in any other manner, at any time or place, and under any circumstances whatsoever.

10.    "Concerning" means relating to, referring to, describing, evidencing, constituting, identifying, mentioning, discussing or analyzing.

11.    "Related to" or "relating to" means concerning, consisting of, referring to, associated with, describing, evidencing, constituting or in any way connected with, regarding, discussing, compromising, containing, setting forth, showing, disclosing, explaining, summarizing, reflecting or mentioning.

12.    "Thing" means and includes any tangible item other than a DOCUMENT.

13.    "FDA" means the United States Food and Drug Administration.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of its scope.

15.    The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of its scope.

SMRH:478542352.1
PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET ONE]

1    16.    "Identify" means:

2

3        A. When used in reference to a business organization or entity, the full

4    legal names, the address of its principal place of business, the entity's line of

5    business and the name of its officers and owners.

6

7        B. When used in reference to a document, (a) state the title and date of

8    the document; (b) identify the author(s) (and if different, the signer(s)), the

9    addressee(s), and all persons who received or reviewed the document or

10   copies thereof; (c) state its subject matter and summarize its contents; and (d)

11   state its present custodian.

12

13       C. When used in reference to an act, instance, transaction, occasion,

14   oral discussion, conversation, communication or event, the date upon which

15   and the place it occurred, the identity of each person who participated therein

16   or who was present when it occurred, its substance (i.e., what was said and by

17   whom and/or what transpired) and the identity of each document which, in

18   whole or in part, was the subject of the act or in which it is manifested,

19   referred to, or expressed.

20

21                          **INSTRUCTIONS**

22

23       1.    Produce all documents and things in your possession, custody or

24   control, regardless of their location, including those documents and things that you

25   have the effective power to obtain. All documents should be produced in the manner

26   in which they are presently maintained, preserving document breaks and file

27   structures, including but not limited to, staples, clips, tabs, rubber bands and file

28

1 | folders, as in the original, and with all accompanying file labels from the files in

2 | which the business records were maintained.

3 |

4 |     2.    If you withhold any document, or any part of a document, under a

5 | claim of attorney-client privilege, work product or other ground of non-production,

6 | provide a list of such documents that provides the following information in

7 | sufficient detail to enable Medicinova to assess the applicability of such privilege or

8 | protection: (1) the nature of the privilege being asserted with respect to each

9 | document; (2) the type or form of each document (e.g., letter, memorandum, etc.);

10 | (3) the general subject matter of each document; (4) the date of each document; and

11 | (5) the author(s), addressee(s) and all recipients of each document. For documents

12 | containing both privileged and non-privileged material, the non-privileged material

13 | must be disclosed to the fullest extent possible without thereby disclosing the

14 | privileged material. If a document is produced in redacted form, state with

15 | particularity the reason(s) it was not produced in full, and describe generally those

16 | portions that are not being produced in sufficient detail to allow Medicinova to

17 | assess the applicability of any privilege or protection. The log containing the above

18 | information shall be produced contemporaneously with the response to these

19 | requests.

20 |

21 |     3.    In the event any document called for by these requests has been

22 | destroyed, lost, discarded or otherwise disposed of, provide a written statement

23 | identifying in detail: (1) the nature and content of each such document; (2) all

24 | author(s), recipient(s) and sender(s) of each such document; (3) the date each such

25 | document was prepared or transmitted; and (4) the date on which each such

26 | document was lost or disposed of and, if disposed of, the conditions of and reason

27 | for such disposal, the person(s) authorizing such disposal, the person disposing of

28 | the document and any person(s) currently in possession of copies of the document.

SMRH:478542352.1     PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET ONE]

1    4.    If production of any requested document is objected to on the ground

2 that it is burdensome or oppressive, identify: (1) the reason why production poses a

3 special burden; (2) the approximate number of documents/pages that have been

4 called for; and (3) the location(s) of the document(s) that have been requested.

5

6    5.    If, in responding to these requests, you encounter any ambiguity in

7 construing the requests or any definition or instruction, set forth the matter deemed

8 ambiguous and the construction chosen or used in responding to such request.

9

10    6.    Where an objection is made to a request, state all grounds upon which

11 your objection is based. If you object to any request in part, respond to the extent

12 that you do not claim the request to be objectionable.

13

14    7.    These requests shall be deemed continuing so as to require further and

15 supplemental production in accordance with Rule 26(e) of the Federal Rules of Civil

16 Procedure if you obtain or discover additional information or responsive documents

17 prior to the time of trial.

18

19

20

21

22

23

24

25

26

27

28

SMRH:478542352.1    PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
                                    DEFENDANT GENZYME CORPORATION [SET ONE]

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS and THINGS that YOU have provided to the FDA relating to the DRUG PRODUCT, including but not limited to IND application and documentations for the Pharmaceutical Quality and Chemistry, Manufacturing of and Controls.

2. All DOCUMENTS and THINGS RELATING TO any and all COMMUNICATIONS between YOU and the FDA concerning the DRUG PRODUCT, including but not limited to, the manufacturing, testing, clinical development, or approval of the DRUG PRODUCT.

3. All clinical trial protocols RELATING TO the DRUG PRODUCT.

4. All supporting documentation for all clinical trial protocols RELATING TO the DRUG PRODUCT.

5. All IND Annual Reports RELATING TO the DRUG PRODUCT.

6. All DOCUMENTS and THINGS RELATING TO the manufacturing of the Drug Product, including but not limited to, manufacturing protocols, manufacturing reports, contract manufacturing agreements, and contract manufacturing reports.

7. All agreements and amendments and supplements thereto between YOU and Applied Genetic Technologies Corporation (AGTC) RELATING TO the DRUG PRODUCT, including but not limited to, clinical trial agreements, collaboration agreements, and licensing agreements.

1    8.    All agreements and amendments and supplements thereto between

2 YOU and Applied Genetic Technologies Corporation (AGTC) concerning the

3 manufacturing or clinical or commercial development of any therapeutic product

4 other than the DRUG PRODUCT, that uses an adeno-associated virus vector or is

5 developed for treating macular degeneration, including but not limited to clinical

6 trial agreements, collaboration agreements, and licensing agreements.

7

8    9.    All agreements and amendments and supplements thereto between

9 YOU and any investigators, universities, companies, hospitals, medical centers,

10 National Institutes of Health or other government entities, research institutes, or

11 other institutions concerning the clinical or commercial development of any

12 therapeutic product that uses an adeno-associated virus vector, including but not

13 limited to clinical trial agreements, collaboration agreements and licensing

14 agreements.

15

16    10.    All laboratory notes concerning the design, preparation, purification

17 and/or testing of the DRUG PRODUCT.

18

19    11.    All DOCUMENTS and THINGS RELATING TO the PATENT-IN-

20 SUIT.

21

22    12.    All DOCUMENTS and THINGS RELATING TO the maintenance and

23 reinstatement of the PATENT-IN-SUIT.

24

25    13.    All publications, abstracts, posters, internal presentations, and invention

26 disclosures RELATING TO the construction, manufacturing, or preclinical or

27 clinical development of the DRUG PRODUCT.

28

SMRH:478542352.1    PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET ONE]

1       14.    All DOCUMENTS and THINGS RELATING TO YOUR contention

2 that the DRUG PRODUCT is not covered by the PATENT-IN-SUIT.

3

4       15.    All COMMUNICATIONS RELATING TO YOUR contention that the

5 DRUG PRODUCT is not covered by the PATENT-IN-SUIT.

6

7       16.    All DOCUMENTS and THINGS RELATING TO YOUR contention

8 that the PATENT-IN-SUIT contains an exclusion pertaining to the use of herpes

9 simplex virus type-1 ("HSV-1").

10

11       17.    All COMMUNICATIONS RELATING TO YOUR contention that the

12 PATENT-IN-SUIT contains an exclusion pertaining to the use of HSV-1.

13

14       18.    All DOCUMENTS and THINGS RELATING TO YOUR contention

15 that YOU do not owe a milestone payment to MediciNova, Inc. under the

16 ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

17

18       19.    All COMMUNICATIONS RELATING TO YOUR contention that

19 YOU do not owe a milestone payment to MediciNova, Inc. under the

20 ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

21

22

23

24

25

26

27

28

SMRH:478542352.1   PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET ONE]

1  Dated: July 13, 2016

2                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                          By _____

5                                    MATTHEW S. MCCONNELL

6                                  Attorneys for Plaintiff
7                                  MEDICINOVA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 200, San Diego, CA 92130-2006.

On July 13, 2016, I served true copies of the following document(s) described as **PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GENZYME CORPORATION [SET ONE]** on the interested parties in this action as follows:

**See Attached Service List**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 858.509.3691. The transmission was reported as complete and without error. No error was reported by the fax machine that I used. A transmission report was properly issued by the sending fax machine.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jkeeping@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction

Receipt located on the File & ServeXPress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

☐ **BY ELECTRONIC SERVICE:** Pursuant to Court Order Authorizing Electronic Service, dated _____, I provided the document(s) listed above electronically on the CASE ANYWHERE Website to the parties on the Service List maintained on the CASE ANYWHERE Website for this case, or on the attached Service List. Case Anywhere is the on-line e-service provider designated in this case.

☐ **BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission via Court's Electronic Filing System (EFS) operated by ImageSoft TrueFiling (TrueFiling), I provided the document(s) listed above electronically on the TRUE FILING Website to the parties on the Service List maintained on the TRUE FILING Website for this case, or on the attached Service List. TRUE FILING is the on-line e-service provider designated in this case. Participants in the case who are not registered TRUE FILING users will be served by mail or by other means permitted by the court rules.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **BY MESSENGER SERVICE:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed on the Service List and providing them to a professional messenger service for service.

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person at the addresses listed in the Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of nine in the morning and five in the afternoon.

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) directly to the person(s) being served.

1      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of
2  the bar of this Court at whose direction the service was made.

3      Executed on July 13, 2016, at San Diego, California.

4

5                                        Joanna E. Keeping

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3  Steven M. Selna                           ATTORNEYS FOR DEFENDANT
   Steven.selna@dbr.com                       GENZYME CORPORATION
4  Amy P. Frenzen
   Amy.frenzen@dbr.com
5  Drinker Biddle & Reath LLP
   50 Fremont Street, 20th Floor
6  San Francisco, CA 94105-2235
   Telephone: (415) 591-7500
7  Facsimile: (415) 591-7510

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
mmcconnell@sheppardmullin.com
TRAVIS J. ANDERSON, Cal. Bar No. 265540
tanderson@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:  858.720.8900
Facsimile:   858.509.3691

DON J. PELTO, Cal. Bar No. 140499
dpelto@sheppardmullin.com
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
Telephone:  202.747.1911
Facsimile:   202.747.3389

Attorneys for Plaintiff
MEDICINOVA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA INC., a Delaware Corporation, | Case No. 14-cv-2513-L-KSC |
| Plaintiff, | |
| v. | **PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GENZYME CORPORATION [SET TWO]** |
| GENZYME CORPORATION, a Massachusetts Corporation, | |
| Defendants. | |

PROPOUNDING PARTY:      PLAINTIFF MEDICINOVA, INC.

RESPONDING PARTY:        DEFENDANT GENZYME CORPORATION

SET NO.:                          TWO

SMRH:479230205.1      PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET TWO]

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff
2  Medicinova, Inc. ("Medicinova") requests that Defendant Genzyme Corporation
3  respond to each request set forth below and produce all responsive documents and
4  things within 30 days of service of these discovery requests to Medicinova.

5
6  **DEFINITIONS**
7
8  In the following requests for production:
9
10  1.  "Defendant," "you" and "your" means Defendant Genzyme
11  Corporation, all parents, subsidiaries (wholly-owned or otherwise), affiliated
12  companies, predecessor or successor companies, and all present or former officers,
13  directors, employees, agents and representatives.

14
15  2.  "Patent-in-suit" means U.S. Patent No. 6,376,237.
16
17  3.  "IND" means Investigational New Drug Application.
18
19  4.  "Drug Product" means the AAV2-sFLT01 vector which was subject to
20  a clinical trial in the U.S. (ClinicalTrials.gov Identifier: NCT01024998), which can
21  be the AAV2-sFLT01 vector genome or a viral particle containing the vector
22  genome, and includes any improvement or derivative which includes an adeno-
23  associated viral vector and a sequence encoding a sFLT gene or a domain or portion
24  thereof.

25
26  5.  "Assignment Agreement" means the written Assignment Agreement
27  between YOU and Avigen, Inc. dated December 19, 2005, as alleged in Paragraph 6
28  of the First Amended Complaint.

6.     "Document" has its broadest possible meaning permitted by Federal
Rule of Civil Procedure 34(a), and includes, but is not limited to, any writing,
graphic matter or other tangible thing, whether printed, recorded, produced by any
process, or written or produced by hand, including but not limited to letters, reports,
other written communications, correspondence, telegrams, memoranda, summaries,
records of oral conversations, original or preliminary notes, diaries, calendars, travel
records or itineraries, forecasts, analyses, lab reports, projections, work papers,
photographs, tape records, models, graphs, statistical statements, notebooks, charts,
plans, drawings, artwork, brochures, summaries of negotiations, press releases,
intra-office or intercompany communications, routing slips or the like, promotional
or advertising materials, marginal comments appearing on any document, invoices,
shipping papers, labels, packaging, purchase orders, contracts, printed publications,
minutes or records of meetings, minutes or records of conferences, agendas,
expressions or statements of policy, lists of persons attending meetings or
conferences, reports and summaries of investigations, opinions or reports of
consultants, studies, evaluations, records, sound recordings, motion pictures,
models, sketches, video tapes, proofs, photographs, films, computer input or output,
recordings on disk or tape, archive records, whether recorded on volatile or
nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse,
email messages whether or not printed in hard copy, or any other writing including
drafts, revisions, foreign language versions or translations to English of any of the
foregoing.

7.     "Person" means the singular and plural of natural person, corporation,
company, proprietorship, partnership, joint venture, association, firm, government
entity or any other entity recognized in law, and shall include the owners, officers,
directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors
and successors of each such "Person."

1    8.    "Third Party" means and includes any Person or Persons other than
2  parties named in the above-captioned lawsuit.

3

4    9.    "Communication" means any transmission of information of any kind,
5  orally, in writing or in any other manner, at any time or place, and under any
6  circumstances whatsoever.

7

8    10.    "Concerning" means relating to, referring to, describing, evidencing,
9  constituting, identifying, mentioning, discussing or analyzing.

10

11    11.    "Related to" or "relating to" means concerning, consisting of, referring
12  to, associated with, describing, evidencing, constituting or in any way connected
13  with, regarding, discussing, compromising, containing, setting forth, showing,
14  disclosing, explaining, summarizing, reflecting or mentioning.

15

16    12.    "Thing" means and includes any tangible item other than a
17  DOCUMENT.

18

19    13.    "FDA" means the United States Food and Drug Administration.

20

21    14.    The connectives "and" and "or" shall be construed either disjunctively
22  or conjunctively as necessary to bring within the scope of these requests all
23  responses that might otherwise be construed as outside of its scope.

24

25    15.    The use of the singular form of any word includes the plural and vice
26  versa, and the use of the past tense includes the present tense and vice versa, as
27  necessary to bring within the scope of these requests all responses that might
28  otherwise be construed as outside of its scope.

16.    "Identify" means:

A. When used in reference to a business organization or entity, the full legal names, the address of its principal place of business, the entity's line of business and the name of its officers and owners.

B. When used in reference to a document, (a) state the title and date of the document; (b) identify the author(s) (and if different, the signer(s)), the addressee(s), and all persons who received or reviewed the document or copies thereof; (c) state its subject matter and summarize its contents; and (d) state its present custodian.

C. When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, the date upon which and the place it occurred, the identity of each person who participated therein or who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or in which it is manifested, referred to, or expressed.

## INSTRUCTIONS

1.    Produce all documents and things in your possession, custody or control, regardless of their location, including those documents and things that you have the effective power to obtain. All documents should be produced in the manner in which they are presently maintained, preserving document breaks and file structures, including but not limited to, staples, clips, tabs, rubber bands and file

SMRH:479230205.1    PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GENZYME CORPORATION [SET TWO]

1  folders, as in the original, and with all accompanying file labels from the files in
2  which the business records were maintained.

3

4      2.    If you withhold any document, or any part of a document, under a
5  claim of attorney-client privilege, work product or other ground of non-production,
6  provide a list of such documents that provides the following information in
7  sufficient detail to enable Medicinova to assess the applicability of such privilege or
8  protection: (1) the nature of the privilege being asserted with respect to each
9  document; (2) the type or form of each document (e.g., letter, memorandum, etc.);
10  (3) the general subject matter of each document; (4) the date of each document; and
11  (5) the author(s), addressee(s) and all recipients of each document. For documents
12  containing both privileged and non-privileged material, the non-privileged material
13  must be disclosed to the fullest extent possible without thereby disclosing the
14  privileged material. If a document is produced in redacted form, state with
15  particularity the reason(s) it was not produced in full, and describe generally those
16  portions that are not being produced in sufficient detail to allow Medicinova to
17  assess the applicability of any privilege or protection. The log containing the above
18  information shall be produced contemporaneously with the response to these
19  requests.

20

21      3.    In the event any document called for by these requests has been
22  destroyed, lost, discarded or otherwise disposed of, provide a written statement
23  identifying in detail: (1) the nature and content of each such document; (2) all
24  author(s), recipient(s) and sender(s) of each such document; (3) the date each such
25  document was prepared or transmitted; and (4) the date on which each such
26  document was lost or disposed of and, if disposed of, the conditions of and reason
27  for such disposal, the person(s) authorizing such disposal, the person disposing of
28  the document and any person(s) currently in possession of copies of the document.

SMRH:479230205.1     PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET TWO]

1      4.    If production of any requested document is objected to on the ground

2  that it is burdensome or oppressive, identify: (1) the reason why production poses a

3  special burden; (2) the approximate number of documents/pages that have been

4  called for; and (3) the location(s) of the document(s) that have been requested.

5

6      5.    If, in responding to these requests, you encounter any ambiguity in

7  construing the requests or any definition or instruction, set forth the matter deemed

8  ambiguous and the construction chosen or used in responding to such request.

9

10      6.    Where an objection is made to a request, state all grounds upon which

11  your objection is based. If you object to any request in part, respond to the extent

12  that you do not claim the request to be objectionable.

13

14      7.    These requests shall be deemed continuing so as to require further and

15  supplemental production in accordance with Rule 26(e) of the Federal Rules of Civil

16  Procedure if you obtain or discover additional information or responsive documents

17  prior to the time of trial.

18

19  **REQUESTS FOR PRODUCTION**

20

21      20.    All DOCUMENTS and THINGS describing all nucleic acid sequences

22  used in the manufacturing and purification of the DRUG PRODUCT, including

23  those during laboratory testing, pre-clinical testing and clinical testing.

24

25

26

27

28

SMRH:479230205.1     PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GENZYME CORPORATION [SET TWO]

1  Dated: November 21, 2016

2                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                  By

5                          MATTHEW S. MCCONNELL

6                              Attorneys for Plaintiff
                               MEDICINOVA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:479230205.1    PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
                    DEFENDANT GENZYME CORPORATION [SET TWO]

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 200, San Diego, CA 92130-2006.

On November 21, 2016, I served true copies of the following document(s) described as **PLAINTIFF MEDICINOVA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GENZYME CORPORATION [SET TWO]** on the interested parties in this action as follows:

**See Attached Service List**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 858.509.3691. The transmission was reported as complete and without error. No error was reported by the fax machine that I used. A transmission report was properly issued by the sending fax machine.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jkeeping@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXPress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

1   ☐    **BY ELECTRONIC SERVICE:** Pursuant to Court Order Authorizing Electronic
Service, dated _____, I provided the document(s) listed above
2       electronically on the CASE ANYWHERE Website to the parties on the Service List
maintained on the CASE ANYWHERE Website for this case, or on the attached
3       Service List.  Case Anywhere is the on-line e-service provider designated in this
case.

4

5   ☐    **BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in
the Service List by submitting an electronic version of the document(s) to One
      Legal, LLC, through the user interface at www.onelegal.com.

6

7   ☐    **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the
parties to accept service by e-mail or electronic transmission via Court's Electronic
8       Filing System (EFS) operated by ImageSoft TrueFiling (TrueFiling), I provided the
document(s) listed above electronically on the TRUE FILING Website to the
9       parties on the Service List maintained on the TRUE FILING Website for this case,
or on the attached Service List.  TRUE FILING is the on-line e-service provider
10      designated in this case.  Participants in the case who are not registered TRUE
FILING users will be served by mail or by other means permitted by the court rules.

11  ☐    **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or
package provided by the overnight service carrier and addressed to the persons at
12      the addresses listed in the Service List.  I placed the envelope or package for
collection and overnight delivery at an office or a regularly utilized drop box of the
13      overnight service carrier or delivered such document(s) to a courier or driver
authorized by the overnight service carrier to receive documents.

14

15  ☐    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the
office of the addressee(s).

16  ☐    **BY MESSENGER SERVICE:** I served the documents by placing them in an
envelope or package addressed to the persons at the addresses listed on the Service
17      List and providing them to a professional messenger service for service.

18  ☐    **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person
at the addresses listed in the Service List.  (1) For a party represented by an
19      attorney, delivery was made to the attorney or at the attorney's office by leaving the
documents in an envelope or package clearly labeled to identify the attorney being
20      served with a receptionist or an individual in charge of the office.  (2) For a party,
delivery was made to the party or by leaving the documents at the party's residence
21      with some person not less than 18 years of age between the hours of nine in the
morning and five in the afternoon.

22

23       I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct and that I am employed in the office of a member of
the bar of this Court at whose direction the service was made.

24

25       Executed on November 21, 2016, at San Diego, California.

26

27       Joanna E. Keeping

28

1

## SERVICE LIST

2

3    Steven M. Selna                          ATTORNEYS FOR DEFENDANT
     Steven.selna@dbr.com                     GENZYME CORPORATION
4    Amy P. Frenzen
     Amy.frenzen@dbr.com
5    Drinker Biddle & Reath LLP
     50 Fremont Street, 20th Floor
6    San Francisco, CA 94105-2235
     Telephone: (415) 591-7500
7    Facsimile: (415) 591-7510

8    Francis DiGiovanni
     Francis.digiovanni@dbr.com
9    Drinker Biddle & Reath LLP
     222 Delaware Avenue, Suite 1410
10   Wilmington, DE 19801
     Telephone: (302) 467-4200
11   Facsimile: (302) 467-4201

12   Ann E. Kinsey
     akinsey@bkflaw.com
13   Blanchard, Krasner & French, APC
     800 Silverado Street, Second Floor
14   La Jolla, CA 92037-4234
     Telephone: (858) 551-2440
15   Facsimile: (858) 551-2434

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:478545728.1

# EXHIBIT E

1 | STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
2 | AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
3 | DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
4 | San Francisco, CA  94105-2235
Telephone:  (415) 591-7500
5 | Facsimile:   (415) 591-7510

6 | FRANCIS DIGIOVANNI (*pro hac vice*; DE
3189)
7 | francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
8 | 222 Delaware Avenue, Suite 1410
Wilmington, DE  19801-1621
9 | Telephone:  (302) 591-4266
Facsimile:   (302) 467-4201
10 |
ANN E. KINSEY (SBN 299755)
11 | akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
12 | 800 Silverado Street, 2nd Floor
La Jolla, CA  92037
13 | Telephone:  (858) 551-2440
Facsimile:   (858) 551-2434
14 |
Attorneys for Defendant
15 | GENZYME CORPORATION

16 | UNITED STATES DISTRICT COURT

17 | SOUTHERN DISTRICT OF CALIFORNIA

18 |

19 | MEDICINOVA, INC., a Delaware
Corporation,
20 |
21 | Plaintiff,

22 | v.

23 | GENZYME CORPORATION, a
Massachusetts Corporation,
24 |
25 | Defendant.

Case No. 3:14-cv-02513-L-KSC

**GENZYME CORPORATION'S OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

26 |
27 | CONTAINS INFORMATION DESIGNATED **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** SUBJECT TO PROTECTIVE ORDER
28 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") First Set of Requests for Admission (Nos. 1-22) as follows:

## General Objections

1.     By responding to the First Set of Requests for Admission, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents given in response to the First Set of Requests for Admission; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

2.     Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions set forth in its Objections and Responses to MediciNova's First and Second Sets of Interrogatories and Requests for Production of Documents, and Second Set of Requests for Admissions, within each of the individual responses to the First Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

3.     Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions within each of the individual responses to the First Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

4.     Subject to and without waiving its general and specific objections to Plaintiff's individual requests, Defendant will provide responses that comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

## Objections to Plaintiff's Definitions and Instructions

1.     Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION          - 2 -          CASE NO. 14-CV-2513L-KSC
Page 69

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   seeking information not reasonably calculated to lead to the discovery of admissible

2   evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

3   it is vague and ambiguous because it purports to apply to "present or former

4   officers, directors, employees, agents, and representatives" regardless as to whether

5   such persons acted on behalf of Defendant or while associated with Defendant.

6   Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

7   information outside the possession, custody, or control of Defendant by "all present

8   or former officers, directors, employees, agents, and representatives."

9       2.     Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

10   on the basis that it is overly broad and therefore seeks information or documents

11   that are not relevant to any party's claim or defense or not proportional to the needs

12   of the case, considering the importance of the issues at stake in the action, the

13   amount in controversy, the parties' relative access to relevant information, the

14   parties' resources, the importance of the discovery in resolving the issues, and

15   whether the burden or expense of the proposed discovery outweighs its likely

16   benefit.  Defendant specifically objects to the definition because it purports to cover

17   "any improvement or derivative," making the definition overly broad and

18   encompassing information not relevant to any party's claim or defense.

19       3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

20   extent that they purport to (i) exceed the scope of discovery as provided by the

21   Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

22   obligations on Defendant beyond those permitted by the Federal Rules of Civil

23   Procedure.

24       4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

25   is not limited in time and therefore seeks information or documents that are not

26   relevant to any party's claim or defense or not proportional to the needs of the case,

27   considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties'

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
MediciNova First Requests for Admission
Page 70

- 3 -

Case No. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.     Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.     Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.     Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.     Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION     - 4 -     CASE NO. 14-CV-2513L-KSC
Page 71

1    the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

2    California, and any other applicable law.

3    **Objections and Responses to Requests for Admissions**

4    **REQUEST NO. 1**

5    Admit that the DRUG PRODUCT contains a recombinant virus.

6    **RESPONSE:**

7    This Request is ADMITTED.

8    **REQUEST NO. 2**

9    Admit that the DRUG PRODUCT contains an adeno-associated virus.

10    **RESPONSE:**

11    This Request is ADMITTED.

12    **REQUEST NO. 3**

13    Admit that the DRUG PRODUCT does not contain an amount of wild-type

14    adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

15    **RESPONSE:**

16    This Request is ADMITTED.

17    **REQUEST NO. 4**

18    Admit that the DRUG PRODUCT does not contain an amount of replicable

19    adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

20    **RESPONSE:**

21    This Request is ADMITTED.

22    **REQUEST NO. 5**

23    Admit that the DRUG PRODUCT contains a recombinant virus containing a

24    recombinant adeno-associated virus vector.

25    **RESPONSE:**

26    This Request is ADMITTED.

27    **REQUEST NO. 6**

28    Admit that the DRUG PRODUCT contains a recombinant adeno-associated

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION

- 5 -
Page 72

CASE NO. 14-cv-2513L-KSC

virus vector that contains a nucleic acid sequence encoding a protein that is not native to the virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 7**

Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral protein capable of replicating or packaging an adeno-associated virus vector.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 8**

Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral rep protein.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 9**

Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral cap protein.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 10**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding an adeno-associated virus rep protein or an adeno-associated virus cap protein.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 11**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 12**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 13**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector, a separate vector containing a nucleic acid sequence encoding an adeno-associated virus rep protein or an adeno-associated virus cap protein, and a further separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 14**

Admit that YOU do not dispute that the PATENT-IN-SUIT is valid.

**RESPONSE:**

Defendant objects to the Request on the ground that the Request is improper under Fed. R. Civ. P. 33(a) in that it does not seek an admission of facts, the application of law to fact, or opinions about either; or the genuineness of any described documents. Instead, the Request relates to a "contention" and is not an

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  appropriate Request for Admission pursuant to Fed. R. Civ. P. 33.  To the extent a

2  response is required, Defendant responds that it cannot appropriately or honestly

3  admit or deny the Request because contentions such as the subject of the Request

4  may change, especially as here when Plaintiff has provided insufficient information

5  about its contentions.

6      <u>**REQUEST NO. 15**</u>

7      Admit that YOU do not dispute that the PATENT-IN-SUIT is enforceable.

8      <u>**RESPONSE:**</u>

9      Defendant objects to the Request on the ground that the Request is improper

10 under Fed. R. Civ. P. 33 (a) in that it does not seek an admission of facts, the

11 application of law to fact, or opinions about either; or the genuineness of any

12 described documents.  Instead, the Request relates to a "contention" and is not an

13 appropriate Request for Admission pursuant to Fed. R. Civ. P. 33.  To the extent a

14 response is required, Defendant responds that it cannot appropriately or honestly

15 admit or deny the Request because contentions such as the subject of the Request

16 may change, especially as here when Plaintiff has provided insufficient information

17 about its contentions.

18     <u>**REQUEST NO. 16**</u>

19     Admit that the PATENT-IN-SUIT is infringed by the DRUG PRODUCT.

20     <u>**RESPONSE:**</u>

21     This Request is DENIED.

22     <u>**REQUEST NO. 17**</u>

23     Admit that the DRUG PRODUCT is covered by the PATENT-IN-SUIT

24 pursuant to the terms of the ASSIGNMENT AGREEMENT.

25     <u>**RESPONSE:**</u>

26     This Request is DENIED.

27     <u>**REQUEST NO. 18**</u>

28     Admit that the claims in the PATENT-IN-SUIT do not include any mention

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION - 8 -
Page 75

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  of a herpes simplex virus type-1.

2  **RESPONSE:**

3  Defendant objects to the Request on the grounds that the phrase "do not

4  include any mention" is unintelligible.  Patent claims are construed with reference

5  to the patent's intrinsic record.

6  For the foregoing reasons, this Request is DENIED.

7  **REQUEST NO. 19**

8  Admit that the PATENT-IN-SUIT does not expressly exclude the use of a

9  herpes simplex virus type-1.

10  **RESPONSE:**

11  This Request is DENIED.

12  **REQUEST NO. 20**

13  Admit that YOU owe a $1,000,000 milestone payment to MediciNova, Inc.

14  under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

15  **RESPONSE:**

16  This Request is DENIED.

17  **REQUEST NO. 21**

18  Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc.

19  that YOU believed there was an exclusion in the PATENT-IN-SUIT for the use of a

20  herpes simplex virus type-1.

21  **RESPONSE:**

22  Defendant objects to the Request on the grounds that the phrase "exclusion in

23  the PATENT-IN-SUIT for the use of a herpes simplex virus type-1" is

24  unintelligible.  MediciNova was fully informed of the patent and its claims either

25  expressly or as implicit in the patent and its intrinsic record and extrinsic record,

26  and thus MediciNova was aware or should have been aware of the scope of the

27  claims of the patent-in-suit.

28  For the foregoing reasons, this Request is DENIED.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION          - 9 -          CASE NO. 14-cv-2513L-KSC
Page 76

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST NO. 22**

Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc. that YOU believed the DRUG PRODUCT is made using a herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

Dated: February 6, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*

Francis DiGiovanni

Attorney for Defendant GENZYME CORPORATION
E-mail: francis.digiovanni@dbr.com

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION

- 10 -

Page 77

CASE NO. 14-cv-2513L-KSC

# EXHIBIT F

1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA 94105-2235
    Telephone: (415) 591-7500
5   Facsimile: (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE
    3189)
7   francis.digiovanni@dbr.com
    DRINKER BIDDLE & REATH LLP
8   222 Delaware Avenue, Suite 1410
    Wilmington, DE 19801-1621
9   Telephone: (302) 591-4266
    Facsimile: (302) 467-4201
10
    ANN E. KINSEY (SBN 299755)
11  akinsey@bkflaw.com
    BLANCHARD, KRASNER & FRENCH
12  800 Silverado Street, 2nd Floor
    La Jolla, CA 92037
13  Telephone: (858) 551-2440
    Facsimile: (858) 551-2434
14
    Attorneys for Defendant
15  GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
    Corporation,
20
                                          **GENZYME CORPORATION'S**
21            Plaintiff,                   **OBJECTIONS AND RESPONSES**
                                          **TO MEDICINOVA, INC.'S SECOND**
22  v.                                    **SET OF REQUESTS FOR**
                                          **ADMISSION**
23  GENZYME CORPORATION, a
    Massachusetts Corporation,
24
              Defendant.
25

26          CONTAINS INFORMATION DESIGNATED **HIGHLY CONFIDENTIAL –**
27      **ATTORNEYS' EYES ONLY** SUBJECT TO PROTECTIVE ORDER

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure,

2  Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff

3  MediciNova, Inc.'s ("Plaintiff") Second Set of Requests for Admission (Nos. 23-

4  50) as follows:

5  <div align="center">**General Objections**</div>

6      1.    By responding to the Second Set of Requests for Admission,

7  Defendant does not waive any objection that may be applicable to: (a) the use, for

8  any purpose, by Plaintiff of any information or documents given in response to the

9  Second Set of Requests for Admission; or (b) the admissibility, relevance, or

10 materiality of any of the information or documents to any issue in this case.

11     2.    Defendant incorporates by reference its General Objections and

12 Objections to Definitions and Instructions set forth in its Objections and Responses

13 to MediciNova's First and Second Sets of Interrogatories and Requests for

14 Production of Documents, and First Set of Requests for Admissions, within each of

15 the individual responses to the Second Set of Requests for Admission, and all

16 responses to the individual requests are made subject to and without waiving these

17 objections.

18     3.    Defendant incorporates by reference its General Objections and

19 Objections to Definitions and Instructions within each of the individual responses

20 to the Second Set of Requests for Admission, and all responses to the individual

21 requests are made subject to and without waiving these objections.

22     4.    Subject to and without waiving its general and specific objections to

23 Plaintiff's individual requests, Defendant will provide responses that comply with

24 its obligations under the Federal Rules of Civil Procedure, the Local Rules of the

25 Southern District of California, and any other applicable law.

26 <div align="center">**Objections to Plaintiff's Definitions and Instructions**</div>

27     1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

28 "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION     - 2 -     CASE NO. 14-CV-2513L-KSC
Page 80

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   seeking information not reasonably calculated to lead to the discovery of admissible

2   evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

3   it is vague and ambiguous because it purports to apply to "present or former

4   officers, directors, employees, agents, and representatives" regardless as to whether

5   such persons acted on behalf of Defendant or while associated with Defendant.

6   Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

7   information outside the possession, custody, or control of Defendant by "all present

8   or former officers, directors, employees, agents, and representatives."

9        2.     Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

10   on the basis that it is overly broad and therefore seeks information or documents

11   that are not relevant to any party's claim or defense or not proportional to the needs

12   of the case, considering the importance of the issues at stake in the action, the

13   amount in controversy, the parties' relative access to relevant information, the

14   parties' resources, the importance of the discovery in resolving the issues, and

15   whether the burden or expense of the proposed discovery outweighs its likely

16   benefit.  Defendant specifically objects to the definition because it purports to cover

17   "any improvement or derivative," making the definition overly broad and

18   encompassing information not relevant to any party's claim or defense.

19        3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

20   extent that they purport to (i) exceed the scope of discovery as provided by the

21   Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

22   obligations on Defendant beyond those permitted by the Federal Rules of Civil

23   Procedure.

24        4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

25   is not limited in time and therefore seeks information or documents that are not

26   relevant to any party's claim or defense or not proportional to the needs of the case,

27   considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 3 -

Page 81

CASE NO. 14-CV-2513L-KSC

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.     Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.     Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.     Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.     Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION    Page 82    - 4 -      CASE NO. 14-CV-2513L-KSC

1   the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

2   California, and any other applicable law.

3   **Objections and Responses to Requests for Admissions**

4   **REQUEST NO. 23**

5   Admit that the manufacturing of the DRUG PRODUCT uses or has used an

6   adeno-associated virus ("AAV") vector that contains a nucleic acid sequence

7   encoding a protein that is not native to the virus (hereinafter referred to as

8   "Production Molecule") and a separate AAV vector that assists the PRODUCTION

9   MOLECULE with replication and/or packaging in a host cell (hereinafter referred

10  to as "Helper Molecule").

11  **RESPONSE:**

12  In addition to its General Objections and Objections to Plaintiff's Definitions

13  and Instructions, Defendant objects to the Request on the grounds that the phrase "a

14  separate AAV vector that assists the PRODUCTION MOLECULE with replication

15  and/or packaging in a host cell" is ambiguous.

16  For the foregoing reasons, this Request is DENIED.

17  **REQUEST NO. 24**

18  Admit that the HELPER MOLECULE contains a region that codes for an

19  AAV replication protein or a protein that is capable of replicating the

20  PRODUCTION MOLECULE in the host cell (hereinafter referred to as "Rep

21  Protein").

22  **RESPONSE:**

23  In addition to its General Objections and Objections to Plaintiff's Definitions

24  and Instructions, Defendant objects to the Request on the grounds that the

25  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

26  ambiguous.

27  For the foregoing reasons, this Request is DENIED.

28  **REQUEST NO. 25**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION         - 5 -
                                    Page 83              CASE NO. 14-cv-2513L-KSC

1    Admit that the HELPER MOLECULE contains a region that codes for an
2    AAV capsid protein or a protein that is capable of packaging the PRODUCTION
3    MOLECULE into a virion in the host cell (hereinafter referred to as "Cap Protein").
4    **RESPONSE:**
5    In addition to its General Objections and Objections to Plaintiff's Definitions
6    and Instructions, Defendant objects to the Request on the grounds that the
7    definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
8    ambiguous.
9    For the foregoing reasons, this Request is DENIED.
10   **REQUEST NO. 26**
11   Admit that the HELPER MOLECULE contains an AAV p5 promoter.
12   **RESPONSE:**
13   In addition to its General Objections and Objections to Plaintiff's Definitions
14   and Instructions, Defendant objects to the Request on the grounds that the
15   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
16   ambiguous.
17   Defendant further objects to the Request on the grounds that it seeks
18   information that has no relevance to the claims and defenses in this litigation, and
19   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
20   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
21   *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94
22   Fed. Cl. 413, 416-17 (2010) ("One ground, among many, that can justify an
23   objection to a request for admission is that the request for admission seeks an
24   admission that is irrelevant to the case being tried."); *Estate of Cederloff v. United*
25   *States*, No. DKC 08–2863, 2010 WL 157512, at *2 (D. Md. Jan. 13, 2010) (denying
26   Rule 36(a)(6) motion because the requests for admission in question were "wholly
27   irrelevant" to the case); *Mercantile Safe Deposit & Trust Co. v. Glass*, No. CIV. A.
28   HM 91-2606, 1993 WL 313613, at *3 (D. Md. June 2, 1993) (denying motion to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO          - 6 -          CASE NO. 14-CV-2513L-KSC
MEDICINOVA 2D REQUESTS FOR ADMISSION   Page 84

compel because "the discovery requests and the requests for admission at issue are not relevant to the proceedings as they currently stand"); *Walker v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 5:11-0529, 2012 WL 1155140, at \*10 (S.D.W. Va. Apr. 5, 2012) (denying plaintiffs' motion regarding sufficiency of objections to requests for admission); *Tuvalu v. Woodford*, No. S04-1724 DFLKJMP, 2006 WL 3201096, at \*7 (E.D. Cal. Nov. 2, 2006), *report and recommendation adopted*, No. CIVS041724JAMKJMP, 2008 WL 2774571 (E.D. Cal. July 15, 2008) (granting motion to compel response to only one request for admission out of more than thirty).

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 27

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is modified such that the p5 promoter does not function in transcription initiation.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at \*2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at \*3; *Walker*, 2012 WL 1155140, at \*10; *Tuvalu*, 2006 WL 3201096, at \*7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 7 -

Page 85

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Because "the responding party waives any objections to the request for

2    admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

3    request is neither admitted nor denied.

4    **REQUEST NO. 28**

5    Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

6    p5 promoter is modified to not include a TATA box.

7    **RESPONSE:**

8    In addition to its General Objections and Objections to Plaintiff's Definitions

9    and Instructions, Defendant objects to the Request on the grounds that the

10   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

11   ambiguous.

12   Defendant further objects to the Request on the grounds that it seeks

13   information that has no relevance to the claims and defenses in this litigation, and

14   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

15   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

16   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

17   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

18   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

19   Because "the responding party waives any objections to the request for

20   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

21   request is neither admitted nor denied.

22   **REQUEST NO. 29**

23   Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

24   p5 promoter is situated in a location such that the p5 promoter does not function in

25   transcription initiation.

26   **RESPONSE:**

27   In addition to its General Objections and Objections to Plaintiff's Definitions

28   and Instructions, Defendant objects to the Request on the grounds that the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        - 8 -        CASE NO. 14-cv-2513L-KSC

Page 86

1   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
2   ambiguous.

3       Defendant further objects to the Request on the grounds that it seeks
4   information that has no relevance to the claims and defenses in this litigation, and
5   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
6   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
7   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
8   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
9   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

10      Because "the responding party waives any objections to the request for
11  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
12  request is neither admitted nor denied.

13  **REQUEST NO. 30**

14      Admit that the HELPER MOLECULE contains an AAV p5 promoter and the
15  p5 promoter is located 3' relative to a REP PROTEIN.

16  **RESPONSE:**

17      In addition to its General Objections and Objections to Plaintiff's Definitions
18  and Instructions, Defendant objects to the Request on the grounds that the
19  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
20  ambiguous.

21      Defendant further objects to the Request on the grounds that it seeks
22  information that has no relevance to the claims and defenses in this litigation, and
23  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
24  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
25  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
26  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
27  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

28      Because "the responding party waives any objections to the request for

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 9 -

Page 87

CASE NO. 14-cv-2513L-KSC

1   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

2   request is neither admitted nor denied.

3   **REQUEST NO. 31**

4   Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

5   p5 promoter is located 3' relative to a CAP PROTEIN.

6   **RESPONSE:**

7   In addition to its General Objections and Objections to Plaintiff's Definitions

8   and Instructions, Defendant objects to the Request on the grounds that the

9   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

10  ambiguous.

11  Defendant further objects to the Request on the grounds that it seeks

12  information that has no relevance to the claims and defenses in this litigation, and

13  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

14  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

15  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

16  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

17  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

18  Because "the responding party waives any objections to the request for

19  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

20  request is neither admitted nor denied.

21  **REQUEST NO. 32**

22  Admit that the HELPER MOLECULE codes for both a long form and a short

23  form of a REP PROTEIN.

24  **RESPONSE:**

25  In addition to its General Objections and Objections to Plaintiff's Definitions

26  and Instructions, Defendant objects to the Request on the grounds that the

27  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

28  ambiguous.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 10 -          CASE NO. 14-CV-2513L-KSC

Page 88

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendant further objects to the Request on the grounds that it seeks

2    information that has no relevance to the claims and defenses in this litigation, and

3    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

4    requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*

5    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

6    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

7    1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

8    Because "the responding party waives any objections to the request for

9    admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

10   request is neither admitted nor denied.

11   **REQUEST NO. 33**

12   Admit that the HELPER MOLECULE expresses a greater amount of a short

13   form of a REP PROTEIN than a long form of the REP PROTEIN.

14   **RESPONSE:**

15   In addition to its General Objections and Objections to Plaintiff's Definitions

16   and Instructions, Defendant objects to the Request on the grounds that the phrase

17   "expresses a greater amount" is ambiguous.  Defendant objects to the Request on

18   the grounds that the definition of the term "HELPER MOLECULE" set forth in

19   Request No. 23 is ambiguous.

20   Defendant further objects to the Request on the grounds that it seeks

21   information that has no relevance to the claims and defenses in this litigation, and

22   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

23   requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*

24   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

25   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

26   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

27   Because "the responding party waives any objections to the request for

28   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 11 -                    CASE NO. 14-CV-2513L-KSC
Page 89

1   request is neither admitted nor denied.

2   **REQUEST NO. 34**

3   Admit that the PRODUCTION MOLECULE contains an AAV Rep binding

4   site that binds a REP PROTEIN.

5   **RESPONSE:**

6   In addition to its General Objections and Objections to Plaintiff's Definitions

7   and Instructions, Defendant objects to the Request on the grounds that it seeks

8   information that has no relevance to the claims and defenses in this litigation, and

9   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

10  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

11  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

12  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

13  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

14  Because "the responding party waives any objections to the request for

15  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

16  request is neither admitted nor denied.

17  **REQUEST NO. 35**

18  Admit that the PRODUCTION MOLECULE contains an AAV Rep binding

19  site that includes a GCTC sequence.

20  **RESPONSE:**

21  In addition to its General Objections and Objections to Plaintiff's Definitions

22  and Instructions, Defendant objects to the Request on the grounds that it seeks

23  information that has no relevance to the claims and defenses in this litigation, and

24  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

25  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

26  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

27  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

28  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION   - 12 -   CASE NO. 14-CV-2513L-KSC
Page 90

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 36**

Admit that that the HELPER MOLECULE contains a CAP PROTEIN that contains at least a mutation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the phrase "a CAP PROTEIN that contains at least a mutation" is unintelligible.  Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 37**

Admit that the manufacturing of the DRUG PRODUCT uses or has used a cell that contains a PRODUCTION MOLECULE and a separate nucleic acid containing an adenovirus E4 region (hereinafter referred to as "Accessory Function Molecule").

**RESPONSE:**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 13 -          CASE NO. 14-cv-2513L-KSC
Page 91

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    In addition to its General Objections and Objections to Plaintiff's Definitions

2  and Instructions, Defendant objects to the Request on the grounds that it seeks

3  information that has no relevance to the claims and defenses in this litigation, and

4  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

5  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

6  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

7  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

8  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

9    Because "the responding party waives any objections to the request for

10  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

11  request is neither admitted nor denied.

12  **REQUEST NO. 38**

13    Admit that the ACCESSORY FUNCTION MOLECULE lacks an intact E4

14  ORF 6 coding region.

15  **RESPONSE:**

16    In addition to its General Objections and Objections to Plaintiff's Definitions

17  and Instructions, Defendant objects to the Request on the grounds that it seeks

18  information that has no relevance to the claims and defenses in this litigation, and

19  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

20  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

21  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

22  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

23  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

24    Because "the responding party waives any objections to the request for

25  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

26  request is neither admitted nor denied.

27  **REQUEST NO. 39**

28    Admit that the ACCESSORY FUNCTION MOLECULE contains an

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION   - 14 -   CASE NO. 14-CV-2513L-KSC
Page 92

1    adenovirus VA RNA coding region.

2    **RESPONSE:**

3    In addition to its General Objections and Objections to Plaintiff's Definitions

4    and Instructions, Defendant objects to the Request on the grounds that it seeks

5    information that has no relevance to the claims and defenses in this litigation, and

6    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

7    requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

8    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

9    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

10   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

11   Because "the responding party waives any objections to the request for

12   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

13   request is neither admitted nor denied.

14   **REQUEST NO. 40**

15   Admit that the ACCESSORY FUNCTION MOLECULE contains an

16   adenovirus E2A 72KD coding region.

17   **RESPONSE:**

18   In addition to its General Objections and Objections to Plaintiff's Definitions

19   and Instructions, Defendant objects to the Request on the grounds that it seeks

20   information that has no relevance to the claims and defenses in this litigation, and

21   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

22   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

23   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

24   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

25   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

26   Because "the responding party waives any objections to the request for

27   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

28   request is neither admitted nor denied.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 15 -                    CASE NO. 14-CV-2513L-KSC

Page 93

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST NO. 41**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1A coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,* *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 42**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1B coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,* *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        - 16 -        CASE NO. 14-CV-2513L-KSC

Page 94

1  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
2  request is neither admitted nor denied.

3  **REQUEST NO. 43**

4  Admit that the adenovirus E1B coding region lacks an intact E1B 55k coding
5  region.

6  **RESPONSE:**

7  In addition to its General Objections and Objections to Plaintiff's Definitions
8  and Instructions, Defendant objects to the Request on the grounds that it seeks
9  information that has no relevance to the claims and defenses in this litigation, and
10  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
11  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
12  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
13  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
14  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

15  Because "the responding party waives any objections to the request for
16  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
17  request is neither admitted nor denied.

18  **REQUEST NO. 44**

19  Admit that at least one formulation of the DRUG PRODUCT contains a
20  dihydric alcohol.

21  **RESPONSE:**

22  In addition to its General Objections and Objections to Plaintiff's Definitions
23  and Instructions, Defendant objects to the Request on the grounds that it seeks
24  information that has no relevance to the claims and defenses in this litigation, and
25  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
26  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
27  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
28  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 17 -

Page 95

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

2        Because "the responding party waives any objections to the request for

3   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

4   request is neither admitted nor denied.

5        **REQUEST NO. 45**

6        Admit that at least one formulation of the DRUG PRODUCT contains a

7   polyhydric alcohol.

8        **RESPONSE:**

9        In addition to its General Objections and Objections to Plaintiff's Definitions

10  and Instructions, Defendant objects to the Request on the grounds that it seeks

11  information that has no relevance to the claims and defenses in this litigation, and

12  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

13  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

14  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

15  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

16  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

17       Because "the responding party waives any objections to the request for

18  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

19  request is neither admitted nor denied.

20       **REQUEST NO. 46**

21       Admit that at least one formulation of the DRUG PRODUCT contains a

22  detergent and a dihydric or polyhydric alcohol.

23       **RESPONSE:**

24       In addition to its General Objections and Objections to Plaintiff's Definitions

25  and Instructions, Defendant objects to the Request on the grounds that it seeks

26  information that has no relevance to the claims and defenses in this litigation, and

27  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

28  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 18 -          CASE NO. 14-CV-2513L-KSC
Page 96

*Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 47

Admit that at least one formulation of the DRUG PRODUCT contains a propylene glycol.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.*, *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 48

Admit that the manufacturing of the DRUG PRODUCT uses or has used anion exchange chromatography.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 19 -

Page 97

CASE NO. 14-CV-2513L-KSC

1  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

2  requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*

3  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

4  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

5  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

6  Because "the responding party waives any objections to the request for

7  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

8  request is neither admitted nor denied.

9  **REQUEST NO. 49**

10  Admit that the manufacturing of the DRUG PRODUCT uses or has used

11  anion exchange chromatography which is washed with a reagent that contains

12  sarcosine.

13  **RESPONSE:**

14  In addition to its General Objections and Objections to Plaintiff's Definitions

15  and Instructions, Defendant objects to the Request on the grounds that it seeks

16  information that has no relevance to the claims and defenses in this litigation, and

17  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

18  requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*

19  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

20  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

21  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

22  Because "the responding party waives any objections to the request for

23  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

24  request is neither admitted nor denied.

25  **REQUEST NO. 50**

26  Admit that the manufacturing of the DRUG PRODUCT uses or has used

27  cation exchange chromatography.

28  **RESPONSE:**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION         - 20 -                CASE NO. 14-cv-2513L-KSC
                                    Page 98

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

Dated: February 6, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*
    Francis DiGiovanni

Attorney for Defendant GENZYME CORPORATION
E-mail: francis.digiovanni@dbr.com

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 21 -

Page 99

CASE NO. 14-cv-2513L-KSC

# EXHIBIT G

1 | STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
2 | AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
3 | DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
4 | San Francisco, CA 94105-2235
Telephone: (415) 591-7500
5 | Facsimile: (415) 591-7510

6 | FRANCIS DIGIOVANNI (*pro hac vice*; DE
3189)
7 | francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
8 | 222 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1621
9 | Telephone: (302) 591-4266
Facsimile: (302) 467-4201
10 |
ANN E. KINSEY (SBN 299755)
11 | akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
12 | 800 Silverado Street, 2nd Floor
La Jolla, CA 92037
13 | Telephone: (858) 551-2440
Facsimile: (858) 551-2434
14 |
Attorneys for Defendant
15 | GENZYME CORPORATION

16 | UNITED STATES DISTRICT COURT

17 | SOUTHERN DISTRICT OF CALIFORNIA

18 |

19 | MEDICINOVA, INC., a Delaware       Case No. 3:14-cv-02513-L-KSC
Corporation,
20 |
Plaintiff,
21 |
v.                                 **GENZYME CORPORATION'S**
22 |                                    **OBJECTIONS AND RESPONSES**
**TO MEDICINOVA, INC.'S FIRST**
23 | GENZYME CORPORATION, a            **SET OF REQUESTS FOR**
Massachusetts Corporation,         **PRODUCTION OF DOCUMENTS**
24 |
Defendant.
25 |

26 |

27 |

28 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                    Page 101

CASE NO. 14-cv-2513L-KSC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff Medicinova, Inc.'s ("Plaintiff") First Set of Requests for Production of Documents (Nos. 1-19) as follows:

**Limitations on Defendant's Obligations to Provide Responsive Material**

Consistent with Federal Rule of Civil Procedure 34(b)(2)(B), effective December 1, 2015, Defendant identifies the following limitations on its obligations to provide responsive material. These limitations are incorporated by reference, as appropriate, in Defendant's response to each Request.

1.     Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendant will only produce documents that are in its possession, custody or control, which only includes documents in its actual possession or those it has a legal right to obtain from third parties.

2.     Defendant objects to any document request to the extent it purports to require Defendant to search for and produce electronically stored documents, information, and email from sources that are not reasonably accessible because of undue burden or cost, as set forth in Federal Rule of Civil Procedure 26(b)(2)(B). Defendant, like most litigants, has information contained in sources that are not reasonably accessible. At any given time, such sources may include deleted, fragmentary, corrupted or residual data, data with orphaned or missing links, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, disaster recovery tapes, or electronic files with unknown file extensions, unknown password protections, or viruses. Defendant has taken reasonable measures to preserve documents (including electronically stored information) from active information systems that are potentially responsive to the claims made, the defenses asserted, and the discovery propounded, making unnecessary the search, review, and production of the not reasonably available media described above. The burden and expense of accessing, reviewing, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 2 -        CASE NO. 14-cv-2513L-KSC
Page 102

1  producing certain information may outweigh its possible relevance and the
2  likelihood it will lead to the discovery of admissible evidence.

3       3.      Defendant objects to the use of the phrase "all documents" in any
4  document request as overly broad and unduly burdensome to the extent the request
5  encompasses, inter *alia*, chance references to potentially responsive subject matter
6  in documents that would not reasonably be expected to contain such references and
7  would require an unreasonably detailed and extensive search of all Defendant's
8  documents.

9       4.      Defendant objects to any request to the extent that it requests
10 production of information for an unlimited period of time. The burden and expense
11 of searching for, accessing, reviewing, and producing information for all time
12 outweighs the possible relevance and the likelihood it will lead to the discovery of
13 admissible evidence.

14      5.      Defendant objects that these requests call for production ahead of the
15 deadlines given in the Scheduling Order and/or the forthcoming Electronically
16 Stored Information Order that the parties are currently negotiating.

17                           **General Objections**

18      1.      Defendant objects to all discovery requests to the extent they seek the
19 disclosure of documents or other information protected from disclosure by the
20 attorney-client privilege, work product doctrine and/or any other applicable
21 privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly
22 stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any
23 privilege or protection.

24      2.      Defendant objects to all discovery requests to the extent they seek the
25 disclosure of information that (i) is beyond the scope of discovery as provided by
26 the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes
27 obligations on Defendant beyond those permitted by the Federal Rules of Civil
28 Procedure.  Defendant will comply with the requirements of the Federal Rules of

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS           - 3 -           CASE NO. 14-CV-2513L-KSC
                                  Page 103

Civil Procedure, and any orders of the Court.

3.     Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

4.     Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

5.     Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

6.     Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

7.     Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly available on the ground that such information and documents are equally available to either party and their production by Defendant would be unnecessarily burdensome.

8.     Defendant reserves the right to challenge the competency, materiality, relevance, and admissibility in this proceeding, or any other proceeding related to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 4 -                CASE NO. 14-CV-2513L-KSC
Page 104

1  this proceeding (or any other action) of any information or documents provided in

2  response to any discovery request.

3         9.    Defendant objects to all discovery requests to the extent they require

4  the identification of documents and information not within Defendant's possession,

5  custody, or control.  In responding to these discovery requests, Defendant will

6  undertake to respond based on information within its possession, custody, or

7  control.  Defendant does not undertake to provide information in the possession,

8  custody or control of non-parties.

9         10.    Defendant objects to all discovery requests to the extent they seek

10  information or documents protected from disclosure by statute, regulation,

11  administrative order, case law, or third party contractual agreement.

12         11.    Nothing contained herein may be construed as an admission relative to

13  the existence or non-existence of any document, and no response is an admission

14  respecting the relevance or admissibility in evidence of any statement or

15  characterization contained in any document, or contained in the Response.

16        **Objections to Plaintiff's Definitions and Instructions**

17         1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

18  "you," and "your") on the basis that it is overly broad and unduly burdensome by

19  seeking information not reasonably calculated to lead to the discovery of admissible

20  evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

21  it is vague and ambiguous because it purports to apply to "present or former

22  officers, directors, employees, agents, and representatives" regardless as to whether

23  such persons acted on behalf of Defendant or while associated with Defendant.

24  Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

25  information outside the possession, custody, or control of Defendant by "all present

26  or former officers, directors, employees, agents, and representatives."

27         2.    Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

28  on the basis that it is overly broad and therefore seeks information or documents

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 5 -

CASE NO. 14-CV-2513L-KSC

Page 105

1  that are not relevant to any party's claim or defense or not proportional to the needs

2  of the case, considering the importance of the issues at stake in the action, the

3  amount in controversy, the parties' relative access to relevant information, the

4  parties' resources, the importance of the discovery in resolving the issues, and

5  whether the burden or expense of the proposed discovery outweighs its likely

6  benefit.  Defendant specifically objects to the definition because it purports to cover

7  "any improvement or derivative," making the definition overly broad and

8  encompassing information not relevant to any party's claim or defense.

9      3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

10  extent that they purport to (i) exceed the scope of discovery as provided by the

11  Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

12  obligations on Defendant beyond those permitted by the Federal Rules of Civil

13  Procedure.

14      4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

15  is not limited in time and therefore seeks information or documents that are not

16  relevant to any party's claim or defense or not proportional to the needs of the case,

17  considering the importance of the issues at stake in the action, the amount in

18  controversy, the parties' relative access to relevant information, the parties'

19  resources, the importance of the discovery in resolving the issues, and whether the

20  burden or expense of the proposed discovery outweighs its likely benefit.

21  Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the

22  discovery requests unduly burdensome and neither relevant to any claim or defense

23  nor reasonably calculated to lead to discovery of admissible evidence.

24      5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that

25  it seeks information or documents that are not relevant to any party's claim or

26  defense or not proportional to the needs of the case, considering the importance of

27  the issues at stake in the action, the amount in controversy, the parties' relative

28  access to relevant information, the parties' resources, the importance of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 6 -

CASE NO. 14-cv-2513L-KSC

Page 106

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Defendant objects to Plaintiff's "Instructions" to the extent they purport to require Defendant to provide information maintained or preserved by third parties and, therefore, not within Defendant's possession, custody, or control.

7.     Defendant objects to Plaintiff's "Instructions" to the extent they seek to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

8.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that the phrase "regardless of their location" seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

9.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that the phrase "effective power to obtain" is vague.  Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendant will only produce documents that are in its possession, custody or control.

10.     Defendant objects to Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.  Defendant agrees to meet and confer to discuss content and simultaneous exchange of privilege logs.

11.     Defendant objects to Instruction No. 3 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

12.     Defendant objects to Instruction No. 4 on the grounds that it seeks to

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 7 -

CASE NO. 14-cv-2513L-KSC

Page 107

1   impose requirements or obligations differing from or exceeding those set forth in
2   the Federal Rules of Civil Procedure, the Local Rules of the Southern District of
3   California, and any other applicable law.

4        13.    Defendant objects to Instruction No. 5 on the grounds that it asks
5   Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose
6   requirements or obligations differing from or exceeding those set forth in the
7   Federal Rules of Civil Procedure, the Local Rules of the Southern District of
8   California, and any other applicable law.

9   **Objections and Responses to Requests for Production**

10   **REQUEST NO. 1**

11        All DOCUMENTS and THINGS that YOU have provided to the FDA
12   relating to the DRUG PRODUCT, including but not limited to IND application and
13   documentations for the Pharmaceutical Quality and Chemistry, Manufacturing of
14   and Controls.

15   **RESPONSE**:

16        In addition to its General Objections and Objections to Plaintiff's Definitions
17   and Instructions, Defendant objects to the phrase "documentations for the
18   Pharmaceutical Quality and Chemistry, Manufacturing of and Controls" on the
19   grounds that it is vague. Defendant further objects to the request because it
20   purports to seek "All" documents described in the Request on the ground that a
21   request for "All" documents described in the Request seeks information or
22   documents that are not relevant to any party's claim or defense or not proportional
23   to the needs of the case, considering the importance of the issues at stake in the
24   action, the amount in controversy, the parties' relative access to relevant
25   information, the parties' resources, the importance of the discovery in resolving the
26   issues, and whether the burden or expense of the proposed discovery outweighs its
27   likely benefit. Instead, subject to its General and Specific Objections, Defendant
28   states that it will produce documents sufficient to identify the Drug Product that is

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 8 -

CASE NO. 14-CV-2513L-KSC

Page 108

1  the subject of the Request, and documents sufficient to describe the design,

2  preparation, and purification of the Drug Product that is the subject of the Request.

3  **REQUEST NO. 2**

4  All DOCUMENTS and THINGS RELATING TO any and all

5  COMMUNICATIONS between YOU and the FDA concerning the DRUG

6  PRODUCT, including but not limited to, the manufacturing, testing, clinical

7  development, or approval of the DRUG PRODUCT.

8  **RESPONSE:**

9  In addition to its General Objections and Objections to Plaintiff's Definitions

10  and Instructions, Defendant objects to this Request to the extent that it seeks the

11  disclosure of documents or other information protected from disclosure by the

12  attorney-client privilege, work product doctrine and/or any other applicable

13  privilege or doctrine.  Defendant objects to the phrase "RELATING TO any and all

14  COMMUNICATIONS" on the grounds that it is vague, does not describe with

15  reasonable particularity the information sought, and purports to impose a

16  requirement on Defendant to conduct more than a reasonable search of information

17  in Defendant's possession, custody, or control.  Defendant further objects to the

18  request because it purports to seek "All" documents described in the Request on the

19  ground that a request for "All" documents described in the Request seeks

20  information or documents that are not relevant to any party's claim or defense or

21  not proportional to the needs of the case, considering the importance of the issues at

22  stake in the action, the amount in controversy, the parties' relative access to

23  relevant information, the parties' resources, the importance of the discovery in

24  resolving the issues, and whether the burden or expense of the proposed discovery

25  outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

26  Defendant states that it will produce documents sufficient to identify the Drug

27  Product that is the subject of the Request, and documents sufficient to describe the

28  design, preparation, and purification of the Drug Product that is the subject of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 9 -

CASE NO. 14-cv-2513L-KSC

Page 109

1    Request.

2              **REQUEST NO. 3**

3         All clinical trial protocols RELATING TO the DRUG PRODUCT.

4              **RESPONSE:**

5         In addition to its General Objections and Objections to Plaintiff's Definitions

6    and Instructions, Defendant objects to this Request to the extent that it seeks the

7    disclosure of documents or other information protected from disclosure by the

8    attorney-client privilege, work product doctrine and/or any other applicable

9    privilege or doctrine.  Defendant objects to the phrase "protocols RELATING TO

10   the DRUG PRODUCT" on the grounds that it is vague, does not describe with

11   reasonable particularity the information sought, and purports to impose a

12   requirement on Defendant to conduct more than a reasonable search of information

13   in Defendant's possession, custody, or control.  Defendant will interpret the phrase

14   to mean "protocols for the DRUG PRODUCT."  Defendant further objects to the

15   request because it purports to seek "All" documents described in the Request on the

16   ground that a request for "All" documents described in the Request seeks

17   information or documents that are not relevant to any party's claim or defense or

18   not proportional to the needs of the case, considering the importance of the issues at

19   stake in the action, the amount in controversy, the parties' relative access to

20   relevant information, the parties' resources, the importance of the discovery in

21   resolving the issues, and whether the burden or expense of the proposed discovery

22   outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

23   Defendant states that it will produce documents sufficient to identify the Drug

24   Product that is the subject of the Request, and documents sufficient to describe the

25   design, preparation, and purification of the Drug Product that is the subject of the

26   Request.

27             **REQUEST NO. 4**

28        All supporting documentation for all clinical trial protocols RELATING TO

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 10 -

CASE NO. 14-cv-2513L-KSC

Page 110

1    the DRUG PRODUCT.

2        **<u>RESPONSE</u>:**

3        In addition to its General Objections and Objections to Plaintiff's Definitions

4 and Instructions, Defendant objects to the phrases "all supporting documentation "

5 and "protocols RELATING TO the DRUG PRODUCT" on the grounds that they

6 are vague, overly broad, unduly burdensome, do not describe with reasonable

7 particularity the information sought, purport to impose a requirement on Defendant

8 to conduct more than a reasonable search of information in Defendant's possession,

9 custody, or control, and seek information that is not relevant to any party's claim or

10 defense and is not proportional to the needs of the case, considering the importance

11 of the issues at stake in the action, the amount in controversy, the parties' relative

12 access to relevant information, the parties' resources, the importance of the

13 discovery in resolving the issues, and whether the burden or expense of the

14 proposed discovery outweighs its likely benefit.  Defendant further objects to the

15 request because it purports to seek "All" documents described in the Request on the

16 ground that a request for "All" documents described in the Request seeks

17 information or documents that are not relevant to any party's claim or defense or

18 not proportional to the needs of the case, considering the importance of the issues at

19 stake in the action, the amount in controversy, the parties' relative access to

20 relevant information, the parties' resources, the importance of the discovery in

21 resolving the issues, and whether the burden or expense of the proposed discovery

22 outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

23 Defendant states that it will produce documents sufficient to identify the Drug

24 Product that is the subject of the Request, and documents sufficient to describe the

25 design, preparation, and purification of the Drug Product that is the subject of the

26 Request.

27        **<u>REQUEST NO. 5</u>**

28        All IND Annual Reports RELATING TO the DRUG PRODUCT.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 11 -

Page 111

CASE NO. 14-cv-2513L-KSC

1

**RESPONSE:**

2      In addition to its General Objections and Objections to Plaintiff's Definitions

3  and Instructions, Defendant objects to the phrase "Annual Reports" on the grounds

4  that it is vague and does not describe with reasonable particularity the information

5  sought.  Defendant will interpret the phrase to mean "Annual Reports submitted to

6  the FDA."

7      Subject to and without waiving its objections, Defendant will produce

8  relevant, non-privileged documents responsive to the non-objectionable portions of

9  this Request that are in its possession, to the extent such documents exist and can be

10  readily identified after a reasonable search.

11     **REQUEST NO. 6**

12     All DOCUMENTS and THINGS RELATING TO the manufacturing of the

13  Drug Product, including but not limited to, manufacturing protocols, manufacturing

14  reports, contract manufacturing agreements, and contract manufacturing reports.

15     **RESPONSE:**

16     In addition to its General Objections and Objections to Plaintiff's Definitions

17  and Instructions, Defendant objects to the phrase "RELATING TO the

18  manufacturing of the Drug Product" on the grounds that it is overly broad, unduly

19  burdensome, purports to impose a requirement on Defendant to conduct more than

20  a reasonable search of information in Defendant's possession, custody, or control,

21  and seeks information that is not relevant to any party's claim or defense and is not

22  proportional to the needs of the case, considering the importance of the issues at

23  stake in the action, the amount in controversy, the parties' relative access to

24  relevant information, the parties' resources, the importance of the discovery in

25  resolving the issues, and whether the burden or expense of the proposed discovery

26  outweighs its likely benefit.  Defendant further objects to the request because it

27  purports to seek "All" documents described in the Request on the ground that a

28  request for "All" documents described in the Request seeks information or

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 12 -

Page 112

CASE NO. 14-cv-2513L-KSC

1   documents that are not relevant to any party's claim or defense or not proportional

2   to the needs of the case, considering the importance of the issues at stake in the

3   action, the amount in controversy, the parties' relative access to relevant

4   information, the parties' resources, the importance of the discovery in resolving the

5   issues, and whether the burden or expense of the proposed discovery outweighs its

6   likely benefit.  Instead, subject to its General and Specific Objections, Defendant

7   states that it will produce documents sufficient to describe how the Drug Product

8   that is the subject of the Request was manufactured.

9   **REQUEST NO. 7**

10   All agreements and amendments and supplements thereto between YOU and

11   Applied Genetic Technologies Corporation (AGTC) RELATING TO the DRUG

12   PRODUCT, including but not limited to, clinical trial agreements, collaboration

13   agreements, and licensing agreements.

14   **RESPONSE:**

15   In addition to its General Objections and Objections to Plaintiff's Definitions

16   and Instructions, Defendant objects to the phrase "agreements and amendments and

17   supplements thereto … RELATING TO the DRUG PRODUCT" on the grounds

18   that it is vague, does not describe with reasonable particularity the information

19   sought, and purports to impose a requirement on Defendant to conduct more than a

20   reasonable search of information in Defendant's possession, custody, or control.

21   Defendant will interpret the phrase to mean "agreements and amendments and

22   supplements thereto … governing the DRUG PRODUCT."

23   Subject to and without waiving its objections, Defendant will produce

24   relevant, non-privileged documents responsive to the non-objectionable portions of

25   this Request that are in its possession, to the extent such documents exist and can be

26   readily identified after a reasonable search.

27   **REQUEST NO. 8**

28   All agreements and amendments and supplements thereto between YOU and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 13 -

CASE NO. 14-cv-2513L-KSC

Page 113

1    Applied Genetic Technologies Corporation (AGTC) concerning the manufacturing

2    or clinical or commercial development of any therapeutic product other than the

3    DRUG PRODUCT, that uses an adeno-associated virus vector or is developed for

4    treating macular degeneration, including but not limited to clinical trial agreements,

5    collaboration agreements, and licensing agreements.

6        **RESPONSE:**

7        In addition to its General Objections and Objections to Plaintiff's Definitions

8    and Instructions, Defendant objects to the phrase "agreements and amendments and

9    supplements thereto … concerning the manufacturing or clinical or commercial

10   development" on the grounds that it is vague, overly broad, unduly burdensome,

11   does not describe with reasonable particularity the information sought, purports to

12   impose a requirement on Defendant to conduct more than a reasonable search of

13   information in Defendant's possession, custody, or control, and seeks information

14   that is not relevant to any party's claim or defense and is not proportional to the

15   needs of the case, considering the importance of the issues at stake in the action, the

16   amount in controversy, the parties' relative access to relevant information, the

17   parties' resources, the importance of the discovery in resolving the issues, and

18   whether the burden or expense of the proposed discovery outweighs its likely

19   benefit.  Defendant objects to the phrase "any therapeutic product other than the

20   DRUG PRODUCT, that uses an adeno-associated virus vector or is developed for

21   treating macular degeneration" on the grounds that it is vague, overly broad, unduly

22   burdensome, does not describe with reasonable particularity the information sought,

23   purports to impose a requirement on Defendant to conduct more than a reasonable

24   search of information in Defendant's possession, custody, or control, and seeks

25   information that is not relevant to any party's claim or defense and is not

26   proportional to the needs of the case, considering the importance of the issues at

27   stake in the action, the amount in controversy, the parties' relative access to

28   relevant information, the parties' resources, the importance of the discovery in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS            - 14 -            CASE No. 14-cv-2513L-KSC
Page 114

1  resolving the issues, and whether the burden or expense of the proposed discovery

2  outweighs its likely benefit.

3      Due to the extreme over breadth, burdensomeness, and inclusion of a vast

4  amount of irrelevant materials in this Request, and the fact that other Requests will

5  be responded to by Defendant, Defendant will not make a separate search or

6  production responsive to this Request.   Defendant will consider responding to

7  narrower, more focused demands if submitted and not duplicative of other demands

8  to which Defendant has agreed to respond.

9      **REQUEST NO. 9**

10      All agreements and amendments and supplements thereto between YOU and

11  any investigators, universities, companies, hospitals, medical centers, National

12  Institutes of Health or other government entities, research institutes, or other

13  institutions concerning the clinical or commercial development of any therapeutic

14  product that uses an adeno-associated virus vector, including but not limited to

15  clinical trial agreements, collaboration agreements and licensing agreements.

16      **RESPONSE:**

17      In addition to its General Objections and Objections to Plaintiff's Definitions

18  and Instructions, Defendant objects to the phrase "agreements and amendments and

19  supplements thereto … concerning the clinical or commercial development " on the

20  grounds that it is vague, overly broad, unduly burdensome, does not describe with

21  reasonable particularity the information sought, purports to impose a requirement

22  on Defendant to conduct more than a reasonable search of information in

23  Defendant's possession, custody, or control, and seeks information that is not

24  relevant to any party's claim or defense and is not proportional to the needs of the

25  case, considering the importance of the issues at stake in the action, the amount in

26  controversy, the parties' relative access to relevant information, the parties'

27  resources, the importance of the discovery in resolving the issues, and whether the

28  burden or expense of the proposed discovery outweighs its likely benefit.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                    - 15 -                    CASE NO. 14-cv-2513L-KSC
                                    Page 115

Defendant objects to the phrase "any therapeutic product that uses an adeno-associated virus vector" on the grounds that it is vague, overly broad, unduly burdensome, does not describe with reasonable particularity the information sought, purports to impose a requirement on Defendant to conduct more than a reasonable search of information in Defendant's possession, custody, or control, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Due to the extreme over breadth, burdensomeness, and inclusion of a vast amount of irrelevant materials in this Request, and the fact that other Requests will be responded to by Defendant, Defendant will not make a separate search or production responsive to this Request.  Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

**REQUEST NO. 10**

All laboratory notes concerning the design, preparation, purification and/or testing of the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the request because it purports to seek "All" documents described in the Request on the ground that a request for "All" documents described in the Request seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 16 -

CASE NO. 14-cv-2513L-KSC

Page 116

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Instead, subject to its General and Specific Objections, Defendant states that it will produce documents sufficient to describe the design, preparation, and purification of the Drug Product that is the subject of the Request.

**REQUEST NO. 11**

All DOCUMENTS and THINGS RELATING TO the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant further objects to the request because it purports to seek "All" documents described in the Request on the ground that a request for "All" documents described in the Request seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Instead, subject to its General and Specific Objections, Defendant states that it will produce the patent, its prosecution history, and documents relating to the construction of the patent claims at issue in this litigation.

**REQUEST NO. 12**

All DOCUMENTS and THINGS RELATING TO the maintenance and reinstatement of the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 17 -

Page 117

CASE NO. 14-cv-2513L-KSC

1  and Instructions, Defendant objects to this Request to the extent that it seeks the

2  disclosure of documents or other information protected from disclosure by the

3  attorney-client privilege, work product doctrine and/or any other applicable

4  privilege or doctrine.  Defendants object to this Request on the grounds that the

5  phrase "maintenance and reinstatement of the PATENT-IN-SUIT" seeks

6  information that is not relevant to any party's claim or defense.  Defendant further

7  objects to the request because it purports to seek "All" documents described in the

8  Request on the ground that a request for "All" documents described in the Request

9  seeks information or documents that are not relevant to any party's claim or defense

10 or not proportional to the needs of the case, considering the importance of the issues

11 at stake in the action, the amount in controversy, the parties' relative access to

12 relevant information, the parties' resources, the importance of the discovery in

13 resolving the issues, and whether the burden or expense of the proposed discovery

14 outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

15 Defendant states that it will produce the patent and its prosecution history.

16 **REQUEST NO. 13**

17       All publications, abstracts, posters, internal presentations, and invention

18 disclosures RELATING TO the construction, manufacturing, or preclinical or

19 clinical development of the DRUG PRODUCT.

20 **RESPONSE:**

21       In addition to its General Objections and Objections to Plaintiff's Definitions

22 and Instructions, Defendant objects to this Request to the extent that it seeks the

23 disclosure of documents or other information protected from disclosure by the

24 attorney-client privilege, work product doctrine and/or any other applicable

25 privilege or doctrine.  Defendant further objects to the request because it purports to

26 seek "All" documents described in the Request on the ground that a request for

27 "All" documents described in the Request seeks information or documents that are

28 not relevant to any party's claim or defense or not proportional to the needs of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 18 -

CASE NO. 14-CV-2513L-KSC

Page 118

1  case, considering the importance of the issues at stake in the action, the amount in

2  controversy, the parties' relative access to relevant information, the parties'

3  resources, the importance of the discovery in resolving the issues, and whether the

4  burden or expense of the proposed discovery outweighs its likely benefit.  Instead,

5  subject to its General and Specific Objections, Defendant states that it will produce

6  documents sufficient to identify the Drug Product that is the subject of the Request,

7  documents sufficient to describe how the Drug Product that is the subject of the

8  Request was manufactured, and documents sufficient to describe the design,

9  preparation, and purification of the Drug Product that is the subject of the Request.

10  **REQUEST NO. 14**

11  All DOCUMENTS and THINGS RELATING TO YOUR contention that the

12  DRUG PRODUCT is not covered by the PATENT-IN-SUIT.

13  **RESPONSE:**

14  In addition to its General Objections and Objections to Plaintiff's Definitions

15  and Instructions, Defendant objects to this Request to the extent that it seeks the

16  disclosure of documents or other information protected from disclosure by the

17  attorney-client privilege, work product doctrine and/or any other applicable

18  privilege or doctrine.  Defendant objects to this Request to the extent that Plaintiff

19  has not identified the specific claim(s) of the '237 patent that Plaintiff contends read

20  on the drug product at issue.  Defendant objects to this Request on the grounds that

21  it does not describe with reasonable particularity each item or category of items to

22  be inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

23  Due to the extreme over breadth, burdensomeness, and lack of particularity

24  in describing the information sought in this Request, and the fact that other

25  Requests will be responded to by Defendant, Defendant will not make a separate

26  search or production responsive to this Request.   Defendant will consider

27  responding to narrower, more focused demands if submitted and not duplicative of

28  other demands to which Defendant has agreed to respond.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 19 -

Page 119

CASE NO. 14-cv-2513L-KSC

**REQUEST NO. 15**

All COMMUNICATIONS RELATING TO YOUR contention that the DRUG PRODUCT is not covered by the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant objects to this Request to the extent that Plaintiff has not identified the specific claim(s) of the '237 patent that Plaintiff contends read on the drug product at issue. Defendant objects to this Request on the grounds that it does not describe with reasonable particularity each item or category of items to be inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

Due to the extreme over breadth, burdensomeness, and lack of particularity in describing the information sought in this Request, and the fact that other Requests will be responded to by Defendant, Defendant will not make a separate search or production responsive to this Request. Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

**REQUEST NO. 16**

All DOCUMENTS and THINGS RELATING TO YOUR contention that the PATENT-IN-SUIT contains an exclusion pertaining to the use of herpes simplex virus type-1 ("HSV -1 ").

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 20 -

CASE NO. 14-cv-2513L-KSC

Page 120

1   privilege or doctrine.  Defendant objects to this Request on the grounds that it does
2   not describe with reasonable particularity each item or category of items to be
3   inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

4       Due to the extreme over breadth, burdensomeness, and lack of particularity
5   in describing the information sought in this Request, and the fact that other
6   Requests will be responded to by Defendant, Defendant will not make a separate
7   search or production responsive to this Request.   Defendant will consider
8   responding to narrower, more focused demands if submitted and not duplicative of
9   other demands to which Defendant has agreed to respond.

10      **REQUEST NO. 17**

11      All COMMUNICATIONS RELATING TO YOUR contention that the
12   PATENT-IN-SUIT contains an exclusion pertaining to the use of HSV-1.

13      **RESPONSE:**

14      In addition to its General Objections and Objections to Plaintiff's Definitions
15   and Instructions, Defendant objects to this Request to the extent that it seeks the
16   disclosure of documents or other information protected from disclosure by the
17   attorney-client privilege, work product doctrine and/or any other applicable
18   privilege or doctrine.  Defendant objects to this Request on the grounds that it does
19   not describe with reasonable particularity each item or category of items to be
20   inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

21      Due to the extreme over breadth, burdensomeness, and lack of particularity
22   in describing the information sought in this Request, and the fact that other
23   Requests will be responded to by Defendant, Defendant will not make a separate
24   search or production responsive to this Request.   Defendant will consider
25   responding to narrower, more focused demands if submitted and not duplicative of
26   other demands to which Defendant has agreed to respond.

27      **REQUEST NO. 18**

28      All DOCUMENTS and THINGS RELATING TO YOUR contention that

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 21 -

Page 121

CASE NO. 14-cv-2513L-KSC

1  YOU do not owe a milestone payment to MediciNova, Inc. under the
2  ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

3  **RESPONSE:**

4  In addition to its General Objections and Objections to Plaintiff's Definitions
5  and Instructions, Defendant objects to this Request to the extent that it seeks the
6  disclosure of documents or other information protected from disclosure by the
7  attorney-client privilege, work product doctrine and/or any other applicable
8  privilege or doctrine. Defendant objects to this Request on the grounds that it does
9  not describe with reasonable particularity each item or category of items to be
10 inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

11 Due to the extreme over breadth, burdensomeness, and lack of particularity
12 in describing the information sought in this Request, and the fact that other
13 Requests will be responded to by Defendant, Defendant will not make a separate
14 search or production responsive to this Request. Defendant will consider
15 responding to narrower, more focused demands if submitted and not duplicative of
16 other demands to which Defendant has agreed to respond.

17 **REQUEST NO. 19**

18 All COMMUNICATIONS RELATING TO YOUR contention that YOU do
19 not owe a milestone payment to MediciNova, Inc. under the ASSIGNMENT
20 AGREEMENT for the DRUG PRODUCT.

21 **RESPONSE:**

22 In addition to its General Objections and Objections to Plaintiff's Definitions
23 and Instructions, Defendant objects to this Request to the extent that it seeks the
24 disclosure of documents or other information protected from disclosure by the
25 attorney-client privilege, work product doctrine and/or any other applicable
26 privilege or doctrine. Defendant objects to this Request on the grounds that it does
27 not describe with reasonable particularity each item or category of items to be
28 inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 22 -        CASE NO. 14-CV-2513L-KSC
                        Page 122

1    Due to the extreme over breadth, burdensomeness, and lack of particularity

2 in describing the information sought in this Request, and the fact that other

3 Requests will be responded to by Defendant, Defendant will not make a separate

4 search or production responsive to this Request.   Defendant will consider

5 responding to narrower, more focused demands if submitted and not duplicative of

6 other demands to which Defendant has agreed to respond.

7

8

9 Dated:  February 6, 2017                          Respectfully submitted,

10                                                            DRINKER BIDDLE & REATH LLP

11

12                                                            By: */s/ Francis DiGiovanni*
                                                                    Francis DiGiovanni
13
                                                                Attorney for Defendant GENZYME
14                                                            CORPORATION
                                                                E-mail:  francis.digiovanni@dbr.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 23 -
Page 123

CASE NO. 14-CV-2513L-KSC

# EXHIBIT H

1  STEVEN M. SELNA (SBN 133409)
   steven.selna@dbr.com
2  AMY P. FRENZEN (SBN 245368)
   amy.frenzen@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:  (415) 591-7500
5  Facsimile:   (415) 591-7510

6  FRANCIS DIGIOVANNI (*pro hac vice*; DE
   3189)
7  francis.digiovanni@dbr.com
   DRINKER BIDDLE & REATH LLP
8  222 Delaware Avenue, Suite 1410
   Wilmington, DE  19801-1621
9  Telephone:  (302) 591-4266
   Facsimile:   (302) 467-4201

10
   ANN E. KINSEY (SBN 299755)
11 akinsey@bkflaw.com
   BLANCHARD, KRASNER & FRENCH
12 800 Silverado Street, 2nd Floor
   La Jolla, CA  92037
13 Telephone:  (858) 551-2440
   Facsimile:   (858) 551-2434

14
   Attorneys for Defendant
15 GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19 MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
   Corporation,
20
                  Plaintiff,
21
   v.                                     **GENZYME CORPORATION'S**
22                                         **OBJECTIONS AND RESPONSES**
                                           **TO MEDICINOVA, INC.'S SECOND**
23 GENZYME CORPORATION, a                 **SET OF REQUESTS FOR**
   Massachusetts Corporation,             **PRODUCTION OF DOCUMENTS**
24
                  Defendant.
25

26

27

28

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS          Page 125          CASE NO. 14-CV-2513L-KSC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff Medicinova, Inc.'s ("Plaintiff") Second Set of Requests for Production of Documents (No. 20) as follows:

**Limitations on Defendant's Obligations to Provide Responsive Material**

Consistent with Federal Rule of Civil Procedure 34(b)(2)(B), effective December 1, 2015, Defendant identifies the following limitations on its obligations to provide responsive material.  These limitations are incorporated by reference, as appropriate, in Defendant's response to each Request.

1.     Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendant will only produce documents that are in its possession, custody or control, which only includes documents in its actual possession or those it has a legal right to obtain from third parties.

2.     Defendant objects to any document request to the extent it purports to require Defendant to search for and produce electronically stored documents, information, and email from sources that are not reasonably accessible because of undue burden or cost, as set forth in Federal Rule of Civil Procedure 26(b)(2)(B). Defendant, like most litigants, has information contained in sources that are not reasonably accessible. At any given time, such sources may include deleted, fragmentary, corrupted or residual data, data with orphaned or missing links, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, disaster recovery tapes, or electronic files with unknown file extensions, unknown password protections, or viruses.  Defendant has taken reasonable measures to preserve documents (including electronically stored information) from active information systems that are potentially responsive to the claims made, the defenses asserted, and the discovery propounded, making unnecessary the search, review, and production of the not reasonably available media described above. The burden and expense of accessing, reviewing, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS
- 2 -
CASE NO. 14-cv-2513L-KSC
Page 126

producing certain information may outweigh its possible relevance and the likelihood it will lead to the discovery of admissible evidence.

3.    Defendant objects to the use of the phrase "all documents" in any document request as overly broad and unduly burdensome to the extent the request encompasses, inter *alia*, chance references to potentially responsive subject matter in documents that would not reasonably be expected to contain such references and would require an unreasonably detailed and extensive search of all Defendant's documents.

4.    Defendant objects to any request to the extent that it requests production of information for an unlimited period of time. The burden and expense of searching for, accessing, reviewing, and producing information for all time outweighs the possible relevance and the likelihood it will lead to the discovery of admissible evidence.

5.    Defendant objects that these requests call for production ahead of the deadlines given in the Scheduling Order and/or the forthcoming Electronically Stored Information Order that the parties are currently negotiating.

**General Objections**

1.    Defendant objects to all discovery requests to the extent they seek the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any privilege or protection.

2.    Defendant objects to all discovery requests to the extent they seek the disclosure of information that (i) is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 3 -                CASE NO. 14-CV-2513L-KSC
Page 127

Civil Procedure, and any orders of the Court.

3.     Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

4.     Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

5.     Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

6.     Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

7.     Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly available on the ground that such information and documents are equally available to either party and their production by Defendant would be unnecessarily burdensome.

8.     Defendant reserves the right to challenge the competency, materiality, relevance, and admissibility in this proceeding, or any other proceeding related to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 4 -

CASE NO. 14-CV-2513L-KSC

Page 128

1   this proceeding (or any other action) of any information or documents provided in

2   response to any discovery request.

3       9.      Defendant objects to all discovery requests to the extent they require

4   the identification of documents and information not within Defendant's possession,

5   custody, or control.   In responding to these discovery requests, Defendant will

6   undertake to respond based on information within its possession, custody, or

7   control.   Defendant does not undertake to provide information in the possession,

8   custody or control of non-parties.

9       10.     Defendant objects to all discovery requests to the extent they seek

10  information or documents protected from disclosure by statute, regulation,

11  administrative order, case law, or third party contractual agreement.

12      11.     Nothing contained herein may be construed as an admission relative to

13  the existence or non-existence of any document, and no response is an admission

14  respecting the relevance or admissibility in evidence of any statement or

15  characterization contained in any document, or contained in the Response.

16              **Objections to Plaintiff's Definitions and Instructions**

17      1.      Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

18  "you," and "your") on the basis that it is overly broad and unduly burdensome by

19  seeking information not reasonably calculated to lead to the discovery of admissible

20  evidence.   Defendant further objects to Plaintiff's Definition No. 1 to the extent that

21  it is vague and ambiguous because it purports to apply to "present or former

22  officers, directors, employees, agents, and representatives" regardless as to whether

23  such persons acted on behalf of Defendant or while associated with Defendant.

24  Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

25  information outside the possession, custody, or control of Defendant by "all present

26  or former officers, directors, employees, agents, and representatives."

27      2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

28  on the basis that it is overly broad and therefore seeks information or documents

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 5 -

CASE NO. 14-CV-2513L-KSC

Page 129

that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant specifically objects to the definition because it purports to cover "any improvement or derivative," making the definition overly broad and encompassing information not relevant to any party's claim or defense.

3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the extent that they purport to (i) exceed the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.

4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it is not limited in time and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.     Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 6 -                CASE NO. 14-cv-2513L-KSC
Page 130

1  discovery in resolving the issues, and whether the burden or expense of the
2  proposed discovery outweighs its likely benefit.

3      6.      Defendant objects to Plaintiff's "Instructions" to the extent they
4  purport to require Defendant to provide information maintained or preserved by
5  third parties and, therefore, not within Defendant's possession, custody, or control.

6      7.      Defendant objects to Plaintiff's "Instructions" to the extent they seek
7  to impose requirements or obligations differing from or exceeding those set forth in
8  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of
9  California, and any other applicable law.

10     8.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that
11  the phrase "regardless of their location" seeks to impose requirements or
12  obligations differing from or exceeding those set forth in the Federal Rules of Civil
13  Procedure, the Local Rules of the Southern District of California, and any other
14  applicable law.

15     9.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that
16  the phrase "effective power to obtain" is vague.  Pursuant to Federal Rule of Civil
17  Procedure 34(a)(1), Defendant will only produce documents that are in its
18  possession, custody or control.

19     10.      Defendant objects to Instruction No. 2 on the grounds that it seeks to
20  impose requirements or obligations differing from or exceeding those set forth in
21  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of
22  California, and any other applicable law.  Defendant agrees to meet and confer to
23  discuss content and simultaneous exchange of privilege logs.

24     11.      Defendant objects to Instruction No. 3 on the grounds that it seeks to
25  impose requirements or obligations differing from or exceeding those set forth in
26  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of
27  California, and any other applicable law.

28     12.      Defendant objects to Instruction No. 4 on the grounds that it seeks to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 7 -

CASE NO. 14-cv-2513L-KSC

Page 131

impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

13. Defendant objects to Instruction No. 5 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

**Objections and Responses to Requests for Production**

**REQUEST NO. 20**

All DOCUMENTS and THINGS describing all nucleic acid sequences used in the manufacturing and purification of the DRUG PRODUCT, including those during laboratory testing, pre-clinical testing and clinical testing.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request because it purports to seek "All" documents described in the Request on the ground that a request for "All" documents described in the Request seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the phrase "all nucleic acid sequences used in the manufacturing and purification of the DRUG PRODUCT" on the grounds that it is overly broad, unduly burdensome, purports to impose a requirement on Defendant to conduct more than a reasonable search of information in Defendant's possession, custody, or control, and seeks information that is not relevant to any party's claim

1   or defense and is not proportional to the needs of the case, considering the

2   importance of the issues at stake in the action, the amount in controversy, the

3   parties' relative access to relevant information, the parties' resources, the

4   importance of the discovery in resolving the issues, and whether the burden or

5   expense of the proposed discovery outweighs its likely benefit.

6       Subject to and without waiving its objections, Defendant will produce

7   relevant, non-privileged documents responsive to the non-objectionable portions of

8   this Request that are in its possession, to the extent such documents exist and can be

9   readily identified after a reasonable search.

10

11

12   Dated:  February 6, 2017          Respectfully submitted,

13                                     DRINKER BIDDLE & REATH LLP

14

15                                     By:  */s/ Francis DiGiovanni*

16                                      Francis DiGiovanni

17                                    Attorney for Defendant GENZYME

18                                    CORPORATION
                                    E-mail:  francis.digiovanni@dbr.com

19

20

21

22

23

24

25

26

27

28

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 9 -

CASE NO. 14-cv-2513L-KSC

# EXHIBIT I

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 main
858.509.3691 main fax
www.sheppardmullin.com

Matthew S. McConnell
858.720.8928 direct
mmcconnell@sheppardmullin.com

File Number: 19KP-205385

February 17, 2017

*BY ELECTRONIC MAIL AND U.S. MAIL*

Francis DiGiovanni, Esq.
Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1621

Re:     MediciNova Inc. v. Genzyme Corp., Case No. 14-CV-2513-L-KSC

Dear Mr. DiGiovanni:

          Pursuant to FRCP 37(a)(1) and Local Rule 26.1(a), this letter is an effort to meet and confer over the deficiencies identified herein regarding Genzyme Corporation's responses to MediciNova's discovery requests.

### Genzyme Has Waived All Objections And Must Admit Each RFA

          Generally, service by electronic mail is not authorized.  A "plaintiff may not generally resort to email service on his own initiative." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1018 (9th Cir. 2002).  Papers subsequent to the original complaint, such as discovery, may be served by electronic mail only on parties who have ***consented in writing*** to this means of service.  Fed. R. Civ. Proc.  5(b)(2)(E).  MediciNova never consented to service by electronic mail.  As a result, Genzyme's service was improper, and Genzyme's responses are now untimely.

          Failure to timely respond to discovery results in a waiver of all objections – including claims of privilege and work product.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"); Fed. R. Civ. Proc. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  In addition, the failure to timely respond to RFAs results in an *automatic admission* of the matters requested.  Fed. R. Civ. Proc. 36(a)(3); Federal Trade Comm. v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (9th Cir. 2002).

          Because Genzyme exclusively served its discovery responses by an unauthorized method, and because the time to respond has now passed, Genzyme has waived its right to object and Genzyme must admit the matters set forth in the requests for admissions.  Please provide supplemental responses, without any objections, by February 24, 2017.

**SheppardMullin**

Francis DiGiovanni
February 17, 2017
Page 2

<u>**Genzyme's Objections Lack Merit**</u>

Putting aside the reality that Genzyme has waived all objections, Genzyme's objections are improper and without basis.

<u>**Request For Admissions**</u>

<u>RFA Nos. 14-15</u>

Genzyme has objected to these RFAs on the ground that it cannot admit or deny the Requests because contentions such as these may change as more information becomes available. This objection does not have any merit. An RFA may properly request "the application of law to fact." Fed. R. Civ. Proc. 36(a)(1)(A). <u>See</u> <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 937, fn.4 (9th Cir. 1994). Genzyme must provide a substantive response to this RFA without further objection.

<u>RFA No. 18</u>

Genzyme has objected to this RFA regarding the use of the phrase "do not include any mention" on the ground that it is unintelligible. This objection does not have merit. There is nothing vague or ambiguous of this phrase. Further, it is *not* a ground for objection that the request is "unintelligible" unless it is so unintelligible that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and *explain in detail* why other portions of a request may not be admitted." <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation. Genzyme must provide a substantive response to this RFA without further objection.

<u>RFA No. 21</u>

Genzyme has objected to this RFA regarding the use of the phrase "exclusion in the PATENT-IN-SUIT for the use of a herpes simplex virus type-1" on the ground that it is unintelligible. This objection does not have merit. There is nothing vague or ambiguous of this phrase. Further, it is *not* a ground for objection that the request is "unintelligible" unless it is so unintelligible that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and *explain in detail* why other portions of a request may not be admitted." <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation. Genzyme must provide a substantive response to this RFA without further objection.

<u>RFA No. 23</u>

Genzyme has objected to this RFA regarding the meaning of the phrase "a separate AAV vector that assists the PRODUCTION MOLECULE with replication and/or packaging in a host cell" on the ground that it is ambiguous. This objection does not have merit. There is nothing vague or ambiguous about this RFA. Further, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and *explain in detail* why other

# SheppardMullin

Francis DiGiovanni
February 17, 2017
Page 3

portions of a request may not be admitted." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation. Genzyme must provide a substantive response to this RFA without further objection.

## RFA Nos. 24-25

Genzyme has objected to these RFAs regarding the meaning of the term "HELPER MOLECULE" on the ground that the term is ambiguous.  This objection does not have merit. There is nothing vague or ambiguous about this RFA.  Further, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply.  Parties should "admit to the fullest extent possible, and *explain in detail* why other portions of a request may not be admitted."  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation.  Genzyme must provide a substantive response to these RFAs without further objection.

## RFA Nos. 26-33, 36

Genzyme has objected to these RFAs regarding the meaning of the term "HELPER MOLECULE" on the ground that the term is ambiguous.  Genzyme has also objected to these RFAs on the ground that they seek information that has no relevance to the claims and defenses in this litigation.  These objections do not have merit.  There is nothing vague or ambiguous about this RFA.  Further, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply.  In addition, each of these RFAs request information that is pertinent in this litigation.  MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed. R. Civ. Proc. 26(b)(1) (emphasis added).  Parties should "admit to the fullest extent possible, and *explain in detail* why other portions of a request may not be admitted."  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation.  As such, Genzyme must provide a substantive response without further objections.

## RFA Nos. 34-35, 37-50

Genzyme has objected to these RFAs on the ground that they seek information that has no relevance to the claims and defenses in this litigation.  This objection does not have merit. Each of these RFAs request information that is pertinent in this litigation.  MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Parties should "admit to the fullest extent possible, and *explain in detail* why other portions of a request may not be admitted."  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation.  As such, Genzyme must provide a substantive response without further objections.

**SheppardMullin**

Francis DiGiovanni
February 17, 2017
Page 4

## Document Requests

### Genzyme's First Production Is Deficient

Genzyme's production dated February 6, 2017 (Genzyme's "First Production"), is, at most, incomplete. As a matter of course, Genzyme has first refused to "make a separate search or production responsive" to eight document requests, specifically, Document Requests 8,9 and 14-19.  Genzyme's objections are addressed in the section below.

Notwithstanding the fact that Genzyme only purports to respond to twelve of MediciNova's twenty Document Requests, however, Genzyem's First Production is clearly wholly deficient. Indeed, even for Document Requests to which Genzyme has agreed it will respond, MediciNova has been unable to discern *any* responsive documents in the First Production to the following three Document Requests:

Document Request No. 7

This Request seeks production of all agreements and amendments and supplements thereto between Genzyme and Applied Genetic Technologies Corporation relating to the drug product (including but not limited to, clinical trial agreements, collaboration agreements, and licensing agreements:). If such documents have been produced, MediciNova requests identification of such agreements by Bates Number. To the extent Genzyme does not have any documents responsive to this Request and/or does not plan to produce any documents responsive to this Request, MediciNova requests express clarification of this matter.

Document Request No. 10

This Request seeks production of all laboratory notes concerning the design, preparation, purification and/or testing of the drug product. If such documents have been produced, MediciNova requests identification of such agreements by Bates Number. To the extent Genzyme does not have any documents responsive to this Request and/or does not plan to produce any documents responsive to this Request, MediciNova requests express clarification of this matter.

Document Request No. 20

This Request seeks production of all documents and things describing all nucleic acid sequences used in the manufacturing and purification of the drug product (including those during laboratory testing, pre-clinical testing and clinical testing). If such documents have been produced, MediciNova requests identification of such agreements by Bates Number. To the extent Genzyme does not have any documents responsive to this Request and/or does not plan to produce any documents responsive to this Request, MediciNova requests express clarification of this matter.

Still further, it is unclear that Genzyme's limited responses to eight of the remaining Document Requests are intended to be complete:

**Sheppard Mullin**

Francis DiGiovanni
February 17, 2017
Page 5

Document Request No. 1

This Request seeks all documents and things "provided to the FDA...including but not limited to IND application and documentations for the Pharmaceutical Quality and Chemistry, Manufacturing of and Controls." While the First Production includes the IND Application, it is not clear whether the IND constitutes Genzyme's full and complete response to this Request, particularly where (as discussed in more detail below) Genzyme has limited its response to "documents sufficient to identify the Drug Product that is the subject of the Request[.]" MediciNova requests express clarification of this matter.

Document Request No. 2

This Request seeks all documents and things relating to all communications with the FDA concerning the drug product. While the First Production includes the IND Application, which includes some FDA correspondence, it is not clear whether the IND constitutes Genzyme's full and complete response to this Request. This is particularly relevant here, where (as discussed in more detail below) Genzyme has limited its response to "documents sufficient to identify the Drug Product that is the subject of the Request[.]" MediciNova requests express clarification of this matter.

Document Request No. 3

This Request seeks all clinical trial protocols relating to the drug product. While the First Production includes the IND Application, which includes some clinical trial information, it is not clear whether the IND constitutes Genzyme's full and complete response to this Request. This is particularly relevant here, where (as discussed in more detail below) Genzyme has limited its response to "documents sufficient to identify the Drug Product that is the subject of the Request[.]" MediciNova requests express clarification of this matter.

Document Request No. 4

This Request seeks all supporting documentation for all clinical trial protocols relating to the drug product. While the First Production includes the IND Application, which includes some clinical trial data, it is not clear whether the IND constitutes Genzyme's full and complete response to this Request. This is particularly relevant here, where (as discussed in more detail below) Genzyme has limited its response to "documents sufficient to identify the Drug Product that is the subject of the Request[.]" MediciNova requests express clarification of this matter.

Document Request No. 6

This Request seeks all supporting documentation relating to the manufacturing of the Drug Product (including but not limited to, manufacturing protocols, manufacturing reports, contract manufacturing agreements, and contract manufacturing reports). While one document in the First Production (GENZYME0001022-0001059) includes some information on manufacturing, it is not clear whether this document constitutes Genzyme's full and complete response to this Request. This is particularly relevant here, where (as discussed in more detail below) Genzyme

# SheppardMullin

Francis DiGiovanni
February 17, 2017
Page 6

has limited its response to documents "sufficient to describe how the Drug Product… was manufactured."  MediciNova requests express clarification of this matter.

Document Request No. 11

This Request seeks all documents and things relating to the patent in suit. While two documents in the First Production, U.S. Pat. No. 6,376,237 (GENZYME0000001-0000019) and its accompanying file wrapper (GENZYME0000539-0000778), are likely intended to satisfy this Request, it is not clear whether this document constitutes Genzyme's full and complete response. It seems unlikely that these documents could form the complete basis for a response to this Request. Accordingly, MediciNova requests express clarification of this matter.

Document Request No. 12

This Request seeks all supporting documentation relating to the maintenance and reinstatement of the patent in suit. While the file wrapper for what is now 6,376,237 (GENZYME0000539-0000778) is likely intended to satisfy this Request, it is not clear whether this document constitutes Genzyme's full and complete response. MediciNova requests express clarification of this matter.

Document Request No. 13

This Request seeks all publications, abstracts, posters, internal presentations, and invention disclosures relating to the construction, manufacturing, or preclinical or clinical development of the drug product. While two published scientific articles in the First Production (GENZYME0000048-0000057; GENZYME0000058-0000066) are intended to be responsive to this Request, it is not clear whether this document constitutes Genzyme's full and complete response thereto. This is particularly relevant here, where (as discussed in more detail below) Genzyme has limited its response to documents "documents sufficient to identify the Drug Product that is the subject of the Request."  MediciNova requests express clarification of this matter.

**Genzyme's Objections Lack Merit**

Document Request Nos. 1-4

In these responses, Genzyme has limited its response to "documents sufficient to identify the Drug Product that is the subject of the Request[.]" This obtuse, self-imposed limitation on Genzyme's response offers no information on what is required for Genzyme's production to be "sufficient." Accordingly, MediciNova requests that Genzyme respond to these Document Requests as written. In the event that Genzyme's First Production is not completely responsive to the Requests as written, but Genzyme does not plan to supplement its responses thereto, further discussion of this matter between the parties will be necessary.

**SheppardMullin**

Francis DiGiovanni
February 17, 2017
Page 7

Document Request No. 5

This Request seeks all IND Annual Reports relating to the drug product. Genzyme, however responded that it "will produce relevant, non-privileged documents responsive to the non-objectionable portions of this Request that are in its possession, to the extent such documents exist and can be readily identified after a reasonable search." Genzyme cannot say that it will produce the "non-objectionable portion." Rather, according to FRCP 26(b)(2), a responding party must identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail must be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2).

Further, it is inappropriate for Genzyme to state "to the extent such documents exist." For each item or category, the response must state that inspection will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P 34(b)(2)(B). If, after a diligent search and reasonable inquiry, a responding party is unable to comply, the responding party must state the reason why. For example, if the responding party is unable to comply because the document never existed, has been lost or stolen, was inadvertently destroyed, or is not in the possession of the responding party, these reasons must be provided to the requesting party. Fed. R. Civ. P 34(b)(2)(B). See Dunn v. Trans World Airlines, Inc., 589 F.2d 408 (9th Cir. 1978). As such, Genzyme must amend its response in order to specify whether it is unable to comply with this Request and for what reason it is unable to comply.

Document Request No. 6

In response to this Request, Genzyme has limited its response to "documents sufficient to describe how the Drug Product… was manufactured." This self-imposed limitation on Genzyme's response offers no information on what is required for Genzyme's production to be "sufficient." Accordingly, MediciNova requests that Genzyme respond to the Document Request as written. In the event that Genzyme's First Production is not completely responsive to the Request as written, but Genzyme does not plan to supplement its response thereto, further discussion of this matter between the parties will be necessary.

Document Request No. 7

This Request seeks all agreements and amendments and supplements between Genzyme and Applied Genetic Technologies Corporation relating to the drug product. Genzyme, however responded that it "will produce relevant, non-privileged documents responsive to the non-objectionable portions of this Request that are in its possession, to the extent such documents exist and can be readily identified after a reasonable search." Genzyme cannot say that it will produce the "non-objectionable portion." Rather, according to FRCP 26(b)(2), a responding party must identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail must be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding

# SheppardMullin

Francis DiGiovanni
February 17, 2017
Page 8

responsive information on the identified sources.  *See* Adv. Comm. Note to 2006 Amendment to
Fed. R. Civ. P 26(b)(2).

      Further, it is inappropriate for Genzyme to state "to the extent such documents
exist."  For each item or category, the response must state that inspection will be permitted as
requested or state with specificity the grounds for objecting to the request, including the reasons.
Fed. R. Civ. P 34(b)(2)(B).  If, after a diligent search and reasonable inquiry, a responding party is
unable to comply, the responding party must state the reason why.  For example, if the responding
party is unable to comply because the document never existed, has been lost or stolen, was
inadvertently destroyed, or is not in the possession of the responding party, these reasons must be
provided to the requesting party.  Fed. R. Civ. P 34(b)(2)(B).  See Dunn v. Trans World Airlines,
Inc., 589 F.2d 408 (9th Cir. 1978).  As such, Genzyme must amend its response in order to specify
whether it is unable to comply with this Request and for what reason it is unable to comply.

## Document Request No. 8

      This Request seeks all amendments and supplements between Genzyme and
Applied Genetic Technologies Corporation (AGTC) concerning the manufacturing or clinical or
commercial development of any therapeutic product that uses an adeno-associated virus vector or
is developed for treating macular degeneration.  MediciNova is entitled to a broad scope of
discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding
*any nonprivileged matter that is relevant to any party's claim or defense*."  Fed. R. Civ. Proc.
26(b)(1) (emphasis added).  Genzyme objects to this Request, stating that it is overbroad, overly
burdensome, and calls for the production of irrelevant materials.  Quite the contrary, this Request
is specifically directed at information relevant to products that use adeno-associated virus vector,
or that were developed to treat macular degeneration, both of which are at issue in this action.
Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to
identify, by category or type, the sources containing any potentially responsive information, with
enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery.
*See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2).  Genzyme must amend its
written response to this Document Request and produce all non-privileged, responsive documents
without further objection.

## Document Request No. 9

      This Request seeks agreements, amendments, and supplements between
Genzyme and several third-party institutions concerning the clinical and commercial development
of any therapeutic product that uses an adeno-associated virus vector.  MediciNova is entitled to a
broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain
discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed.
R. Civ. Proc. 26(b)(1) (emphasis added).  Genzyme objects to this Request, stating that it is
overbroad, burdensome, and seeks irrelevant material.  These objections are meritless.
MediciNova seeks documents specific to the use of an adeno-associated virus vector.  As such,
we fail to see how this request is overbroad, or seeks irrelevant material.  Further, to the extent
Genzyme is asserting any objection based on undue burden, it is required to identify, by category

**SheppardMullin**

Francis DiGiovanni
February 17, 2017
Page 9

or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery. *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2). Genzyme has failed to provide any detail at all. Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

Document Request No. 10

In response to this Request, Genzyme has limited its response to "documents sufficient to describe the design, preparation, and purification of the Drug Product[.]" This self-imposed limitation on Genzyme's response offers no information on what is required for Genzyme's production to be "sufficient." Still further, it also ignores the Request's language regarding "testing" of the Drug Product. Accordingly, MediciNova requests that Genzyme respond to the Document Request as written. In the event that Genzyme's First Production is not completely responsive to the Request as written, but Genzyme does not plan to supplement its response thereto, further discussion of this matter between the parties will be necessary.

Document Request No. 13

In response to this Request, Genzyme has limited its response to "documents sufficient to identify the Drug Product that is the subject of the Request[.]" This self-imposed limitation on Genzyme's response offers no information on what is required for Genzyme's production to be "sufficient." Accordingly, MediciNova requests that Genzyme respond to the Document Request as written. In the event that Genzyme's First Production is not completely responsive to the Request as written, but Genzyme does not plan to supplement its response thereto, further discussion of this matter between the parties will be necessary.

Document Request No. 14

This Request seeks all documents and things relating to Genzyme's contention that the drug product is not covered by the patent-in-suit. MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense.*" Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Genzyme, however, objects to this Request, stating that it is overbroad, burdensome, and lacks particularity in the information sought. These objections are without merit. This Request seeks documents and other things that are specifically related to Genzyme's contention that this drug product is not covered by the patent-in-suit. Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to identify, by category or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery. *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2). Genzyme has failed to provide any detail at all. Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

# **Sheppard**Mullin

Francis DiGiovanni
February 17, 2017
Page 10

Document Request No. 15

      This Request seeks all communications relating to your contention that the drug product is not covered by the patent-in-suit. MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*." Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Genzyme, however, objects to this Request, stating that it is overbroad, burdensome, and lacks particularity in the information sought. These objections are without merit. This Request is simple and straightforward. Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to identify, by category or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery. *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2). Genzyme has failed to provide any detail at all. As such, Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

Document Request No. 16

      This Request seeks all documents or things relating to Genzyme's contention that the patent-in-suit contains an exclusion pertaining to the use of herpes simplex virus type-1 ("HSV-1"). MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*." Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Genzyme objects, stating that this Request is overbroad, burdensome, and lacks particularity in describing the information sought. These objections are without merit. This Request is simple and straightforward. Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to identify, by category or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery. *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2). Genzyme has failed to provide any detail at all. As such, Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

Document Request No. 17

      This Request seeks all communications relating to Genzyme's contention that the patent-in-suit contains an exclusion pertaining to the use of HSV-1. MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*." Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Genzyme objects, stating that this Request is overbroad, burdensome, and lacks particularity in describing the information sought. These objections are without merit. This Request is simple and straightforward. Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to identify, by category or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery. *See* Adv. Comm. Note

**SheppardMullin**

Francis DiGiovanni
February 17, 2017
Page 11

to 2006 Amendment to Fed. R. Civ. P 26(b)(2).  Genzyme has failed to provide any detail at all.  As such, Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

Document Request No. 18

        This Request seeks all documents and things relating to Genzyme's contention that it does not owe a milestone payment to MediciNova under the Assignment Agreement for the drug product.  MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed. R. Civ. Proc. 26(b)(1) (emphasis added).  Genzyme objects, stating that this Request is overbroad, burdensome, and lacks particularity in describing the information sought.  These objections are without merit.  This Request is simple and straightforward.  Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to identify, by category or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery.  *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2).  Genzyme has failed to provide any detail at all.  As such, Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

Document Request No. 19

        This Request seeks all communications relating to Genzyme's contention that it does not owe a milestone payment to MediciNova under the Assignment Agreement for the drug product.  MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Genzyme objects, stating that this Request is overbroad, burdensome, and lacks particularity in describing the information sought.  These objections are without merit.  This Request is simple and straightforward.  Further, to the extent Genzyme is asserting any objection based on undue burden, it is required to identify, by category or type, the sources containing any potentially responsive information, with enough detail to enable MediciNova to evaluate the burdens and costs of providing the discovery.  *See* Adv. Comm. Note to 2006 Amendment to Fed. R. Civ. P 26(b)(2).  Genzyme has failed to provide any detail at all.  As such, Genzyme must amend its written response to this Document Request and produce all non-privileged, responsive documents without further objection.

**Interrogatories**

        Genzyme has objected to each and every interrogatory posed to it, stating that "Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1)."  As a result, Genzyme has refused to answer *any* of MediciNova's interrogatories.  Genzyme's objections are wholly improper and evasive.  Further, Genzyme's objections are extremely disingenuous, considering in Genzyme's First Set of Interrogatories,

**Sheppard**Mullin

Francis DiGiovanni
February 17, 2017
Page 12

Genzyme's interrogatories included over 100 discrete subparts. Interrogatory No. 8 alone has at least 68 discrete subparts. While MediciNova objected to Genzyme's violation of Rule 33(a)(1), MediciNova nevertheless provided highly detailed responses to all of Genzyme's interrogatories. It also bears mentioning that Genzyme has made various representations to the Court about MediciNova's interrogatories for the proposition that these interrogatories will purportedly provide MediciNova with all of the information that MediciNova needs to prosecute its claims. For Genzyme to make this representation while intending to refuse to provide a single substantive response is also incredibly disingenuous.

Interrogatory Nos. 4-10

Genzyme objects to the use of the phrase "does not infringe" on the ground that it misstates the record and seeks irrelevant information. These objects are without merit. The interrogatories neither misstate the record, nor do they seek irrelevant information. Infringement of the patent-in-suit is directly relevant to this litigation. MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*." Fed. R. Civ. Proc. 26(b)(1) (emphasis added). As such, Genzyme should provide a substantive response to each of these interrogatories.

Interrogatory No. 11

Genzyme objects to the phrase "describe in detail the procedure, including but not limited to materials and methods, for manufacturing" on the grounds that the phrase is overly broad and unduly burdensome. These objections are without merit. First, this interrogatory is neither overbroad, nor is it unduly burdensome. Second, where an interrogatory is overbroad, the responding party should answer whatever part of the question is proper, object to the balance, and provide some meaningful explanation of the basis for the objection. Collins v. JC Penney Life Ins. Co., 2003 US Dist. LEXIS 8455, at *5-6 (SD Cal 2003). No such answer has been provided. As such, Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 12-14

In this interrogatory, MediciNova asks Genzyme to state all facts in support of its contention that the patent-in-suit has an exclusion pertaining to the use of herpes simplex virus type-1. Genzyme objects to the characterization of Defendants' contentions, which speak for themselves. This objection is meritless. There is nothing in these interrogatories that remotely mischaracterizes Genzyme's contentions. As such, Genzyme should provide a substantive response to each of these interrogatories.

Interrogatory No. 17-18

Genzyme objects based on the use of the phrase "all therapeutic products other than the DRUG PRODUCT which YOU have manufactured or developed at any time since December 19, 2005 that uses an adeno-associated virus vector" on the grounds that it is not

... 

# **Sheppard**Mullin

Francis DiGiovanni
February 17, 2017
Page 13

relevant, is overly broad, unduly burdensome, and does not describe with reasonable particularity the information sought. These objections are meritless. First, this interrogatory seeks information relevant to this litigation. Second, a responding party must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. See Tourgeman v. Collins Fin. Servs., 2010 U.S. Dist. LEXIS 60551, at *12-13 (S.D. Cal. 2010). If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 31688, at *7-8 (N.D. Cal. 2007). In objecting that this is unintelligible, vague, and ambiguous, Genzyme has not exercised reason and common sense to determine the meaning behind this interrogatory. Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 19

Genzyme objects based on the use of the phrase "nucleic acid sequence…that codes for an [AAV] replication protein or a protein…" on the ground that it is ambiguous. This objection is meritless. This interrogatory is not ambiguous. Regardless, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should respond "to the fullest extent possible, and *explain in detail* why other portions" should not be answered. Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation. As such, Genzyme must provide a substantive response without further objections.

Genzyme also objects to the phrase "nucleic acid sequence…that codes for…a protein that is capable of replicating a viral vector in a host cell" on the grounds that it is vague and overbroad. Where an interrogatory is vague or overbroad, the responding party should answer whatever part of the question is proper, object to the balance, and provide some meaningful explanation of the basis for the objection. Collins v. JC Penney Life Ins. Co., 2003 US Dist. LEXIS 8455, at *5-6 (SD Cal 2003). No such answer has been provided. As such, Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 20

Genzyme objects based on the use of the phrase "nucleic acid sequence…that codes for an AAV capsid protein or a protein…" on the ground that it is ambiguous. This interrogatory is not ambiguous. Regardless, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should respond "to the fullest extent possible, and *explain in detail* why other portions" should not be answered. Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). Genzyme has provided no such explanation. As such, Genzyme must provide a substantive response without further objections.

Genzyme also objects to the phrase "nucleic acid sequence…that codes for…a protein that is capable of packaging a viral vector into a virion in a host cell" on the grounds that it is vague and overbroad. Where an interrogatory is vague or overbroad, the responding party should answer whatever part of the question is proper, object to the balance, and provide some meaningful explanation of the basis for the objection. Collins v. JC Penney Life Ins. Co., 2003 US

# SheppardMullin

Francis DiGiovanni
February 17, 2017
Page 14

Dist. LEXIS 8455, at *5-6 (S.D. Cal. 2003).  No such answer has been provided.  As such, Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 21

Genzyme objects based on the use of the phrase "nucleic acid sequence…that codes for both a REP PROTEIN and a CAP PROTEIN…" on the ground that it is ambiguous.  This interrogatory is not ambiguous.  Regardless, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply.  Parties should respond "to the fullest extent possible, and *explain in detail* why other portions" should not be answered.  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994).  Genzyme has provided no such explanation.  As such, Genzyme must provide a substantive response without further objections.

Genzyme also objects to the definition of the terms "REP PROTEIN" and "CAP PROTEIN" on the grounds that they are vague and overbroad.  Where an interrogatory is vague or overbroad, the responding party should answer whatever part of the question is proper, object to the balance, and provide some meaningful explanation of the basis for the objection.  Collins v. JC Penney Life Ins. Co., 2003 US Dist. LEXIS 8455, at *5-6 (S.D. Cal. 2003).  No such answer has been provided.  As such, Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 22

Genzyme objects based on the use of the phrase "promoter regions…including promoter regions that function as a promoter and those that have been modified and do not function as a promoter" on the ground that it is ambiguous.  This interrogatory is not ambiguous.  Regardless, it is *not* a ground for objection that the request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply.  Parties should respond "to the fullest extent possible, and *explain in detail* why other portions" should not be answered.  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994).  Genzyme has provided no such explanation.  As such, Genzyme must provide a substantive response without further objections.

Genzyme also objects to the phrase "IDENTIFY any and all promoter regions in the HELPER MOLECULE" on the grounds that it is vague, ambiguous, and seeks irrelevant information.  Where an interrogatory is vague or overbroad, the responding party should answer whatever part of the question is proper, object to the balance, and provide some meaningful explanation of the basis for the objection.  Collins v. JC Penney Life Ins. Co., 2003 US Dist. LEXIS 8455, at *5-6 (S.D. Cal 2003).  See also St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 FRD 508, 511-12 (N.D. Iowa 2000) ("[O]verly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection.). No such answer has been provided.  As such, Genzyme should amend to provide a substantive response to this interrogatory.

**SheppardMullin**

Francis DiGiovanni
February 17, 2017
Page 15

Interrogatory No. 23

Genzyme objects based on the use of the phrase "describe the nucleic acid sequence of the nucleic acid sequence" on the ground that it is unintelligible. Genzyme also objects to the use of the phrase "IDENTIFY any nucleic acid sequence...that includes an adenovirus E4 coding region" on the grounds that it is vague, ambiguous, and seeks irrelevant information. These objections are meritless. First, this interrogatory seeks information relevant to this litigation. Second, a responding party must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. See Tourgeman v. Collins Fin. Servs., 2010 U.S. Dist. LEXIS 60551, at *12-13 (S.D. Cal. 2010). If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 31688, at *7-8 (N.D. Cal. 2007). In objecting that this is unintelligible, vague, and ambiguous, Genzyme has not exercised reason and common sense to determine the meaning behind this interrogatory. Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 24

Genzyme objects based on the use of the phrase "describe the nucleic acid sequence of the nucleic acid sequence" on the ground that it is unintelligible. Genzyme also objects to the use of the phrase "IDENTIFY any nucleic acid sequence...that includes an adenovirus E2A coding region" on the grounds that it is vague, ambiguous, and seeks irrelevant information. These objections are meritless. First, this interrogatory seeks information relevant to this litigation. Second, a responding party must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. See Tourgeman v. Collins Fin. Servs., 2010 U.S. Dist. LEXIS 60551, at *12-13 (S.D. Cal. 2010). If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 31688, at *7-8 (N.D. Cal. 2007). In objecting that this is unintelligible, vague, and ambiguous, Genzyme has not exercised reason and common sense to determine the meaning behind this interrogatory. Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 25

Genzyme objects based on the use of the phrase "describe the nucleic acid sequence of the nucleic acid sequence" on the ground that it is unintelligible. Genzyme also objects to the use of the phrase "IDENTIFY any nucleic acid sequence...that includes an adenovirus VA RMA coding region" on the grounds that it is vague, ambiguous, and seeks irrelevant information. These objections are meritless. First, this interrogatory seeks information relevant to this litigation. Second, a responding party must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. See Tourgeman v. Collins Fin. Servs., 2010 U.S. Dist. LEXIS 60551, at *12-13 (S.D. Cal. 2010). If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 31688, at *7-8 (N.D. Cal. 2007). In objecting that this is unintelligible, vague, and ambiguous, Genzyme

# SheppardMullin

Francis DiGiovanni
February 17, 2017
Page 16

has not exercised reason and common sense to determine the meaning behind this interrogatory. Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 26

Genzyme objects based on the use of the phrase "describe the nucleic acid sequence of the nucleic acid sequence" on the ground that it is unintelligible. Genzyme also objects to the use of the phrase "IDENTIFY any nucleic acid sequence…that includes an adenovirus E1A coding region" on the grounds that it is vague, ambiguous, and seeks irrelevant information. These objections are meritless. First, this interrogatory seeks information relevant to this litigation. Second, a responding party must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. See Tourgeman v. Collins Fin. Servs., 2010 U.S. Dist. LEXIS 60551, at *12-13 (S.D. Cal. 2010). If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 31688, at *7-8 (N.D. Cal. 2007). In objecting that this is unintelligible, vague, and ambiguous, Genzyme has not exercised reason and common sense to determine the meaning behind this interrogatory. Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 27

Genzyme objects based on the use of the phrase "describe the nucleic acid sequence of the nucleic acid sequence" on the ground that it is unintelligible. Genzyme also objects to the use of the phrase "IDENTIFY any nucleic acid sequence…that includes an adenovirus E1B coding region" on the grounds that it is vague, ambiguous, and seeks irrelevant information. These objections are meritless. First, this interrogatory seeks information relevant to this litigation. Second, a responding party must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. See Tourgeman v. Collins Fin. Servs., 2010 U.S. Dist. LEXIS 60551, at *12-13 (S.D. Cal. 2010). If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 31688, at *7-8 (N.D. Cal. 2007). In objecting that this is unintelligible, vague, and ambiguous, Genzyme has not exercised reason and common sense to determine the meaning behind this interrogatory. Genzyme should amend to provide a substantive response to this interrogatory.

Interrogatory No. 28

Genzyme objects based on the use of the phrase "IDENTIFY all excipients in the DRUG PRODUCT at each stage" on the grounds that it seeks irrelevant information. This objection is without merit. Excipients in the drug product are directly relevant to this litigation. MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense.*" Fed. R. Civ. Proc. 26(b)(1) (emphasis added). As such, Genzyme should provide a substantive response to each of these interrogatories.

# SheppardMullin

Francis DiGiovanni
February 17, 2017
Page 17

### Interrogatory No. 29

Genzyme objects based on the use of the phrase "IDENTIFY purification steps after virions of the DRUG PRODUCT are produced from cells…" on the ground that it seeks irrelevant information. This objection is without merit. This interrogatory is directly relevant to this litigation. MediciNova is entitled to a broad scope of discovery under the Federal Rules of Civil Procedure: "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*." Fed. R. Civ. Proc. 26(b)(1) (emphasis added). As such, Genzyme should provide a substantive response to each of these interrogatories.

### Improper Confidentiality Designations

Genzyme designated the entire responses to the requests for admissions, sets one and two, as "Attorneys' Eyes Only." Per the Protective Order, an "Attorneys' Eyes Only" designation shall only be utilized for "limited 'Confidential' material or information that the Designating Party in good faith believes is competitively sensitive and constitutes or contains: (1) technical information such as product design, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial or financial information of an extremely sensitive nature that may cause significant competitive harm to the Designating Party." There is nothing in either response that would permit utilizing such a designation. This is particularly egregious given the reality that Genzyme did not admit to anything in the second, instead relying on improper objections. How can a response that is limited to objections possibly justify an AEO designation? Unless Genzyme can identify and explain what particular language in either response merits the use of an AEO designation, Genzyme must remove the designation in its entirety.

### Conclusion

I look forward to receiving your supplemental responses which remove all objections and properly answer each of MediciNova's Interrogatories and Document Requests, and which admit each of the Requests for Admissions. Please provide me with these responses, as well as any additional responsive documents, by February 24, 2017. Alternatively, if you wish to discuss any of the matters set forth above, please provide dates and times when you are available for a conference call next week from February 21 to February 24.

Very truly yours,

Matthew S. McConnell
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:481208681.1

# EXHIBIT J

# DrinkerBiddle&Reath
### LLP

Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

February 28, 2017

**VIA EMAIL**

Matthew S. McConnell
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130-2006

     Re:    *MediciNova, Inc. v. Genzyme Corp.,* No. 3:14-cv-2513-L-KSC (S.D. Cal.)

Dear Matt:

     Your demand for a response in 4 business days to your 17-page letter served last Friday evening, after the close of business and on a holiday weekend, is unreasonable. Moreover, the issues raised in your letter are repetitive and not well taken; to the extent you have legitimate issues with Genzyme's objections and responses, we suggest a meet and confer, at which time we can also discuss the issues raised below pertaining to MediciNova's discovery deficiencies.  We are generally available this Thursday or Friday from 9 a.m. to 4 p.m. ET.

     In the interim, we provide the following global observations of the issues raised in your letter.

     First, you incorrectly state that MediciNova never consented to service by electronic mail.  The parties filed a Joint Discovery Plan with the Court on July 21, 2016, representing that "[t]he parties have consented to service of discovery requests and responses, as well as other items to be served in this case, via electronic means (specifically, e-mail upon opposing counsel) pursuant to Fed. R. Civ. P. 5(b)(2)(E)." *See* D.I. 25 at 1.  Genzyme's objections have not been waived.

     Second, with regard to MediciNova's interrogatories, two and a half months ago Genzyme objected to them on the grounds that they exceed the maximum number allotted under Fed. R. Civ. Proc. 33(a)(1), and also provided MediciNova with caselaw holding that a party who responds to interrogatories waives the right to object to the interrogatories based on numerosity.  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016) (*citing Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993)).    MediciNova admitted that it exceeded the number of allowable

*Established* 1849

DrinkerBiddle&Reath
LLP

Matthew S. McConnell
February 28, 2017
Page 2

interrogatories allotted under Fed. R. Civ. Proc. 33(a)(1) when it served its second set of interrogatories on November 21, 2016. Accordingly, it should have come as no surprise that Genzyme would not—and could not—provide responses to MediciNova's interrogatories. Your accusations that Genzyme's objections are "wholly improper," "evasive," "extremely disingenuous," and "incredibly disingenuous" are not made in good faith and ignore well-established caselaw that we provided you months ago. Genzyme's objection as to numerosity is proper and will not be withdrawn.

We also bring to your attention the following deficiencies in MediciNova's discovery responses.

As a threshold matter, the determinative issue in this litigation is whether the '237 patent covers the accused Genzyme drug product, which is a drug product derived from the HSV-1 virus. MediciNova has been aware that this is the sole issue from nearly day one of this litigation, yet none of MediciNova's responses address this basic question. Specifically, Genzyme asked MediciNova to explain why it believes the '237 patent covers Genzyme's drug product *which MediciNova knows is derived from the HSV-1 virus*, in light of the '237 patent's *clear disavowal* of this subject matter, and to produce documents related to this issue. *See* Genzyme Interrogatory Nos. 1-2, 5-8; Genzyme Document Request Nos. 1-5, 8, 10-15, 17-19. MediciNova has not provided this explanation or produced these documents. Indeed, the terms "herpes" and "HSV" do not appear a single time in MediciNova's responses to Genzyme's eight interrogatories,[1] and they appear in only three documents of MediciNova's 514-page document production: (i) U.S. Patent No. 7,037,723; (ii) the June 27, 2014 letter from MediciNova to Genzyme admitting that the drug product at issue in this litigation is HSV-based; and (iii) the September 16, 2014 email from you to Genzyme admitting that "Genzyme's AAV2-sFLT01 vector is produced with recombinant HSV vector."[2] MediciNova must immediately supplement its interrogatory responses to explain why it believes the '237 patent covers drug products derived from the HSV-1 virus, in clear contradiction of the '237 specification. MediciNova must also supplement its document production with all documents related to this exceedingly narrow and case-dispositive issue.

Second, MediciNova's boilerplate objections to Genzyme's document requests are improper. MediciNova repeatedly objected that Genzyme's document requests are vague (Nos. 1-18), compound (Nos. 1-19), overbroad (Nos. 1-19), calling for speculation

---

[1] Please provide an explanation for your accusations that Genzyme served interrogatories with "over 100 discrete subparts" and "Interrogatory No. 8 alone has at least 68 discrete subparts."

[2] These admissions are not only case-dispositive, they are grounds for a fees award in light of the clear disavowal in the '237 patent for HSV-1-derived drug products. Genzyme reserves the right to seek its fees on this basis.

DrinkerBiddle&Reath
LLP

Matthew S. McConnell
February 28, 2017
Page 3

(Nos. 1-18), and not relevant (Nos. 1, 2, 5, 6, 11-19). To be clear, such boilerplate objections are improper. *D.J.'s Diamond Imports, LLC v. Brown*, No. WMN-11-2027, 2013 WL 1345082, at *4 (D. Md. Apr. 1, 2013) ("This Court has stated, over and over again, that boilerplate objections are improper and that objections must be based on particularized facts."); *Smithkline Beecham Corp. v. Apotex Corp.*, 2006 WL 279073, at *2 (E.D. Pa. Jan. 31, 2006) ("Mere recitation of the familiar litany that an interrogatory or document production request is 'overly broad, burdensome or oppressive' will not suffice.") (quoting *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996)); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive"). MediciNova must withdraw these improper objections or supplement its responses with particularized explanations as to how Genzyme's document requests are objectionable.

Third, MediciNova's responses indicate that MediciNova refuses to produce any documents in response to Request Nos. 2, 14, and 18. MediciNova's baseless refusal is improper. MediciNova must supplement its response and indicate that it will produce all responsive documents.

Fourth, Genzyme's Interrogatory Nos. 1, 2, 5, and 6 all inquire into the basis for MediciNova's contention that the drug product is covered by the '237 patent. None of MediciNova's responses, including MediciNova's claim chart, addresses this case-dispositive issue (i.e., whether the '237 patent covers drug products derived from the HSV-1 virus and whether that scope covers Genzyme's drug product). MediciNova must supplement its responses answering this question or be precluded from doing so at summary judgment and trial.

Fifth, Genzyme's Interrogatory No. 8 inquires into MediciNova's prefiling investigation. MediciNova's response is woefully inadequate, particularly in view of the representations and admissions that MediciNova and its attorneys have made regarding their knowledge that the drug product at issue is derived from the HSV-1 virus, which is excluded from the scope of the '237 patent. MediciNova must supplement its response to Interrogatory No. 8 and explain in full and informative detail precisely how MediciNova arrived at its conclusion that Genzyme's drug product is covered by the '237 patent in

DrinkerBiddle&Reath
LLP

Matthew S. McConnell
February 28, 2017
Page 4

light of the '237 patent specification's express language that drug products derived from the HSV-1 virus are not within the patent's scope.

Respectfully,

*Francis DiGiovanni*

Francis DiGiovanni

FD/mcl

87812497.1

# EXHIBIT K

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 main
858.509.3691 main fax
www.sheppardmullin.com

Matthew S. McConnell
858.720.8928 direct
mmcconnell@sheppardmullin.com

File Number: 19KP-205385

March 3, 2017

**VIA E-MAIL AND U.S. MAIL**

Francis DiGiovanni
Drinker Biddle & Reath LLP
222 Delaware Avenue
Suite 1410
Wilmington, DE 19801-1621
E-Mail: francis.digiovanni@dbr.com

Re:  MediciNova, Inc. v. Genzyme Corp., No. 3:14-cv-2513-L-KSC (S.D. Cal.)

Dear Mr. DiGiovanni:

This letter addresses Genzyme's continuing refusal to respond to any of MediciNova's interrogatories.

As you know, MediciNova served two sets of interrogatories on Genzyme.  The first set was served on July 13, 2016, and contained 18 interrogatories.  The second, served on November 21, 2016, contained an additional 11 interrogatories.  Genzyme has refused to respond to any of the interrogatories on the grounds that the total number exceeds the 25 authorized by Rule 33 of the Federal Rules of Civil Procedure. You claim, based on the unpublished district court opinion in *Starline Windows Inc. v. Quanex Building Products Corp.*, 2016 WL 4475561 (S.D. Cal. Jun. 21, 2016), that by responding to any of the interrogatories, Genzyme would waive its right to object on the basis of numerosity.

Neither *Starline Windows* nor the out-of-jurisdiction district court opinion on which it relies have any bearing on the present situation, in which MediciNova served two separate sets of interrogatories several months apart.  You have provided no authority for the proposition that responding to the first set of 18 interrogatories would somehow waive Genzyme's right to object to the second set.  We have not located any such authority, either, presumably because it does not exist. The two sets of interrogatories are entirely distinct, as is Genzyme's obligation to respond and right to raise meritorious objections.

Furthermore, "the responding party's best course for adequately preserving its objections to supernumerary interrogatories is to answer up to the numerical limit and object to the remainder without answering."  *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 n.4 (W.D.N.C. 1998); *see also Wilkinson v. Greater Dayton Regional Transit Auth.*, 2012 WL 3527871, at *2 (S.D. Ohio Aug. 14, 2012) (because Rule 33 "permits a party to raise an objection, then answer the interrogatory without waiving the objection," a party does not waive

# SheppardMullin

Francis DiGiovanni
March 3, 2017
Page 2

the right to object based on numerosity by answering some interrogatories); *Schwarz v. City of Treasure Island*, 2010 WL 11474978, at *4 (M.D. Fla. Oct. 13, 2010) (defendant did not waive right to object based on numerosity by responding to the first 25 interrogatories propounded). The authority on which you rely in arguing to the contrary is concerned with preventing gamesmanship by the responding party—specifically, the strategy of cherry-picking certain benign interrogatories to respond to and refusing to answer disadvantageous ones based on numerosity. If you are implying that Genzyme would indulge in such gamesmanship were it to answer only some of the interrogatories, we doubt that position will be received well by the court.

We are available to speak about all of the outstanding discovery disputes on March 6, 8 (between 8:30 am and 11 am PST), or 9. Please let me know as soon as possible what date and time works for you.

Sincerely,

Matthew S. McConnell
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:481568109.1

# EXHIBIT L

**Evan Mix**

---

| | |
|---|---|
| **From:** | Lambert, M Curt <curt.lambert@dbr.com> |
| **Sent:** | Monday, March 6, 2017 3:09 PM |
| **To:** | Matt McConnell; DiGiovanni, Francis |
| **Cc:** | Selna, Steven M; akinsey@bkflaw.com; Don Pelto |
| **Subject:** | RE: MediciNova v. Genzyme |

Matt,

Unfortunately today did not work for a meet and confer.  I am out of town the rest of the week, so we propose Monday (03/13).  Please let us know if you are available.

We disagree with the assertions in your letter regarding Genzyme's objections to MediciNova's interrogatories.  However, based on the representation in your letter that Genzyme's numerosity objection is not waived, we will agree to provide responses to MediciNova's First Set of Interrogatories (Nos. 1-18) subject to Genzyme's other objections.  To be clear, Genzyme objects to the number of interrogatories served in MediciNova's Second Set of Interrogatories as exceeding the number allowed by Fed. R. Civ. Proc. 33(a)(1).

Curt

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Friday, March 03, 2017 6:05 PM
**To:** Lambert, M Curt; DiGiovanni, Francis
**Cc:** Selna, Steven M; akinsey@bkflaw.com; Don Pelto
**Subject:** RE: MediciNova v. Genzyme

Curt and Frank,

We would like to set up a meet and confer call.  We are available on Monday, Wednesday (between 8:30 am and 11 am PST), or Thursday.  Please let me know what day/time works.

Matt

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Tuesday, February 28, 2017 1:07 PM
**To:** Matt McConnell; DiGiovanni, Francis
**Cc:** Selna, Steven M; akinsey@bkflaw.com; Don Pelto
**Subject:** RE: MediciNova v. Genzyme

Matt - Please see attached correspondence.

Curt

---

**From:** Lambert, M Curt
**Sent:** Friday, February 24, 2017 3:33 PM
**To:** 'Matt McConnell'; DiGiovanni, Francis
**Cc:** Selna, Steven M; akinsey@bkflaw.com; Don Pelto
**Subject:** RE: MediciNova v. Genzyme

Matt - We are considering the issues raised in your letter, and we expect to respond by Tuesday of next week.

Curt

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Friday, February 17, 2017 6:42 PM
**To:** DiGiovanni, Francis
**Cc:** Selna, Steven M; Lambert, M Curt; akinsey@bkflaw.com; Don Pelto
**Subject:** MediciNova v. Genzyme

Attached please find my letter of today's date.

Matthew S. McConnell
858.720.8928 | direct
858.847.4846 | direct fax
MMcConnell@sheppardmullin.com | Bio

## SheppardMullin

Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
****************************************

****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
****************************************

# EXHIBIT M

# DrinkerBiddle&Reath
### LLP

Curt Lambert
302-467-4217 Direct
302-467-4201 Fax
Curt.Lambert@dbr.com

March 15, 2017

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

**VIA EMAIL**

Matt McConnell
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130-2006

> **Re:** *MediciNova, Inc. v. Genzyme Corp.*, No. 14-cv-2513-L-KSC (S.D. Cal.)

Matt:

I write as a follow-up to the parties' meet and confer held Monday afternoon, March 13, 2017.

Genzyme's objections to MediciNova's document requests are proper, and its responses to the requests are complete.  As I explained during the meet and confer, this case concerns the issue of whether the drug product at issue (AAV2-sFLT01) is covered by the patent at issue (U.S. Pat. No. 6,376,237).  Everything needed by MediciNova to address this issue is contained in Genzyme's discovery responses, including its 121,045-page document production.  Specifically, Genzyme has produced its Investigational New Drug Application ("IND"), which contains far more detail than MediciNova needs to identify the characteristics of AAV2-sFLT01 that are relevant to the claims of the '237 patent.  Your position that more documentation and information is needed to "test" whether the statements in the IND are accurate is meritless.  The IND is an official submittal made to the U.S. government requesting authorization to conduct clinical trials of a drug product.  It is the best evidence to establish the drug product's characteristics.  Your suggestion that Genzyme may have made incorrect statements in its IND is baseless and does not justify supplemental document productions of cumulative and duplicative information.

Genzyme's objections to MediciNova's Requests for Admission Nos. 14-15, 18, 21, and 23-50 are proper, and its responses to the requests are complete.  As we discussed, the majority of MediciNova's requests suffer from numerous deficiencies that were specifically identified by way of written objection.  Some requests are compound and therefore cannot be admitted or denied.  Others ask for contentions, not facts, that may change over time.  Most ask for confidential and proprietary details about Genzyme's manufacturing process that are not relevant to any issue in this litigation.  Your request for supplementation is unjustified.  You requested that Genzyme conduct a page-by-page analysis of its responses to MediciNova's requests for admission, and I agreed to do so.  Attached are redacted versions of Genzyme's Objections and Responses to Requests for Admission Nos. 1-22 and Nos. 23-50.

*Established* 1849

DrinkerBiddle&Reath
L L P

March 15, 2017
Page 2

Genzyme's numerosity objection to MediciNova's interrogatories is proper. Nonetheless, Genzyme served its objections and responses to MediciNova's Interrogatory Nos. 1-18, in light of your representation that Genzyme's numerosity objection is not waived.   You requested that Genzyme conduct a page-by-page analysis of its interrogatory responses and withdraw its confidentiality designations where appropriate, and I agreed to do so.   Attached is a redacted version of Genzyme's Objections and Responses to Interrogatory Nos. 1-18.

On February 28, 2017, we brought to your attention serious deficiencies in MediciNova's discovery responses, and we discussed them on the meet and confer. Specifically, we informed you that MediciNova's discovery responses regarding the determinative issue in this litigation (whether the '237 patent covers AAV2-sFLT01) are inadequate.  As you have known and admitted, AAV2-sFLT01 is a drug product derived from the HSV-1 virus.  You have also been advised that the '237 patent clearly disavows this subject matter:

The term "accessory functions" refers to non-AAV derived viral and/or cellular functions upon which AAV is dependent for its replication. Thus, the term captures DNAs, RNAs and protein that are required for AAV replication, including those moieties involved in activation of AAV gene transcription, stage specific AAV mRNA splicing, AAV DNA replication, synthesis of Cap expression products and AAV capsid assembly. Viral-based accessory functions can be derived from any of the known helper viruses such as adenovirus, herpesvirus (other than herpes simplex virus type-1) and vaccinia virus.

'237 Patent Col. 7, ll. 41-51.  We requested that MediciNova supplement its 514-page document production with all documents related to this issue.  We also requested that MediciNova supplement its interrogatory responses (namely, in response to Genzyme's Interrogatory Nos. 1, 2, 5, 6, and 8) to explain why it believes the '237 patent covers drug products derived from the HSV-1 virus, in clear contradiction of the '237 specification.  I repeated this request during our meet and confer, and you refused to do so.  Your only basis for refusing to supplement MediciNova's deficient discovery responses was that the phrase "HSV-1" (or the like) is not part of the text of the '237 claims.  As I explained several times during the meet and confer, claims are construed in light of the specification, but you insisted that Genzyme's position that the scope of the '237 claims must be construed in light of the specification's clear disavowal of HSV-1 derivation was untenable.  We disagree.  Accordingly, we request—again—that MediciNova explain why it believes (and believed prior to filing its Complaint) that the '237 patent covers

DrinkerBiddle&Reath
L L P

March 15, 2017
Page 3


AAV2-sFLT01 in light of the '237 specification's clear disavowal of drug products having viral-based accessory functions derived from HSV-1.

Sincerely,

*/s/ Curt Lambert*

Curt Lambert

Att.

C:      D. Pelto, Esq.
         T. Anderson, Esq.
         A. Kinsey, Esq.
         S. Selna, Esq.
         F. DiGiovanni, Esq.

88118072.1

# EXHIBIT N

1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:  (415) 591-7500
5   Facsimile:   (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
7   francis.digiovanni@dbr.com
    DRINKER BIDDLE & REATH LLP
8   222 Delaware Avenue, Suite 1410
    Wilmington, DE  19801-1621
9   Telephone:  (302) 591-4266
    Facsimile:   (302) 467-4201

10
    ANN E. KINSEY (SBN 299755)
11  akinsey@bkflaw.com
    BLANCHARD, KRASNER & FRENCH
12  800 Silverado Street, 2nd Floor
    La Jolla, CA  92037
13  Telephone:  (858) 551-2440
    Facsimile:   (858) 551-2434

14
    Attorneys for Defendant
15  GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17             SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware        Case No. 3:14-cv-02513-L-KSC
    Corporation,
20
                Plaintiff,
21
    v.                                  **GENZYME CORPORATION'S**
22                                      **FIRST SUPPLEMENTAL**
                                        **OBJECTIONS AND RESPONSES**
23  GENZYME CORPORATION, a              **TO MEDICINOVA, INC.'S FIRST**
    Massachusetts Corporation,          **SET OF INTERROGATORIES**
24
                Defendant.
25

26  ████████████████████████████████████

27  ████████████████████████████████████

28

DRINKER BIDDLE &    GENZYME FIRST SUPP OBJECTIONS AND
REATH LLP           RESPONSES TO MEDICINOVA FIRST SET OF
ATTORNEYS AT LAW    INTERROGATORIES                          CASE NO. 14-CV-2513L-KSC
SAN FRANCISCO                                    Page 168

1     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

2  Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff

3  MediciNova, Inc.'s ("Plaintiff") First Set of Interrogatories (Nos. 1-18) as follows:

4                          **General Objections**

5     1.     These answers are made solely for the purpose of this action.  Each

6  answer is subject to all objections, as to competence, relevance, materiality,

7  propriety, and admissibility, and to any and all other objections on any grounds that

8  would require the exclusion of any statements contained herein if such

9  Interrogatory were asked of, or statements contained herein were made by a witness

10  present and testifying in Court, all of which objections and grounds are expressly

11  reserved and may be interposed at the time of trial.

12     2.     Defendant's responses are based upon information presently available

13  to and located by Defendant.   The responses given are without prejudice to

14  Defendant's right to provide evidence of any additional facts.   As such, these

15  answers are subject to supplementation and amendment, should future investigation

16  indicate that supplementation or amendment is necessary.

17     3.     No incidental or implied admissions are intended by these responses.

18  The fact that Defendant has answered or objected to any interrogatory should not be

19  taken as an admission that Defendant admits the existence of any facts set forth or

20  assumed by such interrogatory.  Further, that Defendant has or may answer part or

21  all of any interrogatory is not intended to be, and shall not be construed to be, a

22  waiver by Defendant of any part of any objection to any interrogatory.

23     4.     Defendant objects to all discovery requests to the extent they seek the

24  disclosure of documents or other information protected from disclosure by the

25  attorney-client privilege, work product doctrine and/or any other applicable

26  privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly

27  stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any

28  privilege or protection.

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF       - 2 -        CASE NO. 14-cv-2513L-KSC
INTERROGATORIES

5.      Defendant objects to all discovery requests to the extent they seek the disclosure of information that (i) is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of Civil Procedure, and any orders of the Court.

6.      Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

7.      Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

8.      Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

9.      Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

10.     Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                                    - 3 -                    CASE NO. 14-cv-2513L-KSC

Page 170

available on the ground that such information and documents are equally available to either party and their production by Defendant would be unnecessarily burdensome.

11.     Defendant reserves the right to challenge the competency, materiality, relevance, and admissibility in this proceeding, or any other proceeding related to this proceeding (or any other action) of any information or documents provided in response to any discovery request.

12.     Defendant objects to the discovery requests to the extent they require the identification of documents and information not within Defendant's possession, custody, or control.  In responding to these discovery requests, Defendant will undertake to respond based on information within its possession, custody, or control.  Defendant does not undertake to provide information in the possession, custody or control of non-parties.

13.     Defendant objects to all discovery requests to the extent they seek information or documents protected from disclosure by statute, regulation, administrative order, case law, or third party contractual agreement.

14.     Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any document, or contained in the Response.

## Objections to Plaintiff's Definitions and Instructions

1.     Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that it is vague and ambiguous because it purports to apply to "present or former officers, directors, employees, agents, and representatives" regardless as to whether such persons acted on behalf of Defendant or while associated with Defendant.

1  Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

2  information outside the possession, custody, or control of Defendant by "all present

3  or former officers, directors, employees, agents, and representatives."

4      2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

5  on the basis that it is overly broad and therefore seeks information or documents

6  that are not relevant to any party's claim or defense or not proportional to the needs

7  of the case, considering the importance of the issues at stake in the action, the

8  amount in controversy, the parties' relative access to relevant information, the

9  parties' resources, the importance of the discovery in resolving the issues, and

10  whether the burden or expense of the proposed discovery outweighs its likely

11  benefit.  Defendant specifically objects to the definition because it purports to cover

12  "any improvement or derivative," making the definition overly broad and

13  encompassing information not relevant to any party's claim or defense.

14      3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

15  extent that they purport to (i) exceed the scope of discovery as provided by the

16  Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

17  obligations on Defendant beyond those permitted by the Federal Rules of Civil

18  Procedure.

19      4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

20  is not limited in time and therefore seeks information or documents that are not

21  relevant to any party's claim or defense or not proportional to the needs of the case,

22  considering the importance of the issues at stake in the action, the amount in

23  controversy, the parties' relative access to relevant information, the parties'

24  resources, the importance of the discovery in resolving the issues, and whether the

25  burden or expense of the proposed discovery outweighs its likely benefit.

26  Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the

27  discovery requests unduly burdensome and neither relevant to any claim or defense

28  nor reasonably calculated to lead to discovery of admissible evidence.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 5 -

CASE NO. 14-CV-2513L-KSC

Page 172

1         5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that

2  it seeks information or documents that are not relevant to any party's claim or

3  defense or not proportional to the needs of the case, considering the importance of

4  the issues at stake in the action, the amount in controversy, the parties' relative

5  access to relevant information, the parties' resources, the importance of the

6  discovery in resolving the issues, and whether the burden or expense of the

7  proposed discovery outweighs its likely benefit.

8         6.      Defendant objects to Plaintiff's "Instructions" to the extent they

9  purport to require Defendant to provide information maintained or preserved by

10  third parties and, therefore, not within Defendant's possession, custody, or control.

11        7.      Defendant objects to Plaintiff's "Instructions" to the extent they seek

12  to impose requirements or obligations differing from or exceeding those set forth in

13  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

14  California, and any other applicable law.

15        8.      Defendant objects to Instruction No. 2 on the grounds that it asks

16  Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose

17  requirements or obligations differing from or exceeding those set forth in the

18  Federal Rules of Civil Procedure, the Local Rules of the Southern District of

19  California, and any other applicable law.

20        9.      Defendant objects to Instruction No. 4 on the grounds that it introduces

21  subparts into each Interrogatory that are not logically or factually subsumed within

22  and necessarily related to the primary question, and therefore Plaintiff has exceeded

23  the allowable number of Interrogatories allowed by Rule 33.

24        10.     Defendant objects to Instruction No. 5 on the grounds that it seeks

25  to impose requirements or obligations differing from or exceeding those set forth in

26  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

27  California, and any other applicable law.  Defendant agrees to meet and confer to

28  discuss content and simultaneous exchange of privilege logs.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 6 -

CASE NO. 14-CV-2513L-KSC

Page 173

1    11.    Defendant objects to Instruction No. 6 on the grounds that it seeks to

2    impose requirements or obligations differing from or exceeding those set forth in

3    the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

4    California, and any other applicable law.

5              **Objections and Responses to Interrogatories**

6         **INTERROGATORY NO. 1**

7         State all facts in support of YOUR contention that YOU do not owe a

8    $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT

9    AGREEMENT for the DRUG PRODUCT.

10        **RESPONSE:**

11        In addition to its General Objections and Objections to Plaintiff's Definitions

12   and Instructions, Defendant objects to this Request to the extent that it seeks the

13   disclosure of documents or other information protected from disclosure by the

14   attorney-client privilege, work product doctrine and/or any other applicable

15   privilege or doctrine.  Defendant further objects to the Request because it purports

16   to seek a narrative of "all" facts sought in the Request on the ground that a request

17   for a narrative of "all" documents described in the Request seeks information that is

18   not relevant to any party's claim or defense or not proportional to the needs of the

19   case, considering the importance of the issues at stake in the action, the amount in

20   controversy, the parties' relative access to relevant information, the parties'

21   resources, the importance of the discovery in resolving the issues, and whether the

22   burden or expense of the proposed discovery outweighs its likely benefit.

23        Defendant further objects to the Request on the grounds that Plaintiff has

24   exceeded the maximum allowable number of interrogatories permitted under Fed.

25   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

26   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF        - 7 -                CASE NO. 14-cv-2513L-KSC
INTERROGATORIES
                                         Page 174

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

### **FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

As set forth in Defendant's Answer to Plaintiff's First Amended Complaint, Plaintiff is not owed a $1,000,000 milestone payment because:  (1) Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted; (2) Plaintiff's claims are barred, in whole or in part, by the terms, conditions, definitions, limitations, and/or exclusions contained in the Assignment Agreement and/or by public policy or express provision of law; (3) Plaintiff's claims are barred by the doctrines of estoppel, ratification, and/or waiver; (4) Plaintiff is barred from recovery on its claims, in whole or in part, because it failed and neglected to use reasonable care to mitigate its alleged losses or damages; (5) Plaintiff's claims are barred because Plaintiff acquiesced in Defendant's alleged acts and omissions; (6) Plaintiff's claims are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions; (7) Plaintiff's claims are barred because they would cause Plaintiff to be unjustly enriched as a result of its own misconduct, and at the expense of Defendant; (8) to the extent Plaintiff alleges any type of contract not in writing, any such purported contracts, obligations, or agreements are unenforceable, and all causes of actions based upon them are barred by the statute of frauds; and (9) Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

By its own terms, the '237 patent does not cover the type of gene therapy technology utilized by Defendant in the accused activities.  The specification to the '237 Patent defines a "rAAV virion" as being one "produced in a suitable host cell

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                - 8 -                CASE NO. 14-cv-2513L-KSC

Page 175

1  comprising an AAV vector, AAV helper functions, and accessory functions." Col.

2  8, ll. 26-28. "Accessory function" is defined as referring to "non-AAV derived

3  viral and/or cellular functions upon which AAV is dependent for its replication"

4  and "can be derived from any of the known helper viruses such as adenovirus,

5  herpesvirus (*other than herpes simplex virus type-1*) and vaccinia virus." Col. 7, ll.

6  42-52 (emphasis added). The '237 Patent's claims do not cover a rAAV virion

7  produced using accessory functions derived from herpes simplex virus ("HSV")

8  type-1. Defendant's AAV-sFLT virion is a type of rAAV virion that is produced

9  using accessory functions derived from HSV type-1. Because the '237 Patent's

10 claims do not cover a rAAV virion produced using accessory functions derived

11 from HSV type-1, AAV-sFLT virions are not covered by the claims of the '237

12 Patent. And because the AAV-sFLT virions are not covered by the claims of the

13 '237 patent, the only patent asserted in this case, they do not fall within the scope of

14 the table in Part E of Schedule 3.2 of the Agreement and thus no milestone payment

15 is due.

16     Discovery is ongoing and Defendant reserves the right to supplement this

17 response in the future to the extent required under Federal Rule of Civil Procedure

18 26(e) and/or to refer to documents that have been produced or will be produced

19 pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the

20 right to supplement the information and response herein in accordance with the

21 expert disclosure provisions of the Scheduling Order.

22     **INTERROGATORY NO. 2**

23     IDENTIFY all DOCUMENTS which support YOUR contention that YOU

24 do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the

25 ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

26     **RESPONSE:**

27     In addition to its General Objections and Objections to Plaintiff's Definitions

28 and Instructions, Defendant objects to this Request to the extent that it seeks the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 9 -

CASE NO. 14-CV-2513L-KSC

Page 176

disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## **FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

- Defendant's Answer to Plaintiff's First Amended Complaint
- 12/19/2005 Assignment Agreement [GENZYME0001118 - GENZYME0001282];
- U.S. Patent No. 6,376,237 ("the '237 Patent") [GENZYME0000001 - GENZYME0000019];
- U.S. Pat. App. No. 09/450,083 ("the '237 prosecution history") [GENZYME0000539 - GENZYME0000778];
- U.S. Patent No. 6,686,200 ("the '200 Patent") [GENZYME0000020 - GENZYME0000047];
- "Control of Materials (AAV2-sFLT01)" [GENZYME0001022 - GENZYME0001059];

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES
- 10 -
Page 177
CASE NO. 14-cv-2513L-KSC

- "02/26/2015 Investigator's Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117];
- Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 - GENZYME0121045]; and
- Conway et al., "Recombinant Adeno-Associated Virus Type 2 Replication and Packaging is Entirely Supported by a Herpes Simplex Virus Type 1 Amplicon Expressing Rep and Cap," J. Virology, p. 8780-8789 (Nov. 1997) [GENZYME0000048 - GENZYME0000057].

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

## INTERROGATORY NO. 3

IDENTIFY all witnesses with knowledge of YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

## RESPONSE:

Defendant objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                                      - 11 -                          CASE NO. 14-CV-2513L-KSC
Page 178

Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Defendant incorporates by reference the individuals identified in its Rule 26 Initial Disclosures.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 4**

State all facts in support of YOUR contention that the DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant objects to this Request due to its use of the phrase "does not infringe" and its premise that Defendant has asserted a contention regarding infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                    - 12 -

CASE NO. 14-cv-2513L-KSC

Page 179

1    Plaintiff reduces the number of interrogatories it has propounded on Defendant.

2    *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

3    1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

4    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

5    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

6    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

7    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

8    2168.1 (2010).

9        **FIRST SUPPLEMENTAL RESPONSE:**

10       Without waiver of and subject to the general and specific objections and

11   subject to further supplementation, Defendant incorporates herein its response to

12   Interrogatory No. 1.

13       Discovery is ongoing and Defendant reserves the right to supplement this

14   response in the future to the extent required under Federal Rule of Civil Procedure

15   26(e) and/or to refer to documents that have been produced or will be produced

16   pursuant to Federal Rule of Civil Procedure 33(d).

17       **INTERROGATORY NO. 5**

18       IDENTIFY all DOCUMENTS which support YOUR contention that the

19   DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents,

20   the PATENT-IN-SUIT.

21       **RESPONSE:**

22       In addition to its General Objections and Objections to Plaintiff's Definitions

23   and Instructions, Defendant objects to this Request to the extent that it seeks the

24   disclosure of documents or other information protected from disclosure by the

25   attorney-client privilege, work product doctrine and/or any other applicable

26   privilege or doctrine.  Defendant objects to this Request due to its use of the phrase

27   "does not infringe" and its premise that Defendant has asserted a contention

28   regarding infringement on the grounds that there are no allegations of infringement

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 13 -

CASE NO. 14-cv-2513L-KSC

1 in this case, and thus the Request misstates the record and seeks information not
2 relevant to any party's claim or defense.

3 Defendant further objects to the Request on the grounds that Plaintiff has
4 exceeded the maximum allowable number of interrogatories permitted under Fed.
5 R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until
6 Plaintiff reduces the number of interrogatories it has propounded on Defendant.
7 *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-
8 1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing
9 *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.
10 N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-
11 TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan
12 Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §
13 2168.1 (2010).

14 **FIRST SUPPLEMENTAL RESPONSE**:

15 Without waiver of and subject to the general and specific objections and
16 subject to further supplementation, Defendant incorporates herein its response to
17 Interrogatory No. 2.

18 Discovery is ongoing and Defendant reserves the right to supplement this
19 response in the future to the extent required under Federal Rule of Civil Procedure
20 26(e) and/or to refer to documents that have been produced or will be produced
21 pursuant to Federal Rule of Civil Procedure 33(d).

22 **INTERROGATORY NO. 6**

23 IDENTIFY all witnesses with knowledge of YOUR contention that the
24 DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents,
25 the PATENT-IN-SUIT.

26 **RESPONSE:**

27 Defendant objects to this Request due to its use of the phrase "does not
28 infringe" and its premise that Defendant has asserted a contention regarding

DRINKER BIDDLE & REATH LLP ATTORNEYS AT LAW SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES
- 14 -
CASE NO. 14-cv-2513L-KSC
Page 181

1  infringement on the grounds that there are no allegations of infringement in this

2  case, and thus the Request misstates the record and seeks information not relevant

3  to any party's claim or defense.

4      Defendant further objects to the Request on the grounds that Plaintiff has

5  exceeded the maximum allowable number of interrogatories permitted under Fed.

6  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

7  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

8  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

9  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

10 *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

11 N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

12 TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

13 Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

14 2168.1 (2010).

15     **FIRST SUPPLEMENTAL RESPONSE:**

16     Without waiver of and subject to the general and specific objections and

17 subject to further supplementation, Defendant incorporates herein its response to

18 Interrogatory No. 3.

19     Discovery is ongoing and Defendant reserves the right to supplement this

20 response in the future to the extent required under Federal Rule of Civil Procedure

21 26(e) and/or to refer to documents that have been produced or will be produced

22 pursuant to Federal Rule of Civil Procedure 33(d).

23     **INTERROGATORY NO. 7**

24     For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG

25 PRODUCT does not infringe, provide a claim chart showing the presence or

26 absence of each claim limitation in the DRUG PRODUCT.

27     **RESPONSE:**

28     In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 15 -

CASE NO. 14-cv-2513L-KSC

Page 182

and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the grounds that there are no allegations of infringement in this case, and thus the Request seeks information not relevant to any party's claim or defense.  Defendant further objects to this Request on the grounds that Plaintiff has not identified the specific claim(s) of the '237 patent that Plaintiff contends read on the drug product at issue, nor has Plaintiff provided a limitation-by-limitation allegation that describes how it contends that each limitation is met by the accused gene product, and therefore the Request is premature.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 1 and 2.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 16 -

CASE NO. 14-CV-2513L-KSC

Page 183

26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 8**

For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG PRODUCT does not infringe, IDENTIFY any and all prior art that YOU contend renders any claim of the PATENT-IN-SUIT invalid under 35 U.S.C. §102 and/or 35 U.S.C. §103.

**RESPONSE**:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the grounds that there are no allegations of infringement in this case, and thus the Request seeks information not relevant to any party's claim or defense.  In addition, Defendant objects on the ground that no contention of invalidity has been asserted at this time, and thus the Request seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 17 -

CASE NO. 14-CV-2513L-KSC

Page 184

1    2168.1 (2010).

2    **FIRST SUPPLEMENTAL RESPONSE:**

3    Without waiver of and subject to the general and specific objections and

4 subject to further supplementation, Defendant responds as follows: No contention

5 of invalidity has been asserted at this time.

6    Discovery is ongoing and Defendant reserves the right to supplement this

7 response in the future to the extent required under Federal Rule of Civil Procedure

8 26(e) and/or to refer to documents that have been produced or will be produced

9 pursuant to Federal Rule of Civil Procedure 33(d).

10    **INTERROGATORY NO. 9**

11    IDENTIFY and describe in detail any and all structural elements and

12 sequences of any nucleic acid molecules in the DRUG PRODUCT.

13    **RESPONSE:**

14    In addition to its General Objections and Objections to Plaintiff's Definitions

15 and Instructions, Defendant objects to the phrase "structural elements and

16 sequences of any nucleic acid molecules" on the grounds that the phrase seeks

17 information or documents that are not relevant to any party's claim or defense or

18 not proportional to the needs of the case, considering the importance of the issues at

19 stake in the action, the amount in controversy, the parties' relative access to

20 relevant information, the parties' resources, the importance of the discovery in

21 resolving the issues, and whether the burden or expense of the proposed discovery

22 outweighs its likely benefit.

23    Defendant further objects to the Request on the grounds that Plaintiff has

24 exceeded the maximum allowable number of interrogatories permitted under Fed.

25 R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

26 Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27 *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28 1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 18 -

CASE NO. 14-cv-2513L-KSC

Page 185

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

### FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e), and will refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the documents referred to as "Control of Materials (AAV2-sFLT01)" [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 - GENZYME0121045]. Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

### INTERROGATORY NO. 10

IDENTIFY and describe in detail any and all structural elements and sequences of any nucleic acid molecules used in the manufacturing of the DRUG PRODUCT.

### RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the phrase "structural elements and sequences of any nucleic acid molecules" on the grounds that the phrase seeks information or documents that are not relevant to any party's claim or defense or

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                              - 19 -                    CASE NO. 14-cv-2513L-KSC
Page 186

1   not proportional to the needs of the case, considering the importance of the issues at

2   stake in the action, the amount in controversy, the parties' relative access to

3   relevant information, the parties' resources, the importance of the discovery in

4   resolving the issues, and whether the burden or expense of the proposed discovery

5   outweighs its likely benefit.

6         Defendant further objects to the Request on the grounds that Plaintiff has

7   exceeded the maximum allowable number of interrogatories permitted under Fed.

8   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

9   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

10  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

11  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

12  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

13  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

14  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

15  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

16  2168.1 (2010).

17        **FIRST SUPPLEMENTAL RESPONSE:**

18        Without waiver of and subject to the general and specific objections and

19  subject to further supplementation, Defendant responds as follows:

20        Discovery is ongoing and Defendant reserves the right to supplement this

21  response in the future to the extent required under Federal Rule of Civil Procedure

22  26(e), and will refer to documents that have been produced or will be produced

23  pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the

24  documents   referred   to   as   "Control   of   Materials   (AAV2-sFLT01)"

25  [GENZYME0001022   -   GENZYME0001059];   "02/26/2015   Investigator's

26  Brochure,   GZ402663"   [GENZYME0001060   -   GENZYME0001117];   and

27  Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 -

28  GENZYME0121045].   Defendant further reserves the right to supplement the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                              - 20 -                    CASE NO. 14-CV-2513L-KSC

Page 187

1  information and response herein in accordance with the expert disclosure provisions

2  of the Scheduling Order.

3  **INTERROGATORY NO. 11**

4  IDENTIFY and describe in detail the procedure, including but not limited to

5  materials and methods, for manufacturing the DRUG PRODUCT.

6  **RESPONSE:**

7  In addition to its General Objections and Objections to Plaintiff's Definitions

8  and Instructions, Defendant objects to the phrase "describe in detail the procedure,

9  including but not limited to materials and methods, for manufacturing" on the

10  grounds that the phrase is overly broad, unduly burdensome, and not proportional to

11  the needs of the case, considering the importance of the issues at stake in the action,

12  the amount in controversy, the parties' relative access to relevant information, the

13  parties' resources, the importance of the discovery in resolving the issues, and

14  whether the burden or expense of the proposed discovery outweighs its likely

15  benefit.

16  Defendant further objects to the Request on the grounds that Plaintiff has

17  exceeded the maximum allowable number of interrogatories permitted under Fed.

18  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

19  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

20  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

21  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

22  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

23  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

24  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

25  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

26  2168.1 (2010).

27  **FIRST SUPPLEMENTAL RESPONSE:**

28  Without waiver of and subject to the general and specific objections and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 21 -

CASE NO. 14-cv-2513L-KSC

Page 188

1 | subject to further supplementation, Defendant responds as follows:

2 | Discovery is ongoing and Defendant reserves the right to supplement this

3 | response in the future to the extent required under Federal Rule of Civil Procedure

4 | 26(e), and will refer to documents that have been produced or will be produced

5 | pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the

6 | documents referred to as "Control of Materials (AAV2-sFLT01)"

7 | [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's

8 | Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and

9 | Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 -

10 | GENZYME0121045]. Defendant further reserves the right to supplement the

11 | information and response herein in accordance with the expert disclosure provisions

12 | of the Scheduling Order.

13 | **INTERROGATORY NO. 12**

14 | State all facts in support of YOUR contention that the PATENT-IN-SUIT

15 | has an exclusion pertaining to the use of herpes simplex virus type-1.

16 | **RESPONSE**:

17 | In addition to its General Objections and Objections to Plaintiff's Definitions

18 | and Instructions, Defendant objects to this Request to the extent that it seeks the

19 | disclosure of documents or other information protected from disclosure by the

20 | attorney-client privilege, work product doctrine and/or any other applicable

21 | privilege or doctrine. Defendant further objects to the characterization of

22 | Defendants' contentions, which speak for themselves.

23 | Defendant further objects to the Request on the grounds that Plaintiff has

24 | exceeded the maximum allowable number of interrogatories permitted under Fed.

25 | R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

26 | Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27 | *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28 | 1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 22 -

CASE NO. 14-CV-2513L-KSC

Page 189

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

### FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 1-6.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

### INTERROGATORY NO. 13

IDENTIFY all DOCUMENTS which support YOUR contention that the PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus type-1.

### RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant further objects to the characterization of Defendants' contentions, which speak for themselves.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed.

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories                    - 23 -                    Case No. 14-cv-2513L-KSC
Page 190

1  R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

2  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

3  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

4  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

5  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

6  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

7  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

8  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

9  2168.1 (2010).

10  **FIRST SUPPLEMENTAL RESPONSE:**

11  Without waiver of and subject to the general and specific objections and

12  subject to further supplementation, Defendant incorporates herein its response to

13  Interrogatory No. 2.

14  Discovery is ongoing and Defendant reserves the right to supplement this

15  response in the future to the extent required under Federal Rule of Civil Procedure

16  26(e) and/or to refer to documents that have been produced or will be produced

17  pursuant to Federal Rule of Civil Procedure 33(d).  Defendant further reserves the

18  right to supplement the information and response herein in accordance with the

19  expert disclosure provisions of the Scheduling Order.

20  **INTERROGATORY NO. 14**

21  IDENTIFY all witnesses with knowledge of YOUR contention that the

22  PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

23  type-1.

24  **RESPONSE:**

25  In addition to its General Objections and Objections to Plaintiff's Definitions

26  and Instructions, Defendant objects to this Request to the extent that it seeks the

27  disclosure of documents or other information protected from disclosure by the

28  attorney-client privilege, work product doctrine and/or any other applicable

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 24 -

CASE NO. 14-CV-2513L-KSC

Page 191

1    privilege or doctrine.    Defendant further objects to the characterization of

2    Defendants' contentions, which speak for themselves.

3    Defendant further objects to the Request on the grounds that Plaintiff has

4    exceeded the maximum allowable number of interrogatories permitted under Fed.

5    R. Civ. Proc. 33(a)(1).   Accordingly, no answer will be provided unless and until

6    Plaintiff reduces the number of interrogatories it has propounded on Defendant.

7    *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

8    1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

9    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

10    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

11    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

12    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

13    2168.1 (2010).

14    **FIRST SUPPLEMENTAL RESPONSE:**

15    Without waiver of and subject to the general and specific objections and

16    subject to further supplementation, Defendant incorporates herein its response to

17    Interrogatory Nos. 3 and 6.

18    Discovery is ongoing and Defendant reserves the right to supplement this

19    response in the future to the extent required under Federal Rule of Civil Procedure

20    26(e) and/or to refer to documents that have been produced or will be produced

21    pursuant to Federal Rule of Civil Procedure 33(d).   Defendant further reserves the

22    right to supplement the information and response herein in accordance with the

23    expert disclosure provisions of the Scheduling Order.

24    **INTERROGATORY NO. 15**

25    State all facts in support of YOUR contention that the DRUG PRODUCT

26    was made using a herpes simplex virus type-1.

27    **RESPONSE:**

28    In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                          - 25 -                          CASE NO. 14-cv-2513L-KSC
Page 192

and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 1-6.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

## INTERROGATORY NO. 16

IDENTIFY all DOCUMENTS which support YOUR contention that the DRUG PRODUCT was made using a herpes simplex virus type-1.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 26 -

CASE NO. 14-cv-2513L-KSC

Page 193

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 2 and 5.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

**INTERROGATORY NO. 17**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                      - 27 -                      CASE NO. 14-cv-2513L-KSC

Page 194

1    IDENTIFY all therapeutic products other than the DRUG PRODUCT which

2    YOU have manufactured or developed at any time since December 19, 2005 that

3    uses an adeno-associated virus vector.

4    **RESPONSE**:

5    In addition to its General Objections and Objections to Plaintiff's Definitions

6    and Instructions, Defendant objects to the Request based on its use of the phrase

7    "all therapeutic products other than the DRUG PRODUCT which YOU have

8    manufactured or developed at any time since December 19, 2005 that uses an

9    adeno-associated virus vector" on the grounds that the Request seeks information

10   that is not relevant to any party's claim or defense and is overly broad, unduly

11   burdensome, does not describe with reasonable particularity the information sought,

12   and is not proportional to the needs of the case, considering the importance of the

13   issues at stake in the action, the amount in controversy, the parties' relative access

14   to relevant information, the parties' resources, the importance of the discovery in

15   resolving the issues, and whether the burden or expense of the proposed discovery

16   outweighs its likely benefit.

17   Defendant further objects to the Request on the grounds that Plaintiff has

18   exceeded the maximum allowable number of interrogatories permitted under Fed.

19   R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

20   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

21   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

22   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

23   *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

24   N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

25   TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

26   Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

27   2168.1 (2010).

28   **FIRST SUPPLEMENTAL RESPONSE**:

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 28 -

CASE NO. 14-cv-2513L-KSC

Page 195

1  Without waiver of and subject to the general and specific objections and

2  subject to further supplementation, Defendant responds as follows:

3  Due to the extreme over breadth, burdensomeness, and inclusion of a vast

4  amount of irrelevant materials in this Interrogatory, and the fact that other

5  Interrogatories in this set will be responded to by Defendant, Defendant will not

6  provide a response to this Interrogatory. Defendant will consider responding to

7  narrower, more focused demands if submitted and not duplicative of other demands

8  to which Defendant has agreed to respond.

9  **INTERROGATORY NO. 18**

10  IDENTIFY all therapeutic products other than the DRUG PRODUCT which

11  YOU have manufactured or developed at any time since December 19, 2005 that

12  are covered by any of the patents in the ASSIGNMENT AGREEMENT.

13  **RESPONSE:**

14  In addition to its General Objections and Objections to Plaintiff's Definitions

15  and Instructions, Defendant objects to the Request based on the phrase "all

16  therapeutic products other than the DRUG PRODUCT which YOU have

17  manufactured or developed at any time since December 19, 2005 that uses an

18  adeno-associated virus vector" on the grounds that the Request seeks information

19  that is not relevant to any party's claim or defense and is overly broad, unduly

20  burdensome, does not describe with reasonable particularity the information sought,

21  and is not proportional to the needs of the case, considering the importance of the

22  issues at stake in the action, the amount in controversy, the parties' relative access

23  to relevant information, the parties' resources, the importance of the discovery in

24  resolving the issues, and whether the burden or expense of the proposed discovery

25  outweighs its likely benefit.

26  Defendant further objects to the Request on the grounds that Plaintiff has

27  exceeded the maximum allowable number of interrogatories permitted under Fed.

28  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

DRINKER BIDDLE & REATH LLP ATTORNEYS AT LAW SAN FRANCISCO

1    Plaintiff reduces the number of interrogatories it has propounded on Defendant.

2    *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

3    1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

4    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

5    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

6    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

7    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

8    2168.1 (2010).

9    **FIRST SUPPLEMENTAL RESPONSE:**

10    Without waiver of and subject to the general and specific objections and

11    subject to further supplementation, Defendant responds as follows:

12    Due to the extreme over breadth, burdensomeness, and inclusion of a vast

13    amount of irrelevant materials in this Interrogatory, and the fact that other

14    Interrogatories in this set will be responded to by Defendant, Defendant will not

15    make a separate search or provide a response to this Interrogatory.  Defendant will

16    consider responding to narrower, more focused demands if submitted and not

17    duplicative of other demands to which Defendant has agreed to respond.

18

19

20

21

22

23

24

25

26

27

28

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories
- 30 -
Page 197
Case No. 14-cv-2513L-KSC

1   As to Objections:

2   Dated:  March 13, 2017                    Respectfully submitted,

3                                             DRINKER BIDDLE & REATH LLP

4

5                                             By:  /s/ Francis DiGiovanni

6                                                 Francis DiGiovanni

7                                             Attorney for Defendant GENZYME
                                              CORPORATION
8                                             E-mail:  francis.digiovanni@dbr.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF          - 31 -                        CASE NO. 14-cv-2513L-KSC
INTERROGATORIES

# EXHIBIT O

1    STEVEN M. SELNA (SBN 133409)
     steven.selna@dbr.com
2    AMY P. FRENZEN (SBN 245368)
     amy.frenzen@dbr.com
3    DRINKER BIDDLE & REATH LLP
     50 Fremont Street, 20th Floor
4    San Francisco, CA  94105-2235
     Telephone:  (415) 591-7500
5    Facsimile:   (415) 591-7510

6    FRANCIS DIGIOVANNI (*pro hac vice*; DE
     3189)
7    francis.digiovanni@dbr.com
     DRINKER BIDDLE & REATH LLP
8    222 Delaware Avenue, Suite 1410
     Wilmington, DE  19801-1621
9    Telephone:  (302) 591-4266
     Facsimile:   (302) 467-4201
10

11   ANN E. KINSEY (SBN 299755)
     akinsey@bkflaw.com
12   BLANCHARD, KRASNER & FRENCH
     800 Silverado Street, 2nd Floor
     La Jolla, CA  92037
13   Telephone:  (858) 551-2440
     Facsimile:   (858) 551-2434
14

15   Attorneys for Defendant
     GENZYME CORPORATION

16                UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19   MEDICINOVA, INC., a Delaware      Case No. 3:14-cv-02513-L-KSC
     Corporation,
20

21            Plaintiff,

22   v.                    **GENZYME CORPORATION'S**
                        **OBJECTIONS AND RESPONSES**
23   GENZYME CORPORATION, a   **TO MEDICINOVA, INC.'S FIRST**
     Massachusetts Corporation,     **SET OF REQUESTS FOR**
                        **ADMISSION**
24

25            Defendant.

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") First Set of Requests for Admission (Nos. 1-22) as follows:

## General Objections

1. By responding to the First Set of Requests for Admission, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents given in response to the First Set of Requests for Admission; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

2. Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions set forth in its Objections and Responses to MediciNova's First and Second Sets of Interrogatories and Requests for Production of Documents, and Second Set of Requests for Admissions, within each of the individual responses to the First Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

3. Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions within each of the individual responses to the First Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

4. Subject to and without waiving its general and specific objections to Plaintiff's individual requests, Defendant will provide responses that comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

## Objections to Plaintiff's Definitions and Instructions

1. Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION                - 2 -                CASE NO. 14-cv-2513L-KSC
Page 201

1   seeking information not reasonably calculated to lead to the discovery of admissible

2   evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

3   it is vague and ambiguous because it purports to apply to "present or former

4   officers, directors, employees, agents, and representatives" regardless as to whether

5   such persons acted on behalf of Defendant or while associated with Defendant.

6   Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

7   information outside the possession, custody, or control of Defendant by "all present

8   or former officers, directors, employees, agents, and representatives."

9       2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

10  on the basis that it is overly broad and therefore seeks information or documents

11  that are not relevant to any party's claim or defense or not proportional to the needs

12  of the case, considering the importance of the issues at stake in the action, the

13  amount in controversy, the parties' relative access to relevant information, the

14  parties' resources, the importance of the discovery in resolving the issues, and

15  whether the burden or expense of the proposed discovery outweighs its likely

16  benefit.  Defendant specifically objects to the definition because it purports to cover

17  "any improvement or derivative," making the definition overly broad and

18  encompassing information not relevant to any party's claim or defense.

19      3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

20  extent that they purport to (i) exceed the scope of discovery as provided by the

21  Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

22  obligations on Defendant beyond those permitted by the Federal Rules of Civil

23  Procedure.

24      4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

25  is not limited in time and therefore seeks information or documents that are not

26  relevant to any party's claim or defense or not proportional to the needs of the case,

27  considering the importance of the issues at stake in the action, the amount in

28  controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSIONS    - 3 -    CASE NO. 14-cv-2513L-KSC
Page 202

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.      Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.      Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.      Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION      - 4 -      CASE NO. 14-cv-2513L-KSC

Page 203

the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

**Objections and Responses to Requests for Admissions**

**REQUEST NO. 1**

Admit that the DRUG PRODUCT contains a recombinant virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 2**

Admit that the DRUG PRODUCT contains an adeno-associated virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 3**

Admit that the DRUG PRODUCT does not contain an amount of wild-type adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 4**

Admit that the DRUG PRODUCT does not contain an amount of replicable adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 5**

Admit that the DRUG PRODUCT contains a recombinant virus containing a recombinant adeno-associated virus vector.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 6**

Admit that the DRUG PRODUCT contains a recombinant adeno-associated

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSIONS

- 5 -

Page 204

CASE NO. 14-CV-2513L-KSC

virus vector that contains a nucleic acid sequence encoding a protein that is not native to the virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 7**

Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral protein capable of replicating or packaging an adeno-associated virus vector.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 8**

Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral rep protein.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 9**

Admit that the DRUG PRODUCT contains a recombinant virus which does not contain a nucleic acid sequence encoding a viral cap protein.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 10**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding an adeno-associated virus rep protein or an adeno-associated virus cap protein.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 11**

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova First Requests for Admission                    - 6 -                    Case No. 14-cv-2513L-KSC
Page 205

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 12**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 13**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector, a separate vector containing a nucleic acid sequence encoding an adeno-associated virus rep protein or an adeno-associated virus cap protein, and a further separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 14**

Admit that YOU do not dispute that the PATENT-IN-SUIT is valid.

**RESPONSE:**

Defendant objects to the Request on the ground that the Request is improper under Fed. R. Civ. P. 33(a) in that it does not seek an admission of facts, the application of law to fact, or opinions about either; or the genuineness of any described documents. Instead, the Request relates to a "contention" and is not an

appropriate Request for Admission pursuant to Fed. R. Civ. P. 33.  To the extent a response is required, Defendant responds that it cannot appropriately or honestly admit or deny the Request because contentions such as the subject of the Request may change, especially as here when Plaintiff has provided insufficient information about its contentions.

**REQUEST NO. 15**

Admit that YOU do not dispute that the PATENT-IN-SUIT is enforceable.

**RESPONSE:**

Defendant objects to the Request on the ground that the Request is improper under Fed. R. Civ. P. 33 (a) in that it does not seek an admission of facts, the application of law to fact, or opinions about either; or the genuineness of any described documents.  Instead, the Request relates to a "contention" and is not an appropriate Request for Admission pursuant to Fed. R. Civ. P. 33.  To the extent a response is required, Defendant responds that it cannot appropriately or honestly admit or deny the Request because contentions such as the subject of the Request may change, especially as here when Plaintiff has provided insufficient information about its contentions.

**REQUEST NO. 16**

Admit that the PATENT-IN-SUIT is infringed by the DRUG PRODUCT.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 17**

Admit that the DRUG PRODUCT is covered by the PATENT-IN-SUIT pursuant to the terms of the ASSIGNMENT AGREEMENT.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 18**

Admit that the claims in the PATENT-IN-SUIT do not include any mention

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSIONS      - 8 -      CASE NO. 14-cv-2513L-KSC
Page 207

1   of a herpes simplex virus type-1.

2       **RESPONSE**:

3       Defendant objects to the Request on the grounds that the phrase "do not

4   include any mention" is unintelligible.  Patent claims are construed with reference

5   to the patent's intrinsic record.

6       For the foregoing reasons, this Request is DENIED.

7       **REQUEST NO. 19**

8       Admit that the PATENT-IN-SUIT does not expressly exclude the use of a

9   herpes simplex virus type-1.

10       **RESPONSE**:

11       This Request is DENIED.

12       **REQUEST NO. 20**

13       Admit that YOU owe a $1,000,000 milestone payment to MediciNova, Inc.

14   under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

15       **RESPONSE**:

16       This Request is DENIED.

17       **REQUEST NO. 21**

18       Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc.

19   that YOU believed there was an exclusion in the PATENT-IN-SUIT for the use of a

20   herpes simplex virus type-1.

21       **RESPONSE**:

22       Defendant objects to the Request on the grounds that the phrase "exclusion in

23   the PATENT-IN-SUIT for the use of a herpes simplex virus type-1" is

24   unintelligible.  MediciNova was fully informed of the patent and its claims either

25   expressly or as implicit in the patent and its intrinsic record and extrinsic record,

26   and thus MediciNova was aware or should have been aware of the scope of the

27   claims of the patent-in-suit.

28       For the foregoing reasons, this Request is DENIED.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION        - 9 -        CASE NO. 14-cv-2513L-KSC
Page 208

1    **REQUEST NO. 22**

2        Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc.

3    that YOU believed the DRUG PRODUCT is made using a herpes simplex virus

4    type-1.

5        **RESPONSE:**

6        This Request is DENIED.

7

8    Dated:  February 6, 2017              Respectfully submitted,

9                                 DRINKER BIDDLE & REATH LLP

10

11                                By: */s/ Francis DiGiovanni*

12                                  Francis DiGiovanni

13                              Attorney for Defendant GENZYME
                                CORPORATION

14                              E-mail:  francis.digiovanni@dbr.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION      - 10 -      CASE NO. 14-cv-2513L-KSC

# EXHIBIT P

STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:  (415) 591-7500
Facsimile:   (415) 591-7510

FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801-1621
Telephone:  (302) 591-4266
Facsimile:   (302) 467-4201

ANN E. KINSEY (SBN 299755)
akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
800 Silverado Street, 2nd Floor
La Jolla, CA  92037
Telephone:  (858) 551-2440
Facsimile:   (858) 551-2434

Attorneys for Defendant
GENZYME CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MEDICINOVA, INC., a Delaware Corporation, | Case No. 3:14-cv-02513-L-KSC |
|---|---|
| Plaintiff, | |
| v. | **GENZYME CORPORATION'S OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| GENZYME CORPORATION, a Massachusetts Corporation, | |
| Defendant. | |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") Second Set of Requests for Admission (Nos. 23-50) as follows:

## General Objections

1. By responding to the Second Set of Requests for Admission, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents given in response to the Second Set of Requests for Admission; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

2. Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions set forth in its Objections and Responses to MediciNova's First and Second Sets of Interrogatories and Requests for Production of Documents, and First Set of Requests for Admissions, within each of the individual responses to the Second Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

3. Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions within each of the individual responses to the Second Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

4. Subject to and without waiving its general and specific objections to Plaintiff's individual requests, Defendant will provide responses that comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

## Objections to Plaintiff's Definitions and Instructions

1. Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 2 -

Page 212

CASE NO. 14-cv-2513L-KSC

1   seeking information not reasonably calculated to lead to the discovery of admissible

2   evidence. Defendant further objects to Plaintiff's Definition No. 1 to the extent that

3   it is vague and ambiguous because it purports to apply to "present or former

4   officers, directors, employees, agents, and representatives" regardless as to whether

5   such persons acted on behalf of Defendant or while associated with Defendant.

6   Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

7   information outside the possession, custody, or control of Defendant by "all present

8   or former officers, directors, employees, agents, and representatives."

9        2.     Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

10   on the basis that it is overly broad and therefore seeks information or documents

11   that are not relevant to any party's claim or defense or not proportional to the needs

12   of the case, considering the importance of the issues at stake in the action, the

13   amount in controversy, the parties' relative access to relevant information, the

14   parties' resources, the importance of the discovery in resolving the issues, and

15   whether the burden or expense of the proposed discovery outweighs its likely

16   benefit. Defendant specifically objects to the definition because it purports to cover

17   "any improvement or derivative," making the definition overly broad and

18   encompassing information not relevant to any party's claim or defense.

19        3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

20   extent that they purport to (i) exceed the scope of discovery as provided by the

21   Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

22   obligations on Defendant beyond those permitted by the Federal Rules of Civil

23   Procedure.

24        4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

25   is not limited in time and therefore seeks information or documents that are not

26   relevant to any party's claim or defense or not proportional to the needs of the case,

27   considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION   Page 213   - 3 -        CASE NO. 14-cv-2513L-KSC

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.     Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.     Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.     Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.     Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 4 -          CASE NO. 14-cv-2513L-KSC
Page 214

1  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of
2  California, and any other applicable law.

3  **Objections and Responses to Requests for Admissions**

4  **REQUEST NO. 23**

5  Admit that the manufacturing of the DRUG PRODUCT uses or has used an
6  adeno-associated virus ("AAV") vector that contains a nucleic acid sequence
7  encoding a protein that is not native to the virus (hereinafter referred to as
8  "Production Molecule") and a separate AAV vector that assists the PRODUCTION
9  MOLECULE with replication and/or packaging in a host cell (hereinafter referred
10  to as "Helper Molecule").

11  **RESPONSE:**

12  In addition to its General Objections and Objections to Plaintiff's Definitions
13  and Instructions, Defendant objects to the Request on the grounds that the phrase "a
14  separate AAV vector that assists the PRODUCTION MOLECULE with replication
15  and/or packaging in a host cell" is ambiguous.

16  For the foregoing reasons, this Request is DENIED.

17  **REQUEST NO. 24**

18  Admit that the HELPER MOLECULE contains a region that codes for an
19  AAV replication protein or a protein that is capable of replicating the
20  PRODUCTION MOLECULE in the host cell (hereinafter referred to as "Rep
21  Protein").

22  **RESPONSE:**

23  In addition to its General Objections and Objections to Plaintiff's Definitions
24  and Instructions, Defendant objects to the Request on the grounds that the
25  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
26  ambiguous.

27  For the foregoing reasons, this Request is DENIED.

28  **REQUEST NO. 25**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION    - 5 -    CASE NO. 14-cv-2513L-KSC
Page 215

1    Admit that the HELPER MOLECULE contains a region that codes for an
2    AAV capsid protein or a protein that is capable of packaging the PRODUCTION
3    MOLECULE into a virion in the host cell (hereinafter referred to as "Cap Protein").

4    **RESPONSE:**

5    In addition to its General Objections and Objections to Plaintiff's Definitions
6    and Instructions, Defendant objects to the Request on the grounds that the
7    definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
8    ambiguous.

9    For the foregoing reasons, this Request is DENIED.

10   **REQUEST NO. 26**

11   Admit that the HELPER MOLECULE contains an AAV p5 promoter.

12   **RESPONSE:**

13   In addition to its General Objections and Objections to Plaintiff's Definitions
14   and Instructions, Defendant objects to the Request on the grounds that the
15   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
16   ambiguous.

17   Defendant further objects to the Request on the grounds that it seeks
18   information that has no relevance to the claims and defenses in this litigation, and
19   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
20   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
21   *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94
22   Fed. Cl. 413, 416-17 (2010) ("One ground, among many, that can justify an
23   objection to a request for admission is that the request for admission seeks an
24   admission that is irrelevant to the case being tried."); *Estate of Cederloff v. United*
25   *States*, No. DKC 08–2863, 2010 WL 157512, at *2 (D. Md. Jan. 13, 2010) (denying
26   Rule 36(a)(6) motion because the requests for admission in question were "wholly
27   irrelevant" to the case); *Mercantile Safe Deposit & Trust Co. v. Glass*, No. CIV. A.
28   HM 91-2606, 1993 WL 313613, at *3 (D. Md. June 2, 1993) (denying motion to

1    compel because "the discovery requests and the requests for admission at issue are

2    not relevant to the proceedings as they currently stand"); *Walker v. State Farm Mut.*

3    *Auto. Ins. Co.*, No. CIV.A. 5:11-0529, 2012 WL 1155140, at *10 (S.D.W. Va. Apr.

4    5, 2012) (denying plaintiffs' motion regarding sufficiency of objections to requests

5    for admission); *Tuvalu v. Woodford*, No. S04-1724 DFLKJMP, 2006 WL 3201096,

6    at *7 (E.D. Cal. Nov. 2, 2006), *report and recommendation adopted*, No.

7    CIVS041724JAMKJMP, 2008 WL 2774571 (E.D. Cal. July 15, 2008) (granting

8    motion to compel response to only one request for admission out of more than

9    thirty).

10        Because "the responding party waives any objections to the request for

11    admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

12    request is neither admitted nor denied.

13        **REQUEST NO. 27**

14        Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

15    p5 promoter is modified such that the p5 promoter does not function in

16    transcription initiation.

17        **RESPONSE**:

18        In addition to its General Objections and Objections to Plaintiff's Definitions

19    and Instructions, Defendant objects to the Request on the grounds that the

20    definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

21    ambiguous.

22        Defendant further objects to the Request on the grounds that it seeks

23    information that has no relevance to the claims and defenses in this litigation, and

24    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

25    requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

26    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

27    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

28    1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO          - 7 -          CASE NO. 14-cv-2513L-KSC
MEDICINOVA 2D REQUESTS FOR ADMISSION     Page 217

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 28**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is modified to not include a TATA box.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 29**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is situated in a location such that the p5 promoter does not function in transcription initiation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 8 -          CASE NO. 14-cv-2513L-KSC
Page 218

1    definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

2    ambiguous.

3         Defendant further objects to the Request on the grounds that it seeks

4    information that has no relevance to the claims and defenses in this litigation, and

5    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

6    requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

7    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

8    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

9    1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

10        Because "the responding party waives any objections to the request for

11   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

12   request is neither admitted nor denied.

13   **REQUEST NO. 30**

14        Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

15   p5 promoter is located 3' relative to a REP PROTEIN.

16   **RESPONSE:**

17        In addition to its General Objections and Objections to Plaintiff's Definitions

18   and Instructions, Defendant objects to the Request on the grounds that the

19   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

20   ambiguous.

21        Defendant further objects to the Request on the grounds that it seeks

22   information that has no relevance to the claims and defenses in this litigation, and

23   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

24   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

25   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

26   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

27   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

28        Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 9 -          CASE NO. 14-cv-2513L-KSC
Page 219

1  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

2  request is neither admitted nor denied.

3      **REQUEST NO. 31**

4      Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

5  p5 promoter is located 3' relative to a CAP PROTEIN.

6      **RESPONSE**:

7      In addition to its General Objections and Objections to Plaintiff's Definitions

8  and Instructions, Defendant objects to the Request on the grounds that the

9  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

10  ambiguous.

11      Defendant further objects to the Request on the grounds that it seeks

12  information that has no relevance to the claims and defenses in this litigation, and

13  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

14  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

15  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at \*2;

16  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at \*3; *Walker*, 2012 WL

17  1155140, at \*10; *Tuvalu*, 2006 WL 3201096, at \*7.

18      Because "the responding party waives any objections to the request for

19  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

20  request is neither admitted nor denied.

21      **REQUEST NO. 32**

22      Admit that the HELPER MOLECULE codes for both a long form and a short

23  form of a REP PROTEIN.

24      **RESPONSE**:

25      In addition to its General Objections and Objections to Plaintiff's Definitions

26  and Instructions, Defendant objects to the Request on the grounds that the

27  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

28  ambiguous.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 10 -

CASE NO. 14-cv-2513L-KSC

Page 220

1    Defendant further objects to the Request on the grounds that it seeks

2  information that has no relevance to the claims and defenses in this litigation, and

3  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

4  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

5  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

6  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

7  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

8    Because "the responding party waives any objections to the request for

9  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

10  request is neither admitted nor denied.

11  **REQUEST NO. 33**

12    Admit that the HELPER MOLECULE expresses a greater amount of a short

13  form of a REP PROTEIN than a long form of the REP PROTEIN.

14  **RESPONSE:**

15    In addition to its General Objections and Objections to Plaintiff's Definitions

16  and Instructions, Defendant objects to the Request on the grounds that the phrase

17  "expresses a greater amount" is ambiguous.  Defendant objects to the Request on

18  the grounds that the definition of the term "HELPER MOLECULE" set forth in

19  Request No. 23 is ambiguous.

20    Defendant further objects to the Request on the grounds that it seeks

21  information that has no relevance to the claims and defenses in this litigation, and

22  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

23  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

24  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

25  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

26  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

27    Because "the responding party waives any objections to the request for

28  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

1  request is neither admitted nor denied.

2  **REQUEST NO. 34**

3  Admit that the PRODUCTION MOLECULE contains an AAV Rep binding

4  site that binds a REP PROTEIN.

5  **RESPONSE:**

6  In addition to its General Objections and Objections to Plaintiff's Definitions

7  and Instructions, Defendant objects to the Request on the grounds that it seeks

8  information that has no relevance to the claims and defenses in this litigation, and

9  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

10  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

11  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

12  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

13  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

14  Because "the responding party waives any objections to the request for

15  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

16  request is neither admitted nor denied.

17  **REQUEST NO. 35**

18  Admit that the PRODUCTION MOLECULE contains an AAV Rep binding

19  site that includes a GCTC sequence.

20  **RESPONSE:**

21  In addition to its General Objections and Objections to Plaintiff's Definitions

22  and Instructions, Defendant objects to the Request on the grounds that it seeks

23  information that has no relevance to the claims and defenses in this litigation, and

24  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

25  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

26  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

27  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

28  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 12 -
Page 222

CASE NO. 14-cv-2513L-KSC

1  Because "the responding party waives any objections to the request for
2  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
3  request is neither admitted nor denied.

4  **REQUEST NO. 36**

5  Admit that that the HELPER MOLECULE contains a CAP PROTEIN that
6  contains at least a mutation.

7  **RESPONSE:**

8  In addition to its General Objections and Objections to Plaintiff's Definitions
9  and Instructions, Defendant objects to the Request on the grounds that the phrase "a
10  CAP PROTEIN that contains at least a mutation" is unintelligible.  Defendant
11  objects to the Request on the grounds that the definition of the term "HELPER
12  MOLECULE" set forth in Request No. 23 is ambiguous.

13  Defendant further objects to the Request on the grounds that it seeks
14  information that has no relevance to the claims and defenses in this litigation, and
15  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
16  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
17  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
18  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
19  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

20  Because "the responding party waives any objections to the request for
21  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
22  request is neither admitted nor denied.

23  **REQUEST NO. 37**

24  Admit that the manufacturing of the DRUG PRODUCT uses or has used a
25  cell that contains a PRODUCTION MOLECULE and a separate nucleic acid
26  containing an adenovirus E4 region (hereinafter referred to as "Accessory Function
27  Molecule").

28  **RESPONSE:**

1       In addition to its General Objections and Objections to Plaintiff's Definitions

2   and Instructions, Defendant objects to the Request on the grounds that it seeks

3   information that has no relevance to the claims and defenses in this litigation, and

4   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

5   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

6   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

7   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

8   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

9       Because "the responding party waives any objections to the request for

10   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

11   request is neither admitted nor denied.

12   **REQUEST NO. 38**

13       Admit that the ACCESSORY FUNCTION MOLECULE lacks an intact E4

14   ORF 6 coding region.

15   **RESPONSE:**

16       In addition to its General Objections and Objections to Plaintiff's Definitions

17   and Instructions, Defendant objects to the Request on the grounds that it seeks

18   information that has no relevance to the claims and defenses in this litigation, and

19   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

20   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

21   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

22   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

23   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

24       Because "the responding party waives any objections to the request for

25   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

26   request is neither admitted nor denied.

27   **REQUEST NO. 39**

28       Admit that the ACCESSORY FUNCTION MOLECULE contains an

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 14 -

Page 224

CASE NO. 14-cv-2513L-KSC

1  adenovirus VA RNA coding region.

2  **RESPONSE:**

3  In addition to its General Objections and Objections to Plaintiff's Definitions

4  and Instructions, Defendant objects to the Request on the grounds that it seeks

5  information that has no relevance to the claims and defenses in this litigation, and

6  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

7  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

8  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

9  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

10  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

11  Because "the responding party waives any objections to the request for

12  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

13  request is neither admitted nor denied.

14  **REQUEST NO. 40**

15  Admit that the ACCESSORY FUNCTION MOLECULE contains an

16  adenovirus E2A 72KD coding region.

17  **RESPONSE:**

18  In addition to its General Objections and Objections to Plaintiff's Definitions

19  and Instructions, Defendant objects to the Request on the grounds that it seeks

20  information that has no relevance to the claims and defenses in this litigation, and

21  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

22  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

23  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

24  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

25  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

26  Because "the responding party waives any objections to the request for

27  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

28  request is neither admitted nor denied.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 15 -                    CASE NO. 14-cv-2513L-KSC
Page 225

**REQUEST NO. 41**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1A coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 42**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1B coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 16 -          CASE NO. 14-cv-2513L-KSC
Page 226

1    admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

2    request is neither admitted nor denied.

3    **REQUEST NO. 43**

4    Admit that the adenovirus E1B coding region lacks an intact E1B 55k coding

5    region.

6    **RESPONSE**:

7    In addition to its General Objections and Objections to Plaintiff's Definitions

8    and Instructions, Defendant objects to the Request on the grounds that it seeks

9    information that has no relevance to the claims and defenses in this litigation, and

10   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

11   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

12   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

13   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

14   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

15   Because "the responding party waives any objections to the request for

16   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

17   request is neither admitted nor denied.

18   **REQUEST NO. 44**

19   Admit that at least one formulation of the DRUG PRODUCT contains a

20   dihydric alcohol.

21   **RESPONSE**:

22   In addition to its General Objections and Objections to Plaintiff's Definitions

23   and Instructions, Defendant objects to the Request on the grounds that it seeks

24   information that has no relevance to the claims and defenses in this litigation, and

25   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

26   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

27   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

28   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        - 17 -                    CASE NO. 14-CV-2513L-KSC
                                        Page 227

1  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

2  Because "the responding party waives any objections to the request for

3  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

4  request is neither admitted nor denied.

5  **REQUEST NO. 45**

6  Admit that at least one formulation of the DRUG PRODUCT contains a

7  polyhydric alcohol.

8  **RESPONSE:**

9  In addition to its General Objections and Objections to Plaintiff's Definitions

10  and Instructions, Defendant objects to the Request on the grounds that it seeks

11  information that has no relevance to the claims and defenses in this litigation, and

12  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

13  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

14  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

15  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

16  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

17  Because "the responding party waives any objections to the request for

18  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

19  request is neither admitted nor denied.

20  **REQUEST NO. 46**

21  Admit that at least one formulation of the DRUG PRODUCT contains a

22  detergent and a dihydric or polyhydric alcohol.

23  **RESPONSE:**

24  In addition to its General Objections and Objections to Plaintiff's Definitions

25  and Instructions, Defendant objects to the Request on the grounds that it seeks

26  information that has no relevance to the claims and defenses in this litigation, and

27  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

28  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 18 -                    CASE NO. 14-cv-2513L-KSC
Page 228

*Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 47**

Admit that at least one formulation of the DRUG PRODUCT contains a propylene glycol.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 48**

Admit that the manufacturing of the DRUG PRODUCT uses or has used anion exchange chromatography.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION            - 19 -            CASE NO. 14-cv-2513L-KSC
Page 229

1    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

2    requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

3    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

4    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

5    1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

6        Because "the responding party waives any objections to the request for

7    admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

8    request is neither admitted nor denied.

9        **REQUEST NO. 49**

10       Admit that the manufacturing of the DRUG PRODUCT uses or has used

11   anion exchange chromatography which is washed with a reagent that contains

12   sarcosine.

13       **RESPONSE:**

14       In addition to its General Objections and Objections to Plaintiff's Definitions

15   and Instructions, Defendant objects to the Request on the grounds that it seeks

16   information that has no relevance to the claims and defenses in this litigation, and

17   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

18   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

19   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

20   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

21   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

22       Because "the responding party waives any objections to the request for

23   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

24   request is neither admitted nor denied.

25       **REQUEST NO. 50**

26       Admit that the manufacturing of the DRUG PRODUCT uses or has used

27   cation exchange chromatography.

28       **RESPONSE:**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 20 -        CASE NO. 14-cv-2513L-KSC
Page 230

1    In addition to its General Objections and Objections to Plaintiff's Definitions

2    and Instructions, Defendant objects to the Request on the grounds that it seeks

3    information that has no relevance to the claims and defenses in this litigation, and

4    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

5    requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

6    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

7    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

8    1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

9    Because "the responding party waives any objections to the request for

10   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

11   request is neither admitted nor denied.

12

13

14   Dated:  February 6, 2017                 Respectfully submitted,

15                                            DRINKER BIDDLE & REATH LLP

16

17                                            By: */s/ Francis DiGiovanni*
                                                  Francis DiGiovanni
18
                                             Attorney for Defendant GENZYME
19                                           CORPORATION
                                             E-mail:  francis.digiovanni@dbr.com
20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 21 -          CASE NO. 14-cv-2513L-KSC
Page 231

# EXHIBIT Q

1    STEVEN M. SELNA (SBN 133409)
     steven.selna@dbr.com
2    AMY P. FRENZEN (SBN 245368)
     amy.frenzen@dbr.com
3    DRINKER BIDDLE & REATH LLP
     50 Fremont Street, 20th Floor
4    San Francisco, CA  94105-2235
     Telephone:  (415) 591-7500
5    Facsimile:   (415) 591-7510

6    FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
     francis.digiovanni@dbr.com
7    DRINKER BIDDLE & REATH LLP
     222 Delaware Avenue, Suite 1410
8    Wilmington, DE  19801-1621
     Telephone:  (302) 591-4266
9    Facsimile:   (302) 467-4201

10   ANN KINSEY (SBN 299755)
     akinsey@bkflaw.com
11   BLANCHARD, KRASNER & FRENCH
     800 Silverado Street, 2nd Floor
12   La Jolla, CA  92037
     Telephone:  (858) 551-2440
13   Facsimile:   (858) 551-2434

14   Attorneys for Defendant
     GENZYME CORPORATION
15
                     UNITED STATES DISTRICT COURT
16
                  SOUTHERN DISTRICT OF CALIFORNIA
17

18
     MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
19   Corporation,
                                           **DEFENDANT GENZYME**
20                  Plaintiff,             **CORPORATION'S INITIAL**
                                           **DISCLOSURES**
21   v.

22   GENZYME CORPORATION, a
     Massachusetts Corporation,
23                                         Courtroom:      5B
                    Defendant.             Judge:          Hon. M. James Lorenz
24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME CORPORATION'S INITIAL
DISCLOSURES
                        Page 233                    CASE NO. 3:14-cv-02513-L-KSC

Defendant Genzyme Corporation ("Genzyme") makes the following initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and the Court's Order dated June 22, 2016 (Docket No. 23).

These initial disclosures are based on information currently available to Genzyme, and Genzyme reserves the right to supplement these disclosures after further investigation and discovery in accordance with Fed. R. Civ. P. 26(e). Investigation and discovery are ongoing and therefore, Genzyme reserves the right to amend, modify or supplement these disclosures herein, consistent with Federal Rules of Civil Procedure 26(e) as it relates to Plaintiff's claims. Genzyme further reserves the right to identify additional witnesses that may be presented at trial pursuant to Rules 702, 703 and 705 of the Federal Rules of Evidence.

**1. Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based upon information presently known to Genzyme, and subject to additional discovery and supplementation, Genzyme is informed and believe that the following individuals are likely to have discoverable information that Genzyme may use to support its defenses to Plaintiff's claims in this action.

A.    Abraham Scaria (Senior Scientific Director, Genzyme) may have information regarding conceiving and/or designing rAAV2-FLT01 which was subject to NCT01024998, executing the project leading to the production of rAAV2-FLT01 which was subject to NCT01024998, and/or collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998.

B.    Peter Pechan (former Principal Scientist, Genzyme; currently with Biogen) may have information regarding conceiving and/or designing rAAV2-FLT01 which was subject to NCT01024998, executing the project leading to the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME CORPORATION'S INITIAL
DISCLOSURES
- 2 -
Page 234
CASE NO. 3:14-CV-02513-L-KSC

production of rAAV2-FLT01 which was subject to NCT01024998, collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme, and/or testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

C. Sam Wadsworth (former Senior VP, Genzyme; currently with Dimension Tx) may have information regarding conceiving and/or designing rAAV2-FLT01 which was subject to NCT01024998, and/or collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998.

D. Hillard Rubin (former Staff Scientist, Genzyme; currently with Homology Medicine) may have information regarding executing the project leading to the production of rAAV2-FLT01 which was subject to NCT01024998, collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

E. Jeffrey Ardinger (Principal Research Associate, Genzyme) may have information regarding executing the project leading to the production of rAAV2-FLT01 which was subject to NCT01024998, collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

F. Simon Godwin (Staff Scientist, Genzyme) may have information regarding collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme, and/or testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

G. Mike Kelly (former Director, Genzyme; currently with Biogen) may have information regarding collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME CORPORATION'S INITIAL
DISCLOSURES

- 3 -

CASE NO. 3:14-cv-02513-L-KSC

Page 235

manufacturing technology in-house to Genzyme.

H.     Guojie Ye (Director, AGTC) may have information regarding collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

I.     David Knop (Director, AGTC) may have information regarding collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

J.     Darby Thomas (Staff Scientist, AGTC) may have information regarding collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

K.     Gabor Veres (former Senior Director, AGTC; currently with Bluebird Bio) may have information regarding collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, and/or transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

L.     Sherry Zhang (Staff Scientist, Genzyme) may have information regarding transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

M.     Christopher Murphy (Senior Director, Genzyme) may have information regarding transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme.

N.     Cheryl Delacono (Principal Clinical Research Associate, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

O.     Ronald Wong (Clinical Pharmacist, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

P.     Larry Blankstein (VP, Clinical Research, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

Q.     Mike Lukason (Principal Scientist, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

R.     James Morris (Staff Scientist, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

S.     Claire Davies (Staff Scientist, Analytical, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

T.     Susan Richards (VP, Clinical Lab Sciences, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

U.     Tim MacLachlan (former Associate Director, Genzyme; currently with Novartis) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

V.     Laura Andrews (former Director, Pharm Tox, Genzyme; currently with AbbVie) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

W.     Marta Frisinger (Regulatory, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

X.     Ed Albee (Regulatory CMC, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

Y.     Mike Halpin (VP, Regulatory, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

Z.     Thomas Berube (Program management, Genzyme) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

AA.   John Connelly (former Program management, Genzyme; currently with Voyager Tx) may have information regarding testing or trials of rAAV2-FLT01 which was subject to NCT01024998.

BB.   Current and former employees of Genzyme who are likely to have discoverable information about, among other things, conceiving and/or designing rAAV2-FLT01 which was subject to NCT01024998, executing the project leading to the production of rAAV2-FLT01 which was subject to NCT01024998, collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, transferring ATGC's rAAV2-FLT01 manufacturing technology in-house to Genzyme, and/or testing or trials of rAAV2-FLT01 which was subject to NCT01024998.  Genzyme is in the process of attempting to determine the names of such individuals, specifically with knowledge relevant to the time period alleged in Plaintiff's First Amended Complaint.  Genzyme anticipates providing supplemental disclosures at a later time after identifying specific individuals with roles and responsibilities related to these issues.  The identities of relevant individuals will depend upon further information from Plaintiff.  Genzyme's former and current employees may be contracted only through Counsel for Genzyme.

CC.   All individuals, if any, identified by any party in discovery responses, disclosure statements and/or list of witnesses and exhibits.

DD.   All individuals necessary to authenticate or identify any records, statements and/or exhibits.

The location and contact information of the individuals described in this Section is, on information and belief, known to Plaintiff.

**2.   Rule 26(a)(1)(A)(ii):  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme Corporation's Initial Disclosures

- 6 -

Case No. 3:14-cv-02513-L-KSC

Page 238

Genzyme provides the following description by category of documents that are in its possession, custody, or control and may be used to support its defenses:

Documents sufficient to detail the composition and/or properties of rAAV2-FLT01 which was subject to NCT01024998, including documents from lab notebooks (archived at Genzyme), internal and external communications (e.g., emails saved on laptop computers), patent applications, issued patents, Genzyme/AGTC joint meeting presentations (saved on laptop computer hard drives and/or external drives), and the NIH-RAC application, Investigator Brochure document, and IND filing (on file with Genzyme Regulatory). Such documents may include:

A. Documents pertaining to the conception and/or design of rAAV2-FLT01 which was subject to NCT01024998, including lab notebooks (archived at Genzyme), patent applications, and issued patents.

B. Documents pertaining to the project leading to the production of rAAV2-FLT01 which was subject to NCT01024998, including lab notebooks (archived at Genzyme).

C. Documents pertaining to the collaboration with ATGC that led to rAAV2-FLT01 which was subject to NCT01024998, including lab notebooks (archived at Genzyme).

D. Documents pertaining to the testing or trials of rAAV2-FLT01 which was subject to NCT01024998, including lab notebooks (archived at Genzyme) the NIH-RAC application, Investigator Brochure document, and IND filing (on file with Genzyme Regulatory).

E. Documents submitted to regulatory agencies relating to rAAV2-FLT01 which was subject to NCT01024998.

F. All discovery responses and documents produced by any party.

Documents sufficient to provide the information described above will be made available to Plaintiff upon entry of a protective order by the Court. Neither

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME CORPORATION'S INITIAL
DISCLOSURES
- 7 -
CASE NO. 3:14-CV-02513-L-KSC

Page 239

the identification of a particular document or category of documents or the production of any particular document constitutes a waiver of the attorney-client privilege or the work product doctrine.  Further, the identification of a category of documents does not constitute a representation as to the existence of any particular document within such category.

**3.     Rule 26(a)(1)(A)(iii):  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Genzyme is not asserting a counterclaim for damages in this case, although Genzyme reserves the right to seek its attorneys' fees in this action and will supplement this disclosure accordingly.

**4.     Rule 26(a)(1)(A)(iv):  Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Genzyme is aware of no such agreements with a person or entity carrying on an insurance business.

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Corporation's Initial
Disclosures                                    - 8 -                    Case No. 3:14-cv-02513-L-KSC
Page 240

1

Respectfully submitted,

2 Dated:  August 4, 2016

DRINKER BIDDLE & REATH LLP

3

4

By:  */s/ Francis DiGiovanni*
      Francis DiGiovanni

5

6

Attorney for Defendant GENZYME
CORPORATION
E-mail:  francis.digiovanni@dbr.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME CORPORATION'S INITIAL
DISCLOSURES

- 9 -

CASE NO. 3:14-CV-02513-L-KSC

# EXHIBIT R

**Evan Mix**

| | |
|---|---|
| **From:** | Lambert, M Curt <curt.lambert@dbr.com> |
| **Sent:** | Wednesday, April 19, 2017 10:37 AM |
| **To:** | Matt McConnell; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M |
| **Cc:** | Don Pelto; Evan Mix |
| **Subject:** | RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX |

Matt:

We are in receipt of your proposed "Joint Motion for Determination of Discovery Dispute." It is clear that such a discovery motion is untimely and is thus barred by the Amended Scheduling Order and Judge Crawford's Chambers' Rules. Specifically, the Court's February 16, 2017 Amended Scheduling Order states:

> All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of a dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. . . . **A failure to comply in this regard will result in a waiver of a party's discovery issue.**

Amended Scheduling Order at ¶ 2 [ECF 43] (emphasis added). Similarly, Judge Crawford's Chambers' Rules states:

> Unless otherwise ordered, discovery motions shall be filed no later than 45 days after the event giving rise to the dispute and only after counsel have met and conferred as described in Section "B" below. The event giving rise to a discovery dispute is **NOT** the date on which counsel reach an impasse in meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of an objection, answer, or response, or the passage of a discovery due date without response or production.

Chambers' Rules ¶ V.A (emphasis in original).

Genzyme served its objections and responses to MediciNova's discovery requests on February 6, 2017. "For written discovery, the event giving rise to the dispute is the service of an objection, answer, or response . . . ." Chambers' Rules ¶ V.A.; *see also Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2 (S.D. Cal. Feb. 24, 2016) ("For written discovery, the event giving rise to the dispute is the date of the service of the initial response."). The Court emphasized in the Scheduling Order that "the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts." Amended Scheduling Order at ¶ 2 [ECF 43]. MediciNova's deadline for filing the instant discovery motion was March 23, 2017 (45 days after February 6, 2017). MediciNova's proposed discovery motion is thus untimely and is barred in accordance with the express requirement of Paragraph 2 of the Amended Scheduling Order [ECF 43]. The Court has consistently enforced this provision, which protects litigants against the undue prejudice of discovery dispute resolution and remedies late in (or after) the discovery period, unwarranted delay, and dilatory tactics. *See Cruz*, 2016 WL 727066, at *3 (denying motion to compel document production due to untimeliness); *LaNier v. United States*, No. 15CV360-BAS(BLM), 2017 WL 951040, at *5 (S.D. Cal. Mar. 10, 2017) (denying motion to compel further testimony and document production due to untimeliness); *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15CV1879-BEN (BLM), 2017 WL 951037, at *7 (S.D. Cal. Mar. 9, 2017) (denying "untimely motion to compel irrelevant, duplicative, and confidential documents, which are not proportional to the needs of this case" and finding that "the imposition of sanctions [under Fed. R. Civ. Proc. 37(a)(5)(B) for doing so] is warranted and appropriate").

Accordingly, MediciNova's proposed discovery motion is prohibited. Filing the motion would violate the Amended Scheduling Order and Judge Crawford's Chambers' Rules, thus we cannot join in filing the prohibited motion.

Curt Lambert
**Drinker Biddle & Reath** LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
(302) 467-4217 *office*
curt.lambert@dbr.com
www.drinkerbiddle.com

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Tuesday, April 18, 2017 7:28 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Revised introduction.  No changes to the discovery requests themselves.

---

**From:** Matt McConnell
**Sent:** Tuesday, April 18, 2017 9:12 AM
**To:** 'Lambert, M Curt' <curt.lambert@dbr.com>; akinsey@bkflaw.com; DiGiovanni, Francis <Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

We will provide revised language today.

Do you have any idea of the number of documents marked AEO, because our review failed to catch any.

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, April 17, 2017 6:29 PM
**To:** Matt McConnell <MMcConnell@sheppardmullin.com>; akinsey@bkflaw.com; DiGiovanni, Francis <Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

We do not have a list of Bates numbers with their corresponding Confidential Legends.

Will MediciNova be withdrawing its argument on page 2, lines 24-26, of its draft Joint Motion?

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Monday, April 17, 2017 8:29 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

No protected materials have been disclosed.   Do you have a record of which documents were designated AEO?

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, April 17, 2017 4:44 PM

**To:** Matt McConnell <MMcConnell@sheppardmullin.com>; akinsey@bkflaw.com; DiGiovanni, Francis
<Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Matt,

GENZYME0001365 and GENZYME0001367 were exemplary.  Other documents produced on February 6, 2017, were also
designated "Confidential" and "Highly Confidential - Attorneys' Eyes Only" in the same way that GENZYME0001365 and
GENZYME0001367 were designated pursuant to the Protective Order (i.e., by marking the bottom of the page with a
Confidential Legend).  Accordingly, please confirm that MediciNova withdraws its argument on page 2, lines 24-26, of its
draft Joint Motion.  In addition, please confirm that no Protected Material has been disclosed to persons not authorized
to receive it under the Protective Order.

Curt

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Monday, April 17, 2017 6:21 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Yes.  We can confirm that those docs were in the production.  Are there any other AEO docs that you are aware of?

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, April 17, 2017 5:26 AM
**To:** Matt McConnell <MMcConnell@sheppardmullin.com>; akinsey@bkflaw.com; DiGiovanni, Francis
<Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Matt,

We are in receipt of your 117-page draft and will respond with comments in due course.  In the interim, please confirm
that the documents you received on February 6, 2017 were Bates-stamped GENZYME0000001-GENZYME0121045 and
included documents designated "Confidential" (see, e.g., GENZYME0001365) and "Highly Confidential - Attorneys' Eyes
Only" (see, e.g., GENZYME0001367).

Curt

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Friday, April 14, 2017 6:26 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Counsel,

Please find a draft joint motion re Genzyme's discovery responses.  Please provide me with your input next week, as we
intend to file this next Friday.

Matt

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************