1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:   (415) 591-7500
5   Facsimile:    (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
    francis.digiovanni@dbr.com
7   DRINKER BIDDLE & REATH LLP
    222 Delaware Avenue, Suite 1410
8   Wilmington, DE  19801-1621
    Telephone:   (302) 591-4266
9   Facsimile:    (302) 467-4201

10  ANN E. KINSEY (SBN 299755)
    akinsey@bkflaw.com
11  BLANCHARD, KRASNER & FRENCH
    800 Silverado Street, 2nd Floor
12  La Jolla, CA  92037
    Telephone:   (858) 551-2440
13  Facsimile:    (858) 551-2434

14  Attorneys for Defendant
    GENZYME CORPORATION
15

16              UNITED STATES DISTRICT COURT

17             SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware          Case No. 14-cv-2513-L-KSC
    Corporation,
20                                        **DECLARATION OF CURT**
                 Plaintiff,               **LAMBERT IN SUPPORT OF JOINT**
21                                        **MOTION FOR DETERMINATION**
    v.                                    **OF DISCOVERY DISPUTE**
22
    GENZYME CORPORATION, a                Magistrate Judge Karen S. Crawford
23  Massachusetts Corporation,

24               Defendant.

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LAMBERT DECLARATION RE JOINT MOTION FOR
DETERMINATION  OF DISCOVERY DISPUTE

CASE NO. 14-CV-2513-L-KSC

### DECLARATION OF CURT LAMBERT IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

I, Curt Lambert, declare the following:

1.     I am over eighteen years of age, have personal knowledge of the matters set forth herein, and declare that each of them is true and correct.

2.     I am an attorney with Drinker Biddle & Reath LLP and my office address is 222 Delaware Ave., Ste. 1410, Wilmington, Delaware 19801-1621.

3.     On eight occasions, Genzyme Corporation ("Genzyme") proposed that the parties respond to discovery requests without a Protective Order in place pursuant to the provisions of Patent L.R. 2.2, which would allow the parties to produce their documents and discovery objections and responses on an attorneys' eyes only basis until a Protective Order was entered. This proposal was sent to counsel for MediciNova, Inc. ("MediciNova") via email on the following dates: 09/13/2016, 09/19/2016, 09/27/2016, 10/04/2016, 10/11/2016, 10/18/2016, 10/25/2016, and 11/01/2016. MediciNova rejected each proposal and instead requested an extension to the mutually-agreed due date for document production and discovery objections and responses. Attached hereto as Exhibit A are true and correct copies of exemplary emails demonstrating the foregoing.

4.     On 11/07/2016, the parties agreed that all discovery objections and responses would be due five business days after the Court entered the Protective Order in this case, which occurred on 01/31/2017 [ECF No. 42]. Attached hereto as Exhibit B is a true and correct copy of email correspondence dated 11/07/2016, demonstrating the parties' agreement.

5.     On 11/21/2016, MediciNova served on Genzyme its Second Set of Interrogatories (Nos. 19-29). MediciNova's Second Set of Interrogatories comprised 22 discrete interrogatories including subparts, bringing MediciNova's total propounded interrogatories to 40. MediciNova did not obtain leave of Court to

propound more than 25 interrogatories, in violation of Fed. R. Civ. Proc. 33(a). In MediciNova's 11/21/2016 service email, counsel for MediciNova stated "Please let us know if that is a problem such that we need to bring the matter to the court." On 12/02/2016, counsel for Genzyme objected to the number of propounded interrogatories and cited case law from this District—*Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016)—holding that a party who responds to interrogatories waives its objection as to numerosity. Attached hereto as Exhibit C is a true and correct copy of email correspondence dated 11/21/2016 and 12/02/2016 demonstrating the foregoing.

6. On 02/06/2017—one day before the parties' agreed-upon due date— Genzyme served its objections and responses to MediciNova's First and Second Sets of Requests for Production of Documents (Nos. 1-19 and 20 respectively), First and Second Sets of Requests for Admission (Nos. 1-22 and 23-50 respectively), and First and Second Sets of Interrogatories (Nos. 1-18 and 19-29 (19-40 including subparts) respectively). Genzyme also served its document production, comprising 121,045 pages of material, and indicating that material had been designated pursuant to the Protective Order. Attached hereto as Exhibit D is a true and correct copy of email correspondence dated 02/06/2017 demonstrating the foregoing.

7. Genzyme's 02/06/2017 document production to MediciNova included the following: the NON-CONFIDENTIAL U.S. Patent No. 6,376,237 (GENZYME0000001-19); the NON-CONFIDENTIAL U.S. Patent No. 6,686,200 (GENZYME0000020-47); the NON-CONFIDENTIAL article by Conway et al. published in the *Journal of Virology* (Nov. 1997) relating to AAV2-sFLT01 (GENZYME0000048-57); the NON-CONFIDENTIAL article by MacLachlan et al. published in *Molecular Therapy* (Feb. 2011) relating to AAV2-sFLT01 (GENZYME0000058-66); the NON-CONFIDENTIAL prosecution history for patent application no. 08/510,790 (GENZYME0000067-249); the NON-

CONFIDENTIAL prosecution history for patent application no. 09/143,270 (GENZYME0000250-379); the NON-CONFIDENTIAL prosecution history for patent application no. 09/107,708 (GENZYME0000380-538); the NON-CONFIDENTIAL prosecution history for patent application no. 09/450,083 (GENZYME0000539-778); the NON-CONFIDENTIAL prosecution history for patent application no. 08/688,648 (GENZYME0000779-1021); the HIGHLY CONFIDENTIAL Control of Materials document for AAV2-sFLT01 (GENZYME0001022-1059); the HIGHLY CONFIDENTIAL Investigator's Brochure for AAV2-sFLT01 (GENZYME0001060-1117); the CONFIDENTIAL Genzyme-Avigen license agreement (GENZYME0001118-1282); and the Investigational New Drug Application for AAV2-sFLT01 (GENZYME0001283-0121043) having documents designated NON-CONFIDENTIAL, CONFIDENTIAL, and HIGHLY CONFIDENTIAL as appropriate.  The IND for the AAV-sFLT product contains, among other things: a detailed description of the AAV-sFLT product; the details regarding how the AAV-sFLT product was created; the details of all testing of the AAV-sFLT product; and a description of protocols used in the manufacturing and testing of the AAV-sFLT product.

8.   The undersigned counsel for Genzyme reviewed every page of Genzyme's 121,043-page document production served on 02/06/2017 to ascertain whether any documents contained CONFIDENTIAL or HIGHLY CONFIDENTIAL information in accordance with the Court's Protective Order.  The undersigned counsel for Genzyme subsequently directed Paralegal and Information Technology staff to mark every page of Genzyme's 121,043-page document production with Bates numbers and the appropriate Confidential Legend.  The undersigned counsel for Genzyme and Paralegal staff billed approximately 15.3 hours and 16.1 hours, respectively, reviewing and preparing every page of Genzyme's 121,043-page document production.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LAMBERT DECLARATION RE JOINT MOTION FOR
DETERMINATION OF DISCOVERY DISPUTE          - 4 -                    CASE NO. 14-CV-2513-L-KSC

9.     Based on client information and input, Genzyme's documents were produced to MediciNova on 02/06/2017 as they were kept in the usual course of business pursuant to Fed. R. Civ. Proc. 34(b)(2)(E)(i).  The documents were not merged into a single PDF.  Moreover, the Investigational New Drug Application for AAV2-sFLT01 was produced in electronic folders and subfolders, providing organizational and chronological structure to the individual documents comprising the Investigational New Drug Application for AAV2-sFLT01.

10.     MediciNova's 514-page document production was less than one-half of one percent the size of Genzyme's document production.  Moreover, MediciNova's document production was comprised of a single PDF file with no slip-sheets between documents.  Nothing in MediciNova's document production indicated where one document began or another document ended.  MediciNova provided no metadata with its document production.

11.     On 04/14/2017, by way of a draft Joint Motion for Determination of Discovery Dispute served after the close of business, counsel for MediciNova stated that "Genzyme did not use the attorneys-eyes only designation on any of the documents that it produced in response to MediciNova's requests for production of documents."  Attached hereto as Exhibit E is a true and correct copy of counsel for MediciNova's statement.   On 04/17/2017, counsel for Genzyme requested that MediciNova withdraw its statement in view of confidential documents produced on 02/06/2017, and on 04/18/2017, counsel for MediciNova stated that "our review [of Genzyme's documents] failed to catch any [Confidential or Highly Confidential documents]."   Attached hereto as Exhibit F is a true and correct copy of email correspondence dated 04/17/2017 and 04/18/2017 demonstrating the foregoing.  On 04/18/2017, by way of a first revised draft Joint Motion for Determination of Discovery Dispute served after the close of business, counsel for MediciNova stated that "MediciNova is currently aware of only one document produced by Genzyme under the attorneys' eyes only designation . . . ."  Attached hereto as Exhibit G is a

true and correct copy of counsel for MediciNova's statement.  On 04/21/2017, counsel for MediciNova represented to the Court during the Case Management Conference that about 10% of Genzyme's document production was designated attorneys' eyes only.  In the instant Joint Motion for Determination of Discovery Dispute, counsel for MediciNova has represented that it is "currently aware" of a certain number of Genzyme documents designated attorneys' eyes only.

12.     Attached hereto as Exhibit H are true and correct copies of Genzyme's 02/06/2017 Objections and Responses to MediciNova's First and Second Sets of Requests for Production of Documents (Nos. 1-19 and 20 respectively), served one day prior to the parties' agreed-upon due date.

13.     Attached hereto as Exhibit I are true and correct copies of Genzyme's 02/06/2017 Objections and Responses to MediciNova's First and Second Sets of Requests for Admission (Nos. 1-22 and 23-50 respectively), served one day prior to the parties' agreed-upon due date.

14.     Attached hereto as Exhibit J are true and correct copies of Genzyme's 02/06/2017 Objections and Responses to MediciNova's First and Second Sets of Requests for Admission (Nos. 1-22 and 23-50 respectively) with the confidentiality designation on the cover page and the confidentiality header on each page redacted, pursuant to request by counsel for MediciNova made during the parties' 03/13/2017 meet and confer.  The redacted PDFs were provided two days after the meet and confer, on 03/15/2017.   Other than these redactions, the PDFs provided on 03/15/2017 are identical to the 02/06/2017 Objections and Responses.

15.     Attached hereto as Exhibit K are true and correct copies of Genzyme's 02/06/2017 Objections and Responses to MediciNova's First and Second Sets of Interrogatories (Nos. 1-18 and 19-29 (19-40 including subparts) respectively), served one day prior to the parties' agreed-upon due date.  The 02/06/2017 Objections and Responses repeated Genzyme's numerosity objection made on 12/02/2016, including

1  citation to this District's case law regarding waiver (see *Starline Windows*, 2016 WL
2  4485561, at *7).

3      16.    By way of correspondence dated 03/03/2017, MediciNova represented
4  that it would not argue *Starline* waiver if Genzyme provided responses to
5  MediciNova's First Set of Interrogatories (Nos. 1-18).  Accordingly, on 03/13/2017,
6  Genzyme served its First Supplemental Objections and Responses to MediciNova's
7  First Set of Interrogatories (Nos. 1-18).  Attached hereto as Exhibit L is a true and
8  correct copy of Genzyme's 03/13/2017 First Supplemental Objections and Responses
9  to MediciNova's First Set of Interrogatories (Nos. 1-18).

10      17.    Attached hereto as Exhibit M is a true and correct copy of Genzyme's
11 03/13/2017 First Supplemental Objections and Responses to MediciNova's First Set
12 of Interrogatories (Nos. 1-18) with the confidentiality designation on the cover page
13 and the confidentiality header on each page redacted, pursuant to request by counsel
14 for MediciNova made during the parties' 03/13/2017 meet and confer.  The redacted
15 PDFs were provided two days after the meet and confer, on 03/15/2017.  Other than
16 these redactions, the PDFs provided on 03/15/2017 are identical to the 03/13/2017
17 First Supplemental Objections and Responses.

18      18.    Attached hereto as Exhibit N is a true and correct copy of Genzyme's
19 letter dated 02/28/2017 in response to MediciNova's discovery dispute letter dated
20 02/17/2017.  MediciNova's discovery dispute letter dated 02/17/2017 was received at
21 6:42 p.m. ET on a Friday of a holiday weekend.

22      19.    MediciNova's request for a meet and confer was received at 6:05 p.m.
23 ET on a Friday, March 3, 2017.  Genzyme responded on Monday, March 6, 2017.

24      20.    Attached hereto as Exhibit O is a true and correct copy of Genzyme's
25 letter dated 03/15/2017 repeating the objections made during the parties' 03/13/2017
26 meet and confer.

27
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LAMBERT DECLARATION RE JOINT MOTION FOR
DETERMINATION OF DISCOVERY DISPUTE        - 7 -        CASE NO. 14-CV-2513-L-KSC

1    I declare under penalty of perjury that to the best of my knowledge the

2    foregoing is true and correct, and that this declaration was executed this 22nd day of

3    April, 2017, in Wilmington, Delaware.

4                                          Dated:  April 22, 2017

5                                          Respectfully Submitted,

6                                          DRINKER BIDDLE & REATH LLP

7

8

9    By:  /s/ Curt Lambert
          Curt Lambert

10        Attorney for Defendant
11        GENZYME CORPORATION
          E-mail:
12        curt.lambert@dbr.com

13
14   88425683.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LAMBERT DECLARATION RE JOINT MOTION FOR
DETERMINATION  OF DISCOVERY DISPUTE          - 8 -          CASE NO. 14-CV-2513-L-KSC

# EXHIBIT A

**EXHIBIT A**

**Lambert, M Curt**

| | |
|---|---|
| **From:** | Matt McConnell <MMcConnell@sheppardmullin.com> |
| **Sent:** | Tuesday, November 01, 2016 4:44 PM |
| **To:** | Lambert, M Curt; Don Pelto |
| **Cc:** | DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina |
| **Subject:** | RE: MediciNova v. Genzyme |

Curt,

Let's extend one more week to 11/9.

Thanks.

Matt

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Tuesday, November 01, 2016 10:00 AM
**To:** Matt McConnell; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Matt - Discovery responses are due tomorrow.  We propose applying Patent L.R. 2.2 as an interim measure until a protective order is entered.  Please let us know MediciNova's preference.  Thanks.

Curt

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Tuesday, October 25, 2016 12:10 PM
**To:** Lambert, M Curt; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Let's extend again. Hopefully we get an answer by Friday's call.



Sent from my Verizon Wireless 4G LTE smartphone



-------- Original message --------
From: "Lambert, M Curt" <curt.lambert@dbr.com>

1

Date: 10/25/16 11:06 AM (GMT-06:00)
To: Matt McConnell <MMcConnell@sheppardmullin.com>, Don Pelto <DPelto@sheppardmullin.com>
Cc: "DiGiovanni, Francis" <Francis.DiGiovanni@dbr.com>, akinsey@bkflaw.com, "Selna, Steven M"
<Steven.Selna@dbr.com>, "Rasnick, Christina" <Christina.Rasnick@dbr.com>
Subject: RE: MediciNova v. Genzyme

Matt - Should we extend tomorrow's deadline, or apply Patent L.R. 2.2 as an interim measure?  Thanks.

Curt

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Tuesday, October 18, 2016 6:32 PM
**To:** Lambert, M Curt; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Curt,

Let's go ahead and extend another week.

Matt

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Tuesday, October 18, 2016 8:26 AM
**To:** Matt McConnell; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Matt - In view of tomorrow's discovery deadline, please let us know if MediciNova prefers another extension, or
application of Patent L.R. 2.2 as an interim measure.  Thanks.

Curt

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Tuesday, October 11, 2016 2:47 PM
**To:** Lambert, M Curt; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Let's extend another week.

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Tuesday, October 11, 2016 11:06 AM
**To:** Matt McConnell; Don Pelto

2

**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Matt,

The due date for discovery responses is tomorrow.  We propose applying Patent L.R. 2.2 as an interim measure, but we will agree to an extension if that is MediciNova's preference.  Please let us know.

Curt

---

**From:** Lambert, M Curt
**Sent:** Tuesday, October 04, 2016 4:45 PM
**To:** 'Matt McConnell'; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Matt - We agree to another extension.

Curt

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Tuesday, October 04, 2016 12:22 PM
**To:** Lambert, M Curt; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Curt,

We prefer to extend the due date another week to Oct. 12.  Hopefully we will have a ruling by then on the protective order.

Matt

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Tuesday, October 04, 2016 8:55 AM
**To:** Matt McConnell; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

Matt,

Genzyme remains open to a mutual agreement that the provisions of Patent L.R. 2.2 apply as an interim measure.  MediciNova has previously rejected this proposal (on a number of occasions).  With the due date for discovery

3

responses being tomorrow, and the protective order issue unresolved, will MediciNova reconsider agreeing that the provisions of Patent L.R. 2.2 apply as an interim measure?  Please let us know as soon as you can.

Curt

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Tuesday, September 27, 2016 1:21 PM
**To:** Lambert, M Curt; Don Pelto
**Cc:** DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M; Rasnick, Christina
**Subject:** RE: MediciNova v. Genzyme

I'd prefer we extend the discovery responses another week. We should have an answer by then and can make a single production.


Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: "Lambert, M Curt" <curt.lambert@dbr.com>
Date: 9/27/16 10:11 AM (GMT-08:00)
To: Matt McConnell <MMcConnell@sheppardmullin.com>, Don Pelto <DPelto@sheppardmullin.com>
Cc: "DiGiovanni, Francis" <Francis.DiGiovanni@dbr.com>, akinsey@bkflaw.com, "Selna, Steven M" <Steven.Selna@dbr.com>, "Rasnick, Christina" <Christina.Rasnick@dbr.com>
Subject: MediciNova v. Genzyme

Matt,

The parties' one-week extension to the discovery response due date ends tomorrow.  Will you agree that the provisions of Patent L.R. 2.2 apply as an interim measure while Magistrate Judge Crawford considers the parties' Joint Motion for Determination of Protective Order Dispute ?

Curt Lambert
**Drinker Biddle & Reath LLP**
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
(302) 467-4217 *office*
curt.lambert@dbr.com
www.drinkerbiddle.com


*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's

4

# EXHIBIT B

**EXHIBIT B**

## Lambert, M Curt

| | |
|---|---|
| **From:** | Matt McConnell <MMcConnell@sheppardmullin.com> |
| **Sent:** | Monday, November 07, 2016 12:57 PM |
| **To:** | Lambert, M Curt |
| **Cc:** | DiGiovanni, Francis; Don Pelto; akinsey@bkflaw.com; Selna, Steven M |
| **Subject:** | RE: MediciNova v. Genzyme - protective order for filing |

That's fine on the deadline.

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, November 07, 2016 9:36 AM
**To:** Matt McConnell
**Cc:** DiGiovanni, Francis; Don Pelto; akinsey@bkflaw.com; Selna, Steven M
**Subject:** MediciNova v. Genzyme - protective order for filing

Matt,

The Court's 11/04/2016 Order requires the parties to submit a proposed protective order by 11/15/2016 (Dkt. 40). Pursuant to the Court's Order, attached is the MSWord version of Dkt. 36-1 for filing. The only two changes are on page 10, relating to paragraph numbering (see redlines).

We propose that the parties agree to extend the discovery response due date to 5 business days after the Court enters the protective order. Please let us know if MediciNova agrees.

Curt Lambert
**Drinker Biddle & Reath LLP**
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
(302) 467-4217 *office*
curt.lambert@dbr.com
www.drinkerbiddle.com

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise

1

the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.

*****************************************

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

2

# EXHIBIT C

**EXHIBIT C**

**Lambert, M Curt**

| | |
|---|---|
| **From:** | Lambert, M Curt |
| **Sent:** | Friday, December 02, 2016 3:22 PM |
| **To:** | 'Matt McConnell'; DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M |
| **Cc:** | Don Pelto |
| **Subject:** | RE: MediciNova v. Genzyme |

Matt,

Genzyme will be serving objections and responses to MediciNova's discovery requests in due course, pursuant to the parties' prior agreement.  As a preliminary matter and without waiver of any additional objections, Genzyme objects to MediciNova's first and second sets of interrogatories on the grounds that they exceed the maximum number allotted under Fed. R. Civ. Proc. 33(a)(1).  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993).

Curt Lambert
**Drinker Biddle & Reath** LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
(302) 467-4217 *office*
curt.lambert@dbr.com
www.drinkerbiddle.com

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Monday, November 21, 2016 2:29 PM
**To:** Lambert, M Curt; DiGiovanni, Francis; akinsey@bkflaw.com; Selna, Steven M
**Cc:** Don Pelto
**Subject:** MediciNova v. Genzyme

Counsel,

Please find attached additional discovery requests.  Copies are also being sent by mail.  The second set of interrogatories brings the total number 29.  Please let us know if that is a problem such that we need to bring the matter to the court.

Matt

1

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

2

# EXHIBIT D

**EXHIBIT D**

**Lambert, M Curt**

| | |
|---|---|
| **From:** | Lambert, M Curt |
| **Sent:** | Monday, February 06, 2017 7:33 PM |
| **To:** | mmcconnell@sheppardmullin.com; dpelto@sheppardmullin.com; tanderson@sheppardmullin.com |
| **Cc:** | DiGiovanni, Francis; Selna, Steven M; akinsey@bkflaw.com; Rasnick, Christina; Nagle, Pam |
| **Subject:** | MediciNova v. Genzyme - discovery responses and document production |
| **Attachments:** | 2017.02.06 Genzyme Objections and Responses to MediciNova Second Set of Requests for Admission.pdf; 2017.02.06 Genzyme Objections and Responses to MediciNova First Set of Requests for Admission.pdf; 2017.02.06 Genzyme Objections to MediciNova Second Set of Interrogatories.pdf; 2017.02.06 Genzyme Objections to MediciNova First Set of Interrogatories.pdf; 2017.02.06 Genzyme Objections and Responses to MediciNova Second Set of Document Requests.pdf; 2017.02.06 Genzyme Objections and Responses to MediciNova First Set of Document Requests.pdf; 2017.02.06 Proof of Service.pdf |

Counsel,

Attached are Genzyme's Objections and Responses to MediciNova's First and Second Sets of Document Requests, Requests for Admission, and Interrogatories, with Proof of Service.  Below is a link to documents produced on behalf of Genzyme bearing Bates numbers GENZYME0000001 to GENZYME0121045.  The production includes documents designated pursuant to the Protective Order.

Link:  https://securefiles.dbr.com/bds/Login.do?id=A0533453858&p1=dej07w8sbgeefgejgjldhjkki20
Password:  tv24KqWU

Curt Lambert
**Drinker Biddle & Reath** LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
(302) 467-4217 *office*
curt.lambert@dbr.com
www.drinkerbiddle.com

1

# EXHIBIT E

**EXHIBIT E**

of the universe of evidence available to MediciNova.  But the right to discovery is
not so limited—MediciNova is entitled to discover all nonprivileged evidence that is
relevant to the parties' claims and/or defenses and proportional to the needs of the
case.  In an action with at least $1 million at stake, that surely includes both
admissions about the development process and contemporaneous evidence of the
events thereof that form the basis for MediciNova's claims (among other materials
discussed more fully herein).

As the Court recognized when it granted the parties' Joint Motion to Amend
the Scheduling Order (Doc. No. 43), much of the delay in discovery in this action
came about as a result of Genzyme's refusal to respond to any discovery except
under an attorneys' eyes only designation.  MediciNova served its first round of
discovery in July 2016.  (Declaration of Matthew S. McConnell ("McConnell
Decl.") ¶¶ 2-3, Exs. A and C.)  After Genzyme insisted for months on a protective
order allowing it to designate its discovery "attorneys' eyes only," the Court
ultimately issued the protective order in January 2017 based on Genzyme's
representation that such a designation was necessary to protect its confidential and
proprietary information from being divulged to two MediciNova executives who
might misuse it.  (Doc. No. 40, 42.)  Only in February 2017—six months after
MediciNova first served its discovery requests—did Genzyme finally serve any
substantive responses.  (McConnell Decl. ¶ 4, Exs. E-H.)

It is now clear that the attorneys' eyes only designation was unnecessary all
along.  Genzyme did not use the attorneys- eyes only designation on any of the
documents that it produced in response to MediciNova's requests for production of
documents.  While Genzyme initially designated every word of its responses to
MediciNova's interrogatories and requests for admission as for attorneys' eyes only,

# EXHIBIT F

**EXHIBIT F**

**Lambert, M Curt**

---

| | |
|---|---|
| **From:** | Matt McConnell <MMcConnell@sheppardmullin.com> |
| **Sent:** | Tuesday, April 18, 2017 7:28 PM |
| **To:** | Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M |
| **Cc:** | Don Pelto; Evan Mix |
| **Subject:** | RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX |
| **Attachments:** | MediciNova v. Genzyme - Joint Discovery Motion.docx |

Revised introduction.  No changes to the discovery requests themselves.

---

**From:** Matt McConnell
**Sent:** Tuesday, April 18, 2017 9:12 AM
**To:** 'Lambert, M Curt' <curt.lambert@dbr.com>; akinsey@bkflaw.com; DiGiovanni, Francis <Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

We will provide revised language today.

Do you have any idea of the number of documents marked AEO, because our review failed to catch any.

---

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, April 17, 2017 6:29 PM
**To:** Matt McConnell <MMcConnell@sheppardmullin.com>; akinsey@bkflaw.com; DiGiovanni, Francis <Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

We do not have a list of Bates numbers with their corresponding Confidential Legends.

Will MediciNova be withdrawing its argument on page 2, lines 24-26, of its draft Joint Motion?

---

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Monday, April 17, 2017 8:29 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

No protected materials have been disclosed.   Do you have a record of which documents were designated AEO?

1

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, April 17, 2017 4:44 PM
**To:** Matt McConnell <MMcConnell@sheppardmullin.com>; akinsey@bkflaw.com; DiGiovanni, Francis
<Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Matt,

GENZYME0001365 and GENZYME0001367 were exemplary.  Other documents produced on February 6, 2017, were also
designated "Confidential" and "Highly Confidential - Attorneys' Eyes Only" in the same way that GENZYME0001365 and
GENZYME0001367 were designated pursuant to the Protective Order (i.e., by marking the bottom of the page with a
Confidential Legend).  Accordingly, please confirm that MediciNova withdraws its argument on page 2, lines 24-26, of its
draft Joint Motion.  In addition, please confirm that no Protected Material has been disclosed to persons not authorized
to receive it under the Protective Order.

Curt

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Monday, April 17, 2017 6:21 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Yes.  We can confirm that those docs were in the production.  Are there any other AEO docs that you are aware of?

**From:** Lambert, M Curt [mailto:curt.lambert@dbr.com]
**Sent:** Monday, April 17, 2017 5:26 AM
**To:** Matt McConnell <MMcConnell@sheppardmullin.com>; akinsey@bkflaw.com; DiGiovanni, Francis
<Francis.DiGiovanni@dbr.com>; Selna, Steven M <Steven.Selna@dbr.com>
**Cc:** Don Pelto <DPelto@sheppardmullin.com>; Evan Mix <EMix@sheppardmullin.com>
**Subject:** RE: MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Matt,

We are in receipt of your 117-page draft and will respond with comments in due course.  In the interim, please confirm
that the documents you received on February 6, 2017 were Bates-stamped GENZYME0000001-GENZYME0121045 and
included documents designated "Confidential" (see, e.g., GENZYME0001365) and "Highly Confidential - Attorneys' Eyes
Only" (see, e.g., GENZYME0001367).

Curt

2

**From:** Matt McConnell [mailto:MMcConnell@sheppardmullin.com]
**Sent:** Friday, April 14, 2017 6:26 PM
**To:** Lambert, M Curt; akinsey@bkflaw.com; DiGiovanni, Francis; Selna, Steven M
**Cc:** Don Pelto; Evan Mix
**Subject:** MediciNova v. Genzyme - Joint Discovery Motion.DOCX

Counsel,

Please find a draft joint motion re Genzyme's discovery responses.  Please provide me with your input next week, as we intend to file this next Friday.

Matt

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

*****************************************

Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

*****************************************

Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

*****************************************

Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew

3

B. Joseph.

*****************************************

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.

*****************************************

4

# EXHIBIT G

**EXHIBIT G**

1    initial disclosures under Federal Rule of Civil Procedure 26, initially designating

2    every page "attorneys' eyes only" before withdrawing the designation entirely.

3    (McConnell Decl. ¶ 10, Ex. P.)  MediciNova is currently aware of only one

4    document produced by Genzyme under the attorneys' eyes only designation: a 2005

5    letter to an official at the FDA's Center for Biologics Evaluation and Research and

6    its attachments, which include a journal article that was published in the American

7    Society of Gene Therapy's journal "Molecular Therapy" in 2005.  (*Id.* ¶ 11.)

8

9    MediciNova is not convinced that any part of this document is properly

10   designated attorneys' eyes only; surely a published article that is part of the public

11   record is not.  MediciNova has been unable so far to identify any other attorneys'

12   eyes only documents due in part to the fact that Genzyme produced approximately

13   121,000 pages of documents as a series of hundreds of unsearchable individual PDF

14   files sorted into subfolders and not in their original form, as MediciNova requested.

15   (*Id.*)  But at this point, it appears likely that Genzyme insisted for months on an

16   attorneys' eyes only option not because it actually believed one was required before

17   it could respond to MediciNova's document requests, but in a bid to delay discovery

18   until it could get past the Court's discovery cut-off while producing as little useful

19   information as possible.

20

21   **B.      Genzyme's Introduction**

22

23

24                        **II.  ISSUES IN DISPUTE**

25   **A.      Genzyme's Responses to MediciNova's Requests for Admissions**

26           **1.      Request for Admission No. 14**

27

28

SMRH:481817032.4                    JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

# EXHIBIT H

**EXHIBIT H**

1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:  (415) 591-7500
5   Facsimile:   (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE
    3189)
7   francis.digiovanni@dbr.com
    DRINKER BIDDLE & REATH LLP
8   222 Delaware Avenue, Suite 1410
    Wilmington, DE  19801-1621
9   Telephone:  (302) 591-4266
    Facsimile:   (302) 467-4201

10
    ANN E. KINSEY (SBN 299755)
11  akinsey@bkflaw.com
    BLANCHARD, KRASNER & FRENCH
12  800 Silverado Street, 2nd Floor
    La Jolla, CA  92037
13  Telephone:  (858) 551-2440
    Facsimile:   (858) 551-2434

14
    Attorneys for Defendant
15  GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
    Corporation,
20
                    Plaintiff,
21
    v.                                    **GENZYME CORPORATION'S**
22                                        **OBJECTIONS AND RESPONSES**
                                          **TO MEDICINOVA, INC.'S FIRST**
23  GENZYME CORPORATION, a                **SET OF REQUESTS FOR**
    Massachusetts Corporation,            **PRODUCTION OF DOCUMENTS**
24
                    Defendant.
25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                Page 32

                                          CASE NO. 14-CV-2513L-KSC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff Medicinova, Inc.'s ("Plaintiff") First Set of Requests for Production of Documents (Nos. 1-19) as follows:

**Limitations on Defendant's Obligations to Provide Responsive Material**

Consistent with Federal Rule of Civil Procedure 34(b)(2)(B), effective December 1, 2015, Defendant identifies the following limitations on its obligations to provide responsive material. These limitations are incorporated by reference, as appropriate, in Defendant's response to each Request.

1. Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendant will only produce documents that are in its possession, custody or control, which only includes documents in its actual possession or those it has a legal right to obtain from third parties.

2. Defendant objects to any document request to the extent it purports to require Defendant to search for and produce electronically stored documents, information, and email from sources that are not reasonably accessible because of undue burden or cost, as set forth in Federal Rule of Civil Procedure 26(b)(2)(B). Defendant, like most litigants, has information contained in sources that are not reasonably accessible. At any given time, such sources may include deleted, fragmentary, corrupted or residual data, data with orphaned or missing links, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, disaster recovery tapes, or electronic files with unknown file extensions, unknown password protections, or viruses. Defendant has taken reasonable measures to preserve documents (including electronically stored information) from active information systems that are potentially responsive to the claims made, the defenses asserted, and the discovery propounded, making unnecessary the search, review, and production of the not reasonably available media described above. The burden and expense of accessing, reviewing, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 2 -

CASE NO. 14-cv-2513L-KSC

Page 33

1   producing certain information may outweigh its possible relevance and the

2   likelihood it will lead to the discovery of admissible evidence.

3        3.     Defendant objects to the use of the phrase "all documents" in any

4   document request as overly broad and unduly burdensome to the extent the request

5   encompasses, inter *alia*, chance references to potentially responsive subject matter

6   in documents that would not reasonably be expected to contain such references and

7   would require an unreasonably detailed and extensive search of all Defendant's

8   documents.

9        4.     Defendant objects to any request to the extent that it requests

10  production of information for an unlimited period of time. The burden and expense

11  of searching for, accessing, reviewing, and producing information for all time

12  outweighs the possible relevance and the likelihood it will lead to the discovery of

13  admissible evidence.

14       5.     Defendant objects that these requests call for production ahead of the

15  deadlines given in the Scheduling Order and/or the forthcoming Electronically

16  Stored Information Order that the parties are currently negotiating.

17                                    **General Objections**

18       1.     Defendant objects to all discovery requests to the extent they seek the

19  disclosure of documents or other information protected from disclosure by the

20  attorney-client privilege, work product doctrine and/or any other applicable

21  privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly

22  stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any

23  privilege or protection.

24       2.     Defendant objects to all discovery requests to the extent they seek the

25  disclosure of information that (i) is beyond the scope of discovery as provided by

26  the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes

27  obligations on Defendant beyond those permitted by the Federal Rules of Civil

28  Procedure.  Defendant will comply with the requirements of the Federal Rules of

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 3 -              CASE NO. 14-CV-2513L-KSC

Page 34

Civil Procedure, and any orders of the Court.

3.    Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

4.    Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2).

5.    Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

6.    Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case. *See* Fed. R. Civ. P. 26(b)(2).

7.    Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly available on the ground that such information and documents are equally available to either party and their production by Defendant would be unnecessarily burdensome.

8.    Defendant reserves the right to challenge the competency, materiality, relevance, and admissibility in this proceeding, or any other proceeding related to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 4 -

CASE NO. 14-CV-2513L-KSC

Page 35

1  this proceeding (or any other action) of any information or documents provided in

2  response to any discovery request.

3      9.    Defendant objects to all discovery requests to the extent they require

4  the identification of documents and information not within Defendant's possession,

5  custody, or control.  In responding to these discovery requests, Defendant will

6  undertake to respond based on information within its possession, custody, or

7  control.  Defendant does not undertake to provide information in the possession,

8  custody or control of non-parties.

9      10.    Defendant objects to all discovery requests to the extent they seek

10  information or documents protected from disclosure by statute, regulation,

11  administrative order, case law, or third party contractual agreement.

12      11.    Nothing contained herein may be construed as an admission relative to

13  the existence or non-existence of any document, and no response is an admission

14  respecting the relevance or admissibility in evidence of any statement or

15  characterization contained in any document, or contained in the Response.

16  **Objections to Plaintiff's Definitions and Instructions**

17      1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

18  "you," and "your") on the basis that it is overly broad and unduly burdensome by

19  seeking information not reasonably calculated to lead to the discovery of admissible

20  evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

21  it is vague and ambiguous because it purports to apply to "present or former

22  officers, directors, employees, agents, and representatives" regardless as to whether

23  such persons acted on behalf of Defendant or while associated with Defendant.

24  Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

25  information outside the possession, custody, or control of Defendant by "all present

26  or former officers, directors, employees, agents, and representatives."

27      2.    Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

28  on the basis that it is overly broad and therefore seeks information or documents

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS
    - 5 -    CASE NO. 14-CV-2513L-KSC

Page 36

1  that are not relevant to any party's claim or defense or not proportional to the needs

2  of the case, considering the importance of the issues at stake in the action, the

3  amount in controversy, the parties' relative access to relevant information, the

4  parties' resources, the importance of the discovery in resolving the issues, and

5  whether the burden or expense of the proposed discovery outweighs its likely

6  benefit.  Defendant specifically objects to the definition because it purports to cover

7  "any improvement or derivative," making the definition overly broad and

8  encompassing information not relevant to any party's claim or defense.

9        3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

10  extent that they purport to (i) exceed the scope of discovery as provided by the

11  Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

12  obligations on Defendant beyond those permitted by the Federal Rules of Civil

13  Procedure.

14        4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

15  is not limited in time and therefore seeks information or documents that are not

16  relevant to any party's claim or defense or not proportional to the needs of the case,

17  considering the importance of the issues at stake in the action, the amount in

18  controversy, the parties' relative access to relevant information, the parties'

19  resources, the importance of the discovery in resolving the issues, and whether the

20  burden or expense of the proposed discovery outweighs its likely benefit.

21  Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the

22  discovery requests unduly burdensome and neither relevant to any claim or defense

23  nor reasonably calculated to lead to discovery of admissible evidence.

24        5.     Defendant objects to Plaintiff's Definition No. 16 on the grounds that

25  it seeks information or documents that are not relevant to any party's claim or

26  defense or not proportional to the needs of the case, considering the importance of

27  the issues at stake in the action, the amount in controversy, the parties' relative

28  access to relevant information, the parties' resources, the importance of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 6 -

CASE NO. 14-cv-2513L-KSC

Page 37

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's "Instructions" to the extent they purport to require Defendant to provide information maintained or preserved by third parties and, therefore, not within Defendant's possession, custody, or control.

7.      Defendant objects to Plaintiff's "Instructions" to the extent they seek to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

8.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that the phrase "regardless of their location" seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

9.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that the phrase "effective power to obtain" is vague.  Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendant will only produce documents that are in its possession, custody or control.

10.     Defendant objects to Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.  Defendant agrees to meet and confer to discuss content and simultaneous exchange of privilege logs.

11.     Defendant objects to Instruction No. 3 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

12.     Defendant objects to Instruction No. 4 on the grounds that it seeks to

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova First Requests for
Production of Documents          - 7 -          Case No. 14-cv-2513L-KSC

Page 38

1   impose requirements or obligations differing from or exceeding those set forth in

2   the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

3   California, and any other applicable law.

4          13.    Defendant objects to Instruction No. 5 on the grounds that it asks

5   Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose

6   requirements or obligations differing from or exceeding those set forth in the

7   Federal Rules of Civil Procedure, the Local Rules of the Southern District of

8   California, and any other applicable law.

9                **Objections and Responses to Requests for Production**

10  **REQUEST NO. 1**

11         All DOCUMENTS and THINGS that YOU have provided to the FDA

12  relating to the DRUG PRODUCT, including but not limited to IND application and

13  documentations for the Pharmaceutical Quality and Chemistry, Manufacturing of

14  and Controls.

15  **RESPONSE**:

16         In addition to its General Objections and Objections to Plaintiff's Definitions

17  and Instructions, Defendant objects to the phrase "documentations for the

18  Pharmaceutical Quality and Chemistry, Manufacturing of and Controls" on the

19  grounds that it is vague.  Defendant further objects to the request because it

20  purports to seek "All" documents described in the Request on the ground that a

21  request for "All" documents described in the Request seeks information or

22  documents that are not relevant to any party's claim or defense or not proportional

23  to the needs of the case, considering the importance of the issues at stake in the

24  action, the amount in controversy, the parties' relative access to relevant

25  information, the parties' resources, the importance of the discovery in resolving the

26  issues, and whether the burden or expense of the proposed discovery outweighs its

27  likely benefit.  Instead, subject to its General and Specific Objections, Defendant

28  states that it will produce documents sufficient to identify the Drug Product that is

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 8 -

CASE NO. 14-cv-2513L-KSC

Page 39

the subject of the Request, and documents sufficient to describe the design, preparation, and purification of the Drug Product that is the subject of the Request.

**REQUEST NO. 2**

All DOCUMENTS and THINGS RELATING TO any and all COMMUNICATIONS between YOU and the FDA concerning the DRUG PRODUCT, including but not limited to, the manufacturing, testing, clinical development, or approval of the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to the phrase "RELATING TO any and all COMMUNICATIONS" on the grounds that it is vague, does not describe with reasonable particularity the information sought, and purports to impose a requirement on Defendant to conduct more than a reasonable search of information in Defendant's possession, custody, or control.  Defendant further objects to the request because it purports to seek "All" documents described in the Request on the ground that a request for "All" documents described in the Request seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Instead, subject to its General and Specific Objections, Defendant states that it will produce documents sufficient to identify the Drug Product that is the subject of the Request, and documents sufficient to describe the design, preparation, and purification of the Drug Product that is the subject of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 9 -

CASE NO. 14-cv-2513L-KSC

Page 40

1    Request.

2         **REQUEST NO. 3**

3         All clinical trial protocols RELATING TO the DRUG PRODUCT.

4         **RESPONSE:**

5         In addition to its General Objections and Objections to Plaintiff's Definitions

6    and Instructions, Defendant objects to this Request to the extent that it seeks the

7    disclosure of documents or other information protected from disclosure by the

8    attorney-client privilege, work product doctrine and/or any other applicable

9    privilege or doctrine.  Defendant objects to the phrase "protocols RELATING TO

10   the DRUG PRODUCT" on the grounds that it is vague, does not describe with

11   reasonable particularity the information sought, and purports to impose a

12   requirement on Defendant to conduct more than a reasonable search of information

13   in Defendant's possession, custody, or control.  Defendant will interpret the phrase

14   to mean "protocols for the DRUG PRODUCT."  Defendant further objects to the

15   request because it purports to seek "All" documents described in the Request on the

16   ground that a request for "All" documents described in the Request seeks

17   information or documents that are not relevant to any party's claim or defense or

18   not proportional to the needs of the case, considering the importance of the issues at

19   stake in the action, the amount in controversy, the parties' relative access to

20   relevant information, the parties' resources, the importance of the discovery in

21   resolving the issues, and whether the burden or expense of the proposed discovery

22   outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

23   Defendant states that it will produce documents sufficient to identify the Drug

24   Product that is the subject of the Request, and documents sufficient to describe the

25   design, preparation, and purification of the Drug Product that is the subject of the

26   Request.

27        **REQUEST NO. 4**

28        All supporting documentation for all clinical trial protocols RELATING TO

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 10 -

CASE NO. 14-cv-2513L-KSC

Page 41

1    the DRUG PRODUCT.

2    **RESPONSE:**

3    In addition to its General Objections and Objections to Plaintiff's Definitions

4    and Instructions, Defendant objects to the phrases "all supporting documentation "

5    and "protocols RELATING TO the DRUG PRODUCT" on the grounds that they

6    are vague, overly broad, unduly burdensome, do not describe with reasonable

7    particularity the information sought, purport to impose a requirement on Defendant

8    to conduct more than a reasonable search of information in Defendant's possession,

9    custody, or control, and seek information that is not relevant to any party's claim or

10   defense and is not proportional to the needs of the case, considering the importance

11   of the issues at stake in the action, the amount in controversy, the parties' relative

12   access to relevant information, the parties' resources, the importance of the

13   discovery in resolving the issues, and whether the burden or expense of the

14   proposed discovery outweighs its likely benefit.  Defendant further objects to the

15   request because it purports to seek "All" documents described in the Request on the

16   ground that a request for "All" documents described in the Request seeks

17   information or documents that are not relevant to any party's claim or defense or

18   not proportional to the needs of the case, considering the importance of the issues at

19   stake in the action, the amount in controversy, the parties' relative access to

20   relevant information, the parties' resources, the importance of the discovery in

21   resolving the issues, and whether the burden or expense of the proposed discovery

22   outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

23   Defendant states that it will produce documents sufficient to identify the Drug

24   Product that is the subject of the Request, and documents sufficient to describe the

25   design, preparation, and purification of the Drug Product that is the subject of the

26   Request.

27   **REQUEST NO. 5**

28   All IND Annual Reports RELATING TO the DRUG PRODUCT.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 11 -

CASE NO. 14-cv-2513L-KSC

Page 42

1   **RESPONSE:**

2       In addition to its General Objections and Objections to Plaintiff's Definitions

3   and Instructions, Defendant objects to the phrase "Annual Reports" on the grounds

4   that it is vague and does not describe with reasonable particularity the information

5   sought.  Defendant will interpret the phrase to mean "Annual Reports submitted to

6   the FDA."

7       Subject to and without waiving its objections, Defendant will produce

8   relevant, non-privileged documents responsive to the non-objectionable portions of

9   this Request that are in its possession, to the extent such documents exist and can be

10  readily identified after a reasonable search.

11      **REQUEST NO. 6**

12      All DOCUMENTS and THINGS RELATING TO the manufacturing of the

13  Drug Product, including but not limited to, manufacturing protocols, manufacturing

14  reports, contract manufacturing agreements, and contract manufacturing reports.

15      **RESPONSE:**

16      In addition to its General Objections and Objections to Plaintiff's Definitions

17  and Instructions, Defendant objects to the phrase "RELATING TO the

18  manufacturing of the Drug Product" on the grounds that it is overly broad, unduly

19  burdensome, purports to impose a requirement on Defendant to conduct more than

20  a reasonable search of information in Defendant's possession, custody, or control,

21  and seeks information that is not relevant to any party's claim or defense and is not

22  proportional to the needs of the case, considering the importance of the issues at

23  stake in the action, the amount in controversy, the parties' relative access to

24  relevant information, the parties' resources, the importance of the discovery in

25  resolving the issues, and whether the burden or expense of the proposed discovery

26  outweighs its likely benefit.  Defendant further objects to the request because it

27  purports to seek "All" documents described in the Request on the ground that a

28  request for "All" documents described in the Request seeks information or

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova First Requests for
Production of Documents

- 12 -

Case No. 14-cv-2513L-KSC

Page 43

1  documents that are not relevant to any party's claim or defense or not proportional

2  to the needs of the case, considering the importance of the issues at stake in the

3  action, the amount in controversy, the parties' relative access to relevant

4  information, the parties' resources, the importance of the discovery in resolving the

5  issues, and whether the burden or expense of the proposed discovery outweighs its

6  likely benefit.  Instead, subject to its General and Specific Objections, Defendant

7  states that it will produce documents sufficient to describe how the Drug Product

8  that is the subject of the Request was manufactured.

9  **REQUEST NO. 7**

10  All agreements and amendments and supplements thereto between YOU and

11  Applied Genetic Technologies Corporation (AGTC) RELATING TO the DRUG

12  PRODUCT, including but not limited to, clinical trial agreements, collaboration

13  agreements, and licensing agreements.

14  **RESPONSE:**

15  In addition to its General Objections and Objections to Plaintiff's Definitions

16  and Instructions, Defendant objects to the phrase "agreements and amendments and

17  supplements thereto … RELATING TO the DRUG PRODUCT" on the grounds

18  that it is vague, does not describe with reasonable particularity the information

19  sought, and purports to impose a requirement on Defendant to conduct more than a

20  reasonable search of information in Defendant's possession, custody, or control.

21  Defendant will interpret the phrase to mean "agreements and amendments and

22  supplements thereto … governing the DRUG PRODUCT."

23  Subject to and without waiving its objections, Defendant will produce

24  relevant, non-privileged documents responsive to the non-objectionable portions of

25  this Request that are in its possession, to the extent such documents exist and can be

26  readily identified after a reasonable search.

27  **REQUEST NO. 8**

28  All agreements and amendments and supplements thereto between YOU and

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova First Requests for
Production of Documents                    - 13 -                    Case No. 14-cv-2513L-KSC

Page 44

1    Applied Genetic Technologies Corporation (AGTC) concerning the manufacturing

2    or clinical or commercial development of any therapeutic product other than the

3    DRUG PRODUCT, that uses an adeno-associated virus vector or is developed for

4    treating macular degeneration, including but not limited to clinical trial agreements,

5    collaboration agreements, and licensing agreements.

6    **RESPONSE:**

7        In addition to its General Objections and Objections to Plaintiff's Definitions

8    and Instructions, Defendant objects to the phrase "agreements and amendments and

9    supplements thereto … concerning the manufacturing or clinical or commercial

10   development" on the grounds that it is vague, overly broad, unduly burdensome,

11   does not describe with reasonable particularity the information sought, purports to

12   impose a requirement on Defendant to conduct more than a reasonable search of

13   information in Defendant's possession, custody, or control, and seeks information

14   that is not relevant to any party's claim or defense and is not proportional to the

15   needs of the case, considering the importance of the issues at stake in the action, the

16   amount in controversy, the parties' relative access to relevant information, the

17   parties' resources, the importance of the discovery in resolving the issues, and

18   whether the burden or expense of the proposed discovery outweighs its likely

19   benefit.  Defendant objects to the phrase "any therapeutic product other than the

20   DRUG PRODUCT, that uses an adeno-associated virus vector or is developed for

21   treating macular degeneration" on the grounds that it is vague, overly broad, unduly

22   burdensome, does not describe with reasonable particularity the information sought,

23   purports to impose a requirement on Defendant to conduct more than a reasonable

24   search of information in Defendant's possession, custody, or control, and seeks

25   information that is not relevant to any party's claim or defense and is not

26   proportional to the needs of the case, considering the importance of the issues at

27   stake in the action, the amount in controversy, the parties' relative access to

28   relevant information, the parties' resources, the importance of the discovery in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS              - 14 -              CASE NO. 14-cv-2513L-KSC
Page 45

1  resolving the issues, and whether the burden or expense of the proposed discovery

2  outweighs its likely benefit.

3       Due to the extreme over breadth, burdensomeness, and inclusion of a vast

4  amount of irrelevant materials in this Request, and the fact that other Requests will

5  be responded to by Defendant, Defendant will not make a separate search or

6  production responsive to this Request.  Defendant will consider responding to

7  narrower, more focused demands if submitted and not duplicative of other demands

8  to which Defendant has agreed to respond.

9  **REQUEST NO. 9**

10       All agreements and amendments and supplements thereto between YOU and

11  any investigators, universities, companies, hospitals, medical centers, National

12  Institutes of Health or other government entities, research institutes, or other

13  institutions concerning the clinical or commercial development of any therapeutic

14  product that uses an adeno-associated virus vector, including but not limited to

15  clinical trial agreements, collaboration agreements and licensing agreements.

16  **RESPONSE:**

17       In addition to its General Objections and Objections to Plaintiff's Definitions

18  and Instructions, Defendant objects to the phrase "agreements and amendments and

19  supplements thereto … concerning the clinical or commercial development " on the

20  grounds that it is vague, overly broad, unduly burdensome, does not describe with

21  reasonable particularity the information sought, purports to impose a requirement

22  on Defendant to conduct more than a reasonable search of information in

23  Defendant's possession, custody, or control, and seeks information that is not

24  relevant to any party's claim or defense and is not proportional to the needs of the

25  case, considering the importance of the issues at stake in the action, the amount in

26  controversy, the parties' relative access to relevant information, the parties'

27  resources, the importance of the discovery in resolving the issues, and whether the

28  burden or expense of the proposed discovery outweighs its likely benefit.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 15 -

Page 46

CASE NO. 14-CV-2513L-KSC

Defendant objects to the phrase "any therapeutic product that uses an adeno-associated virus vector" on the grounds that it is vague, overly broad, unduly burdensome, does not describe with reasonable particularity the information sought, purports to impose a requirement on Defendant to conduct more than a reasonable search of information in Defendant's possession, custody, or control, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Due to the extreme over breadth, burdensomeness, and inclusion of a vast amount of irrelevant materials in this Request, and the fact that other Requests will be responded to by Defendant, Defendant will not make a separate search or production responsive to this Request. Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

**REQUEST NO. 10**

All laboratory notes concerning the design, preparation, purification and/or testing of the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the request because it purports to seek "All" documents described in the Request on the ground that a request for "All" documents described in the Request seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS
- 16 -
CASE NO. 14-CV-2513L-KSC
Page 47

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Instead, subject to its General and Specific Objections, Defendant states that it will produce documents sufficient to describe the design, preparation, and purification of the Drug Product that is the subject of the Request.

**REQUEST NO. 11**

All DOCUMENTS and THINGS RELATING TO the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant further objects to the request because it purports to seek "All" documents described in the Request on the ground that a request for "All" documents described in the Request seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Instead, subject to its General and Specific Objections, Defendant states that it will produce the patent, its prosecution history, and documents relating to the construction of the patent claims at issue in this litigation.

**REQUEST NO. 12**

All DOCUMENTS and THINGS RELATING TO the maintenance and reinstatement of the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 17 -

Page 48

CASE NO. 14-cv-2513L-KSC

1  and Instructions, Defendant objects to this Request to the extent that it seeks the

2  disclosure of documents or other information protected from disclosure by the

3  attorney-client privilege, work product doctrine and/or any other applicable

4  privilege or doctrine.  Defendants object to this Request on the grounds that the

5  phrase "maintenance and reinstatement of the PATENT-IN-SUIT" seeks

6  information that is not relevant to any party's claim or defense.  Defendant further

7  objects to the request because it purports to seek "All" documents described in the

8  Request on the ground that a request for "All" documents described in the Request

9  seeks information or documents that are not relevant to any party's claim or defense

10  or not proportional to the needs of the case, considering the importance of the issues

11  at stake in the action, the amount in controversy, the parties' relative access to

12  relevant information, the parties' resources, the importance of the discovery in

13  resolving the issues, and whether the burden or expense of the proposed discovery

14  outweighs its likely benefit.  Instead, subject to its General and Specific Objections,

15  Defendant states that it will produce the patent and its prosecution history.

16  **REQUEST NO. 13**

17  All publications, abstracts, posters, internal presentations, and invention

18  disclosures RELATING TO the construction, manufacturing, or preclinical or

19  clinical development of the DRUG PRODUCT.

20  **RESPONSE:**

21  In addition to its General Objections and Objections to Plaintiff's Definitions

22  and Instructions, Defendant objects to this Request to the extent that it seeks the

23  disclosure of documents or other information protected from disclosure by the

24  attorney-client privilege, work product doctrine and/or any other applicable

25  privilege or doctrine.  Defendant further objects to the request because it purports to

26  seek "All" documents described in the Request on the ground that a request for

27  "All" documents described in the Request seeks information or documents that are

28  not relevant to any party's claim or defense or not proportional to the needs of the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 18 -

CASE NO. 14-CV-2513L-KSC

Page 49

1    case, considering the importance of the issues at stake in the action, the amount in

2    controversy, the parties' relative access to relevant information, the parties'

3    resources, the importance of the discovery in resolving the issues, and whether the

4    burden or expense of the proposed discovery outweighs its likely benefit.  Instead,

5    subject to its General and Specific Objections, Defendant states that it will produce

6    documents sufficient to identify the Drug Product that is the subject of the Request,

7    documents sufficient to describe how the Drug Product that is the subject of the

8    Request was manufactured, and documents sufficient to describe the design,

9    preparation, and purification of the Drug Product that is the subject of the Request.

10    **REQUEST NO. 14**

11    All DOCUMENTS and THINGS RELATING TO YOUR contention that the

12    DRUG PRODUCT is not covered by the PATENT-IN-SUIT.

13    **RESPONSE:**

14    In addition to its General Objections and Objections to Plaintiff's Definitions

15    and Instructions, Defendant objects to this Request to the extent that it seeks the

16    disclosure of documents or other information protected from disclosure by the

17    attorney-client privilege, work product doctrine and/or any other applicable

18    privilege or doctrine.  Defendant objects to this Request to the extent that Plaintiff

19    has not identified the specific claim(s) of the '237 patent that Plaintiff contends read

20    on the drug product at issue.  Defendant objects to this Request on the grounds that

21    it does not describe with reasonable particularity each item or category of items to

22    be inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

23    Due to the extreme over breadth, burdensomeness, and lack of particularity

24    in describing the information sought in this Request, and the fact that other

25    Requests will be responded to by Defendant, Defendant will not make a separate

26    search or production responsive to this Request.  Defendant will consider

27    responding to narrower, more focused demands if submitted and not duplicative of

28    other demands to which Defendant has agreed to respond.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 19 -

CASE NO. 14-cv-2513L-KSC

Page 50

**REQUEST NO. 15**

All COMMUNICATIONS RELATING TO YOUR contention that the DRUG PRODUCT is not covered by the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to this Request to the extent that Plaintiff has not identified the specific claim(s) of the '237 patent that Plaintiff contends read on the drug product at issue.  Defendant objects to this Request on the grounds that it does not describe with reasonable particularity each item or category of items to be inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

Due to the extreme over breadth, burdensomeness, and lack of particularity in describing the information sought in this Request, and the fact that other Requests will be responded to by Defendant, Defendant will not make a separate search or production responsive to this Request.  Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

**REQUEST NO. 16**

All DOCUMENTS and THINGS RELATING TO YOUR contention that the PATENT-IN-SUIT contains an exclusion pertaining to the use of herpes simplex virus type-1 ("HSV -1 ").

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 20 -

CASE NO. 14-cv-2513L-KSC

Page 51

1   privilege or doctrine.  Defendant objects to this Request on the grounds that it does

2   not describe with reasonable particularity each item or category of items to be

3   inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

4       Due to the extreme over breadth, burdensomeness, and lack of particularity

5   in describing the information sought in this Request, and the fact that other

6   Requests will be responded to by Defendant, Defendant will not make a separate

7   search or production responsive to this Request.   Defendant will consider

8   responding to narrower, more focused demands if submitted and not duplicative of

9   other demands to which Defendant has agreed to respond.

10      **REQUEST NO. 17**

11      All COMMUNICATIONS RELATING TO YOUR contention that the

12  PATENT-IN-SUIT contains an exclusion pertaining to the use of HSV-1.

13      **RESPONSE:**

14      In addition to its General Objections and Objections to Plaintiff's Definitions

15  and Instructions, Defendant objects to this Request to the extent that it seeks the

16  disclosure of documents or other information protected from disclosure by the

17  attorney-client privilege, work product doctrine and/or any other applicable

18  privilege or doctrine.  Defendant objects to this Request on the grounds that it does

19  not describe with reasonable particularity each item or category of items to be

20  inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

21      Due to the extreme over breadth, burdensomeness, and lack of particularity

22  in describing the information sought in this Request, and the fact that other

23  Requests will be responded to by Defendant, Defendant will not make a separate

24  search or production responsive to this Request.   Defendant will consider

25  responding to narrower, more focused demands if submitted and not duplicative of

26  other demands to which Defendant has agreed to respond.

27      **REQUEST NO. 18**

28      All DOCUMENTS and THINGS RELATING TO YOUR contention that

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 21 -

CASE NO. 14-cv-2513L-KSC

Page 52

1   YOU do not owe a milestone payment to MediciNova, Inc. under the

2   ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

3   **RESPONSE:**

4   In addition to its General Objections and Objections to Plaintiff's Definitions

5   and Instructions, Defendant objects to this Request to the extent that it seeks the

6   disclosure of documents or other information protected from disclosure by the

7   attorney-client privilege, work product doctrine and/or any other applicable

8   privilege or doctrine. Defendant objects to this Request on the grounds that it does

9   not describe with reasonable particularity each item or category of items to be

10  inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

11  Due to the extreme over breadth, burdensomeness, and lack of particularity

12  in describing the information sought in this Request, and the fact that other

13  Requests will be responded to by Defendant, Defendant will not make a separate

14  search or production responsive to this Request. Defendant will consider

15  responding to narrower, more focused demands if submitted and not duplicative of

16  other demands to which Defendant has agreed to respond.

17  **REQUEST NO. 19**

18  All COMMUNICATIONS RELATING TO YOUR contention that YOU do

19  not owe a milestone payment to MediciNova, Inc. under the ASSIGNMENT

20  AGREEMENT for the DRUG PRODUCT.

21  **RESPONSE:**

22  In addition to its General Objections and Objections to Plaintiff's Definitions

23  and Instructions, Defendant objects to this Request to the extent that it seeks the

24  disclosure of documents or other information protected from disclosure by the

25  attorney-client privilege, work product doctrine and/or any other applicable

26  privilege or doctrine. Defendant objects to this Request on the grounds that it does

27  not describe with reasonable particularity each item or category of items to be

28  inspected, as required by Fed. R. Civ. Proc. 34(b)(1)(A).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 22 -

CASE NO. 14-cv-2513L-KSC

Page 53

1
2
3
4
5
6

Due to the extreme over breadth, burdensomeness, and lack of particularity in describing the information sought in this Request, and the fact that other Requests will be responded to by Defendant, Defendant will not make a separate search or production responsive to this Request.   Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

7
8
9

Dated:  February 6, 2017                              Respectfully submitted,

10

DRINKER BIDDLE & REATH LLP

11
12

By: */s/ Francis DiGiovanni*

13

Francis DiGiovanni

14

Attorney for Defendant GENZYME CORPORATION

15

E-mail:  francis.digiovanni@dbr.com

16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

- 23 -

Page 54

CASE NO. 14-cv-2513L-KSC

STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1621
Telephone: (302) 591-4266
Facsimile: (302) 467-4201

ANN E. KINSEY (SBN 299755)
akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
800 Silverado Street, 2nd Floor
La Jolla, CA 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Attorneys for Defendant
GENZYME CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, a Massachusetts Corporation,<br><br>Defendant. | Case No. 3:14-cv-02513-L-KSC<br><br><br>**GENZYME CORPORATION'S OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS                    Page 55

CASE NO. 14-cv-2513L-KSC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff Medicinova, Inc.'s ("Plaintiff") Second Set of Requests for Production of Documents (No. 20) as follows:

**Limitations on Defendant's Obligations to Provide Responsive Material**

Consistent with Federal Rule of Civil Procedure 34(b)(2)(B), effective December 1, 2015, Defendant identifies the following limitations on its obligations to provide responsive material. These limitations are incorporated by reference, as appropriate, in Defendant's response to each Request.

1.     Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendant will only produce documents that are in its possession, custody or control, which only includes documents in its actual possession or those it has a legal right to obtain from third parties.

2.     Defendant objects to any document request to the extent it purports to require Defendant to search for and produce electronically stored documents, information, and email from sources that are not reasonably accessible because of undue burden or cost, as set forth in Federal Rule of Civil Procedure 26(b)(2)(B). Defendant, like most litigants, has information contained in sources that are not reasonably accessible. At any given time, such sources may include deleted, fragmentary, corrupted or residual data, data with orphaned or missing links, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, disaster recovery tapes, or electronic files with unknown file extensions, unknown password protections, or viruses. Defendant has taken reasonable measures to preserve documents (including electronically stored information) from active information systems that are potentially responsive to the claims made, the defenses asserted, and the discovery propounded, making unnecessary the search, review, and production of the not reasonably available media described above. The burden and expense of accessing, reviewing, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 2 -

CASE NO. 14-cv-2513L-KSC

Page 56

producing certain information may outweigh its possible relevance and the likelihood it will lead to the discovery of admissible evidence.

3.      Defendant objects to the use of the phrase "all documents" in any document request as overly broad and unduly burdensome to the extent the request encompasses, inter *alia*, chance references to potentially responsive subject matter in documents that would not reasonably be expected to contain such references and would require an unreasonably detailed and extensive search of all Defendant's documents.

4.      Defendant objects to any request to the extent that it requests production of information for an unlimited period of time. The burden and expense of searching for, accessing, reviewing, and producing information for all time outweighs the possible relevance and the likelihood it will lead to the discovery of admissible evidence.

5.      Defendant objects that these requests call for production ahead of the deadlines given in the Scheduling Order and/or the forthcoming Electronically Stored Information Order that the parties are currently negotiating.

**General Objections**

1.      Defendant objects to all discovery requests to the extent they seek the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any privilege or protection.

2.      Defendant objects to all discovery requests to the extent they seek the disclosure of information that (i) is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova Second Requests for
Production of Documents

- 3 -

Case No. 14-cv-2513L-KSC

Page 57

1    Civil Procedure, and any orders of the Court.

2        3.    Defendant objects to the extent that discovery requests seek

3    information or documents that are not relevant to any party's claim or defense or

4    not proportional to the needs of the case, considering the importance of the issues at

5    stake in the action, the amount in controversy, the parties' relative access to

6    relevant information, the parties' resources, the importance of the discovery in

7    resolving the issues, and whether the burden or expense of the proposed discovery

8    outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

9        4.    Defendant objects to all discovery requests to the extent they seek

10   discovery of electronically stored information from sources that are not reasonably

11   accessible because of undue burden or cost, the discovery sought is unreasonably

12   cumulative or duplicative, or can be obtained from some other source that is more

13   convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

14       5.    Defendant objects to all discovery requests to the extent they seek

15   information or documents that are not relevant to any party's claim or defense or

16   not proportional to the needs of the case as they seek documents or information

17   concerning matters outside of the United States.

18       6.    Defendant objects to the extent that the burden or expense of

19   responding to these requests outweighs the likely benefit, taking into account the

20   needs of the case, the parties' resources, and the importance of the proposed

21   discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

22       7.    Defendant objects to all discovery requests to the extent that the same

23   purport to call for production of information or documents that are publicly

24   available on the ground that such information and documents are equally available

25   to either party and their production by Defendant would be unnecessarily

26   burdensome.

27       8.    Defendant reserves the right to challenge the competency, materiality,

28   relevance, and admissibility in this proceeding, or any other proceeding related to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS
- 4 -
Page 58
CASE NO. 14-CV-2513L-KSC

1  this proceeding (or any other action) of any information or documents provided in
2  response to any discovery request.

3        9.    Defendant objects to all discovery requests to the extent they require
4  the identification of documents and information not within Defendant's possession,
5  custody, or control.  In responding to these discovery requests, Defendant will
6  undertake to respond based on information within its possession, custody, or
7  control.  Defendant does not undertake to provide information in the possession,
8  custody or control of non-parties.

9       10.    Defendant objects to all discovery requests to the extent they seek
10  information or documents protected from disclosure by statute, regulation,
11  administrative order, case law, or third party contractual agreement.

12       11.    Nothing contained herein may be construed as an admission relative to
13  the existence or non-existence of any document, and no response is an admission
14  respecting the relevance or admissibility in evidence of any statement or
15  characterization contained in any document, or contained in the Response.

16  **Objections to Plaintiff's Definitions and Instructions**

17       1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"
18  "you," and "your") on the basis that it is overly broad and unduly burdensome by
19  seeking information not reasonably calculated to lead to the discovery of admissible
20  evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that
21  it is vague and ambiguous because it purports to apply to "present or former
22  officers, directors, employees, agents, and representatives" regardless as to whether
23  such persons acted on behalf of Defendant or while associated with Defendant.
24  Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks
25  information outside the possession, custody, or control of Defendant by "all present
26  or former officers, directors, employees, agents, and representatives."

27       2.    Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")
28  on the basis that it is overly broad and therefore seeks information or documents

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 5 -

CASE NO. 14-cv-2513L-KSC

Page 59

1   that are not relevant to any party's claim or defense or not proportional to the needs

2   of the case, considering the importance of the issues at stake in the action, the

3   amount in controversy, the parties' relative access to relevant information, the

4   parties' resources, the importance of the discovery in resolving the issues, and

5   whether the burden or expense of the proposed discovery outweighs its likely

6   benefit.  Defendant specifically objects to the definition because it purports to cover

7   "any improvement or derivative," making the definition overly broad and

8   encompassing information not relevant to any party's claim or defense.

9        3.    Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

10   extent that they purport to (i) exceed the scope of discovery as provided by the

11   Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

12   obligations on Defendant beyond those permitted by the Federal Rules of Civil

13   Procedure.

14        4.    Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

15   is not limited in time and therefore seeks information or documents that are not

16   relevant to any party's claim or defense or not proportional to the needs of the case,

17   considering the importance of the issues at stake in the action, the amount in

18   controversy, the parties' relative access to relevant information, the parties'

19   resources, the importance of the discovery in resolving the issues, and whether the

20   burden or expense of the proposed discovery outweighs its likely benefit.

21   Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the

22   discovery requests unduly burdensome and neither relevant to any claim or defense

23   nor reasonably calculated to lead to discovery of admissible evidence.

24        5.    Defendant objects to Plaintiff's Definition No. 16 on the grounds that

25   it seeks information or documents that are not relevant to any party's claim or

26   defense or not proportional to the needs of the case, considering the importance of

27   the issues at stake in the action, the amount in controversy, the parties' relative

28   access to relevant information, the parties' resources, the importance of the

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova Second Requests for
Production of Documents

- 6 -

Case No. 14-cv-2513L-KSC

Page 60

1  discovery in resolving the issues, and whether the burden or expense of the

2  proposed discovery outweighs its likely benefit.

3       6.     Defendant objects to Plaintiff's "Instructions" to the extent they

4  purport to require Defendant to provide information maintained or preserved by

5  third parties and, therefore, not within Defendant's possession, custody, or control.

6       7.     Defendant objects to Plaintiff's "Instructions" to the extent they seek

7  to impose requirements or obligations differing from or exceeding those set forth in

8  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

9  California, and any other applicable law.

10      8.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that

11 the phrase "regardless of their location" seeks to impose requirements or

12 obligations differing from or exceeding those set forth in the Federal Rules of Civil

13 Procedure, the Local Rules of the Southern District of California, and any other

14 applicable law.

15      9.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that

16 the phrase "effective power to obtain" is vague.  Pursuant to Federal Rule of Civil

17 Procedure 34(a)(1), Defendant will only produce documents that are in its

18 possession, custody or control.

19      10.    Defendant objects to Instruction No. 2 on the grounds that it seeks to

20 impose requirements or obligations differing from or exceeding those set forth in

21 the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

22 California, and any other applicable law.  Defendant agrees to meet and confer to

23 discuss content and simultaneous exchange of privilege logs.

24      11.    Defendant objects to Instruction No. 3 on the grounds that it seeks to

25 impose requirements or obligations differing from or exceeding those set forth in

26 the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

27 California, and any other applicable law.

28      12.    Defendant objects to Instruction No. 4 on the grounds that it seeks to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 7 -                CASE NO. 14-cv-2513L-KSC
                                  Page 61

1   impose requirements or obligations differing from or exceeding those set forth in

2   the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

3   California, and any other applicable law.

4        13.   Defendant objects to Instruction No. 5 on the grounds that it asks

5   Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose

6   requirements or obligations differing from or exceeding those set forth in the

7   Federal Rules of Civil Procedure, the Local Rules of the Southern District of

8   California, and any other applicable law.

9        **Objections and Responses to Requests for Production**

10       **REQUEST NO. 20**

11       All DOCUMENTS and THINGS describing all nucleic acid sequences used

12   in the manufacturing and purification of the DRUG PRODUCT, including those

13   during laboratory testing, pre-clinical testing and clinical testing.

14       **RESPONSE:**

15       In addition to its General Objections and Objections to Plaintiff's Definitions

16   and Instructions, Defendant objects to the Request because it purports to seek "All"

17   documents described in the Request on the ground that a request for "All"

18   documents described in the Request seeks information or documents that are not

19   relevant to any party's claim or defense or not proportional to the needs of the case,

20   considering the importance of the issues at stake in the action, the amount in

21   controversy, the parties' relative access to relevant information, the parties'

22   resources, the importance of the discovery in resolving the issues, and whether the

23   burden or expense of the proposed discovery outweighs its likely benefit.

24   Defendant further objects to the phrase "all nucleic acid sequences used in the

25   manufacturing and purification of the DRUG PRODUCT" on the grounds that it is

26   overly broad, unduly burdensome, purports to impose a requirement on Defendant

27   to conduct more than a reasonable search of information in Defendant's possession,

28   custody, or control, and seeks information that is not relevant to any party's claim

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS                - 8 -              CASE NO. 14-CV-2513L-KSC
Page 62

or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving its objections, Defendant will produce relevant, non-privileged documents responsive to the non-objectionable portions of this Request that are in its possession, to the extent such documents exist and can be readily identified after a reasonable search.

Dated:  February 6, 2017                     Respectfully submitted,

                                             DRINKER BIDDLE & REATH LLP


                                             By:  */s/ Francis DiGiovanni*
                                                   Francis DiGiovanni

                                             Attorney for Defendant GENZYME
                                             CORPORATION
                                             E-mail:  francis.digiovanni@dbr.com

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS

- 9 -

Page 63

CASE NO. 14-cv-2513L-KSC

# EXHIBIT I

**EXHIBIT I**

1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:   (415) 591-7500
5   Facsimile:    (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE
    3189)
7   francis.digiovanni@dbr.com
    DRINKER BIDDLE & REATH LLP
8   222 Delaware Avenue, Suite 1410
    Wilmington, DE  19801-1621
9   Telephone:   (302) 591-4266
    Facsimile:    (302) 467-4201

10
    ANN E. KINSEY (SBN 299755)
11  akinsey@bkflaw.com
    BLANCHARD, KRASNER & FRENCH
12  800 Silverado Street, 2nd Floor
    La Jolla, CA  92037
13  Telephone:   (858) 551-2440
    Facsimile:    (858) 551-2434

14
    Attorneys for Defendant
15  GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17             SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
    Corporation,
20
                        Plaintiff,
21
    v.                                    **GENZYME CORPORATION'S**
22                                         **OBJECTIONS AND RESPONSES**
                                           **TO MEDICINOVA, INC.'S FIRST**
23  GENZYME CORPORATION, a                **SET OF REQUESTS FOR**
    Massachusetts Corporation,            **ADMISSION**
24
                        Defendant.
25

26          CONTAINS INFORMATION DESIGNATED **HIGHLY CONFIDENTIAL –**
27       **ATTORNEYS' EYES ONLY** SUBJECT TO PROTECTIVE ORDER

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure,

2   Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff

3   MediciNova, Inc.'s ("Plaintiff") First Set of Requests for Admission (Nos. 1-22) as

4   follows:

5                    **General Objections**

6    1.    By responding to the First Set of Requests for Admission, Defendant

7   does not waive any objection that may be applicable to: (a) the use, for any purpose,

8   by Plaintiff of any information or documents given in response to the First Set of

9   Requests for Admission; or (b) the admissibility, relevance, or materiality of any of

10   the information or documents to any issue in this case.

11    2.    Defendant incorporates by reference its General Objections and

12   Objections to Definitions and Instructions set forth in its Objections and Responses

13   to MediciNova's First and Second Sets of Interrogatories and Requests for

14   Production of Documents, and Second Set of Requests for Admissions, within each

15   of the individual responses to the First Set of Requests for Admission, and all

16   responses to the individual requests are made subject to and without waiving these

17   objections.

18    3.    Defendant incorporates by reference its General Objections and

19   Objections to Definitions and Instructions within each of the individual responses

20   to the First Set of Requests for Admission, and all responses to the individual

21   requests are made subject to and without waiving these objections.

22    4.    Subject to and without waiving its general and specific objections to

23   Plaintiff's individual requests, Defendant will provide responses that comply with

24   its obligations under the Federal Rules of Civil Procedure, the Local Rules of the

25   Southern District of California, and any other applicable law.

26           **Objections to Plaintiff's Definitions and Instructions**

27    1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

28   "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION    - 2 -    CASE NO. 14-CV-2513L-KSC
Page 66

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

seeking information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's Definition No. 1 to the extent that it is vague and ambiguous because it purports to apply to "present or former officers, directors, employees, agents, and representatives" regardless as to whether such persons acted on behalf of Defendant or while associated with Defendant. Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks information outside the possession, custody, or control of Defendant by "all present or former officers, directors, employees, agents, and representatives."

2.    Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product") on the basis that it is overly broad and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant specifically objects to the definition because it purports to cover "any improvement or derivative," making the definition overly broad and encompassing information not relevant to any party's claim or defense.

3.    Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the extent that they purport to (i) exceed the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.

4.    Defendant objects to Plaintiff's Definition No. 9 on the grounds that it is not limited in time and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION

- 3 -
Page 67

CASE NO. 14-cv-2513L-KSC

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.      Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.      Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.      Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION          - 4 -          CASE NO. 14-CV-2513L-KSC
Page 68

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

### Objections and Responses to Requests for Admissions

**REQUEST NO. 1**

Admit that the DRUG PRODUCT contains a recombinant virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 2**

Admit that the DRUG PRODUCT contains an adeno-associated virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 3**

Admit that the DRUG PRODUCT does not contain an amount of wild-type adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 4**

Admit that the DRUG PRODUCT does not contain an amount of replicable adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 5**

Admit that the DRUG PRODUCT contains a recombinant virus containing a recombinant adeno-associated virus vector.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 6**

Admit that the DRUG PRODUCT contains a recombinant adeno-associated

1  virus vector that contains a nucleic acid sequence encoding a protein that is not

2  native to the virus.

3  **RESPONSE:**

4  This Request is ADMITTED.

5  **REQUEST NO. 7**

6  Admit that the DRUG PRODUCT contains a recombinant virus which does

7  not contain a nucleic acid sequence encoding a viral protein capable of replicating

8  or packaging an adeno-associated virus vector.

9  **RESPONSE:**

10  This Request is ADMITTED.

11  **REQUEST NO. 8**

12  Admit that the DRUG PRODUCT contains a recombinant virus which does

13  not contain a nucleic acid sequence encoding a viral rep protein.

14  **RESPONSE:**

15  This Request is ADMITTED.

16  **REQUEST NO. 9**

17  Admit that the DRUG PRODUCT contains a recombinant virus which does

18  not contain a nucleic acid sequence encoding a viral cap protein.

19  **RESPONSE:**

20  This Request is ADMITTED.

21  **REQUEST NO. 10**

22  Admit that the preparation of the DRUG PRODUCT includes the preparation

23  or use of a cell that contains an adeno-associated virus vector and a separate vector

24  containing a nucleic acid sequence encoding an adeno-associated virus rep protein

25  or an adeno-associated virus cap protein.

26  **RESPONSE:**

27  This Request is ADMITTED.

28  **REQUEST NO. 11**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION   - 6 -   Page 70   CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 12**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 13**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector, a separate vector containing a nucleic acid sequence encoding an adeno-associated virus rep protein or an adeno-associated virus cap protein, and a further separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 14**

Admit that YOU do not dispute that the PATENT-IN-SUIT is valid.

**RESPONSE:**

Defendant objects to the Request on the ground that the Request is improper under Fed. R. Civ. P. 33(a) in that it does not seek an admission of facts, the application of law to fact, or opinions about either; or the genuineness of any described documents. Instead, the Request relates to a "contention" and is not an

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION - 7 - Page 71    CASE NO. 14-CV-2513L-KSC

1   appropriate Request for Admission pursuant to Fed. R. Civ. P. 33. To the extent a

2   response is required, Defendant responds that it cannot appropriately or honestly

3   admit or deny the Request because contentions such as the subject of the Request

4   may change, especially as here when Plaintiff has provided insufficient information

5   about its contentions.

6   **REQUEST NO. 15**

7   Admit that YOU do not dispute that the PATENT-IN-SUIT is enforceable.

8   **RESPONSE:**

9   Defendant objects to the Request on the ground that the Request is improper

10   under Fed. R. Civ. P. 33 (a) in that it does not seek an admission of facts, the

11   application of law to fact, or opinions about either; or the genuineness of any

12   described documents. Instead, the Request relates to a "contention" and is not an

13   appropriate Request for Admission pursuant to Fed. R. Civ. P. 33. To the extent a

14   response is required, Defendant responds that it cannot appropriately or honestly

15   admit or deny the Request because contentions such as the subject of the Request

16   may change, especially as here when Plaintiff has provided insufficient information

17   about its contentions.

18   **REQUEST NO. 16**

19   Admit that the PATENT-IN-SUIT is infringed by the DRUG PRODUCT.

20   **RESPONSE:**

21   This Request is DENIED.

22   **REQUEST NO. 17**

23   Admit that the DRUG PRODUCT is covered by the PATENT-IN-SUIT

24   pursuant to the terms of the ASSIGNMENT AGREEMENT.

25   **RESPONSE:**

26   This Request is DENIED.

27   **REQUEST NO. 18**

28   Admit that the claims in the PATENT-IN-SUIT do not include any mention

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION   - 8 -   CASE NO. 14-cv-2513L-KSC
Page 72

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  of a herpes simplex virus type-1.

2  **RESPONSE:**

3  Defendant objects to the Request on the grounds that the phrase "do not

4  include any mention" is unintelligible.  Patent claims are construed with reference

5  to the patent's intrinsic record.

6  For the foregoing reasons, this Request is DENIED.

7  **REQUEST NO. 19**

8  Admit that the PATENT-IN-SUIT does not expressly exclude the use of a

9  herpes simplex virus type-1.

10  **RESPONSE:**

11  This Request is DENIED.

12  **REQUEST NO. 20**

13  Admit that YOU owe a $1,000,000 milestone payment to MediciNova, Inc.

14  under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

15  **RESPONSE:**

16  This Request is DENIED.

17  **REQUEST NO. 21**

18  Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc.

19  that YOU believed there was an exclusion in the PATENT-IN-SUIT for the use of a

20  herpes simplex virus type-1.

21  **RESPONSE:**

22  Defendant objects to the Request on the grounds that the phrase "exclusion in

23  the PATENT-IN-SUIT for the use of a herpes simplex virus type-1" is

24  unintelligible.  MediciNova was fully informed of the patent and its claims either

25  expressly or as implicit in the patent and its intrinsic record and extrinsic record,

26  and thus MediciNova was aware or should have been aware of the scope of the

27  claims of the patent-in-suit.

28  For the foregoing reasons, this Request is DENIED.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION    - 9 -                    CASE NO. 14-cv-2513L-KSC
Page 73

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST NO. 22**

Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc. that YOU believed the DRUG PRODUCT is made using a herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

Dated: February 6, 2017                    Respectfully submitted,

                                           DRINKER BIDDLE & REATH LLP


                                           By: _/s/ Francis DiGiovanni_
                                               Francis DiGiovanni

                                           Attorney for Defendant GENZYME
                                           CORPORATION
                                           E-mail: francis.digiovanni@dbr.com

1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:  (415) 591-7500
5   Facsimile:   (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE
    3189)
7   francis.digiovanni@dbr.com
    DRINKER BIDDLE & REATH LLP
8   222 Delaware Avenue, Suite 1410
    Wilmington, DE  19801-1621
9   Telephone:  (302) 591-4266
    Facsimile:   (302) 467-4201

10
    ANN E. KINSEY (SBN 299755)
11  akinsey@bkflaw.com
    BLANCHARD, KRASNER & FRENCH
12  800 Silverado Street, 2nd Floor
    La Jolla, CA  92037
13  Telephone:  (858) 551-2440
    Facsimile:   (858) 551-2434

14
    Attorneys for Defendant
15  GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware            Case No. 3:14-cv-02513-L-KSC
    Corporation,
20
                    Plaintiff,
21
    v.                                      **GENZYME CORPORATION'S**
22                                          **OBJECTIONS AND RESPONSES**
                                            **TO MEDICINOVA, INC.'S SECOND**
23  GENZYME CORPORATION, a                  **SET OF REQUESTS FOR**
    Massachusetts Corporation,              **ADMISSION**
24
                    Defendant.
25

26
          CONTAINS INFORMATION DESIGNATED **HIGHLY CONFIDENTIAL –**
27        **ATTORNEYS' EYES ONLY** SUBJECT TO PROTECTIVE ORDER

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") Second Set of Requests for Admission (Nos. 23-50) as follows:

### General Objections

1.     By responding to the Second Set of Requests for Admission, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents given in response to the Second Set of Requests for Admission; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

2.     Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions set forth in its Objections and Responses to MediciNova's First and Second Sets of Interrogatories and Requests for Production of Documents, and First Set of Requests for Admissions, within each of the individual responses to the Second Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

3.     Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions within each of the individual responses to the Second Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

4.     Subject to and without waiving its general and specific objections to Plaintiff's individual requests, Defendant will provide responses that comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

### Objections to Plaintiff's Definitions and Instructions

1.     Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        - 2 -        CASE NO. 14-CV-2513L-KSC
Page 76

seeking information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's Definition No. 1 to the extent that it is vague and ambiguous because it purports to apply to "present or former officers, directors, employees, agents, and representatives" regardless as to whether such persons acted on behalf of Defendant or while associated with Defendant. Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks information outside the possession, custody, or control of Defendant by "all present or former officers, directors, employees, agents, and representatives."

2.     Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product") on the basis that it is overly broad and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant specifically objects to the definition because it purports to cover "any improvement or derivative," making the definition overly broad and encompassing information not relevant to any party's claim or defense.

3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the extent that they purport to (i) exceed the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.

4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it is not limited in time and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.     Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.     Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.     Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.     Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 4 -

Page 78

CASE NO. 14-CV-2513L-KSC

1  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of
2  California, and any other applicable law.

3  **Objections and Responses to Requests for Admissions**

4  <u>**REQUEST NO. 23**</u>

5  Admit that the manufacturing of the DRUG PRODUCT uses or has used an
6  adeno-associated virus ("AAV") vector that contains a nucleic acid sequence
7  encoding a protein that is not native to the virus (hereinafter referred to as
8  "Production Molecule") and a separate AAV vector that assists the PRODUCTION
9  MOLECULE with replication and/or packaging in a host cell (hereinafter referred
10 to as "Helper Molecule").

11 <u>**RESPONSE:**</u>

12 In addition to its General Objections and Objections to Plaintiff's Definitions
13 and Instructions, Defendant objects to the Request on the grounds that the phrase "a
14 separate AAV vector that assists the PRODUCTION MOLECULE with replication
15 and/or packaging in a host cell" is ambiguous.

16 For the foregoing reasons, this Request is DENIED.

17 <u>**REQUEST NO. 24**</u>

18 Admit that the HELPER MOLECULE contains a region that codes for an
19 AAV replication protein or a protein that is capable of replicating the
20 PRODUCTION MOLECULE in the host cell (hereinafter referred to as "Rep
21 Protein").

22 <u>**RESPONSE:**</u>

23 In addition to its General Objections and Objections to Plaintiff's Definitions
24 and Instructions, Defendant objects to the Request on the grounds that the
25 definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
26 ambiguous.

27 For the foregoing reasons, this Request is DENIED.

28 <u>**REQUEST NO. 25**</u>

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Admit that the HELPER MOLECULE contains a region that codes for an
2  AAV capsid protein or a protein that is capable of packaging the PRODUCTION
3  MOLECULE into a virion in the host cell (hereinafter referred to as "Cap Protein").

4  **RESPONSE:**

5  In addition to its General Objections and Objections to Plaintiff's Definitions
6  and Instructions, Defendant objects to the Request on the grounds that the
7  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
8  ambiguous.

9  For the foregoing reasons, this Request is DENIED.

10 **REQUEST NO. 26**

11 Admit that the HELPER MOLECULE contains an AAV p5 promoter.

12 **RESPONSE:**

13 In addition to its General Objections and Objections to Plaintiff's Definitions
14 and Instructions, Defendant objects to the Request on the grounds that the
15 definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
16 ambiguous.

17 Defendant further objects to the Request on the grounds that it seeks
18 information that has no relevance to the claims and defenses in this litigation, and
19 therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
20 requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
21 *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94
22 Fed. Cl. 413, 416-17 (2010) ("One ground, among many, that can justify an
23 objection to a request for admission is that the request for admission seeks an
24 admission that is irrelevant to the case being tried."); *Estate of Cederloff v. United*
25 *States*, No. DKC 08–2863, 2010 WL 157512, at *2 (D. Md. Jan. 13, 2010) (denying
26 Rule 36(a)(6) motion because the requests for admission in question were "wholly
27 irrelevant" to the case); *Mercantile Safe Deposit & Trust Co. v. Glass*, No. CIV. A.
28 HM 91-2606, 1993 WL 313613, at *3 (D. Md. June 2, 1993) (denying motion to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 6 -          CASE NO. 14-cv-2513L-KSC
Page 80

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

compel because "the discovery requests and the requests for admission at issue are not relevant to the proceedings as they currently stand"); *Walker v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 5:11-0529, 2012 WL 1155140, at *10 (S.D.W. Va. Apr. 5, 2012) (denying plaintiffs' motion regarding sufficiency of objections to requests for admission); *Tuvalu v. Woodford*, No. S04-1724 DFLKJMP, 2006 WL 3201096, at *7 (E.D. Cal. Nov. 2, 2006), *report and recommendation adopted*, No. CIVS041724JAMKJMP, 2008 WL 2774571 (E.D. Cal. July 15, 2008) (granting motion to compel response to only one request for admission out of more than thirty).

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 27**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is modified such that the p5 promoter does not function in transcription initiation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          Page 81

- 7 -

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 28**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is modified to not include a TATA box.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 29**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is situated in a location such that the p5 promoter does not function in transcription initiation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION     Page 82

- 8 -

CASE NO. 14-CV-2513L-KSC

1  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
2  ambiguous.

3  Defendant further objects to the Request on the grounds that it seeks
4  information that has no relevance to the claims and defenses in this litigation, and
5  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
6  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
7  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
8  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
9  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

10  Because "the responding party waives any objections to the request for
11  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
12  request is neither admitted nor denied.

13  **REQUEST NO. 30**

14  Admit that the HELPER MOLECULE contains an AAV p5 promoter and the
15  p5 promoter is located 3' relative to a REP PROTEIN.

16  **RESPONSE:**

17  In addition to its General Objections and Objections to Plaintiff's Definitions
18  and Instructions, Defendant objects to the Request on the grounds that the
19  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
20  ambiguous.

21  Defendant further objects to the Request on the grounds that it seeks
22  information that has no relevance to the claims and defenses in this litigation, and
23  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
24  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
25  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
26  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
27  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

28  Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION     Page 83

- 9 -

CASE NO. 14-cv-2513L-KSC

admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 31**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is located 3' relative to a CAP PROTEIN.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 32**

Admit that the HELPER MOLECULE codes for both a long form and a short form of a REP PROTEIN.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Defendant further objects to the Request on the grounds that it seeks
2  information that has no relevance to the claims and defenses in this litigation, and
3  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
4  requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*
5  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
6  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
7  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

8  Because "the responding party waives any objections to the request for
9  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
10  request is neither admitted nor denied.

11  **REQUEST NO. 33**

12  Admit that the HELPER MOLECULE expresses a greater amount of a short
13  form of a REP PROTEIN than a long form of the REP PROTEIN.

14  **RESPONSE:**

15  In addition to its General Objections and Objections to Plaintiff's Definitions
16  and Instructions, Defendant objects to the Request on the grounds that the phrase
17  "expresses a greater amount" is ambiguous.  Defendant objects to the Request on
18  the grounds that the definition of the term "HELPER MOLECULE" set forth in
19  Request No. 23 is ambiguous.

20  Defendant further objects to the Request on the grounds that it seeks
21  information that has no relevance to the claims and defenses in this litigation, and
22  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
23  requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*
24  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
25  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
26  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

27  Because "the responding party waives any objections to the request for
28  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova 2d Requests for Admission

- 11 -

Page 85

Case No. 14-cv-2513L-KSC

request is neither admitted nor denied.

**REQUEST NO. 34**

Admit that the PRODUCTION MOLECULE contains an AAV Rep binding site that binds a REP PROTEIN.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 35**

Admit that the PRODUCTION MOLECULE contains an AAV Rep binding site that includes a GCTC sequence.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 12 -

Page 86

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 36**

Admit that that the HELPER MOLECULE contains a CAP PROTEIN that contains at least a mutation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the phrase "a CAP PROTEIN that contains at least a mutation" is unintelligible. Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 37**

Admit that the manufacturing of the DRUG PRODUCT uses or has used a cell that contains a PRODUCTION MOLECULE and a separate nucleic acid containing an adenovirus E4 region (hereinafter referred to as "Accessory Function Molecule").

**RESPONSE:**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 13 -

Page 87

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    In addition to its General Objections and Objections to Plaintiff's Definitions

2  and Instructions, Defendant objects to the Request on the grounds that it seeks

3  information that has no relevance to the claims and defenses in this litigation, and

4  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

5  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

6  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

7  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

8  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

9    Because "the responding party waives any objections to the request for

10  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

11  request is neither admitted nor denied.

12    **REQUEST NO. 38**

13    Admit that the ACCESSORY FUNCTION MOLECULE lacks an intact E4

14  ORF 6 coding region.

15    **RESPONSE:**

16    In addition to its General Objections and Objections to Plaintiff's Definitions

17  and Instructions, Defendant objects to the Request on the grounds that it seeks

18  information that has no relevance to the claims and defenses in this litigation, and

19  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

20  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

21  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

22  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

23  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

24    Because "the responding party waives any objections to the request for

25  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

26  request is neither admitted nor denied.

27    **REQUEST NO. 39**

28    Admit that the ACCESSORY FUNCTION MOLECULE contains an

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova 2d Requests for Admission       - 14 -       Case No. 14-cv-2513L-KSC
Page 88

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    adenovirus VA RNA coding region.

2        **RESPONSE:**

3        In addition to its General Objections and Objections to Plaintiff's Definitions

4    and Instructions, Defendant objects to the Request on the grounds that it seeks

5    information that has no relevance to the claims and defenses in this litigation, and

6    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

7    requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

8    *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

9    *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

10   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

11       Because "the responding party waives any objections to the request for

12   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

13   request is neither admitted nor denied.

14       **REQUEST NO. 40**

15       Admit that the ACCESSORY FUNCTION MOLECULE contains an

16   adenovirus E2A 72KD coding region.

17       **RESPONSE:**

18       In addition to its General Objections and Objections to Plaintiff's Definitions

19   and Instructions, Defendant objects to the Request on the grounds that it seeks

20   information that has no relevance to the claims and defenses in this litigation, and

21   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

22   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

23   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

24   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

25   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

26       Because "the responding party waives any objections to the request for

27   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

28   request is neither admitted nor denied.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 15 -                    CASE NO. 14-CV-2513L-KSC
                                         Page 89

**REQUEST NO. 41**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1A coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 42**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1B coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 16 -

Page 90

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 43**

Admit that the adenovirus E1B coding region lacks an intact E1B 55k coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 44**

Admit that at least one formulation of the DRUG PRODUCT contains a dihydric alcohol.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 17 -

CASE NO. 14-CV-2513L-KSC

Page 91

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

2   Because "the responding party waives any objections to the request for

3   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

4   request is neither admitted nor denied.

5   **REQUEST NO. 45**

6   Admit that at least one formulation of the DRUG PRODUCT contains a

7   polyhydric alcohol.

8   **RESPONSE:**

9   In addition to its General Objections and Objections to Plaintiff's Definitions

10  and Instructions, Defendant objects to the Request on the grounds that it seeks

11  information that has no relevance to the claims and defenses in this litigation, and

12  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

13  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

14  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

15  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

16  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

17  Because "the responding party waives any objections to the request for

18  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

19  request is neither admitted nor denied.

20  **REQUEST NO. 46**

21  Admit that at least one formulation of the DRUG PRODUCT contains a

22  detergent and a dihydric or polyhydric alcohol.

23  **RESPONSE:**

24  In addition to its General Objections and Objections to Plaintiff's Definitions

25  and Instructions, Defendant objects to the Request on the grounds that it seeks

26  information that has no relevance to the claims and defenses in this litigation, and

27  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

28  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO                    - 18 -                CASE NO. 14-CV-2513L-KSC
MEDICINOVA 2D REQUESTS FOR ADMISSION   Page 92

*Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 47**

Admit that at least one formulation of the DRUG PRODUCT contains a propylene glycol.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 48**

Admit that the manufacturing of the DRUG PRODUCT uses or has used anion exchange chromatography.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 19 -
Page 93

CASE NO. 14-cv-2513L-KSC

1  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

2  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

3  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

4  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

5  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

6  Because "the responding party waives any objections to the request for

7  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

8  request is neither admitted nor denied.

9  **REQUEST NO. 49**

10  Admit that the manufacturing of the DRUG PRODUCT uses or has used

11  anion exchange chromatography which is washed with a reagent that contains

12  sarcosine.

13  **RESPONSE:**

14  In addition to its General Objections and Objections to Plaintiff's Definitions

15  and Instructions, Defendant objects to the Request on the grounds that it seeks

16  information that has no relevance to the claims and defenses in this litigation, and

17  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

18  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

19  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

20  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

21  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

22  Because "the responding party waives any objections to the request for

23  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

24  request is neither admitted nor denied.

25  **REQUEST NO. 50**

26  Admit that the manufacturing of the DRUG PRODUCT uses or has used

27  cation exchange chromatography.

28  **RESPONSE:**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION       - 20 -       CASE NO. 14-cv-2513L-KSC
Page 94

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   In addition to its General Objections and Objections to Plaintiff's Definitions

2   and Instructions, Defendant objects to the Request on the grounds that it seeks

3   information that has no relevance to the claims and defenses in this litigation, and

4   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

5   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

6   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

7   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

8   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

9   Because "the responding party waives any objections to the request for

10   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

11   request is neither admitted nor denied.

12

13

14   Dated:  February 6, 2017                    Respectfully submitted,

15                                              DRINKER BIDDLE & REATH LLP

16

17                                             By: */s/ Francis DiGiovanni*

18                                                  Francis DiGiovanni

19                                             Attorney for Defendant GENZYME
                                               CORPORATION
20                                             E-mail:  francis.digiovanni@dbr.com

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION
- 21 -
Page 95
CASE NO. 14-cv-2513L-KSC

# EXHIBIT J

**EXHIBIT J**

STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:  (415) 591-7500
Facsimile:   (415) 591-7510

FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801-1621
Telephone:  (302) 591-4266
Facsimile:   (302) 467-4201

ANN E. KINSEY (SBN 299755)
akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
800 Silverado Street, 2nd Floor
La Jolla, CA  92037
Telephone:  (858) 551-2440
Facsimile:   (858) 551-2434

Attorneys for Defendant
GENZYME CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, a Massachusetts Corporation,<br><br>　　　　　Defendant. | Case No. 3:14-cv-02513-L-KSC<br><br>**GENZYME CORPORATION'S OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") First Set of Requests for Admission (Nos. 1-22) as follows:

**General Objections**

1.     By responding to the First Set of Requests for Admission, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents given in response to the First Set of Requests for Admission; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

2.     Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions set forth in its Objections and Responses to MediciNova's First and Second Sets of Interrogatories and Requests for Production of Documents, and Second Set of Requests for Admissions, within each of the individual responses to the First Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

3.     Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions within each of the individual responses to the First Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

4.     Subject to and without waiving its general and specific objections to Plaintiff's individual requests, Defendant will provide responses that comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

**Objections to Plaintiff's Definitions and Instructions**

1.     Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION          - 2 -          CASE NO. 14-cv-2513L-KSC
Page 98

1    seeking information not reasonably calculated to lead to the discovery of admissible

2    evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

3    it is vague and ambiguous because it purports to apply to "present or former

4    officers, directors, employees, agents, and representatives" regardless as to whether

5    such persons acted on behalf of Defendant or while associated with Defendant.

6    Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

7    information outside the possession, custody, or control of Defendant by "all present

8    or former officers, directors, employees, agents, and representatives."

9        2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

10   on the basis that it is overly broad and therefore seeks information or documents

11   that are not relevant to any party's claim or defense or not proportional to the needs

12   of the case, considering the importance of the issues at stake in the action, the

13   amount in controversy, the parties' relative access to relevant information, the

14   parties' resources, the importance of the discovery in resolving the issues, and

15   whether the burden or expense of the proposed discovery outweighs its likely

16   benefit.  Defendant specifically objects to the definition because it purports to cover

17   "any improvement or derivative," making the definition overly broad and

18   encompassing information not relevant to any party's claim or defense.

19       3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

20   extent that they purport to (i) exceed the scope of discovery as provided by the

21   Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

22   obligations on Defendant beyond those permitted by the Federal Rules of Civil

23   Procedure.

24       4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

25   is not limited in time and therefore seeks information or documents that are not

26   relevant to any party's claim or defense or not proportional to the needs of the case,

27   considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION Page 99     - 3 -        CASE NO. 14-cv-2513L-KSC

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.      Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.      Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.      Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION          - 4 -          CASE NO. 14-cv-2513L-KSC
Page 100

the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

**Objections and Responses to Requests for Admissions**

**REQUEST NO. 1**

Admit that the DRUG PRODUCT contains a recombinant virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 2**

Admit that the DRUG PRODUCT contains an adeno-associated virus.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 3**

Admit that the DRUG PRODUCT does not contain an amount of wild-type adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 4**

Admit that the DRUG PRODUCT does not contain an amount of replicable adeno-associated virus that is higher than 0.01% of all viruses in the Drug Product.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 5**

Admit that the DRUG PRODUCT contains a recombinant virus containing a recombinant adeno-associated virus vector.

**RESPONSE:**

This Request is ADMITTED.

**REQUEST NO. 6**

Admit that the DRUG PRODUCT contains a recombinant adeno-associated

1    virus vector that contains a nucleic acid sequence encoding a protein that is not

2    native to the virus.

3        **RESPONSE:**

4        This Request is ADMITTED.

5        **REQUEST NO. 7**

6        Admit that the DRUG PRODUCT contains a recombinant virus which does

7    not contain a nucleic acid sequence encoding a viral protein capable of replicating

8    or packaging an adeno-associated virus vector.

9        **RESPONSE:**

10       This Request is ADMITTED.

11       **REQUEST NO. 8**

12       Admit that the DRUG PRODUCT contains a recombinant virus which does

13   not contain a nucleic acid sequence encoding a viral rep protein.

14       **RESPONSE:**

15       This Request is ADMITTED.

16       **REQUEST NO. 9**

17       Admit that the DRUG PRODUCT contains a recombinant virus which does

18   not contain a nucleic acid sequence encoding a viral cap protein.

19       **RESPONSE:**

20       This Request is ADMITTED.

21       **REQUEST NO. 10**

22       Admit that the preparation of the DRUG PRODUCT includes the preparation

23   or use of a cell that contains an adeno-associated virus vector and a separate vector

24   containing a nucleic acid sequence encoding an adeno-associated virus rep protein

25   or an adeno-associated virus cap protein.

26       **RESPONSE:**

27       This Request is ADMITTED.

28       **REQUEST NO. 11**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION   - 6 -      CASE NO. 14-cv-2513L-KSC
Page 102

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 12**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector and a separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 13**

Admit that the preparation of the DRUG PRODUCT includes the preparation or use of a cell that contains an adeno-associated virus vector, a separate vector containing a nucleic acid sequence encoding an adeno-associated virus rep protein or an adeno-associated virus cap protein, and a further separate vector containing a nucleic acid sequence encoding a viral E1A, E1B, E2A, or E4 protein that is not derived from herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 14**

Admit that YOU do not dispute that the PATENT-IN-SUIT is valid.

**RESPONSE:**

Defendant objects to the Request on the ground that the Request is improper under Fed. R. Civ. P. 33(a) in that it does not seek an admission of facts, the application of law to fact, or opinions about either; or the genuineness of any described documents.  Instead, the Request relates to a "contention" and is not an

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION        - 7 -                    CASE NO. 14-cv-2513L-KSC
Page 103

1   appropriate Request for Admission pursuant to Fed. R. Civ. P. 33.  To the extent a

2   response is required, Defendant responds that it cannot appropriately or honestly

3   admit or deny the Request because contentions such as the subject of the Request

4   may change, especially as here when Plaintiff has provided insufficient information

5   about its contentions.

6   **REQUEST NO. 15**

7   Admit that YOU do not dispute that the PATENT-IN-SUIT is enforceable.

8   **RESPONSE:**

9   Defendant objects to the Request on the ground that the Request is improper

10  under Fed. R. Civ. P. 33 (a) in that it does not seek an admission of facts, the

11  application of law to fact, or opinions about either; or the genuineness of any

12  described documents.  Instead, the Request relates to a "contention" and is not an

13  appropriate Request for Admission pursuant to Fed. R. Civ. P. 33.  To the extent a

14  response is required, Defendant responds that it cannot appropriately or honestly

15  admit or deny the Request because contentions such as the subject of the Request

16  may change, especially as here when Plaintiff has provided insufficient information

17  about its contentions.

18  **REQUEST NO. 16**

19  Admit that the PATENT-IN-SUIT is infringed by the DRUG PRODUCT.

20  **RESPONSE:**

21  This Request is DENIED.

22  **REQUEST NO. 17**

23  Admit that the DRUG PRODUCT is covered by the PATENT-IN-SUIT

24  pursuant to the terms of the ASSIGNMENT AGREEMENT.

25  **RESPONSE:**

26  This Request is DENIED.

27  **REQUEST NO. 18**

28  Admit that the claims in the PATENT-IN-SUIT do not include any mention

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION   - 8 -       CASE NO. 14-cv-2513L-KSC
Page 104

of a herpes simplex virus type-1.

**RESPONSE:**

Defendant objects to the Request on the grounds that the phrase "do not include any mention" is unintelligible. Patent claims are construed with reference to the patent's intrinsic record.

For the foregoing reasons, this Request is DENIED.

**REQUEST NO. 19**

Admit that the PATENT-IN-SUIT does not expressly exclude the use of a herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 20**

Admit that YOU owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

**RESPONSE:**

This Request is DENIED.

**REQUEST NO. 21**

Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc. that YOU believed there was an exclusion in the PATENT-IN-SUIT for the use of a herpes simplex virus type-1.

**RESPONSE:**

Defendant objects to the Request on the grounds that the phrase "exclusion in the PATENT-IN-SUIT for the use of a herpes simplex virus type-1" is unintelligible. MediciNova was fully informed of the patent and its claims either expressly or as implicit in the patent and its intrinsic record and extrinsic record, and thus MediciNova was aware or should have been aware of the scope of the claims of the patent-in-suit.

For the foregoing reasons, this Request is DENIED.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION          - 9 -          CASE NO. 14-cv-2513L-KSC
Page 105

**REQUEST NO. 22**

Admit that prior to June 15, 2016, YOU never informed MediciNova, Inc. that YOU believed the DRUG PRODUCT is made using a herpes simplex virus type-1.

**RESPONSE:**

This Request is DENIED.

Dated: February 6, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Francis DiGiovanni
        Francis DiGiovanni

Attorney for Defendant GENZYME CORPORATION
E-mail: francis.digiovanni@dbr.com

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST REQUESTS FOR ADMISSION

- 10 -
Page 106

CASE NO. 14-cv-2513L-KSC

1  STEVEN M. SELNA (SBN 133409)
   steven.selna@dbr.com
2  AMY P. FRENZEN (SBN 245368)
   amy.frenzen@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:  (415) 591-7500
5  Facsimile:   (415) 591-7510

6  FRANCIS DIGIOVANNI (*pro hac vice*; DE
   3189)
7  francis.digiovanni@dbr.com
   DRINKER BIDDLE & REATH LLP
8  222 Delaware Avenue, Suite 1410
   Wilmington, DE  19801-1621
9  Telephone:  (302) 591-4266
   Facsimile:   (302) 467-4201
10
   ANN E. KINSEY (SBN 299755)
11 akinsey@bkflaw.com
   BLANCHARD, KRASNER & FRENCH
12 800 Silverado Street, 2nd Floor
   La Jolla, CA  92037
13 Telephone:  (858) 551-2440
   Facsimile:   (858) 551-2434
14
   Attorneys for Defendant
15 GENZYME CORPORATION

16            UNITED STATES DISTRICT COURT

17           SOUTHERN DISTRICT OF CALIFORNIA

18

19 MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
   Corporation,
20
                Plaintiff,
21
   v.                                    **GENZYME CORPORATION'S**
22                                        **OBJECTIONS AND RESPONSES**
                                          **TO MEDICINOVA, INC.'S SECOND**
23 GENZYME CORPORATION, a                 **SET OF REQUESTS FOR**
   Massachusetts Corporation,             **ADMISSION**
24
                Defendant.
25

26 ███████████████████████████████████████
27 ███████████████████████████████████████
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") Second Set of Requests for Admission (Nos. 23-50) as follows:

### General Objections

1.      By responding to the Second Set of Requests for Admission, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents given in response to the Second Set of Requests for Admission; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

2.      Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions set forth in its Objections and Responses to MediciNova's First and Second Sets of Interrogatories and Requests for Production of Documents, and First Set of Requests for Admissions, within each of the individual responses to the Second Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

3.      Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions within each of the individual responses to the Second Set of Requests for Admission, and all responses to the individual requests are made subject to and without waiving these objections.

4.      Subject to and without waiving its general and specific objections to Plaintiff's individual requests, Defendant will provide responses that comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

### Objections to Plaintiff's Definitions and Instructions

1.      Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION      - 2 -      CASE NO. 14-cv-2513L-KSC
Page 108

seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that it is vague and ambiguous because it purports to apply to "present or former officers, directors, employees, agents, and representatives" regardless as to whether such persons acted on behalf of Defendant or while associated with Defendant. Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks information outside the possession, custody, or control of Defendant by "all present or former officers, directors, employees, agents, and representatives."

2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product") on the basis that it is overly broad and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant specifically objects to the definition because it purports to cover "any improvement or derivative," making the definition overly broad and encompassing information not relevant to any party's claim or defense.

3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the extent that they purport to (i) exceed the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.

4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it is not limited in time and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 3 -                    CASE NO. 14-cv-2513L-KSC
                                    Page 109

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's Instruction No. 1 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrases "must be signed by Genzyme" and "please furnish all information available to Genzyme."

7.      Defendant objects to Plaintiff's Instruction No. 2 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law, including the phrase "state whatever information or knowledge Genzyme has concerning the unanswered portions and the efforts it has undertaken to secure the information sought."

8.      Defendant objects to Plaintiff's Instruction No. 3 on the grounds that it purports to rewrite provisions of Federal Rules of Civil Procedure 36.

9.      Defendant objects to Plaintiff's Instruction No. 7 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          Page 110

- 4 -

CASE NO. 14-cv-2513L-KSC

1  the Federal Rules of Civil Procedure, the Local Rules of the Southern District of

2  California, and any other applicable law.

3  **Objections and Responses to Requests for Admissions**

4  **REQUEST NO. 23**

5  Admit that the manufacturing of the DRUG PRODUCT uses or has used an

6  adeno-associated virus ("AAV") vector that contains a nucleic acid sequence

7  encoding a protein that is not native to the virus (hereinafter referred to as

8  "Production Molecule") and a separate AAV vector that assists the PRODUCTION

9  MOLECULE with replication and/or packaging in a host cell (hereinafter referred

10  to as "Helper Molecule").

11  **RESPONSE:**

12  In addition to its General Objections and Objections to Plaintiff's Definitions

13  and Instructions, Defendant objects to the Request on the grounds that the phrase "a

14  separate AAV vector that assists the PRODUCTION MOLECULE with replication

15  and/or packaging in a host cell" is ambiguous.

16  For the foregoing reasons, this Request is DENIED.

17  **REQUEST NO. 24**

18  Admit that the HELPER MOLECULE contains a region that codes for an

19  AAV replication protein or a protein that is capable of replicating the

20  PRODUCTION MOLECULE in the host cell (hereinafter referred to as "Rep

21  Protein").

22  **RESPONSE:**

23  In addition to its General Objections and Objections to Plaintiff's Definitions

24  and Instructions, Defendant objects to the Request on the grounds that the

25  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

26  ambiguous.

27  For the foregoing reasons, this Request is DENIED.

28  **REQUEST NO. 25**

1  Admit that the HELPER MOLECULE contains a region that codes for an
2  AAV capsid protein or a protein that is capable of packaging the PRODUCTION
3  MOLECULE into a virion in the host cell (hereinafter referred to as "Cap Protein").

4  **RESPONSE:**

5  In addition to its General Objections and Objections to Plaintiff's Definitions
6  and Instructions, Defendant objects to the Request on the grounds that the
7  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
8  ambiguous.

9  For the foregoing reasons, this Request is DENIED.

10  **REQUEST NO. 26**

11  Admit that the HELPER MOLECULE contains an AAV p5 promoter.

12  **RESPONSE:**

13  In addition to its General Objections and Objections to Plaintiff's Definitions
14  and Instructions, Defendant objects to the Request on the grounds that the
15  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is
16  ambiguous.

17  Defendant further objects to the Request on the grounds that it seeks
18  information that has no relevance to the claims and defenses in this litigation, and
19  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
20  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*
21  *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94
22  Fed. Cl. 413, 416-17 (2010) ("One ground, among many, that can justify an
23  objection to a request for admission is that the request for admission seeks an
24  admission that is irrelevant to the case being tried."); *Estate of Cederloff v. United*
25  *States*, No. DKC 08–2863, 2010 WL 157512, at *2 (D. Md. Jan. 13, 2010) (denying
26  Rule 36(a)(6) motion because the requests for admission in question were "wholly
27  irrelevant" to the case); *Mercantile Safe Deposit & Trust Co. v. Glass*, No. CIV. A.
28  HM 91-2606, 1993 WL 313613, at *3 (D. Md. June 2, 1993) (denying motion to

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
Medicinova 2d Requests for Admission      - 6 -
Page 112                                  Case No. 14-cv-2513L-KSC

compel because "the discovery requests and the requests for admission at issue are not relevant to the proceedings as they currently stand"); *Walker v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 5:11-0529, 2012 WL 1155140, at *10 (S.D.W. Va. Apr. 5, 2012) (denying plaintiffs' motion regarding sufficiency of objections to requests for admission); *Tuvalu v. Woodford*, No. S04-1724 DFLKJMP, 2006 WL 3201096, at *7 (E.D. Cal. Nov. 2, 2006), *report and recommendation adopted*, No. CIVS041724JAMKJMP, 2008 WL 2774571 (E.D. Cal. July 15, 2008) (granting motion to compel response to only one request for admission out of more than thirty).

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 27**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is modified such that the p5 promoter does not function in transcription initiation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 7 -          CASE NO. 14-cv-2513L-KSC
Page 113

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 28**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is modified to not include a TATA box.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 29**

Admit that the HELPER MOLECULE contains an AAV p5 promoter and the p5 promoter is situated in a location such that the p5 promoter does not function in transcription initiation.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO MEDICINOVA 2D REQUESTS FOR ADMISSION

- 8 -
Page 114

CASE NO. 14-cv-2513L-KSC

1  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

2  ambiguous.

3  Defendant further objects to the Request on the grounds that it seeks

4  information that has no relevance to the claims and defenses in this litigation, and

5  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

6  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

7  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

8  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

9  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

10  Because "the responding party waives any objections to the request for

11  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

12  request is neither admitted nor denied.

13  **REQUEST NO. 30**

14  Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

15  p5 promoter is located 3' relative to a REP PROTEIN.

16  **RESPONSE:**

17  In addition to its General Objections and Objections to Plaintiff's Definitions

18  and Instructions, Defendant objects to the Request on the grounds that the

19  definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

20  ambiguous.

21  Defendant further objects to the Request on the grounds that it seeks

22  information that has no relevance to the claims and defenses in this litigation, and

23  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

24  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

25  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

26  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

27  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

28  Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION     Page 115

- 9 -

CASE NO. 14-cv-2513L-KSC

1    admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

2    request is neither admitted nor denied.

3    **REQUEST NO. 31**

4        Admit that the HELPER MOLECULE contains an AAV p5 promoter and the

5    p5 promoter is located 3' relative to a CAP PROTEIN.

6    **RESPONSE:**

7        In addition to its General Objections and Objections to Plaintiff's Definitions

8    and Instructions, Defendant objects to the Request on the grounds that the

9    definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

10   ambiguous.

11       Defendant further objects to the Request on the grounds that it seeks

12   information that has no relevance to the claims and defenses in this litigation, and

13   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

14   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

15   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

16   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

17   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

18       Because "the responding party waives any objections to the request for

19   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

20   request is neither admitted nor denied.

21   **REQUEST NO. 32**

22       Admit that the HELPER MOLECULE codes for both a long form and a short

23   form of a REP PROTEIN.

24   **RESPONSE:**

25       In addition to its General Objections and Objections to Plaintiff's Definitions

26   and Instructions, Defendant objects to the Request on the grounds that the

27   definition of the term "HELPER MOLECULE" set forth in Request No. 23 is

28   ambiguous.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 10 -

Page 116

CASE NO. 14-cv-2513L-KSC

1   Defendant further objects to the Request on the grounds that it seeks
2   information that has no relevance to the claims and defenses in this litigation, and
3   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
4   requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*
5   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
6   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
7   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

8   Because "the responding party waives any objections to the request for
9   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this
10  request is neither admitted nor denied.

11  **REQUEST NO. 33**

12  Admit that the HELPER MOLECULE expresses a greater amount of a short
13  form of a REP PROTEIN than a long form of the REP PROTEIN.

14  **RESPONSE:**

15  In addition to its General Objections and Objections to Plaintiff's Definitions
16  and Instructions, Defendant objects to the Request on the grounds that the phrase
17  "expresses a greater amount" is ambiguous.  Defendant objects to the Request on
18  the grounds that the definition of the term "HELPER MOLECULE" set forth in
19  Request No. 23 is ambiguous.

20  Defendant further objects to the Request on the grounds that it seeks
21  information that has no relevance to the claims and defenses in this litigation, and
22  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows
23  requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g.,*
24  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;
25  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL
26  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

27  Because "the responding party waives any objections to the request for
28  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 11 -

Page 117

CASE NO. 14-cv-2513L-KSC

1    request is neither admitted nor denied.

2        **REQUEST NO. 34**

3        Admit that the PRODUCTION MOLECULE contains an AAV Rep binding

4    site that binds a REP PROTEIN.

5        **RESPONSE:**

6        In addition to its General Objections and Objections to Plaintiff's Definitions

7    and Instructions, Defendant objects to the Request on the grounds that it seeks

8    information that has no relevance to the claims and defenses in this litigation, and

9    therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

10   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

11   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

12   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

13   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

14       Because "the responding party waives any objections to the request for

15   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

16   request is neither admitted nor denied.

17       **REQUEST NO. 35**

18       Admit that the PRODUCTION MOLECULE contains an AAV Rep binding

19   site that includes a GCTC sequence.

20       **RESPONSE:**

21       In addition to its General Objections and Objections to Plaintiff's Definitions

22   and Instructions, Defendant objects to the Request on the grounds that it seeks

23   information that has no relevance to the claims and defenses in this litigation, and

24   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

25   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

26   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

27   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

28   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        - 12 -        CASE NO. 14-cv-2513L-KSC
Page 118

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 36

Admit that that the HELPER MOLECULE contains a CAP PROTEIN that contains at least a mutation.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the phrase "a CAP PROTEIN that contains at least a mutation" is unintelligible.   Defendant objects to the Request on the grounds that the definition of the term "HELPER MOLECULE" set forth in Request No. 23 is ambiguous.

Defendant further objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)."  *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 37

Admit that the manufacturing of the DRUG PRODUCT uses or has used a cell that contains a PRODUCTION MOLECULE and a separate nucleic acid containing an adenovirus E4 region (hereinafter referred to as "Accessory Function Molecule").

## RESPONSE:

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 13 -          CASE NO. 14-cv-2513L-KSC
Page 119

1    In addition to its General Objections and Objections to Plaintiff's Definitions

2 and Instructions, Defendant objects to the Request on the grounds that it seeks

3 information that has no relevance to the claims and defenses in this litigation, and

4 therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

5 requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

6 *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

7 *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

8 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

9    Because "the responding party waives any objections to the request for

10 admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

11 request is neither admitted nor denied.

12    **REQUEST NO. 38**

13    Admit that the ACCESSORY FUNCTION MOLECULE lacks an intact E4

14 ORF 6 coding region.

15    **RESPONSE:**

16    In addition to its General Objections and Objections to Plaintiff's Definitions

17 and Instructions, Defendant objects to the Request on the grounds that it seeks

18 information that has no relevance to the claims and defenses in this litigation, and

19 therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

20 requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

21 *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

22 *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

23 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

24    Because "the responding party waives any objections to the request for

25 admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

26 request is neither admitted nor denied.

27    **REQUEST NO. 39**

28    Admit that the ACCESSORY FUNCTION MOLECULE contains an

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 14 -

Page 120

CASE NO. 14-cv-2513L-KSC

1   adenovirus VA RNA coding region.

2   **RESPONSE:**

3   In addition to its General Objections and Objections to Plaintiff's Definitions

4   and Instructions, Defendant objects to the Request on the grounds that it seeks

5   information that has no relevance to the claims and defenses in this litigation, and

6   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

7   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

8   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

9   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

10  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

11  Because "the responding party waives any objections to the request for

12  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

13  request is neither admitted nor denied.

14  **REQUEST NO. 40**

15  Admit that the ACCESSORY FUNCTION MOLECULE contains an

16  adenovirus E2A 72KD coding region.

17  **RESPONSE:**

18  In addition to its General Objections and Objections to Plaintiff's Definitions

19  and Instructions, Defendant objects to the Request on the grounds that it seeks

20  information that has no relevance to the claims and defenses in this litigation, and

21  therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

22  requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

23  *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

24  *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

25  1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

26  Because "the responding party waives any objections to the request for

27  admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

28  request is neither admitted nor denied.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        Page 121

- 15 -

CASE NO. 14-cv-2513L-KSC

**REQUEST NO. 41**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1A coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 42**

Admit that the ACCESSORY FUNCTION MOLECULE contains an adenovirus E1B coding region.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION        - 16 -        CASE NO. 14-CV-2513L-KSC
Page 122

1   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

2   request is neither admitted nor denied.

3   **REQUEST NO. 43**

4   Admit that the adenovirus E1B coding region lacks an intact E1B 55k coding

5   region.

6   **RESPONSE:**

7   In addition to its General Objections and Objections to Plaintiff's Definitions

8   and Instructions, Defendant objects to the Request on the grounds that it seeks

9   information that has no relevance to the claims and defenses in this litigation, and

10   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

11   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

12   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

13   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

14   1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

15   Because "the responding party waives any objections to the request for

16   admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this

17   request is neither admitted nor denied.

18   **REQUEST NO. 44**

19   Admit that at least one formulation of the DRUG PRODUCT contains a

20   dihydric alcohol.

21   **RESPONSE:**

22   In addition to its General Objections and Objections to Plaintiff's Definitions

23   and Instructions, Defendant objects to the Request on the grounds that it seeks

24   information that has no relevance to the claims and defenses in this litigation, and

25   therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows

26   requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

27   *Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2;

28   *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION

- 17 -

Page 123

CASE NO. 14-cv-2513L-KSC

1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 45**

Admit that at least one formulation of the DRUG PRODUCT contains a polyhydric alcohol.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 46**

Admit that at least one formulation of the DRUG PRODUCT contains a detergent and a dihydric or polyhydric alcohol.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g.,*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 18 -          CASE NO. 14-cv-2513L-KSC
Page 124

*Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 47

Admit that at least one formulation of the DRUG PRODUCT contains a propylene glycol.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

## REQUEST NO. 48

Admit that the manufacturing of the DRUG PRODUCT uses or has used anion exchange chromatography.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and

therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 49**

Admit that the manufacturing of the DRUG PRODUCT uses or has used anion exchange chromatography which is washed with a reagent that contains sarcosine.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

**REQUEST NO. 50**

Admit that the manufacturing of the DRUG PRODUCT uses or has used cation exchange chromatography.

**RESPONSE:**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D REQUESTS FOR ADMISSION          - 20 -          CASE NO. 14-cv-2513L-KSC
Page 126

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 36(a)(1), which allows requests to admit the truth of matters "within the scope of Rule 26(b)(1)." *See, e.g., Amergen Energy*, 94 Fed. Cl. at 416-17; *Cederloff*, 2010 WL 157512, at *2; *Mercantile Safe Deposit & Trust*, 1993 WL 313613, at *3; *Walker*, 2012 WL 1155140, at *10; *Tuvalu*, 2006 WL 3201096, at *7.

Because "the responding party waives any objections to the request for admission by answering the request" (10A Fed. Proc., L. Ed. § 26:736 at n.10), this request is neither admitted nor denied.

Dated:  February 6, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*
        Francis DiGiovanni

Attorney for Defendant GENZYME CORPORATION
E-mail:  francis.digiovanni@dbr.com

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO MEDICINOVA 2D REQUESTS FOR ADMISSION

- 21 -
Page 127

CASE NO. 14-cv-2513L-KSC

# EXHIBIT K

**EXHIBIT K**

STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:   (415) 591-7500
Facsimile:    (415) 591-7510

FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801-1621
Telephone:   (302) 591-4266
Facsimile:    (302) 467-4201

ANN E. KINSEY (SBN 299755)
akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
800 Silverado Street, 2nd Floor
La Jolla, CA  92037
Telephone:  (858) 551-2440
Facsimile:    (858) 551-2434

Attorneys for Defendant
GENZYME CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, a Massachusetts Corporation,<br><br>                    Defendant. | Case No. 3:14-cv-02513-L-KSC<br><br><br>**GENZYME CORPORATION'S OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S FIRST SET OF INTERROGATORIES** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES
Page 129

CASE NO. 14-CV-2513L-KSC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") First Set of Interrogatories (Nos. 1-18) as follows:

### General Objections

1.  These answers are made solely for the purpose of this action.  Each answer is subject to all objections, as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such Interrogatory were asked of, or statements contained herein were made by a witness present and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.  Defendant's responses are based upon information presently available to and located by Defendant.  The responses given are without prejudice to Defendant's right to provide evidence of any additional facts.  As such, these answers are subject to supplementation and amendment, should future investigation indicate that supplementation or amendment is necessary.

3.  No incidental or implied admissions are intended by these responses. The fact that Defendant has answered or objected to any interrogatory should not be taken as an admission that Defendant admits the existence of any facts set forth or assumed by such interrogatory.  Further, that Defendant has or may answer part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by Defendant of any part of any objection to any interrogatory.

4.  Defendant objects to all discovery requests to the extent they seek the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any privilege or protection.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 2 -

CASE NO. 14-cv-2513L-KSC

Page 130

5.     Defendant objects to all discovery requests to the extent they seek the disclosure of information that (i) is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of Civil Procedure, and any orders of the Court.

6.     Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

7.     Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

8.     Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

9.     Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

10.    Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES
- 3 -
CASE NO. 14-cv-2513L-KSC
Page 131

1    available on the ground that such information and documents are equally available

2    to either party and their production by Defendant would be unnecessarily

3    burdensome.

4        11.    Defendant reserves the right to challenge the competency, materiality,

5    relevance, and admissibility in this proceeding, or any other proceeding related to

6    this proceeding (or any other action) of any information or documents provided in

7    response to any discovery request.

8        12.    Defendant objects to the discovery requests to the extent they require

9    the identification of documents and information not within Defendant's possession,

10   custody, or control.   In responding to these discovery requests, Defendant will

11   undertake to respond based on information within its possession, custody, or

12   control.   Defendant does not undertake to provide information in the possession,

13   custody or control of non-parties.

14       13.    Defendant objects to all discovery requests to the extent they seek

15   information or documents protected from disclosure by statute, regulation,

16   administrative order, case law, or third party contractual agreement.

17       14.    Nothing contained herein may be construed as an admission relative to

18   the existence or non-existence of any document, and no response is an admission

19   respecting the relevance or admissibility in evidence of any statement or

20   characterization contained in any document, or contained in the Response.

21                **Objections to Plaintiff's Definitions and Instructions**

22       1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

23   "you," and "your") on the basis that it is overly broad and unduly burdensome by

24   seeking information not reasonably calculated to lead to the discovery of admissible

25   evidence.   Defendant further objects to Plaintiff's Definition No. 1 to the extent that

26   it is vague and ambiguous because it purports to apply to "present or former

27   officers, directors, employees, agents, and representatives" regardless as to whether

28   such persons acted on behalf of Defendant or while associated with Defendant.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO          - 4 -                    CASE NO. 14-cv-2513L-KSC
MEDICINOVA FIRST SET OF INTERROGATORIES
Page 132

1    Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

2    information outside the possession, custody, or control of Defendant by "all present

3    or former officers, directors, employees, agents, and representatives."

4          2.     Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

5    on the basis that it is overly broad and therefore seeks information or documents

6    that are not relevant to any party's claim or defense or not proportional to the needs

7    of the case, considering the importance of the issues at stake in the action, the

8    amount in controversy, the parties' relative access to relevant information, the

9    parties' resources, the importance of the discovery in resolving the issues, and

10   whether the burden or expense of the proposed discovery outweighs its likely

11   benefit.  Defendant specifically objects to the definition because it purports to cover

12   "any improvement or derivative," making the definition overly broad and

13   encompassing information not relevant to any party's claim or defense.

14         3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

15   extent that they purport to (i) exceed the scope of discovery as provided by the

16   Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

17   obligations on Defendant beyond those permitted by the Federal Rules of Civil

18   Procedure.

19         4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

20   is not limited in time and therefore seeks information or documents that are not

21   relevant to any party's claim or defense or not proportional to the needs of the case,

22   considering the importance of the issues at stake in the action, the amount in

23   controversy, the parties' relative access to relevant information, the parties'

24   resources, the importance of the discovery in resolving the issues, and whether the

25   burden or expense of the proposed discovery outweighs its likely benefit.

26   Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the

27   discovery requests unduly burdensome and neither relevant to any claim or defense

28   nor reasonably calculated to lead to discovery of admissible evidence.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 5 -

CASE NO. 14-CV-2513L-KSC

Page 133

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's "Instructions" to the extent they purport to require Defendant to provide information maintained or preserved by third parties and, therefore, not within Defendant's possession, custody, or control.

7.      Defendant objects to Plaintiff's "Instructions" to the extent they seek to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

8.      Defendant objects to Instruction No. 2 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

9.      Defendant objects to Instruction No. 4 on the grounds that it introduces subparts into each Interrogatory that are not logically or factually subsumed within and necessarily related to the primary question, and therefore Plaintiff has exceeded the allowable number of Interrogatories allowed by Rule 33.

10.     Defendant objects to Instruction No. 5 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.  Defendant agrees to meet and confer to discuss content and simultaneous exchange of privilege logs.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 6 -

CASE NO. 14-CV-2513L-KSC

Page 134

11.     Defendant objects to Instruction No. 6 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

## Objections and Responses to Interrogatories

## INTERROGATORY NO. 1

State all facts in support of YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant further objects to the Request because it purports to seek a narrative of "all" facts sought in the Request on the ground that a request for a narrative of "all" documents described in the Request seeks information that is not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
MediciNova First Set Of Interrogatories

- 7 -

Case No. 14-cv-2513L-KSC

Page 135

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## INTERROGATORY NO. 2

IDENTIFY all DOCUMENTS which support YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## INTERROGATORY NO. 3

IDENTIFY all witnesses with knowledge of YOUR contention that YOU do

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 8 -

CASE NO. 14-cv-2513L-KSC

Page 136

1  not owe a $1,000,000 milestone payment to MediciNova, Inc. under the

2  ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

3  **RESPONSE:**

4  Defendant objects to the Request on the grounds that Plaintiff has exceeded

5  the maximum allowable number of interrogatories permitted under Fed. R. Civ.

6  Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff

7  reduces the number of interrogatories it has propounded on Defendant. *See, e.g.,*

8  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

9  (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

10  *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

11  *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

12  WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

13  Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1

14  (2010).

15  **INTERROGATORY NO. 4**

16  State all facts in support of YOUR contention that the DRUG PRODUCT

17  does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-

18  SUIT.

19  **RESPONSE:**

20  In addition to its General Objections and Objections to Plaintiff's Definitions

21  and Instructions, Defendant objects to this Request to the extent that it seeks the

22  disclosure of documents or other information protected from disclosure by the

23  attorney-client privilege, work product doctrine and/or any other applicable

24  privilege or doctrine.  Defendant objects to this Request due to its use of the phrase

25  "does not infringe" and its premise that Defendant has asserted a contention

26  regarding infringement on the grounds that there are no allegations of infringement

27  in this case, and thus the Request misstates the record and seeks information not

28  relevant to any party's claim or defense.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 9 -

CASE NO. 14-cv-2513L-KSC

Page 137

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**INTERROGATORY NO. 5**

IDENTIFY all DOCUMENTS which support YOUR contention that the DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to this Request due to its use of the phrase "does not infringe" and its premise that Defendant has asserted a contention regarding infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 10 -

CASE NO. 14-cv-2513L-KSC

Page 138

Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## INTERROGATORY NO. 6

IDENTIFY all witnesses with knowledge of YOUR contention that the DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-SUIT.

## RESPONSE:

Defendant objects to this Request due to its use of the phrase "does not infringe" and its premise that Defendant has asserted a contention regarding infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 11 -

CASE NO. 14-cv-2513L-KSC

Page 139

1  2168.1 (2010).

2  **INTERROGATORY NO. 7**

3  For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG

4  PRODUCT does not infringe, provide a claim chart showing the presence or

5  absence of each claim limitation in the DRUG PRODUCT.

6  **RESPONSE:**

7  In addition to its General Objections and Objections to Plaintiff's Definitions

8  and Instructions, Defendant objects to this Request to the extent that it seeks the

9  disclosure of documents or other information protected from disclosure by the

10  attorney-client privilege, work product doctrine and/or any other applicable

11  privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the

12  grounds that there are no allegations of infringement in this case, and thus the

13  Request seeks information not relevant to any party's claim or defense.  Defendant

14  further objects to this Request on the grounds that Plaintiff has not identified the

15  specific claim(s) of the '237 patent that Plaintiff contends read on the drug product

16  at issue, nor has Plaintiff provided a limitation-by-limitation allegation that

17  describes how it contends that each limitation is met by the accused gene product,

18  and therefore the Request is premature.

19  Defendant further objects to the Request on the grounds that Plaintiff has

20  exceeded the maximum allowable number of interrogatories permitted under Fed.

21  R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

22  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

23  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

24  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

25  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

26  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

27  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

28  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES
- 12 -
CASE NO. 14-cv-2513L-KSC
Page 140

2168.1 (2010).

**INTERROGATORY NO. 8**

For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG PRODUCT does not infringe, IDENTIFY any and all prior art that YOU contend renders any claim of the PATENT-IN-SUIT invalid under 35 U.S.C. §102 and/or 35 U.S.C. §103.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant objects to the phrase "does not infringe" on the grounds that there are no allegations of infringement in this case, and thus the Request seeks information not relevant to any party's claim or defense. In addition, Defendant objects on the ground that no contention of invalidity has been asserted at this time, and thus the Request seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES        - 13 -        CASE NO. 14-cv-2513L-KSC
Page 141

1

**INTERROGATORY NO. 9**

2

IDENTIFY and describe in detail any and all structural elements and

3

sequences of any nucleic acid molecules in the DRUG PRODUCT.

4

**RESPONSE:**

5

In addition to its General Objections and Objections to Plaintiff's Definitions

6

and Instructions, Defendant objects to the phrase "structural elements and

7

sequences of any nucleic acid molecules" on the grounds that the phrase seeks

8

information or documents that are not relevant to any party's claim or defense or

9

not proportional to the needs of the case, considering the importance of the issues at

10

stake in the action, the amount in controversy, the parties' relative access to

11

relevant information, the parties' resources, the importance of the discovery in

12

resolving the issues, and whether the burden or expense of the proposed discovery

13

outweighs its likely benefit.

14

Defendant further objects to the Request on the grounds that Plaintiff has

15

exceeded the maximum allowable number of interrogatories permitted under Fed.

16

R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

17

Plaintiff reduces the number of interrogatories it has propounded on Defendant.

18

*See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

19

1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

20

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

21

N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

22

TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

23

Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

24

2168.1 (2010).

25

**INTERROGATORY NO. 10**

26

IDENTIFY and describe in detail any and all structural elements and

27

sequences of any nucleic acid molecules used in the manufacturing of the DRUG

28

PRODUCT.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 14 -

CASE NO. 14-CV-2513L-KSC

Page 142

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the phrase "structural elements and sequences of any nucleic acid molecules" on the grounds that the phrase seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**INTERROGATORY NO. 11**

IDENTIFY and describe in detail the procedure, including but not limited to materials and methods, for manufacturing the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the phrase "describe in detail the procedure, including but not limited to materials and methods, for manufacturing" on the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES                - 15 -                CASE NO. 14-cv-2513L-KSC

Page 143

1   grounds that the phrase is overly broad, unduly burdensome, and not proportional to

2   the needs of the case, considering the importance of the issues at stake in the action,

3   the amount in controversy, the parties' relative access to relevant information, the

4   parties' resources, the importance of the discovery in resolving the issues, and

5   whether the burden or expense of the proposed discovery outweighs its likely

6   benefit.

7        Defendant further objects to the Request on the grounds that Plaintiff has

8   exceeded the maximum allowable number of interrogatories permitted under Fed.

9   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

10  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

11  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

12  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

13  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

14  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

15  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

16  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

17  2168.1 (2010).

18  **<u>INTERROGATORY NO. 12</u>**

19       State all facts in support of YOUR contention that the PATENT-IN-SUIT

20  has an exclusion pertaining to the use of herpes simplex virus type-1.

21  **<u>RESPONSE</u>:**

22       In addition to its General Objections and Objections to Plaintiff's Definitions

23  and Instructions, Defendant objects to this Request to the extent that it seeks the

24  disclosure of documents or other information protected from disclosure by the

25  attorney-client privilege, work product doctrine and/or any other applicable

26  privilege or doctrine.   Defendant further objects to the characterization of

27  Defendants' contentions, which speak for themselves.

28       Defendant further objects to the Request on the grounds that Plaintiff has

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 16 -

CASE NO. 14-cv-2513L-KSC

Page 144

1  exceeded the maximum allowable number of interrogatories permitted under Fed.

2  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

3  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

4  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

5  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

6  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

7  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

8  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

9  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

10  2168.1 (2010).

11  **INTERROGATORY NO. 13**

12  IDENTIFY all DOCUMENTS which support YOUR contention that the

13  PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

14  type-1.

15  **RESPONSE:**

16  In addition to its General Objections and Objections to Plaintiff's Definitions

17  and Instructions, Defendant objects to this Request to the extent that it seeks the

18  disclosure of documents or other information protected from disclosure by the

19  attorney-client privilege, work product doctrine and/or any other applicable

20  privilege or doctrine. Defendant further objects to the characterization of

21  Defendants' contentions, which speak for themselves.

22  Defendant further objects to the Request on the grounds that Plaintiff has

23  exceeded the maximum allowable number of interrogatories permitted under Fed.

24  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

25  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

26  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

27  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

28  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 17 -

CASE NO. 14-cv-2513L-KSC

Page 145

1  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

2  TAB, 2010 WL 2560032, at \*4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

3  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

4  2168.1 (2010).

5  ### INTERROGATORY NO. 14

6  IDENTIFY all witnesses with knowledge of YOUR contention that the

7  PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

8  type-1.

9  ### RESPONSE:

10  In addition to its General Objections and Objections to Plaintiff's Definitions

11  and Instructions, Defendant objects to this Request to the extent that it seeks the

12  disclosure of documents or other information protected from disclosure by the

13  attorney-client privilege, work product doctrine and/or any other applicable

14  privilege or doctrine.   Defendant further objects to the characterization of

15  Defendants' contentions, which speak for themselves.

16  Defendant further objects to the Request on the grounds that Plaintiff has

17  exceeded the maximum allowable number of interrogatories permitted under Fed.

18  R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

19  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

20  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

21  1282-L (WVG), 2016 WL 4485561, at \*7 (S.D. Cal. June 21, 2016), citing

22  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

23  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

24  TAB, 2010 WL 2560032, at \*4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

25  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

26  2168.1 (2010).

27  ### INTERROGATORY NO. 15

28  State all facts in support of YOUR contention that the DRUG PRODUCT

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 18 -

CASE NO. 14-cv-2513L-KSC

Page 146

was made using a herpes simplex virus type-1.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**INTERROGATORY NO. 16**

IDENTIFY all DOCUMENTS which support YOUR contention that the DRUG PRODUCT was made using a herpes simplex virus type-1.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES          - 19 -          CASE NO. 14-cv-2513L-KSC
Page 147

1    exceeded the maximum allowable number of interrogatories permitted under Fed.

2    R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

3    Plaintiff reduces the number of interrogatories it has propounded on Defendant.

4    *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

5    1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

6    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

7    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

8    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

9    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

10   2168.1 (2010).

11   **INTERROGATORY NO. 17**

12   IDENTIFY all therapeutic products other than the DRUG PRODUCT which

13   YOU have manufactured or developed at any time since December 19, 2005 that

14   uses an adeno-associated virus vector.

15   **RESPONSE:**

16   In addition to its General Objections and Objections to Plaintiff's Definitions

17   and Instructions, Defendant objects to the Request based on its use of the phrase

18   "all therapeutic products other than the DRUG PRODUCT which YOU have

19   manufactured or developed at any time since December 19, 2005 that uses an

20   adeno-associated virus vector" on the grounds that the Request seeks information

21   that is not relevant to any party's claim or defense  and is overly broad, unduly

22   burdensome, does not describe with reasonable particularity the information sought,

23   and is not proportional to the needs of the case, considering the importance of the

24   issues at stake in the action, the amount in controversy, the parties' relative access

25   to relevant information, the parties' resources, the importance of the discovery in

26   resolving the issues, and whether the burden or expense of the proposed discovery

27   outweighs its likely benefit.

28   Defendant further objects to the Request on the grounds that Plaintiff has

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 20 -

CASE NO. 14-cv-2513L-KSC

Page 148

1   exceeded the maximum allowable number of interrogatories permitted under Fed.

2   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

3   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

4   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

5   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

6   *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

7   N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

8   TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

9   Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

10   2168.1 (2010).

11   **<u>INTERROGATORY NO. 18</u>**

12   IDENTIFY all therapeutic products other than the DRUG PRODUCT which

13   YOU have manufactured or developed at any time since December 19, 2005 that

14   are covered by any of the patents in the ASSIGNMENT AGREEMENT.

15   **<u>RESPONSE</u>:**

16   In addition to its General Objections and Objections to Plaintiff's Definitions

17   and Instructions, Defendant objects to the Request based on the phrase "all

18   therapeutic products other than the DRUG PRODUCT which YOU have

19   manufactured or developed at any time since December 19, 2005 that uses an

20   adeno-associated virus vector" on the grounds that the Request seeks information

21   that is not relevant to any party's claim or defense  and is overly broad, unduly

22   burdensome, does not describe with reasonable particularity the information sought,

23   and is not proportional to the needs of the case, considering the importance of the

24   issues at stake in the action, the amount in controversy, the parties' relative access

25   to relevant information, the parties' resources, the importance of the discovery in

26   resolving the issues, and whether the burden or expense of the proposed discovery

27   outweighs its likely benefit.

28   Defendant further objects to the Request on the grounds that Plaintiff has

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 21 -

CASE NO. 14-cv-2513L-KSC

Page 149

exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

As to Objections:

Dated: February 6, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*
    Francis DiGiovanni

Attorney for Defendant GENZYME CORPORATION
E-mail: francis.digiovanni@dbr.com

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA FIRST SET OF INTERROGATORIES

- 22 -

CASE NO. 14-cv-2513L-KSC

Page 150

STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:   (415) 591-7500
Facsimile:    (415) 591-7510

FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801-1621
Telephone:   (302) 591-4266
Facsimile:    (302) 467-4201

ANN E. KINSEY (SBN 299755)
akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
800 Silverado Street, 2nd Floor
La Jolla, CA  92037
Telephone:  (858) 551-2440
Facsimile:    (858) 551-2434

Attorneys for Defendant
GENZYME CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA, INC., a Delaware Corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, a Massachusetts Corporation,<br><br>                 Defendant. | Case No. 3:14-cv-02513-L-KSC<br><br><br>**GENZYME CORPORATION'S OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S SECOND SET OF INTERROGATORIES** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES
Page 151

CASE NO. 14-CV-2513L-KSC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") Second Set of Interrogatories (Nos. 19-29) as follows:

### General Objections

1.     These answers are made solely for the purpose of this action.  Each answer is subject to all objections, as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such Interrogatory were asked of, or statements contained herein were made by a witness present and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.     Defendant's responses are based upon information presently available to and located by Defendant.  The responses given are without prejudice to Defendant's right to provide evidence of any additional facts.  As such, these answers are subject to supplementation and amendment, should future investigation indicate that supplementation or amendment is necessary.

3.     No incidental or implied admissions are intended by these responses. The fact that Defendant has answered or objected to any interrogatory should not be taken as an admission that Defendant admits the existence of any facts set forth or assumed by such interrogatory.  Further, that Defendant has or may answer part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by Defendant of any part of any objection to any interrogatory.

4.     Defendant objects to all discovery requests to the extent they seek the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 2 -

CASE NO. 14-cv-2513L-KSC

Page 152

1    privilege or protection.

2        5.    Defendant objects to all discovery requests to the extent they seek the

3    disclosure of information that (i) is beyond the scope of discovery as provided by

4    the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes

5    obligations on Defendant beyond those permitted by the Federal Rules of Civil

6    Procedure.  Defendant will comply with the requirements of the Federal Rules of

7    Civil Procedure, and any orders of the Court.

8        6.    Defendant objects to the extent that discovery requests seek

9    information or documents that are not relevant to any party's claim or defense or

10   not proportional to the needs of the case, considering the importance of the issues at

11   stake in the action, the amount in controversy, the parties' relative access to

12   relevant information, the parties' resources, the importance of the discovery in

13   resolving the issues, and whether the burden or expense of the proposed discovery

14   outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

15       7.    Defendant objects to all discovery requests to the extent they seek

16   discovery of electronically stored information from sources that are not reasonably

17   accessible because of undue burden or cost, the discovery sought is unreasonably

18   cumulative or duplicative, or can be obtained from some other source that is more

19   convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

20       8.    Defendant objects to all discovery requests to the extent they seek

21   information or documents that are not relevant to any party's claim or defense or

22   not proportional to the needs of the case as they seek documents or information

23   concerning matters outside of the United States.

24       9.    Defendant objects to the extent that the burden or expense of

25   responding to these requests outweighs the likely benefit, taking into account the

26   needs of the case, the parties' resources, and the importance of the proposed

27   discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

28       10.   Defendant objects to all discovery requests to the extent that the same

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO        - 3 -        CASE NO. 14-cv-2513L-KSC
MEDICINOVA 2D SET OF INTERROGATORIES
Page 153

1    purport to call for production of information or documents that are publicly

2    available on the ground that such information and documents are equally available

3    to either party and their production by Defendant would be unnecessarily

4    burdensome.

5        11.    Defendant reserves the right to challenge the competency, materiality,

6    relevance, and admissibility in this proceeding, or any other proceeding related to

7    this proceeding (or any other action) of any information or documents provided in

8    response to any discovery request.

9        12.    Defendant objects to the discovery requests to the extent they require

10    the identification of documents and information not within Defendant's possession,

11    custody, or control.   In responding to these discovery requests, Defendant will

12    undertake to respond based on information within its possession, custody, or

13    control.   Defendant does not undertake to provide information in the possession,

14    custody or control of non-parties.

15        13.    Defendant objects to all discovery requests to the extent they seek

16    information or documents protected from disclosure by statute, regulation,

17    administrative order, case law, or third party contractual agreement.

18        14.    Nothing contained herein may be construed as an admission relative to

19    the existence or non-existence of any document, and no response is an admission

20    respecting the relevance or admissibility in evidence of any statement or

21    characterization contained in any document, or contained in the Response.

22        15.    As a threshold matter and without waiver of any additional objections,

23    Genzyme objects to MediciNova's first and second sets of interrogatories on the

24    grounds that they exceed the maximum number allotted under Fed. R. Civ. Proc.

25    33(a)(1).   *Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

26    (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), *citing Herdlein Techs.,*

27    *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

28    *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES
- 4 -
CASE NO. 14-cv-2513L-KSC

Page 154

WL 2560032, at *4 (S.D. Ind. June 23, 2010); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer.").

### Objections to Plaintiff's Definitions and Instructions

1.      Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that it is vague and ambiguous because it purports to apply to "present or former officers, directors, employees, agents, and representatives" regardless as to whether such persons acted on behalf of Defendant or while associated with Defendant. Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks information outside the possession, custody, or control of Defendant by "all present or former officers, directors, employees, agents, and representatives."

2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product") on the basis that it is overly broad and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant specifically objects to the definition because it purports to cover "any improvement or derivative," making the definition overly broad and encompassing information not relevant to any party's claim or defense.

3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 5 -

CASE NO. 14-CV-2513L-KSC

Page 155

extent that they purport to (i) exceed the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.

4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it is not limited in time and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's "Instructions" to the extent they purport to require Defendant to provide information maintained or preserved by third parties and, therefore, not within Defendant's possession, custody, or control.

7.      Defendant objects to Plaintiff's "Instructions" to the extent they seek to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES          - 6 -          CASE NO. 14-cv-2513L-KSC

Page 156

8.      Defendant objects to Instruction No. 2 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

9.      Defendant objects to Instruction No. 4 on the grounds that it introduces subparts into each Interrogatory that are not logically or factually subsumed within and necessarily related to the primary question, and therefore Plaintiff has exceeded the allowable number of Interrogatories allowed by Rule 33.

10.     Defendant objects to Instruction No. 5 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.  Defendant agrees to meet and confer to discuss content and simultaneous exchange of privilege logs.

11.     Defendant objects to Instruction No. 6 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

## Objections and Responses to Interrogatories

### INTERROGATORY NO. 19

IDENTIFY any nucleic acid sequence used during manufacturing or use of the DRUG PRODUCT that codes for an adeno-associated virus ("AAV") replication protein or a protein that is capable of replicating a viral vector in a host cell (hereinafter referred to as "Rep Protein"), and describe the amino acid sequence of the REP PROTEIN.

### RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the phrase

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 7 -

CASE NO. 14-CV-2513L-KSC

Page 157

1    "nucleic acid sequence . . . that codes for an [AAV] replication protein or a protein .

2    . ." is ambiguous.  Defendant objects to the Request on the grounds that the phrase

3    "nucleic acid sequence . . . that codes for . . . a protein that is capable of replicating

4    a viral vector in a host cell" is vague and overbroad.

5        Defendant further objects to the Request on the grounds that it includes at

6    least two discrete subparts that are not logically or factually subsumed within and

7    necessarily related to the primary question, and Plaintiff has exceeded the

8    maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.

9    33(a)(1).   Accordingly, no answer will be provided unless and until Plaintiff

10   reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*

11   *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

12   (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

13   *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

14   *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

15   WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

16   Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1

17   (2010).

18   **INTERROGATORY NO. 20**

19       IDENTIFY any nucleic acid sequence used during manufacturing or use of

20   the DRUG PRODUCT that codes for an AAV capsid protein or a protein that is

21   capable of packaging a viral vector into a virion in a host cell (hereinafter referred

22   to as "Cap Protein"), and describe the amino acid sequence of the CAP PROTEIN.

23   **RESPONSE:**

24       In addition to its General Objections and Objections to Plaintiff's Definitions

25   and Instructions, Defendant objects to the Request on the grounds that the phrase

26   "nucleic acid sequence . . . that codes for an AAV capsid protein or a protein . . ." is

27   ambiguous.   Defendant objects to the Request on the grounds that the phrase

28   "nucleic acid sequence . . . that codes for . . . a protein that is capable of packaging

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme Objections and Responses to
MediciNova 2d Set Of Interrogatories                - 8 -                Case No. 14-cv-2513L-KSC
Page 158

a viral vector into a virion in a host cell" is vague and overbroad.

Defendant further objects to the Request on the grounds that it includes at least two discrete subparts that are not logically or factually subsumed within and necessarily related to the primary question, and Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## INTERROGATORY NO. 21

IDENTIFY any nucleic acid sequence used during manufacturing or use of the DRUG PRODUCT that codes for both a REP PROTEIN and a CAP PROTEIN (hereinafter referred to as "Helper Molecule"), and describe the nucleic acid sequence of the HELPER MOLECULE.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the phrase "nucleic acid sequence . . . that codes for both a REP PROTEIN and a CAP PROTEIN . . ." is ambiguous. Defendant objects to the Request on the grounds that the definition of the terms "REP PROTEIN" and "CAP PROTEIN" as provided in Interrogatory Nos. 19 and 20, respectively, are vague and overbroad.

Defendant further objects to the Request on the grounds that it includes at least two discrete subparts that are not logically or factually subsumed within and

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES                     - 9 -                     CASE NO. 14-cv-2513L-KSC

Page 159

1   necessarily related to the primary question, and Plaintiff has exceeded the
2   maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.
3   33(a)(1).   Accordingly, no answer will be provided unless and until Plaintiff
4   reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*
5   *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L
6   (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*
7   *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);
8   *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010
9   WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,
10  Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1
11  (2010).

12  ## INTERROGATORY NO. 22

13      IDENTIFY any and all promoter regions in the HELPER MOLECULE,
14  including the locations and sequences thereof and including promoter regions that
15  function as a promoter and those that have been modified and do not function as a
16  promoter.

17  ## RESPONSE:

18      In addition to its General Objections and Objections to Plaintiff's Definitions
19  and Instructions, Defendant objects to the Request on the grounds that the phrase
20  "promoter regions . . . including promoter regions that function as a promoter and
21  those that have been modified and do not function as a promoter" is ambiguous.
22  Defendant objects to the Request on the grounds that the phrase "IDENTIFY any
23  and all promoter regions in the HELPER MOLECULE . . ." is vague, ambiguous,
24  seeks information that is not relevant to any party's claim or defense or not
25  proportional to the needs of the case, considering the importance of the issues at
26  stake in the action, the amount in controversy, the parties' relative access to
27  relevant information, the parties' resources, the importance of the discovery in
28  resolving the issues, and whether the burden or expense of the proposed discovery

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES
- 10 -
CASE NO. 14-cv-2513L-KSC
Page 160

outweighs its likely benefit.  Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which allows requests relating to any matter that may be inquired into under Rule 26(b).

Defendant further objects to the Request on the grounds that it includes at least three discrete subparts that are not logically or factually subsumed within and necessarily related to the primary question, and Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant.  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## INTERROGATORY NO. 23

IDENTIFY any nucleic acid sequence used during manufacturing or use of the DRUG PRODUCT that includes an adenovirus E4 coding region and describe the nucleic acid sequence of the nucleic acid sequence.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request on the grounds that the phrase "describe the nucleic acid sequence of the nucleic acid sequence" is unintelligible. Defendant objects to the Request on the grounds that the phrase "IDENTIFY any nucleic acid sequence . . . that includes an adenovirus E4 coding region " is vague, ambiguous, seeks information that is not relevant to any party's claim or defense or

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 11 -

CASE NO. 14-cv-2513L-KSC

Page 161

1   not proportional to the needs of the case, considering the importance of the issues at

2   stake in the action, the amount in controversy, the parties' relative access to

3   relevant information, the parties' resources, the importance of the discovery in

4   resolving the issues, and whether the burden or expense of the proposed discovery

5   outweighs its likely benefit.  Defendant objects to the Request on the grounds that it

6   seeks information that has no relevance to the claims and defenses in this litigation,

7   and therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which

8   allows requests relating to any matter that may be inquired into under Rule 26(b).

9   　　　Defendant further objects to the Request on the grounds that it includes at

10  least two discrete subparts that are not logically or factually subsumed within and

11  necessarily related to the primary question, and Plaintiff has exceeded the

12  maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.

13  33(a)(1).   Accordingly, no answer will be provided unless and until Plaintiff

14  reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*

15  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

16  (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

17  *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

18  *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

19  WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

20  Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1

21  (2010).

22  ### INTERROGATORY NO. 24

23  　　　IDENTIFY any nucleic acid sequence used during manufacturing or use of

24  the DRUG PRODUCT that includes an adenovirus E2A coding region and describe

25  the nucleic acid sequence of the nucleic acid sequence.

26  ### RESPONSE:

27  　　　In addition to its General Objections and Objections to Plaintiff's Definitions

28  and Instructions, Defendant objects to the Request on the grounds that the phrase

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES                        - 12 -                        CASE NO. 14-cv-2513L-KSC

Page 162

"describe the nucleic acid sequence of the nucleic acid sequence" is unintelligible. Defendant objects to the Request on the grounds that the phrase "IDENTIFY any nucleic acid sequence . . . that includes an adenovirus E2A coding region" is vague, ambiguous, seeks information that is not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to the Request on the grounds that it seeks information that has no relevance to the claims and defenses in this litigation, and therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which allows requests relating to any matter that may be inquired into under Rule 26(b).

Defendant further objects to the Request on the grounds that it includes at least two discrete subparts that are not logically or factually subsumed within and necessarily related to the primary question, and Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).   Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant.  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

### **INTERROGATORY NO. 25**

IDENTIFY any nucleic acid sequence used during manufacturing or use of the DRUG PRODUCT that includes an adenovirus VA RNA coding region and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 13 -

CASE NO. 14-cv-2513L-KSC

Page 163

1    describe the nucleic acid sequence of the nucleic acid sequence.

2        **RESPONSE:**

3        In addition to its General Objections and Objections to Plaintiff's Definitions

4    and Instructions, Defendant objects to the Request on the grounds that the phrase

5    "describe the nucleic acid sequence of the nucleic acid sequence" is unintelligible.

6    Defendant objects to the Request on the grounds that the phrase "IDENTIFY any

7    nucleic acid sequence . . . that includes an adenovirus VA RNA coding region" is

8    vague, ambiguous, seeks information that is not relevant to any party's claim or

9    defense or not proportional to the needs of the case, considering the importance of

10   the issues at stake in the action, the amount in controversy, the parties' relative

11   access to relevant information, the parties' resources, the importance of the

12   discovery in resolving the issues, and whether the burden or expense of the

13   proposed discovery outweighs its likely benefit.  Defendant objects to the Request

14   on the grounds that it seeks information that has no relevance to the claims and

15   defenses in this litigation, and therefore is an improper Request under Fed. R. Civ.

16   Proc. 33(a)(2), which allows requests relating to any matter that may be inquired

17   into under Rule 26(b).

18       Defendant further objects to the Request on the grounds that it includes at

19   least two discrete subparts that are not logically or factually subsumed within and

20   necessarily related to the primary question, and Plaintiff has exceeded the

21   maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.

22   33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff

23   reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*

24   *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

25   (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

26   *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

27   *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

28   WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 14 -

CASE NO. 14-cv-2513L-KSC

Page 164

1  Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1
2  (2010).

3  **INTERROGATORY NO. 26**

4  IDENTIFY any nucleic acid sequence used during manufacturing or use of
5  the DRUG PRODUCT that includes an adenovirus E1A coding region and describe
6  the nucleic acid sequence of the nucleic acid sequence.

7  **RESPONSE:**

8  In addition to its General Objections and Objections to Plaintiff's Definitions
9  and Instructions, Defendant objects to the Request on the grounds that the phrase
10  "describe the nucleic acid sequence of the nucleic acid sequence" is unintelligible.
11  Defendant objects to the Request on the grounds that the phrase "IDENTIFY any
12  nucleic acid sequence . . . that includes an adenovirus E1A coding region" is vague,
13  ambiguous, seeks information that is not relevant to any party's claim or defense or
14  not proportional to the needs of the case, considering the importance of the issues at
15  stake in the action, the amount in controversy, the parties' relative access to
16  relevant information, the parties' resources, the importance of the discovery in
17  resolving the issues, and whether the burden or expense of the proposed discovery
18  outweighs its likely benefit.  Defendant objects to the Request on the grounds that it
19  seeks information that has no relevance to the claims and defenses in this litigation,
20  and therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which
21  allows requests relating to any matter that may be inquired into under Rule 26(b).

22  Defendant further objects to the Request on the grounds that it includes at
23  least two discrete subparts that are not logically or factually subsumed within and
24  necessarily related to the primary question, and Plaintiff has exceeded the
25  maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.
26  33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff
27  reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*
28  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES          - 15 -          CASE NO. 14-cv-2513L-KSC
Page 165

1   (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

2   *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

3   *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

4   WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

5   Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1

6   (2010).

7   **INTERROGATORY NO. 27**

8   IDENTIFY any nucleic acid sequence used during manufacturing or use of

9   the DRUG PRODUCT that includes an adenovirus E1B coding region and describe

10   the nucleic acid sequence of the nucleic acid sequence.

11   **RESPONSE:**

12   In addition to its General Objections and Objections to Plaintiff's Definitions

13   and Instructions, Defendant objects to the Request on the grounds that the phrase

14   "describe the nucleic acid sequence of the nucleic acid sequence" is unintelligible.

15   Defendant objects to the Request on the grounds that the phrase "IDENTIFY any

16   nucleic acid sequence . . . that includes an adenovirus E1B coding region" is vague,

17   ambiguous, seeks information that is not relevant to any party's claim or defense or

18   not proportional to the needs of the case, considering the importance of the issues at

19   stake in the action, the amount in controversy, the parties' relative access to

20   relevant information, the parties' resources, the importance of the discovery in

21   resolving the issues, and whether the burden or expense of the proposed discovery

22   outweighs its likely benefit.  Defendant objects to the Request on the grounds that it

23   seeks information that has no relevance to the claims and defenses in this litigation,

24   and therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which

25   allows requests relating to any matter that may be inquired into under Rule 26(b).

26   Defendant further objects to the Request on the grounds that it includes at

27   least two discrete subparts that are not logically or factually subsumed within and

28   necessarily related to the primary question, and Plaintiff has exceeded the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 16 -

CASE NO. 14-cv-2513L-KSC

Page 166

1  maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.
2  33(a)(1).   Accordingly, no answer will be provided unless and until Plaintiff
3  reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*
4  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L
5  (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*
6  *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);
7  *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010
8  WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,
9  Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1
10  (2010).

11  **INTERROGATORY NO. 28**

12  IDENTIFY all excipients in the DRUG PRODUCT at each stage during
13  manufacturing, storage, transportation, and pre-clinical and clinical use.

14  **RESPONSE:**

15  In addition to its General Objections and Objections to Plaintiff's Definitions
16  and Instructions, Defendant objects to the Request on the grounds that the phrase
17  "IDENTIFY all excipients in the DRUG PRODUCT at each stage . . ." seeks
18  information that is not relevant to any party's claim or defense or not proportional
19  to the needs of the case, considering the importance of the issues at stake in the
20  action, the amount in controversy, the parties' relative access to relevant
21  information, the parties' resources, the importance of the discovery in resolving the
22  issues, and whether the burden or expense of the proposed discovery outweighs its
23  likely benefit.  Defendant objects to the Request on the grounds that it seeks
24  information that has no relevance to the claims and defenses in this litigation, and
25  therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which allows
26  requests relating to any matter that may be inquired into under Rule 26(b).

27  Defendant further objects to the Request on the grounds that it includes at
28  least five discrete subparts that are not logically or factually subsumed within and

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES
- 17 -
CASE NO. 14-CV-2513L-KSC
Page 167

1  necessarily related to the primary question, and Plaintiff has exceeded the

2  maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc.

3  33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff

4  reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*

5  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

6  (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

7  *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

8  *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

9  WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

10  Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1

11  (2010).

12  **INTERROGATORY NO. 29**

13  IDENTIFY purification steps after virions of the DRUG PRODUCT are

14  produced from cells and, for each step, identify and describe equipment, reagent

15  and conditions.

16  **RESPONSE:**

17  In addition to its General Objections and Objections to Plaintiff's Definitions

18  and Instructions, Defendant objects to the Request on the grounds that the phrase

19  "IDENTIFY purification steps after virions of the DRUG PRODUCT are produced

20  from cells . . ." seeks information that is not relevant to any party's claim or defense

21  or not proportional to the needs of the case, considering the importance of the issues

22  at stake in the action, the amount in controversy, the parties' relative access to

23  relevant information, the parties' resources, the importance of the discovery in

24  resolving the issues, and whether the burden or expense of the proposed discovery

25  outweighs its likely benefit.  Defendant objects to the Request on the grounds that it

26  seeks information that has no relevance to the claims and defenses in this litigation,

27  and therefore is an improper Request under Fed. R. Civ. Proc. 33(a)(2), which

28  allows requests relating to any matter that may be inquired into under Rule 26(b).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 18 -

CASE NO. 14-cv-2513L-KSC

Page 168

Defendant further objects to the Request on the grounds that it includes at least four discrete subparts that are not logically or factually subsumed within and necessarily related to the primary question, and Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

As to Objections:

Dated:  February 6, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By:  */s/ Francis DiGiovanni*
       Francis DiGiovanni

Attorney for Defendant GENZYME CORPORATION
E-mail:  francis.digiovanni@dbr.com

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME OBJECTIONS AND RESPONSES TO
MEDICINOVA 2D SET OF INTERROGATORIES

- 19 -

CASE NO. 14-cv-2513L-KSC

Page 169

# EXHIBIT L

EXHIBIT L

1   STEVEN M. SELNA (SBN 133409)
    steven.selna@dbr.com
2   AMY P. FRENZEN (SBN 245368)
    amy.frenzen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:  (415) 591-7500
5   Facsimile:   (415) 591-7510

6   FRANCIS DIGIOVANNI (*pro hac vice*; DE
    3189)
7   francis.digiovanni@dbr.com
    DRINKER BIDDLE & REATH LLP
8   222 Delaware Avenue, Suite 1410
    Wilmington, DE  19801-1621
9   Telephone:  (302) 591-4266
    Facsimile:   (302) 467-4201

10
    ANN E. KINSEY (SBN 299755)
11  akinsey@bkflaw.com
    BLANCHARD, KRASNER & FRENCH
12  800 Silverado Street, 2nd Floor
    La Jolla, CA  92037
13  Telephone:  (858) 551-2440
    Facsimile:   (858) 551-2434

14
    Attorneys for Defendant
15  GENZYME CORPORATION

16              UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19  MEDICINOVA, INC., a Delaware          Case No. 3:14-cv-02513-L-KSC
    Corporation,
20
                                          **GENZYME CORPORATION'S**
21              Plaintiff,                **FIRST SUPPLEMENTAL**
                                          **OBJECTIONS AND RESPONSES**
22  v.                                    **TO MEDICINOVA, INC.'S FIRST**
                                          **SET OF INTERROGATORIES**
23  GENZYME CORPORATION, a
    Massachusetts Corporation,
24
                Defendant.
25

26      CONTAINS INFORMATION DESIGNATED **HIGHLY CONFIDENTIAL –**
27      **ATTORNEYS' EYES ONLY** SUBJECT TO PROTECTIVE ORDER

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES              Page 171

CASE NO. 14-CV-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

2    Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff

3    MediciNova, Inc.'s ("Plaintiff") First Set of Interrogatories (Nos. 1-18) as follows:

4                        **General Objections**

5        1.    These answers are made solely for the purpose of this action.  Each

6    answer is subject to all objections, as to competence, relevance, materiality,

7    propriety, and admissibility, and to any and all other objections on any grounds that

8    would require the exclusion of any statements contained herein if such

9    Interrogatory were asked of, or statements contained herein were made by a witness

10   present and testifying in Court, all of which objections and grounds are expressly

11   reserved and may be interposed at the time of trial.

12       2.    Defendant's responses are based upon information presently available

13   to and located by Defendant.  The responses given are without prejudice to

14   Defendant's right to provide evidence of any additional facts.  As such, these

15   answers are subject to supplementation and amendment, should future investigation

16   indicate that supplementation or amendment is necessary.

17       3.    No incidental or implied admissions are intended by these responses.

18   The fact that Defendant has answered or objected to any interrogatory should not be

19   taken as an admission that Defendant admits the existence of any facts set forth or

20   assumed by such interrogatory.  Further, that Defendant has or may answer part or

21   all of any interrogatory is not intended to be, and shall not be construed to be, a

22   waiver by Defendant of any part of any objection to any interrogatory.

23       4.    Defendant objects to all discovery requests to the extent they seek the

24   disclosure of documents or other information protected from disclosure by the

25   attorney-client privilege, work product doctrine and/or any other applicable

26   privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly

27   stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any

28   privilege or protection.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                    - 2 -                    CASE NO. 14-cv-2513L-KSC

Page 172

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5.     Defendant objects to all discovery requests to the extent they seek the disclosure of information that (i) is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of Civil Procedure, and any orders of the Court.

6.     Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

7.     Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

8.     Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

9.     Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

10.     Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 3 -

Page 173

CASE NO. 14-cv-2513L-KSC

available on the ground that such information and documents are equally available to either party and their production by Defendant would be unnecessarily burdensome.

11.     Defendant reserves the right to challenge the competency, materiality, relevance, and admissibility in this proceeding, or any other proceeding related to this proceeding (or any other action) of any information or documents provided in response to any discovery request.

12.     Defendant objects to the discovery requests to the extent they require the identification of documents and information not within Defendant's possession, custody, or control.  In responding to these discovery requests, Defendant will undertake to respond based on information within its possession, custody, or control.  Defendant does not undertake to provide information in the possession, custody or control of non-parties.

13.     Defendant objects to all discovery requests to the extent they seek information or documents protected from disclosure by statute, regulation, administrative order, case law, or third party contractual agreement.

14.     Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any document, or contained in the Response.

## Objections to Plaintiff's Definitions and Instructions

1.     Defendant objects to Plaintiff's Definition No. 1 (of "Defendant," "you," and "your") on the basis that it is overly broad and unduly burdensome by seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that it is vague and ambiguous because it purports to apply to "present or former officers, directors, employees, agents, and representatives" regardless as to whether such persons acted on behalf of Defendant or while associated with Defendant.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 4 -

Page 174

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks

2   information outside the possession, custody, or control of Defendant by "all present

3   or former officers, directors, employees, agents, and representatives."

4       2.      Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product")

5   on the basis that it is overly broad and therefore seeks information or documents

6   that are not relevant to any party's claim or defense or not proportional to the needs

7   of the case, considering the importance of the issues at stake in the action, the

8   amount in controversy, the parties' relative access to relevant information, the

9   parties' resources, the importance of the discovery in resolving the issues, and

10  whether the burden or expense of the proposed discovery outweighs its likely

11  benefit.  Defendant specifically objects to the definition because it purports to cover

12  "any improvement or derivative," making the definition overly broad and

13  encompassing information not relevant to any party's claim or defense.

14      3.      Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the

15  extent that they purport to (i) exceed the scope of discovery as provided by the

16  Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose

17  obligations on Defendant beyond those permitted by the Federal Rules of Civil

18  Procedure.

19      4.      Defendant objects to Plaintiff's Definition No. 9 on the grounds that it

20  is not limited in time and therefore seeks information or documents that are not

21  relevant to any party's claim or defense or not proportional to the needs of the case,

22  considering the importance of the issues at stake in the action, the amount in

23  controversy, the parties' relative access to relevant information, the parties'

24  resources, the importance of the discovery in resolving the issues, and whether the

25  burden or expense of the proposed discovery outweighs its likely benefit.

26  Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the

27  discovery requests unduly burdensome and neither relevant to any claim or defense

28  nor reasonably calculated to lead to discovery of admissible evidence.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 5 -

CASE NO. 14-cv-2513L-KSC

Page 175

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5. Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6. Defendant objects to Plaintiff's "Instructions" to the extent they purport to require Defendant to provide information maintained or preserved by third parties and, therefore, not within Defendant's possession, custody, or control.

7. Defendant objects to Plaintiff's "Instructions" to the extent they seek to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

8. Defendant objects to Instruction No. 2 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

9. Defendant objects to Instruction No. 4 on the grounds that it introduces subparts into each Interrogatory that are not logically or factually subsumed within and necessarily related to the primary question, and therefore Plaintiff has exceeded the allowable number of Interrogatories allowed by Rule 33.

10. Defendant objects to Instruction No. 5 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law. Defendant agrees to meet and confer to discuss content and simultaneous exchange of privilege logs.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 6 -

Page 176

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

11.   Defendant objects to Instruction No. 6 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

### Objections and Responses to Interrogatories

### <u>INTERROGATORY NO. 1</u>

State all facts in support of YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

### <u>RESPONSE</u>:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant further objects to the Request because it purports to seek a narrative of "all" facts sought in the Request on the ground that a request for a narrative of "all" documents described in the Request seeks information that is not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                                    - 7 -                    CASE NO. 14-cv-2513L-KSC
Page 177

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

2  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

3  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

4  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

5  2168.1 (2010).

6  **<u>FIRST SUPPLEMENTAL RESPONSE</u>:**

7  Without waiver of and subject to the general and specific objections and

8  subject to further supplementation, Defendant responds as follows:

9  As set forth in Defendant's Answer to Plaintiff's First Amended Complaint,

10  Plaintiff is not owed a $1,000,000 milestone payment because: (1) Plaintiff's First

11  Amended Complaint fails to state a claim upon which relief may be granted; (2)

12  Plaintiff's claims are barred, in whole or in part, by the terms, conditions,

13  definitions, limitations, and/or exclusions contained in the Assignment Agreement

14  and/or by public policy or express provision of law; (3) Plaintiff's claims are barred

15  by the doctrines of estoppel, ratification, and/or waiver; (4) Plaintiff is barred from

16  recovery on its claims, in whole or in part, because it failed and neglected to use

17  reasonable care to mitigate its alleged losses or damages; (5) Plaintiff's claims are

18  barred because Plaintiff acquiesced in Defendant's alleged acts and omissions; (6)

19  Plaintiff's claims are barred by the doctrine of unclean hands by reason of

20  Plaintiff's conduct and actions; (7) Plaintiff's claims are barred because they would

21  cause Plaintiff to be unjustly enriched as a result of its own misconduct, and at the

22  expense of Defendant; (8) to the extent Plaintiff alleges any type of contract not in

23  writing, any such purported contracts, obligations, or agreements are unenforceable,

24  and all causes of actions based upon them are barred by the statute of frauds; and

25  (9) Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

26  By its own terms, the '237 patent does not cover the type of gene therapy

27  technology utilized by Defendant in the accused activities. The specification to the

28  '237 Patent defines a "rAAV virion" as being one "produced in a suitable host cell

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                              - 8 -                    CASE NO. 14-cv-2513L-KSC
                                         Page 178

comprising an AAV vector, AAV helper functions, and accessory functions." Col. 8, ll. 26-28. "Accessory function" is defined as referring to "non-AAV derived viral and/or cellular functions upon which AAV is dependent for its replication" and "can be derived from any of the known helper viruses such as adenovirus, herpesvirus (*other than herpes simplex virus type-1*) and vaccinia virus." Col. 7, ll. 42-52 (emphasis added). The '237 Patent's claims do not cover a rAAV virion produced using accessory functions derived from herpes simplex virus ("HSV") type-1. Defendant's AAV-sFLT virion is a type of rAAV virion that is produced using accessory functions derived from HSV type-1. Because the '237 Patent's claims do not cover a rAAV virion produced using accessory functions derived from HSV type-1, AAV-sFLT virions are not covered by the claims of the '237 Patent. And because the AAV-sFLT virions are not covered by the claims of the '237 patent, the only patent asserted in this case, they do not fall within the scope of the table in Part E of Schedule 3.2 of the Agreement and thus no milestone payment is due.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

**INTERROGATORY NO. 2**

IDENTIFY all DOCUMENTS which support YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and Responses to MediciNova First Set Of Interrogatories

- 9 -

Page 179

Case No. 14-cv-2513L-KSC

disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

- Defendant's Answer to Plaintiff's First Amended Complaint
- 12/19/2005 Assignment Agreement [GENZYME0001118 - GENZYME0001282];
- U.S. Patent No. 6,376,237 ("the '237 Patent") [GENZYME0000001 - GENZYME0000019];
- U.S. Pat. App. No. 09/450,083 ("the '237 prosecution history") [GENZYME0000539 - GENZYME0000778];
- U.S. Patent No. 6,686,200 ("the '200 Patent") [GENZYME0000020 - GENZYME0000047];
- "Control of Materials (AAV2-sFLT01)" [GENZYME0001022 - GENZYME0001059];

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 10 -

Page 180

CASE NO. 14-cv-2513L-KSC

- "02/26/2015 Investigator's Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117];
- Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 - GENZYME0121045]; and
- Conway et al., "Recombinant Adeno-Associated Virus Type 2 Replication and Packaging is Entirely Supported by a Herpes Simplex Virus Type 1 Amplicon Expressing Rep and Cap," J. Virology, p. 8780-8789 (Nov. 1997) [GENZYME0000048 - GENZYME0000057].

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

### INTERROGATORY NO. 3

IDENTIFY all witnesses with knowledge of YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

### RESPONSE:

Defendant objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 11 -

Page 181

CASE NO. 14-cv-2513L-KSC

Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Defendant incorporates by reference the individuals identified in its Rule 26 Initial Disclosures.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 4**

State all facts in support of YOUR contention that the DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant objects to this Request due to its use of the phrase "does not infringe" and its premise that Defendant has asserted a contention regarding infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 12 -

Page 182

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

2   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

3   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

4   *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

5   N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

6   TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

7   Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

8   2168.1 (2010).

9   **FIRST SUPPLEMENTAL RESPONSE:**

10   Without waiver of and subject to the general and specific objections and

11   subject to further supplementation, Defendant incorporates herein its response to

12   Interrogatory No. 1.

13   Discovery is ongoing and Defendant reserves the right to supplement this

14   response in the future to the extent required under Federal Rule of Civil Procedure

15   26(e) and/or to refer to documents that have been produced or will be produced

16   pursuant to Federal Rule of Civil Procedure 33(d).

17   **INTERROGATORY NO. 5**

18   IDENTIFY all DOCUMENTS which support YOUR contention that the

19   DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents,

20   the PATENT-IN-SUIT.

21   **RESPONSE:**

22   In addition to its General Objections and Objections to Plaintiff's Definitions

23   and Instructions, Defendant objects to this Request to the extent that it seeks the

24   disclosure of documents or other information protected from disclosure by the

25   attorney-client privilege, work product doctrine and/or any other applicable

26   privilege or doctrine. Defendant objects to this Request due to its use of the phrase

27   "does not infringe" and its premise that Defendant has asserted a contention

28   regarding infringement on the grounds that there are no allegations of infringement

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 13 -

CASE NO. 14-cv-2513L-KSC

Page 183

1    in this case, and thus the Request misstates the record and seeks information not

2    relevant to any party's claim or defense.

3        Defendant further objects to the Request on the grounds that Plaintiff has

4    exceeded the maximum allowable number of interrogatories permitted under Fed.

5    R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

6    Plaintiff reduces the number of interrogatories it has propounded on Defendant.

7    *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

8    1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

9    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

10    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

11    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

12    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

13    2168.1 (2010).

14    **FIRST SUPPLEMENTAL RESPONSE:**

15        Without waiver of and subject to the general and specific objections and

16    subject to further supplementation, Defendant incorporates herein its response to

17    Interrogatory No. 2.

18        Discovery is ongoing and Defendant reserves the right to supplement this

19    response in the future to the extent required under Federal Rule of Civil Procedure

20    26(e) and/or to refer to documents that have been produced or will be produced

21    pursuant to Federal Rule of Civil Procedure 33(d).

22    **INTERROGATORY NO. 6**

23        IDENTIFY all witnesses with knowledge of YOUR contention that the

24    DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents,

25    the PATENT-IN-SUIT.

26    **RESPONSE:**

27        Defendant objects to this Request due to its use of the phrase "does not

28    infringe" and its premise that Defendant has asserted a contention regarding

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 14 -

Page 184

CASE NO. 14-cv-2513L-KSC

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory No. 3.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 7**

For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG PRODUCT does not infringe, provide a claim chart showing the presence or absence of each claim limitation in the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 15 -

CASE NO. 14-cv-2513L-KSC

Page 185

1   and Instructions, Defendant objects to this Request to the extent that it seeks the

2   disclosure of documents or other information protected from disclosure by the

3   attorney-client privilege, work product doctrine and/or any other applicable

4   privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the

5   grounds that there are no allegations of infringement in this case, and thus the

6   Request seeks information not relevant to any party's claim or defense.  Defendant

7   further objects to this Request on the grounds that Plaintiff has not identified the

8   specific claim(s) of the '237 patent that Plaintiff contends read on the drug product

9   at issue, nor has Plaintiff provided a limitation-by-limitation allegation that

10   describes how it contends that each limitation is met by the accused gene product,

11   and therefore the Request is premature.

12       Defendant further objects to the Request on the grounds that Plaintiff has

13   exceeded the maximum allowable number of interrogatories permitted under Fed.

14   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

15   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

16   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

17   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

18   *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

19   N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

20   TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

21   Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

22   2168.1 (2010).

23       **<u>FIRST SUPPLEMENTAL RESPONSE</u>:**

24       Without waiver of and subject to the general and specific objections and

25   subject to further supplementation, Defendant incorporates herein its response to

26   Interrogatory Nos. 1 and 2.

27       Discovery is ongoing and Defendant reserves the right to supplement this

28   response in the future to the extent required under Federal Rule of Civil Procedure

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 16 -

Page 186

CASE NO. 14-cv-2513L-KSC

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   26(e) and/or to refer to documents that have been produced or will be produced

2   pursuant to Federal Rule of Civil Procedure 33(d).

3   **INTERROGATORY NO. 8**

4   For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG

5   PRODUCT does not infringe, IDENTIFY any and all prior art that YOU contend

6   renders any claim of the PATENT-IN-SUIT invalid under 35 U.S.C. §102 and/or

7   35 U.S.C. §103.

8   **RESPONSE:**

9   In addition to its General Objections and Objections to Plaintiff's Definitions

10  and Instructions, Defendant objects to this Request to the extent that it seeks the

11  disclosure of documents or other information protected from disclosure by the

12  attorney-client privilege, work product doctrine and/or any other applicable

13  privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the

14  grounds that there are no allegations of infringement in this case, and thus the

15  Request seeks information not relevant to any party's claim or defense.  In addition,

16  Defendant objects on the ground that no contention of invalidity has been asserted

17  at this time, and thus the Request seeks information not relevant to any party's

18  claim or defense.

19  Defendant further objects to the Request on the grounds that Plaintiff has

20  exceeded the maximum allowable number of interrogatories permitted under Fed.

21  R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

22  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

23  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

24  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

25  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

26  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

27  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

28  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories                                    - 17 -                    Case No. 14-cv-2513L-KSC
Page 187

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   2168.1 (2010).

2   **FIRST SUPPLEMENTAL RESPONSE:**

3   Without waiver of and subject to the general and specific objections and

4   subject to further supplementation, Defendant responds as follows:  No contention

5   of invalidity has been asserted at this time.

6   Discovery is ongoing and Defendant reserves the right to supplement this

7   response in the future to the extent required under Federal Rule of Civil Procedure

8   26(e) and/or to refer to documents that have been produced or will be produced

9   pursuant to Federal Rule of Civil Procedure 33(d).

10   **INTERROGATORY NO. 9**

11   IDENTIFY and describe in detail any and all structural elements and

12   sequences of any nucleic acid molecules in the DRUG PRODUCT.

13   **RESPONSE:**

14   In addition to its General Objections and Objections to Plaintiff's Definitions

15   and Instructions, Defendant objects to the phrase "structural elements and

16   sequences of any nucleic acid molecules" on the grounds that the phrase seeks

17   information or documents that are not relevant to any party's claim or defense or

18   not proportional to the needs of the case, considering the importance of the issues at

19   stake in the action, the amount in controversy, the parties' relative access to

20   relevant information, the parties' resources, the importance of the discovery in

21   resolving the issues, and whether the burden or expense of the proposed discovery

22   outweighs its likely benefit.

23   Defendant further objects to the Request on the grounds that Plaintiff has

24   exceeded the maximum allowable number of interrogatories permitted under Fed.

25   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

26   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                     - 18 -         CASE NO. 14-cv-2513L-KSC

Page 188

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e), and will refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the documents referred to as "Control of Materials (AAV2-sFLT01)" [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 - GENZYME0121045]. Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

## INTERROGATORY NO. 10

IDENTIFY and describe in detail any and all structural elements and sequences of any nucleic acid molecules used in the manufacturing of the DRUG PRODUCT.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the phrase "structural elements and sequences of any nucleic acid molecules" on the grounds that the phrase seeks information or documents that are not relevant to any party's claim or defense or

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 19 -

CASE NO. 14-cv-2513L-KSC

Page 189

1  not proportional to the needs of the case, considering the importance of the issues at

2  stake in the action, the amount in controversy, the parties' relative access to

3  relevant information, the parties' resources, the importance of the discovery in

4  resolving the issues, and whether the burden or expense of the proposed discovery

5  outweighs its likely benefit.

6      Defendant further objects to the Request on the grounds that Plaintiff has

7  exceeded the maximum allowable number of interrogatories permitted under Fed.

8  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

9  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

10 *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

11 1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

12 *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

13 N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

14 TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

15 Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

16 2168.1 (2010).

17     **<u>FIRST SUPPLEMENTAL RESPONSE:</u>**

18     Without waiver of and subject to the general and specific objections and

19 subject to further supplementation, Defendant responds as follows:

20     Discovery is ongoing and Defendant reserves the right to supplement this

21 response in the future to the extent required under Federal Rule of Civil Procedure

22 26(e), and will refer to documents that have been produced or will be produced

23 pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the

24 documents referred to as "Control of Materials (AAV2-sFLT01)"

25 [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's

26 Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and

27 Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 -

28 GENZYME0121045]. Defendant further reserves the right to supplement the

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories

- 20 -

Page 190

Case No. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  information and response herein in accordance with the expert disclosure provisions

2  of the Scheduling Order.

3  **INTERROGATORY NO. 11**

4  IDENTIFY and describe in detail the procedure, including but not limited to

5  materials and methods, for manufacturing the DRUG PRODUCT.

6  **RESPONSE:**

7  In addition to its General Objections and Objections to Plaintiff's Definitions

8  and Instructions, Defendant objects to the phrase "describe in detail the procedure,

9  including but not limited to materials and methods, for manufacturing" on the

10  grounds that the phrase is overly broad, unduly burdensome, and not proportional to

11  the needs of the case, considering the importance of the issues at stake in the action,

12  the amount in controversy, the parties' relative access to relevant information, the

13  parties' resources, the importance of the discovery in resolving the issues, and

14  whether the burden or expense of the proposed discovery outweighs its likely

15  benefit.

16  Defendant further objects to the Request on the grounds that Plaintiff has

17  exceeded the maximum allowable number of interrogatories permitted under Fed.

18  R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

19  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

20  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

21  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

22  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

23  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

24  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

25  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

26  2168.1 (2010).

27  **FIRST SUPPLEMENTAL RESPONSE:**

28  Without waiver of and subject to the general and specific objections and

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories

- 21 -

Case No. 14-cv-2513L-KSC

Page 191

1  subject to further supplementation, Defendant responds as follows:

2  Discovery is ongoing and Defendant reserves the right to supplement this

3  response in the future to the extent required under Federal Rule of Civil Procedure

4  26(e), and will refer to documents that have been produced or will be produced

5  pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the

6  documents referred to as "Control of Materials (AAV2-sFLT01)"

7  [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's

8  Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and

9  Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 -

10  GENZYME0121045]. Defendant further reserves the right to supplement the

11  information and response herein in accordance with the expert disclosure provisions

12  of the Scheduling Order.

13  **INTERROGATORY NO. 12**

14  State all facts in support of YOUR contention that the PATENT-IN-SUIT

15  has an exclusion pertaining to the use of herpes simplex virus type-1.

16  **RESPONSE:**

17  In addition to its General Objections and Objections to Plaintiff's Definitions

18  and Instructions, Defendant objects to this Request to the extent that it seeks the

19  disclosure of documents or other information protected from disclosure by the

20  attorney-client privilege, work product doctrine and/or any other applicable

21  privilege or doctrine. Defendant further objects to the characterization of

22  Defendants' contentions, which speak for themselves.

23  Defendant further objects to the Request on the grounds that Plaintiff has

24  exceeded the maximum allowable number of interrogatories permitted under Fed.

25  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

26  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 22 -

Page 192

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

2    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

3    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

4    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

5    2168.1 (2010).

6    **FIRST SUPPLEMENTAL RESPONSE:**

7    Without waiver of and subject to the general and specific objections and

8    subject to further supplementation, Defendant incorporates herein its response to

9    Interrogatory Nos. 1-6.

10   Discovery is ongoing and Defendant reserves the right to supplement this

11   response in the future to the extent required under Federal Rule of Civil Procedure

12   26(e) and/or to refer to documents that have been produced or will be produced

13   pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the

14   right to supplement the information and response herein in accordance with the

15   expert disclosure provisions of the Scheduling Order.

16   **INTERROGATORY NO. 13**

17   IDENTIFY all DOCUMENTS which support YOUR contention that the

18   PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

19   type-1.

20   **RESPONSE:**

21   In addition to its General Objections and Objections to Plaintiff's Definitions

22   and Instructions, Defendant objects to this Request to the extent that it seeks the

23   disclosure of documents or other information protected from disclosure by the

24   attorney-client privilege, work product doctrine and/or any other applicable

25   privilege or doctrine. Defendant further objects to the characterization of

26   Defendants' contentions, which speak for themselves.

27   Defendant further objects to the Request on the grounds that Plaintiff has

28   exceeded the maximum allowable number of interrogatories permitted under Fed.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 23 -

Page 193

CASE NO. 14-cv-2513L-KSC

1  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

2  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

3  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

4  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

5  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

6  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

7  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

8  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

9  2168.1 (2010).

10  **FIRST SUPPLEMENTAL RESPONSE:**

11  Without waiver of and subject to the general and specific objections and

12  subject to further supplementation, Defendant incorporates herein its response to

13  Interrogatory No. 2.

14  Discovery is ongoing and Defendant reserves the right to supplement this

15  response in the future to the extent required under Federal Rule of Civil Procedure

16  26(e) and/or to refer to documents that have been produced or will be produced

17  pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the

18  right to supplement the information and response herein in accordance with the

19  expert disclosure provisions of the Scheduling Order.

20  **INTERROGATORY NO. 14**

21  IDENTIFY all witnesses with knowledge of YOUR contention that the

22  PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

23  type-1.

24  **RESPONSE:**

25  In addition to its General Objections and Objections to Plaintiff's Definitions

26  and Instructions, Defendant objects to this Request to the extent that it seeks the

27  disclosure of documents or other information protected from disclosure by the

28  attorney-client privilege, work product doctrine and/or any other applicable

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 24 -

CASE NO. 14-cv-2513L-KSC

Page 194

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

privilege or doctrine. Defendant further objects to the characterization of Defendants' contentions, which speak for themselves.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 3 and 6.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

## INTERROGATORY NO. 15

State all facts in support of YOUR contention that the DRUG PRODUCT was made using a herpes simplex virus type-1.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 25 -

CASE NO. 14-cv-2513L-KSC

Page 195

1  and Instructions, Defendant objects to this Request to the extent that it seeks the

2  disclosure of documents or other information protected from disclosure by the

3  attorney-client privilege, work product doctrine and/or any other applicable

4  privilege or doctrine.

5  Defendant further objects to the Request on the grounds that Plaintiff has

6  exceeded the maximum allowable number of interrogatories permitted under Fed.

7  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

8  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

9  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

10  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

11  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

12  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

13  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

14  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

15  2168.1 (2010).

16  **FIRST SUPPLEMENTAL RESPONSE:**

17  Without waiver of and subject to the general and specific objections and

18  subject to further supplementation, Defendant incorporates herein its response to

19  Interrogatory Nos. 1-6.

20  Discovery is ongoing and Defendant reserves the right to supplement this

21  response in the future to the extent required under Federal Rule of Civil Procedure

22  26(e) and/or to refer to documents that have been produced or will be produced

23  pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the

24  right to supplement the information and response herein in accordance with the

25  expert disclosure provisions of the Scheduling Order.

26  **INTERROGATORY NO. 16**

27  IDENTIFY all DOCUMENTS which support YOUR contention that the

28  DRUG PRODUCT was made using a herpes simplex virus type-1.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 26 -

Page 196

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 2 and 5.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

**INTERROGATORY NO. 17**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 27 -

CASE NO. 14-cv-2513L-KSC

Page 197

1   IDENTIFY all therapeutic products other than the DRUG PRODUCT which

2   YOU have manufactured or developed at any time since December 19, 2005 that

3   uses an adeno-associated virus vector.

4   **RESPONSE:**

5   In addition to its General Objections and Objections to Plaintiff's Definitions

6   and Instructions, Defendant objects to the Request based on its use of the phrase

7   "all therapeutic products other than the DRUG PRODUCT which YOU have

8   manufactured or developed at any time since December 19, 2005 that uses an

9   adeno-associated virus vector" on the grounds that the Request seeks information

10  that is not relevant to any party's claim or defense and is overly broad, unduly

11  burdensome, does not describe with reasonable particularity the information sought,

12  and is not proportional to the needs of the case, considering the importance of the

13  issues at stake in the action, the amount in controversy, the parties' relative access

14  to relevant information, the parties' resources, the importance of the discovery in

15  resolving the issues, and whether the burden or expense of the proposed discovery

16  outweighs its likely benefit.

17  Defendant further objects to the Request on the grounds that Plaintiff has

18  exceeded the maximum allowable number of interrogatories permitted under Fed.

19  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

20  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

21  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

22  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

23  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

24  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

25  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

26  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

27  2168.1 (2010).

28  **FIRST SUPPLEMENTAL RESPONSE:**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 28 -

Page 198

CASE NO. 14-cv-2513L-KSC

1    Without waiver of and subject to the general and specific objections and

2    subject to further supplementation, Defendant responds as follows:

3    Due to the extreme over breadth, burdensomeness, and inclusion of a vast

4    amount of irrelevant materials in this Interrogatory, and the fact that other

5    Interrogatories in this set will be responded to by Defendant, Defendant will not

6    provide a response to this Interrogatory.  Defendant will consider responding to

7    narrower, more focused demands if submitted and not duplicative of other demands

8    to which Defendant has agreed to respond.

9    **INTERROGATORY NO. 18**

10    IDENTIFY all therapeutic products other than the DRUG PRODUCT which

11    YOU have manufactured or developed at any time since December 19, 2005 that

12    are covered by any of the patents in the ASSIGNMENT AGREEMENT.

13    **RESPONSE:**

14    In addition to its General Objections and Objections to Plaintiff's Definitions

15    and Instructions, Defendant objects to the Request based on the phrase "all

16    therapeutic products other than the DRUG PRODUCT which YOU have

17    manufactured or developed at any time since December 19, 2005 that uses an

18    adeno-associated virus vector" on the grounds that the Request seeks information

19    that is not relevant to any party's claim or defense  and is overly broad, unduly

20    burdensome, does not describe with reasonable particularity the information sought,

21    and is not proportional to the needs of the case, considering the importance of the

22    issues at stake in the action, the amount in controversy, the parties' relative access

23    to relevant information, the parties' resources, the importance of the discovery in

24    resolving the issues, and whether the burden or expense of the proposed discovery

25    outweighs its likely benefit.

26    Defendant further objects to the Request on the grounds that Plaintiff has

27    exceeded the maximum allowable number of interrogatories permitted under Fed.

28    R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                                      - 29 -                        CASE NO. 14-cv-2513L-KSC

Page 199

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Plaintiff reduces the number of interrogatories it has propounded on Defendant.

2    *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

3    1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

4    *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

5    N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

6    TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

7    Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

8    2168.1 (2010).

9    **FIRST SUPPLEMENTAL RESPONSE:**

10   Without waiver of and subject to the general and specific objections and

11   subject to further supplementation, Defendant responds as follows:

12   Due to the extreme over breadth, burdensomeness, and inclusion of a vast

13   amount of irrelevant materials in this Interrogatory, and the fact that other

14   Interrogatories in this set will be responded to by Defendant, Defendant will not

15   make a separate search or provide a response to this Interrogatory. Defendant will

16   consider responding to narrower, more focused demands if submitted and not

17   duplicative of other demands to which Defendant has agreed to respond.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 30 -

Page 200

CASE NO. 14-cv-2513L-KSC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

As to Objections:

Dated: March 13, 2017

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*
      Francis DiGiovanni

Attorney for Defendant GENZYME
CORPORATION
E-mail: francis.digiovanni@dbr.com

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 31 -
Page 201

CASE NO. 14-cv-2513L-KSC

# EXHIBIT M

**EXHIBIT M**

STEVEN M. SELNA (SBN 133409)
steven.selna@dbr.com
AMY P. FRENZEN (SBN 245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:   (415) 591-7500
Facsimile:    (415) 591-7510

FRANCIS DIGIOVANNI (*pro hac vice*; DE 3189)
francis.digiovanni@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801-1621
Telephone:   (302) 591-4266
Facsimile:    (302) 467-4201

ANN E. KINSEY (SBN 299755)
akinsey@bkflaw.com
BLANCHARD, KRASNER & FRENCH
800 Silverado Street, 2nd Floor
La Jolla, CA  92037
Telephone:   (858) 551-2440
Facsimile:    (858) 551-2434

Attorneys for Defendant
GENZYME CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA, INC., a Delaware Corporation,<br><br>               Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, a Massachusetts Corporation,<br><br>               Defendant. | Case No. 3:14-cv-02513-L-KSC<br><br><br>**GENZYME CORPORATION'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MEDICINOVA, INC.'S FIRST SET OF INTERROGATORIES** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                          Page 203

CASE NO. 14-CV-2513L-KSC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Genzyme Corporation ("Defendant") hereby responds to Plaintiff MediciNova, Inc.'s ("Plaintiff") First Set of Interrogatories (Nos. 1-18) as follows:

## General Objections

1.     These answers are made solely for the purpose of this action.  Each answer is subject to all objections, as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such Interrogatory were asked of, or statements contained herein were made by a witness present and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.     Defendant's responses are based upon information presently available to and located by Defendant.  The responses given are without prejudice to Defendant's right to provide evidence of any additional facts.  As such, these answers are subject to supplementation and amendment, should future investigation indicate that supplementation or amendment is necessary.

3.     No incidental or implied admissions are intended by these responses. The fact that Defendant has answered or objected to any interrogatory should not be taken as an admission that Defendant admits the existence of any facts set forth or assumed by such interrogatory.  Further, that Defendant has or may answer part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by Defendant of any part of any objection to any interrogatory.

4.     Defendant objects to all discovery requests to the extent they seek the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Should any disclosure by Defendant occur, unless expressly stated otherwise in writing, it is inadvertent and shall not constitute a waiver of any privilege or protection.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 2 -

Page 204

CASE NO. 14-cv-2513L-KSC

5.     Defendant objects to all discovery requests to the extent they seek the disclosure of information that (i) is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) imposes obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of Civil Procedure, and any orders of the Court.

6.     Defendant objects to the extent that discovery requests seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

7.     Defendant objects to all discovery requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2).

8.     Defendant objects to all discovery requests to the extent they seek information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case as they seek documents or information concerning matters outside of the United States.

9.     Defendant objects to the extent that the burden or expense of responding to these requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving important issues in the case.  *See* Fed. R. Civ. P. 26(b)(2).

10.     Defendant objects to all discovery requests to the extent that the same purport to call for production of information or documents that are publicly

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories

- 3 -

Case No. 14-cv-2513L-KSC

Page 205

1    available on the ground that such information and documents are equally available

2    to either party and their production by Defendant would be unnecessarily

3    burdensome.

4         11.    Defendant reserves the right to challenge the competency, materiality,

5    relevance, and admissibility in this proceeding, or any other proceeding related to

6    this proceeding (or any other action) of any information or documents provided in

7    response to any discovery request.

8         12.    Defendant objects to the discovery requests to the extent they require

9    the identification of documents and information not within Defendant's possession,

10   custody, or control.  In responding to these discovery requests, Defendant will

11   undertake to respond based on information within its possession, custody, or

12   control.  Defendant does not undertake to provide information in the possession,

13   custody or control of non-parties.

14        13.    Defendant objects to all discovery requests to the extent they seek

15   information or documents protected from disclosure by statute, regulation,

16   administrative order, case law, or third party contractual agreement.

17        14.    Nothing contained herein may be construed as an admission relative to

18   the existence or non-existence of any document, and no response is an admission

19   respecting the relevance or admissibility in evidence of any statement or

20   characterization contained in any document, or contained in the Response.

21              **Objections to Plaintiff's Definitions and Instructions**

22        1.    Defendant objects to Plaintiff's Definition No. 1 (of "Defendant,"

23   "you," and "your") on the basis that it is overly broad and unduly burdensome by

24   seeking information not reasonably calculated to lead to the discovery of admissible

25   evidence.  Defendant further objects to Plaintiff's Definition No. 1 to the extent that

26   it is vague and ambiguous because it purports to apply to "present or former

27   officers, directors, employees, agents, and representatives" regardless as to whether

28   such persons acted on behalf of Defendant or while associated with Defendant.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 4 -

Page 206

CASE NO. 14-cv-2513L-KSC

Defendant further objects to Plaintiff's Definition No. 1 to the extent it seeks information outside the possession, custody, or control of Defendant by "all present or former officers, directors, employees, agents, and representatives."

2.     Defendant objects to Plaintiff's Definition No. 4 (of "Drug Product") on the basis that it is overly broad and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant specifically objects to the definition because it purports to cover "any improvement or derivative," making the definition overly broad and encompassing information not relevant to any party's claim or defense.

3.     Defendant objects to Plaintiff's Definition Nos. 6, 7, 9, and 16 to the extent that they purport to (i) exceed the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law, or (ii) impose obligations on Defendant beyond those permitted by the Federal Rules of Civil Procedure.

4.     Defendant objects to Plaintiff's Definition No. 9 on the grounds that it is not limited in time and therefore seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to Plaintiff's Definition No. 9 as overbroad, rendering the discovery requests unduly burdensome and neither relevant to any claim or defense nor reasonably calculated to lead to discovery of admissible evidence.

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories

- 5 -

Case No. 14-cv-2513L-KSC

Page 207

5.      Defendant objects to Plaintiff's Definition No. 16 on the grounds that it seeks information or documents that are not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Defendant objects to Plaintiff's "Instructions" to the extent they purport to require Defendant to provide information maintained or preserved by third parties and, therefore, not within Defendant's possession, custody, or control.

7.      Defendant objects to Plaintiff's "Instructions" to the extent they seek to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

8.      Defendant objects to Instruction No. 2 on the grounds that it asks Defendant to rewrite Plaintiff's discovery requests and therefore seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

9.      Defendant objects to Instruction No. 4 on the grounds that it introduces subparts into each Interrogatory that are not logically or factually subsumed within and necessarily related to the primary question, and therefore Plaintiff has exceeded the allowable number of Interrogatories allowed by Rule 33.

10.      Defendant objects to Instruction No. 5 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law. Defendant agrees to meet and confer to discuss content and simultaneous exchange of privilege logs.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES
- 6 -
Page 208
CASE NO. 14-CV-2513L-KSC

11.   Defendant objects to Instruction No. 6 on the grounds that it seeks to impose requirements or obligations differing from or exceeding those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of California, and any other applicable law.

**Objections and Responses to Interrogatories**

**INTERROGATORY NO. 1**

State all facts in support of YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine. Defendant further objects to the Request because it purports to seek a narrative of "all" facts sought in the Request on the ground that a request for a narrative of "all" documents described in the Request seeks information that is not relevant to any party's claim or defense or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                        - 7 -                    CASE NO. 14-CV-2513L-KSC
Page 209

1  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

2  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

3  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

4  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

5  2168.1 (2010).

6  **FIRST SUPPLEMENTAL RESPONSE:**

7  Without waiver of and subject to the general and specific objections and

8  subject to further supplementation, Defendant responds as follows:

9  As set forth in Defendant's Answer to Plaintiff's First Amended Complaint,

10  Plaintiff is not owed a $1,000,000 milestone payment because:  (1) Plaintiff's First

11  Amended Complaint fails to state a claim upon which relief may be granted; (2)

12  Plaintiff's claims are barred, in whole or in part, by the terms, conditions,

13  definitions, limitations, and/or exclusions contained in the Assignment Agreement

14  and/or by public policy or express provision of law; (3) Plaintiff's claims are barred

15  by the doctrines of estoppel, ratification, and/or waiver; (4) Plaintiff is barred from

16  recovery on its claims, in whole or in part, because it failed and neglected to use

17  reasonable care to mitigate its alleged losses or damages; (5) Plaintiff's claims are

18  barred because Plaintiff acquiesced in Defendant's alleged acts and omissions; (6)

19  Plaintiff's claims are barred by the doctrine of unclean hands by reason of

20  Plaintiff's conduct and actions; (7) Plaintiff's claims are barred because they would

21  cause Plaintiff to be unjustly enriched as a result of its own misconduct, and at the

22  expense of Defendant; (8) to the extent Plaintiff alleges any type of contract not in

23  writing, any such purported contracts, obligations, or agreements are unenforceable,

24  and all causes of actions based upon them are barred by the statute of frauds; and

25  (9) Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

26  By its own terms, the '237 patent does not cover the type of gene therapy

27  technology utilized by Defendant in the accused activities.  The specification to the

28  '237 Patent defines a "rAAV virion" as being one "produced in a suitable host cell

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 8 -

CASE NO. 14-cv-2513L-KSC

Page 210

comprising an AAV vector, AAV helper functions, and accessory functions." Col. 8, ll. 26-28. "Accessory function" is defined as referring to "non-AAV derived viral and/or cellular functions upon which AAV is dependent for its replication" and "can be derived from any of the known helper viruses such as adenovirus, herpesvirus (*other than herpes simplex virus type-1*) and vaccinia virus." Col. 7, ll. 42-52 (emphasis added). The '237 Patent's claims do not cover a rAAV virion produced using accessory functions derived from herpes simplex virus ("HSV") type-1. Defendant's AAV-sFLT virion is a type of rAAV virion that is produced using accessory functions derived from HSV type-1. Because the '237 Patent's claims do not cover a rAAV virion produced using accessory functions derived from HSV type-1, AAV-sFLT virions are not covered by the claims of the '237 Patent. And because the AAV-sFLT virions are not covered by the claims of the '237 patent, the only patent asserted in this case, they do not fall within the scope of the table in Part E of Schedule 3.2 of the Agreement and thus no milestone payment is due.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

## INTERROGATORY NO. 2

IDENTIFY all DOCUMENTS which support YOUR contention that YOU do not owe a $1,000,000 milestone payment to MediciNova, Inc. under the ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

## RESPONSE:

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 9 -

CASE NO. 14-cv-2513L-KSC

Page 211

disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

- Defendant's Answer to Plaintiff's First Amended Complaint
- 12/19/2005 Assignment Agreement [GENZYME0001118 - GENZYME0001282];
- U.S. Patent No. 6,376,237 ("the '237 Patent") [GENZYME0000001 - GENZYME0000019];
- U.S. Pat. App. No. 09/450,083 ("the '237 prosecution history") [GENZYME0000539 - GENZYME0000778];
- U.S. Patent No. 6,686,200 ("the '200 Patent") [GENZYME0000020 - GENZYME0000047];
- "Control of Materials (AAV2-sFLT01)" [GENZYME0001022 - GENZYME0001059];

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES
- 10 -
Page 212
CASE NO. 14-cv-2513L-KSC

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    • "02/26/2015       Investigator's       Brochure,       GZ402663"

2        [GENZYME0001060 - GENZYME0001117];

3    • Investigational   New   Drug   Application,   BB-IND   #   13807

4        [GENZYME0001283 - GENZYME0121045]; and

5    • Conway   et   al.,   "Recombinant   Adeno-Associated   Virus   Type   2

6        Replication and Packaging is Entirely Supported by a Herpes Simplex

7        Virus Type 1 Amplicon Expressing Rep and Cap," J. Virology, p.

8        8780-8789 (Nov. 1997) [GENZYME0000048 - GENZYME0000057].

9        Discovery is ongoing and Defendant reserves the right to supplement this

10   response in the future to the extent required under Federal Rule of Civil Procedure

11   26(e) and/or to refer to documents that have been produced or will be produced

12   pursuant to Federal Rule of Civil Procedure 33(d).  Defendant further reserves the

13   right to supplement the information and response herein in accordance with the

14   expert disclosure provisions of the Scheduling Order.

15   **INTERROGATORY NO. 3**

16       IDENTIFY all witnesses with knowledge of YOUR contention that YOU do

17   not   owe   a   $1,000,000   milestone   payment   to   MediciNova,   Inc.   under   the

18   ASSIGNMENT AGREEMENT for the DRUG PRODUCT.

19   **RESPONSE:**

20       Defendant objects to the Request on the grounds that Plaintiff has exceeded

21   the maximum allowable number of interrogatories permitted under Fed. R. Civ.

22   Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff

23   reduces the number of interrogatories it has propounded on Defendant.  *See, e.g.,*

24   *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L

25   (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs.,*

26   *Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993);

27   *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010

28   WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                                - 11 -                    CASE NO. 14-cv-2513L-KSC
                                         Page 213

Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Defendant incorporates by reference the individuals identified in its Rule 26 Initial Disclosures.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 4**

State all facts in support of YOUR contention that the DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-SUIT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to this Request due to its use of the phrase "does not infringe" and its premise that Defendant has asserted a contention regarding infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 12 -

CASE NO. 14-cv-2513L-KSC

Page 214

1 Plaintiff reduces the number of interrogatories it has propounded on Defendant.

2 *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

3 1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

4 *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

5 N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

6 TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

7 Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

8 2168.1 (2010).

9 **FIRST SUPPLEMENTAL RESPONSE:**

10 Without waiver of and subject to the general and specific objections and

11 subject to further supplementation, Defendant incorporates herein its response to

12 Interrogatory No. 1.

13 Discovery is ongoing and Defendant reserves the right to supplement this

14 response in the future to the extent required under Federal Rule of Civil Procedure

15 26(e) and/or to refer to documents that have been produced or will be produced

16 pursuant to Federal Rule of Civil Procedure 33(d).

17 **INTERROGATORY NO. 5**

18 IDENTIFY all DOCUMENTS which support YOUR contention that the

19 DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents,

20 the PATENT-IN-SUIT.

21 **RESPONSE:**

22 In addition to its General Objections and Objections to Plaintiff's Definitions

23 and Instructions, Defendant objects to this Request to the extent that it seeks the

24 disclosure of documents or other information protected from disclosure by the

25 attorney-client privilege, work product doctrine and/or any other applicable

26 privilege or doctrine.  Defendant objects to this Request due to its use of the phrase

27 "does not infringe" and its premise that Defendant has asserted a contention

28 regarding infringement on the grounds that there are no allegations of infringement

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 13 -

Page 215

CASE NO. 14-cv-2513L-KSC

in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory No. 2.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 6

IDENTIFY all witnesses with knowledge of YOUR contention that the DRUG PRODUCT does not infringe, literally or under the Doctrine of Equivalents, the PATENT-IN-SUIT.

## RESPONSE:

Defendant objects to this Request due to its use of the phrase "does not infringe" and its premise that Defendant has asserted a contention regarding

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 14 -

Page 216

CASE NO. 14-cv-2513L-KSC

infringement on the grounds that there are no allegations of infringement in this case, and thus the Request misstates the record and seeks information not relevant to any party's claim or defense.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory No. 3.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 7**

For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG PRODUCT does not infringe, provide a claim chart showing the presence or absence of each claim limitation in the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 15 -

Page 217

CASE NO. 14-cv-2513L-KSC

and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the grounds that there are no allegations of infringement in this case, and thus the Request seeks information not relevant to any party's claim or defense.  Defendant further objects to this Request on the grounds that Plaintiff has not identified the specific claim(s) of the '237 patent that Plaintiff contends read on the drug product at issue, nor has Plaintiff provided a limitation-by-limitation allegation that describes how it contends that each limitation is met by the accused gene product, and therefore the Request is premature.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

### **FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 1 and 2.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories

- 16 -

Page 218

Case No. 14-cv-2513L-KSC

1    26(e) and/or to refer to documents that have been produced or will be produced

2    pursuant to Federal Rule of Civil Procedure 33(d).

3    **INTERROGATORY NO. 8**

4    For each claim of the PATENT-IN-SUIT that YOU contend that the DRUG

5    PRODUCT does not infringe, IDENTIFY any and all prior art that YOU contend

6    renders any claim of the PATENT-IN-SUIT invalid under 35 U.S.C. §102 and/or

7    35 U.S.C. §103.

8    **RESPONSE**:

9    In addition to its General Objections and Objections to Plaintiff's Definitions

10   and Instructions, Defendant objects to this Request to the extent that it seeks the

11   disclosure of documents or other information protected from disclosure by the

12   attorney-client privilege, work product doctrine and/or any other applicable

13   privilege or doctrine.  Defendant objects to the phrase "does not infringe" on the

14   grounds that there are no allegations of infringement in this case, and thus the

15   Request seeks information not relevant to any party's claim or defense.  In addition,

16   Defendant objects on the ground that no contention of invalidity has been asserted

17   at this time, and thus the Request seeks information not relevant to any party's

18   claim or defense.

19   Defendant further objects to the Request on the grounds that Plaintiff has

20   exceeded the maximum allowable number of interrogatories permitted under Fed.

21   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

22   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

23   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

24   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

25   *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

26   N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

27   TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

28   Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                - 17 -        CASE NO. 14-cv-2513L-KSC
Page 219

1    2168.1 (2010).

2        **FIRST SUPPLEMENTAL RESPONSE:**

3        Without waiver of and subject to the general and specific objections and

4    subject to further supplementation, Defendant responds as follows:  No contention

5    of invalidity has been asserted at this time.

6        Discovery is ongoing and Defendant reserves the right to supplement this

7    response in the future to the extent required under Federal Rule of Civil Procedure

8    26(e) and/or to refer to documents that have been produced or will be produced

9    pursuant to Federal Rule of Civil Procedure 33(d).

10       **INTERROGATORY NO. 9**

11       IDENTIFY and describe in detail any and all structural elements and

12   sequences of any nucleic acid molecules in the DRUG PRODUCT.

13       **RESPONSE:**

14       In addition to its General Objections and Objections to Plaintiff's Definitions

15   and Instructions, Defendant objects to the phrase "structural elements and

16   sequences of any nucleic acid molecules" on the grounds that the phrase seeks

17   information or documents that are not relevant to any party's claim or defense or

18   not proportional to the needs of the case, considering the importance of the issues at

19   stake in the action, the amount in controversy, the parties' relative access to

20   relevant information, the parties' resources, the importance of the discovery in

21   resolving the issues, and whether the burden or expense of the proposed discovery

22   outweighs its likely benefit.

23       Defendant further objects to the Request on the grounds that Plaintiff has

24   exceeded the maximum allowable number of interrogatories permitted under Fed.

25   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

26   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                                    - 18 -                    CASE NO. 14-cv-2513L-KSC
                                              Page 220

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e), and will refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the documents referred to as "Control of Materials (AAV2-sFLT01)" [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 - GENZYME0121045].   Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

**INTERROGATORY NO. 10**

IDENTIFY and describe in detail any and all structural elements and sequences of any nucleic acid molecules used in the manufacturing of the DRUG PRODUCT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the phrase "structural elements and sequences of any nucleic acid molecules" on the grounds that the phrase seeks information or documents that are not relevant to any party's claim or defense or

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 19 -

CASE NO. 14-cv-2513L-KSC

Page 221

1  not proportional to the needs of the case, considering the importance of the issues at

2  stake in the action, the amount in controversy, the parties' relative access to

3  relevant information, the parties' resources, the importance of the discovery in

4  resolving the issues, and whether the burden or expense of the proposed discovery

5  outweighs its likely benefit.

6      Defendant further objects to the Request on the grounds that Plaintiff has

7  exceeded the maximum allowable number of interrogatories permitted under Fed.

8  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

9  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

10  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

11  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

12  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

13  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

14  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

15  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

16  2168.1 (2010).

17      **FIRST SUPPLEMENTAL RESPONSE:**

18      Without waiver of and subject to the general and specific objections and

19  subject to further supplementation, Defendant responds as follows:

20      Discovery is ongoing and Defendant reserves the right to supplement this

21  response in the future to the extent required under Federal Rule of Civil Procedure

22  26(e), and will refer to documents that have been produced or will be produced

23  pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the

24  documents referred to as "Control of Materials (AAV2-sFLT01)"

25  [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's

26  Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and

27  Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 -

28  GENZYME0121045]. Defendant further reserves the right to supplement the

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and
Responses to MediciNova First Set Of
Interrogatories

- 20 -

Case No. 14-cv-2513L-KSC

Page 222

1 information and response herein in accordance with the expert disclosure provisions

2 of the Scheduling Order.

3 **INTERROGATORY NO. 11**

4 IDENTIFY and describe in detail the procedure, including but not limited to

5 materials and methods, for manufacturing the DRUG PRODUCT.

6 **RESPONSE:**

7 In addition to its General Objections and Objections to Plaintiff's Definitions

8 and Instructions, Defendant objects to the phrase "describe in detail the procedure,

9 including but not limited to materials and methods, for manufacturing" on the

10 grounds that the phrase is overly broad, unduly burdensome, and not proportional to

11 the needs of the case, considering the importance of the issues at stake in the action,

12 the amount in controversy, the parties' relative access to relevant information, the

13 parties' resources, the importance of the discovery in resolving the issues, and

14 whether the burden or expense of the proposed discovery outweighs its likely

15 benefit.

16 Defendant further objects to the Request on the grounds that Plaintiff has

17 exceeded the maximum allowable number of interrogatories permitted under Fed.

18 R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

19 Plaintiff reduces the number of interrogatories it has propounded on Defendant.

20 *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

21 1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

22 *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

23 N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

24 TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

25 Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

26 2168.1 (2010).

27 **FIRST SUPPLEMENTAL RESPONSE:**

28 Without waiver of and subject to the general and specific objections and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 21 -

CASE NO. 14-cv-2513L-KSC

Page 223

1   subject to further supplementation, Defendant responds as follows:

2      Discovery is ongoing and Defendant reserves the right to supplement this

3   response in the future to the extent required under Federal Rule of Civil Procedure

4   26(e), and will refer to documents that have been produced or will be produced

5   pursuant to Federal Rule of Civil Procedure 33(d), including but not limited to the

6   documents referred to as "Control of Materials (AAV2-sFLT01)"

7   [GENZYME0001022 - GENZYME0001059]; "02/26/2015 Investigator's

8   Brochure, GZ402663" [GENZYME0001060 - GENZYME0001117]; and

9   Investigational New Drug Application, BB-IND # 13807 [GENZYME0001283 -

10  GENZYME0121045].   Defendant further reserves the right to supplement the

11  information and response herein in accordance with the expert disclosure provisions

12  of the Scheduling Order.

13  **INTERROGATORY NO. 12**

14     State all facts in support of YOUR contention that the PATENT-IN-SUIT

15  has an exclusion pertaining to the use of herpes simplex virus type-1.

16  **RESPONSE:**

17     In addition to its General Objections and Objections to Plaintiff's Definitions

18  and Instructions, Defendant objects to this Request to the extent that it seeks the

19  disclosure of documents or other information protected from disclosure by the

20  attorney-client privilege, work product doctrine and/or any other applicable

21  privilege or doctrine.   Defendant further objects to the characterization of

22  Defendants' contentions, which speak for themselves.

23     Defendant further objects to the Request on the grounds that Plaintiff has

24  exceeded the maximum allowable number of interrogatories permitted under Fed.

25  R. Civ. Proc. 33(a)(1).   Accordingly, no answer will be provided unless and until

26  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

27  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

28  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 22 -

Page 224

CASE NO. 14-cv-2513L-KSC

1  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

2  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

3  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

4  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

5  2168.1 (2010).

6  **FIRST SUPPLEMENTAL RESPONSE:**

7  Without waiver of and subject to the general and specific objections and

8  subject to further supplementation, Defendant incorporates herein its response to

9  Interrogatory Nos. 1-6.

10  Discovery is ongoing and Defendant reserves the right to supplement this

11  response in the future to the extent required under Federal Rule of Civil Procedure

12  26(e) and/or to refer to documents that have been produced or will be produced

13  pursuant to Federal Rule of Civil Procedure 33(d).  Defendant further reserves the

14  right to supplement the information and response herein in accordance with the

15  expert disclosure provisions of the Scheduling Order.

16  **INTERROGATORY NO. 13**

17  IDENTIFY all DOCUMENTS which support YOUR contention that the

18  PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

19  type-1.

20  **RESPONSE:**

21  In addition to its General Objections and Objections to Plaintiff's Definitions

22  and Instructions, Defendant objects to this Request to the extent that it seeks the

23  disclosure of documents or other information protected from disclosure by the

24  attorney-client privilege, work product doctrine and/or any other applicable

25  privilege or doctrine.  Defendant further objects to the characterization of

26  Defendants' contentions, which speak for themselves.

27  Defendant further objects to the Request on the grounds that Plaintiff has

28  exceeded the maximum allowable number of interrogatories permitted under Fed.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 23 -

Page 225

CASE NO. 14-cv-2513L-KSC

1  R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until

2  Plaintiff reduces the number of interrogatories it has propounded on Defendant.

3  *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

4  1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

5  *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

6  N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

7  TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

8  Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

9  2168.1 (2010).

10  **FIRST SUPPLEMENTAL RESPONSE:**

11  Without waiver of and subject to the general and specific objections and

12  subject to further supplementation, Defendant incorporates herein its response to

13  Interrogatory No. 2.

14  Discovery is ongoing and Defendant reserves the right to supplement this

15  response in the future to the extent required under Federal Rule of Civil Procedure

16  26(e) and/or to refer to documents that have been produced or will be produced

17  pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the

18  right to supplement the information and response herein in accordance with the

19  expert disclosure provisions of the Scheduling Order.

20  **INTERROGATORY NO. 14**

21  IDENTIFY all witnesses with knowledge of YOUR contention that the

22  PATENT-IN-SUIT has an exclusion pertaining to the use of herpes simplex virus

23  type-1.

24  **RESPONSE:**

25  In addition to its General Objections and Objections to Plaintiff's Definitions

26  and Instructions, Defendant objects to this Request to the extent that it seeks the

27  disclosure of documents or other information protected from disclosure by the

28  attorney-client privilege, work product doctrine and/or any other applicable

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 24 -

Page 226

CASE No. 14-cv-2513L-KSC

privilege or doctrine.   Defendant further objects to the characterization of Defendants' contentions, which speak for themselves.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).   Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at \*7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at \*4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**<u>FIRST SUPPLEMENTAL RESPONSE:</u>**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 3 and 6.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d).   Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

**<u>INTERROGATORY NO. 15</u>**

State all facts in support of YOUR contention that the DRUG PRODUCT was made using a herpes simplex virus type-1.

**<u>RESPONSE</u>:**

In addition to its General Objections and Objections to Plaintiff's Definitions

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and Responses to MediciNova First Set Of Interrogatories

- 25 -

Case No. 14-cv-2513L-KSC

Page 227

and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

## FIRST SUPPLEMENTAL RESPONSE:

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 1-6.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

## INTERROGATORY NO. 16

IDENTIFY all DOCUMENTS which support YOUR contention that the DRUG PRODUCT was made using a herpes simplex virus type-1.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 26 -

Page 228

CASE NO. 14-cv-2513L-KSC

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to this Request to the extent that it seeks the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work product doctrine and/or any other applicable privilege or doctrine.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1). Accordingly, no answer will be provided unless and until Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant incorporates herein its response to Interrogatory Nos. 2 and 5.

Discovery is ongoing and Defendant reserves the right to supplement this response in the future to the extent required under Federal Rule of Civil Procedure 26(e) and/or to refer to documents that have been produced or will be produced pursuant to Federal Rule of Civil Procedure 33(d). Defendant further reserves the right to supplement the information and response herein in accordance with the expert disclosure provisions of the Scheduling Order.

**INTERROGATORY NO. 17**

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND RESPONSES TO MEDICINOVA FIRST SET OF INTERROGATORIES

- 27 -

Page 229

CASE NO. 14-cv-2513L-KSC

1    IDENTIFY all therapeutic products other than the DRUG PRODUCT which

2    YOU have manufactured or developed at any time since December 19, 2005 that

3    uses an adeno-associated virus vector.

4    **RESPONSE:**

5    In addition to its General Objections and Objections to Plaintiff's Definitions

6    and Instructions, Defendant objects to the Request based on its use of the phrase

7    "all therapeutic products other than the DRUG PRODUCT which YOU have

8    manufactured or developed at any time since December 19, 2005 that uses an

9    adeno-associated virus vector" on the grounds that the Request seeks information

10   that is not relevant to any party's claim or defense  and is overly broad, unduly

11   burdensome, does not describe with reasonable particularity the information sought,

12   and is not proportional to the needs of the case, considering the importance of the

13   issues at stake in the action, the amount in controversy, the parties' relative access

14   to relevant information, the parties' resources, the importance of the discovery in

15   resolving the issues, and whether the burden or expense of the proposed discovery

16   outweighs its likely benefit.

17   Defendant further objects to the Request on the grounds that Plaintiff has

18   exceeded the maximum allowable number of interrogatories permitted under Fed.

19   R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

20   Plaintiff reduces the number of interrogatories it has propounded on Defendant.

21   *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-

22   1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing

23   *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.

24   N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-

25   TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan

26   Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure §

27   2168.1 (2010).

28   **FIRST SUPPLEMENTAL RESPONSE:**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 28 -

Page 230

CASE NO. 14-cv-2513L-KSC

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Due to the extreme over breadth, burdensomeness, and inclusion of a vast amount of irrelevant materials in this Interrogatory, and the fact that other Interrogatories in this set will be responded to by Defendant, Defendant will not provide a response to this Interrogatory.  Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

**INTERROGATORY NO. 18**

IDENTIFY all therapeutic products other than the DRUG PRODUCT which YOU have manufactured or developed at any time since December 19, 2005 that are covered by any of the patents in the ASSIGNMENT AGREEMENT.

**RESPONSE:**

In addition to its General Objections and Objections to Plaintiff's Definitions and Instructions, Defendant objects to the Request based on the phrase "all therapeutic products other than the DRUG PRODUCT which YOU have manufactured or developed at any time since December 19, 2005 that uses an adeno-associated virus vector" on the grounds that the Request seeks information that is not relevant to any party's claim or defense  and is overly broad, unduly burdensome, does not describe with reasonable particularity the information sought, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the Request on the grounds that Plaintiff has exceeded the maximum allowable number of interrogatories permitted under Fed. R. Civ. Proc. 33(a)(1).  Accordingly, no answer will be provided unless and until

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES

- 29 -

CASE NO. 14-cv-2513L-KSC

Page 231

Plaintiff reduces the number of interrogatories it has propounded on Defendant. *See, e.g., See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-CV-37-SEB-TAB, 2010 WL 2560032, at *4 (S.D. Ind. June 23, 2010), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (2010).

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiver of and subject to the general and specific objections and subject to further supplementation, Defendant responds as follows:

Due to the extreme over breadth, burdensomeness, and inclusion of a vast amount of irrelevant materials in this Interrogatory, and the fact that other Interrogatories in this set will be responded to by Defendant, Defendant will not make a separate search or provide a response to this Interrogatory. Defendant will consider responding to narrower, more focused demands if submitted and not duplicative of other demands to which Defendant has agreed to respond.

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Genzyme First Supp Objections and Responses to MediciNova First Set Of Interrogatories

- 30 -

Page 232

Case No. 14-cv-2513L-KSC

1    As to Objections:

2    Dated:  March 13, 2017                    Respectfully submitted,

3                                              DRINKER BIDDLE & REATH LLP

4

5                                              By:  */s/ Francis DiGiovanni*

6                                                   Francis DiGiovanni

7                                              Attorney for Defendant GENZYME
                                               CORPORATION
8                                              E-mail:  francis.digiovanni@dbr.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GENZYME FIRST SUPP OBJECTIONS AND
RESPONSES TO MEDICINOVA FIRST SET OF
INTERROGATORIES                      - 31 -                CASE NO. 14-cv-2513L-KSC
                                  Page 233

# EXHIBIT N

**EXHIBIT N**



Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

February 28, 2017

**VIA EMAIL**

Matthew S. McConnell
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130-2006

Re:    *MediciNova, Inc. v. Genzyme Corp.,* No. 3:14-cv-2513-L-KSC (S.D. Cal.)

Dear Matt:

Your demand for a response in 4 business days to your 17-page letter served last Friday evening, after the close of business and on a holiday weekend, is unreasonable. Moreover, the issues raised in your letter are repetitive and not well taken; to the extent you have legitimate issues with Genzyme's objections and responses, we suggest a meet and confer, at which time we can also discuss the issues raised below pertaining to MediciNova's discovery deficiencies.  We are generally available this Thursday or Friday from 9 a.m. to 4 p.m. ET.

In the interim, we provide the following global observations of the issues raised in your letter.

First, you incorrectly state that MediciNova never consented to service by electronic mail.  The parties filed a Joint Discovery Plan with the Court on July 21, 2016, representing that "[t]he parties have consented to service of discovery requests and responses, as well as other items to be served in this case, via electronic means (specifically, e-mail upon opposing counsel) pursuant to Fed. R. Civ. P. 5(b)(2)(E)."  *See* D.I. 25 at 1.  Genzyme's objections have not been waived.

Second, with regard to MediciNova's interrogatories, two and a half months ago Genzyme objected to them on the grounds that they exceed the maximum number allotted under Fed. R. Civ. Proc. 33(a)(1), and also provided MediciNova with caselaw holding that a party who responds to interrogatories waives the right to object to the interrogatories based on numerosity.  *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485561, at *7 (S.D. Cal. June 21, 2016) (*citing Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D. N.C. 1993)).    MediciNova admitted that it exceeded the number of allowable

*Established* 1849

Page 235

DrinkerBiddle&Reath
L L P

Matthew S. McConnell
February 28, 2017
Page 2

interrogatories allotted under Fed. R. Civ. Proc. 33(a)(1) when it served its second set of interrogatories on November 21, 2016.  Accordingly, it should have come as no surprise that Genzyme would not—and could not—provide responses to MediciNova's interrogatories.  Your accusations that Genzyme's objections are "wholly improper," "evasive," "extremely disingenuous," and "incredibly disingenuous" are not made in good faith and ignore well-established caselaw that we provided you months ago. Genzyme's objection as to numerosity is proper and will not be withdrawn.

We also bring to your attention the following deficiencies in MediciNova's discovery responses.

As a threshold matter, the determinative issue in this litigation is whether the '237 patent covers the accused Genzyme drug product, which is a drug product derived from the HSV-1 virus.  MediciNova has been aware that this is the sole issue from nearly day one of this litigation, yet none of MediciNova's responses address this basic question. Specifically, Genzyme asked MediciNova to explain why it believes the '237 patent covers Genzyme's drug product *which MediciNova knows is derived from the HSV-1 virus*, in light of the '237 patent's *clear disavowal* of this subject matter, and to produce documents related to this issue.  *See* Genzyme Interrogatory Nos. 1-2, 5-8; Genzyme Document Request Nos. 1-5, 8, 10-15, 17-19.  MediciNova has not provided this explanation or produced these documents.  Indeed, the terms "herpes" and "HSV" do not appear a single time in MediciNova's responses to Genzyme's eight interrogatories,[1] and they appear in only three documents of MediciNova's 514-page document production: (i) U.S. Patent No. 7,037,723; (ii) the June 27, 2014 letter from MediciNova to Genzyme admitting that the drug product at issue in this litigation is HSV-based; and (iii) the September 16, 2014 email from you to Genzyme admitting that "Genzyme's AAV2-sFLT01 vector is produced with recombinant HSV vector."[2]   MediciNova must immediately supplement its interrogatory responses to explain why it believes the '237 patent covers drug products derived from the HSV-1 virus, in clear contradiction of the '237 specification.  MediciNova must also supplement its document production with all documents related to this exceedingly narrow and case-dispositive issue.

Second, MediciNova's boilerplate objections to Genzyme's document requests are improper.  MediciNova repeatedly objected that Genzyme's document requests are vague (Nos. 1-18), compound (Nos. 1-19), overbroad (Nos. 1-19), calling for speculation

---

[1] Please provide an explanation for your accusations that Genzyme served interrogatories with "over 100 discrete subparts" and "Interrogatory No. 8 alone has at least 68 discrete subparts."

[2] These admissions are not only case-dispositive, they are grounds for a fees award in light of the clear disavowal in the '237 patent for HSV-1-derived drug products. Genzyme reserves the right to seek its fees on this basis.

DrinkerBiddle&Reath
L L P

Matthew S. McConnell
February 28, 2017
Page 3

(Nos. 1-18), and not relevant (Nos. 1, 2, 5, 6, 11-19).  To be clear, such boilerplate objections are improper.  *D.J.'s Diamond Imports, LLC v. Brown*, No. WMN-11-2027, 2013 WL 1345082, at *4 (D. Md. Apr. 1, 2013) ("This Court has stated, over and over again, that boilerplate objections are improper and that objections must be based on particularized facts."); *Smithkline Beecham Corp. v. Apotex Corp.,* 2006 WL 279073, at *2 (E.D. Pa. Jan. 31, 2006) ("Mere recitation of the familiar litany that an interrogatory or document production request is 'overly broad, burdensome or oppressive' will not suffice.") (quoting *Momah v. Albert Einstein Med. Ctr.,* 164 F.R.D. 412, 417 (E.D. Pa. 1996)); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive").  MediciNova must withdraw these improper objections or supplement its responses with particularized explanations as to how Genzyme's document requests are objectionable.

Third, MediciNova's responses indicate that MediciNova refuses to produce any documents in response to Request Nos. 2, 14, and 18.  MediciNova's baseless refusal is improper.  MediciNova must supplement its response and indicate that it will produce all responsive documents.

Fourth, Genzyme's Interrogatory Nos. 1, 2, 5, and 6 all inquire into the basis for MediciNova's contention that the drug product is covered by the '237 patent.  None of MediciNova's responses, including MediciNova's claim chart, addresses this case-dispositive issue (i.e., whether the '237 patent covers drug products derived from the HSV-1 virus and whether that scope covers Genzyme's drug product).  MediciNova must supplement its responses answering this question or be precluded from doing so at summary judgment and trial.

Fifth, Genzyme's Interrogatory No. 8 inquires into MediciNova's prefiling investigation.  MediciNova's response is woefully inadequate, particularly in view of the representations and admissions that MediciNova and its attorneys have made regarding their knowledge that the drug product at issue is derived from the HSV-1 virus, which is excluded from the scope of the '237 patent.  MediciNova must supplement its response to Interrogatory No. 8 and explain in full and informative detail precisely how MediciNova arrived at its conclusion that Genzyme's drug product is covered by the '237 patent in

DrinkerBiddle&Reath
LLP

Matthew S. McConnell
February 28, 2017
Page 4

light of the '237 patent specification's express language that drug products derived from the HSV-1 virus are not within the patent's scope.

Respectfully,

Francis DiGiovanni

FD/mcl

87812497.1

# EXHIBIT O

**EXHIBIT O**

DrinkerBiddle&Reath
L L P

Curt Lambert
302-467-4217 Direct
302-467-4201 Fax
Curt.Lambert@dbr.com

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA

DELAWARE

ILLINOIS

NEW JERSEY

NEW YORK

PENNSYLVANIA

WASHINGTON D.C.

WISCONSIN

March 15, 2017

**VIA EMAIL**

Matt McConnell
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130-2006

Re:   *MediciNova, Inc. v. Genzyme Corp.*, No. 14-cv-2513-L-KSC (S.D. Cal.)

Matt:

I write as a follow-up to the parties' meet and confer held Monday afternoon, March 13, 2017.

Genzyme's objections to MediciNova's document requests are proper, and its responses to the requests are complete.  As I explained during the meet and confer, this case concerns the issue of whether the drug product at issue (AAV2-sFLT01) is covered by the patent at issue (U.S. Pat. No. 6,376,237).  Everything needed by MediciNova to address this issue is contained in Genzyme's discovery responses, including its 121,045-page document production.  Specifically, Genzyme has produced its Investigational New Drug Application ("IND"), which contains far more detail than MediciNova needs to identify the characteristics of AAV2-sFLT01 that are relevant to the claims of the '237 patent.  Your position that more documentation and information is needed to "test" whether the statements in the IND are accurate is meritless.  The IND is an official submittal made to the U.S. government requesting authorization to conduct clinical trials of a drug product.  It is the best evidence to establish the drug product's characteristics.  Your suggestion that Genzyme may have made incorrect statements in its IND is baseless and does not justify supplemental document productions of cumulative and duplicative information.

Genzyme's objections to MediciNova's Requests for Admission Nos. 14-15, 18, 21, and 23-50 are proper, and its responses to the requests are complete.  As we discussed, the majority of MediciNova's requests suffer from numerous deficiencies that were specifically identified by way of written objection.  Some requests are compound and therefore cannot be admitted or denied.  Others ask for contentions, not facts, that may change over time.  Most ask for confidential and proprietary details about Genzyme's manufacturing process that are not relevant to any issue in this litigation.  Your request for supplementation is unjustified.  You requested that Genzyme conduct a page-by-page analysis of its responses to MediciNova's requests for admission, and I agreed to do so.  Attached are redacted versions of Genzyme's Objections and Responses to Requests for Admission Nos. 1-22 and Nos. 23-50.

*Established* 1849

DrinkerBiddle&Reath
L L P

March 15, 2017
Page 2

Genzyme's numerosity objection to MediciNova's interrogatories is proper. Nonetheless, Genzyme served its objections and responses to MediciNova's Interrogatory Nos. 1-18, in light of your representation that Genzyme's numerosity objection is not waived.   You requested that Genzyme conduct a page-by-page analysis of its interrogatory responses and withdraw its confidentiality designations where appropriate, and I agreed to do so.   Attached is a redacted version of Genzyme's Objections and Responses to Interrogatory Nos. 1-18.

On February 28, 2017, we brought to your attention serious deficiencies in MediciNova's discovery responses, and we discussed them on the meet and confer. Specifically, we informed you that MediciNova's discovery responses regarding the determinative issue in this litigation (whether the '237 patent covers AAV2-sFLT01) are inadequate.  As you have known and admitted, AAV2-sFLT01 is a drug product derived from the HSV-1 virus.  You have also been advised that the '237 patent clearly disavows this subject matter:

> The term "accessory functions" refers to non-AAV derived viral and/or cellular functions upon which AAV is dependent for its replication. Thus, the term captures DNAs, RNAs and protein that are required for AAV replication, including those moieties involved in activation of AAV gene transcription, stage specific AAV mRNA splicing, AAV DNA replication, synthesis of Cap expression products and AAV capsid assembly. Viral-based accessory functions can be derived from any of the known helper viruses such as adenovirus, herpesvirus (other than herpes simplex virus type-1) and vaccinia virus.

'237 Patent Col. 7, ll. 41-51.  We requested that MediciNova supplement its 514-page document production with all documents related to this issue.  We also requested that MediciNova supplement its interrogatory responses (namely, in response to Genzyme's Interrogatory Nos. 1, 2, 5, 6, and 8) to explain why it believes the '237 patent covers drug products derived from the HSV-1 virus, in clear contradiction of the '237 specification. I repeated this request during our meet and confer, and you refused to do so.  Your only basis for refusing to supplement MediciNova's deficient discovery responses was that the phrase "HSV-1" (or the like) is not part of the text of the '237 claims.  As I explained several times during the meet and confer, claims are construed in light of the specification, but you insisted that Genzyme's position that the scope of the '237 claims must be construed in light of the specification's clear disavowal of HSV-1 derivation was untenable.  We disagree.  Accordingly, we request—again—that MediciNova explain why it believes (and believed prior to filing its Complaint) that the '237 patent covers

DrinkerBiddle&Reath
L L P

March 15, 2017
Page 3


AAV2-sFLT01 in light of the '237 specification's clear disavowal of drug products having viral-based accessory functions derived from HSV-1.

Sincerely,

*/s/ Curt Lambert*

Curt Lambert

Att.

C:      D. Pelto, Esq.
        T. Anderson, Esq.
        A. Kinsey, Esq.
        S. Selna, Esq.
        F. DiGiovanni, Esq.

88118072.1