FILED

17 JUN 29 PM 2:08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MXN      DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA INC., a Delaware corporation,<br><br>        Plaintiff,<br>v.<br><br>GENZYME CORPORATION, a Massachusetts corporation,<br><br>        Defendants. | Case No.: 14cv2513-L(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (PLAINTIFF'S REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS);**<br><br>**SECOND AMENDED SCHEDULING ORDER**<br><br>[Doc. No. 45.] |

   Before the Court is a Joint Motion for Determination of Discovery Dispute. [Doc. No. 45.] In the Joint Motion, plaintiff requests an order compelling defendant to provide further responses to Request for Admission Nos. 14, 15, 18, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50 and Request for Production of Document Nos. 1 through 20. [Doc. No. 45, at pp. 1-

1

14cv2513-L(KSC)

186.] For the reasons outlined below, the Court finds that plaintiff's request for an order compelling defendant to provide further discovery responses must be DENIED as untimely and for failure to make the required showing. However, the Court will briefly re-open discovery to allow plaintiff to serve up to five (5) narrowly tailored document requests.

### *Background*

Plaintiff's First Amended Complaint includes causes of action against defendant for breach of contract and breach of the covenant of good faith and fair dealing. [Doc. No. 13, at p. 1.] Both of these causes of action are based on defendant's alleged breach of a written Assignment Agreement dated December 19, 2005 between defendant and Avigen, Inc. [Doc. No. 13, at pp. 1-6.] "On or about December 18, 2009, Avigen, Inc. merged with [plaintiff]. As a result, [plaintiff] assumed all rights under the Assignment Agreement. . . ." [Doc. No. 13, at p. 3.]

Under the Assignment Agreement, plaintiff acquired "certain gene therapy intellectual property and gene therapy research and developmental programs." [Doc. No. 13, at p. 2.] In return, plaintiff is entitled to "certain milestone payments" based on the development of products that use the acquired intellectual property and technology. [Doc. No. 13, at p. 3.] "[A] milestone payment is due under the Assignment Agreement when the first patient is dosed or treated in a Phase I clinical study with a product that is covered by a claim of one of the Gene Therapy Patents issued in certain major markets, including the United States. . . ." [Doc. No. 13, at p. 3.] Specifically at issue in the First Amended Complaint are: (1) an AAV vector technology, which provides "a mechanism for transferring genes into a targeted set of cells within a patient in order to potentially treat a variety of diseases" [Doc. No. 13, at p. 3]; and (2) the '237 Patent and other related patents. [Doc. No. 13, at pp. 3-4.] According to the First Amended Complaint, certain claims in the '237 patent cover the AAV vector technology. [Doc. No. 13, at p.4.]

///

The First Amended Complaint alleges that defendant advised plaintiff in March 2014 that it "was currently conducting a Phase 1 clinical trial of a gene therapy product . . . named AAV-sFLT" and that all patients in the clinical trial "had already been dosed with AAV-sFLT." [Doc. No. 13, at p. 3.] However, defendant did not provide plaintiff "with any of the technical details of its AAV-sFLT technology" and failed to make the $1,000,000 milestone payment under the Assignment Agreement. [Doc. No. 13, at p. 4.]

The First Amended Complaint also states as follows: "To date, [defendant] has never provided [plaintiff] with any of the underlying records or documentation concerning AAV-SFLT or its clinical trial, and [plaintiff] does not independently have access to such records and documentation. Until [plaintiff] obtains access to these records and documentation, [plaintiff] cannot fully assess whether any additional Gene Therapy Patents in the Assignment Agreement were breached by [defendant] during the AAV-sFLT clinical trial." [Doc. No. 13, at p. 4.]

## *Discussion*

### A. *Timeliness.*

Defendant argues that plaintiff's request for an order compelling defendant to provide further responses to requests for admissions and requests production of documents should be denied, because the Joint Motion was not filed in a timely manner. [Doc. No. 45, at pp. 18-20.] As with the original Scheduling Order [Doc. No. 35], the Amended Scheduling Order in this case states as follows:

> 1. . . . All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. . . . In any case, the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts. If the discovery dispute concerns written discovery requests, the parties shall submit a joint statement entitled, "Joint

Motion for Determination of Discovery Dispute" with the Court. (For further information on resolving discovery disputes, see Judge Crawford's 'Chambers' Rules' which are accessible via the Court's website at www.casd.uscourts.gov.) A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.

* * * *

15. The dates and times set forth herein will not be modified except for good cause showing.

[Doc. No. 43, at p. 2.]

Federal Rule of Civil Procedure 16(b)(4) also states as follows: "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

On July 13, 2016, plaintiff served defendant with the following: (1) Requests for Admissions (First Set) [Doc. No. 45-2, at pp. 8-21] which includes Request for Admission Nos. 1 through 22 [Doc. No. 45-2, at pp. 15-17]; and (2) Request for Production of Documents (Set One) [Doc. No. 45-2, at pp. 39-51]. On November 21, 2016, plaintiff served defendant with the following: (1) Requests for Admissions (Set Two) [Doc. No. 35, at p. 35-36], which includes Request for Admission Nos. 23 through 50 [Doc. No. 45-2, at pp. 30-33]; and (2) Request for Production of Documents (Set Two) [Doc. No. 45-2, at pp. 55-64]. Defendant responded to all of these discovery requests on February 6, 2017. [Doc. No. 45-2, at pp. 67-76; Doc. No. 45-2, at pp. 100-122; Doc. No. 45-2, at p. 78-98; Doc. No. 45-2, at pp. 124-132.] Later, defendant provided plaintiff with amended responses to some of these requests. [Doc. No. 45, at p. 7.]

Based on the foregoing, any discovery motion seeking resolution of disputes about these discovery requests should have been filed on or about March 23, 2017 to be in compliance with the 45-day rule. However, the Joint Motion was not filed until April 28, 2017. [Doc. No. 45.] Apparently, plaintiff did not read the Scheduling Order

4

or the Amended Scheduling Order and was not aware of the 45-day deadline. [Doc. No. 45, at p. 8; Doc. No. 45-2, at pp. 5-6.] Plaintiff also did not seek, and the Court did not grant, any request for an extension of the 45-day deadline. Nor is there a convincing justification in the Joint Motion to establish good cause for an extension of the 45-day deadline. Each party claims diligence and blames the other for the delay. [*See, e.g.,* Doc. No. 45, at pp. 7-9, 14-26.] In addition, the parties have had more than enough time (about nine months) to complete discovery under the original Scheduling Order and the Amended Scheduling Order. [Doc. Nos. 35 and 43.]. Accordingly, the Court finds that plaintiff's request for an order compelling further discovery responses from defendant must be DENIED as untimely and because plaintiff's request is unsupported by a showing of good cause to extend the 45-day deadline for the parties to present their discovery dispute to the Court.

## B. *Plaintiff's Requests for Admissions.*

Under Federal Rule of Civil Procedure 36(a), "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; . . . ." Fed.R.Civ.P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it, or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny on a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4).

Here, plaintiff seeks an order compelling defendant to provide further responses to Request for Admission Nos. 14, 15, 18, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50. In its initial responses,

defendant objected to each of these requests for various reasons, including relevance and ambiguity. Defendant also denied some of requests, and as to all others, defendant stated that it was unable to admit or deny the substance of the request. Defendant's initial responses did not provide much reasoning for these responses. However, in the Joint Motion submitted by the parties for the Court's consideration, defendant did explain the reasons for its responses on a request-by-request basis. [Doc. No. 45, at pp. 26-113.]

Apparently, plaintiff is not satisfied with the explanations defendant provided in the Joint Motion. However, when defendant's initial responses are combined with the explanations provided in the Joint Motion, it appears that defendant has done all it can be expected to do under Rule 36(a)(4). As required by Rule 36(a)(4), defendant specifically denied some of the requests in its initial responses. As to all others, defendant stated in its initial responses that it could not truthfully admit or deny the substance of the request. As part of the Joint Motion, defendant provided fairly detailed explanations for its denials and also explained why it was unable to admit or deny the remaining requests. Plaintiff has not explained why these explanations are not adequate. Without more, and under the circumstances presented, the Court can only conclude that defendant satisfied its obligations under Rule 36(a)(4), and plaintiff is not entitled to further responses to these requests. Therefore, even if plaintiff submitted a timely request, the Court would not have issued an order on the current record compelling defendant to provide further responses to plaintiff's requests for admission. In other words, the Court finds that plaintiff's request for an order compelling defendant to provide further responses to its requests for admissions must be DENIED as untimely and for failure to establish that defendant did not satisfy its obligations under Rule 36(a)(4).

On the other hand, the Court finds that plaintiff is entitled to a set of responses in the usual format (*i.e.*, each request for admission at issue, followed by defendant's initial response to each request, and by the further explanations defendant provided as to each

6

request in the parties' Joint Motion, and signed by defendant or its attorney as required by Federal Rules of Civil Procedure 26(g) and 36(a)(3)).

As to Request for Admission Nos. 14 and 15, which both, as clarified by plaintiff, simply seek to discover whether defendant intends to contest the validity or enforceability of the patent placed at issue in the operative Complaint, ***defendant is also reminded of its duty to supplement its responses and the consequences for failing to do so***. Federal Rule 26(e)(1) states in part as follows: "A party who . . . has responded to a[] . . . request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . ." Fed.R.Civ.P. 26(e)(1)(A). In addition, various penalties may be imposed under Rule 37(c) if a party fails to disclose information as required by Rule 26(e) or fails "to admit what is requested under Rule 36." Fed.R.Civ.P. 37(c)(1)&(2).

Here, defendant's main reason for stating that it is unable to "appropriately or honestly admit or deny" Request for Admission Nos. 14 and 15 is that its contentions "may change." [Doc. No. 45, at pp. 26, 29.] As clarified, Request for Admission Nos. 14 and 15 are not objectionable, because they only seek to discover whether defendant intends to contest the validity of the subject patent. Contrary to defendant's arguments, plaintiff is not seeking a legal conclusion in response to these requests. *See, e.g., Tulip Computers. Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) (stating that "requests directed towards applying the claims of the patent or requiring application of the claims prior to any *Markman* ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions and therefore, improper"). As outlined above, Rule 36(a)(1) permits a party to request that another party admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (1) . . . the application of law to fact, or opinions about either. . . ." Fed.R.Civ.P. 36(a)(1)(A).

### C. *Plaintiff's Requests for Production of Documents.*

Plaintiff seeks an order compelling defendant to produce additional documents in response to Document Request Nos. 1 through 20. [Doc. No. 45, at pp. 113-185.] Defendant represents that it has already produced all documents material to the factual and legal questions at issue between the parties and argues that plaintiff's document requests unreasonably seek to discover a broad range of additional documents "regardless of how duplicative, and regardless of the proportionality of the case." [Doc. No. 45, at pp. 12-14.]

More specifically, defendant represents that it has already produced 121,000 pages in this litigation that are responsive to plaintiff's document requests [Doc. No. 45, at pp. 13, 119], including "its Investigational New Drug Application ('IND') file for the AAV2-sFLT01 product. The IND is the complete file that [defendant] has provided to the FDA regarding the AAV2-sFLT01 product pursuant to regulatory requirements." [Doc. No. 45, at p. 13.] According to defendant, "[t]he IND is sufficient to identify the drug product that is the subject of [plaintiff's document requests]. . . . Indeed, the IND contains far more detail than [plaintiff] needs to identify the characteristics of AAV2-sFLT01 that are relevant to the claims of the '237 patent." [Doc. No. 45, at pp. 114-115.] Defendant also represents that the IND file is "the best evidence to establish the drug product's characteristics." [Doc. No. 45, at p. 116.]

Plaintiff argues repeatedly in the Joint Motion that the documents produced by defendant thus far are not enough to provide "a complete picture of the facts" and that it is entitled to discover all documents and things that are "directly relevant to the core legal issue under dispute: whether AAV-SFLT is covered by one or more patents under the parties' Assignment Agreement." [Doc. No. 45, at pp. 114 *et seq.*] Without additional documents, plaintiff speculates that defendant "could selectively produce only certain materials in an effort to slant the evidence in its favor." [Doc. No. 45, at p. 114 *et seq.*] According to plaintiff, "[t]his danger is particularly acute," because defendant "has both nearly exclusive control over the evidence pertinent to the issues under dispute

and much greater resources than [plaintiff]." [Doc. No. 45, at pp. 114 *et seq.*] Specifically, plaintiff seeks to discover "source documents on which the IND application is based and other related documents and things, including those additional documents and things sought via [Document Request Nos. 1 through 20], to confirm for itself whether the IND Application is complete and accurate." [Doc. No. 45, at 115 *et seq.*]

Generally, the party seeking to compel discovery has the burden of establishing that its requests satisfy the relevancy requirements of Federal Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "[T]he party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

Effective December 1, 2015, the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1) is as follows: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ***and proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1) (emphasis added).

The 2015 amendments to Rule 26 "eliminated the 'reasonably calculated' phrase as a definition for the scope of permissible discovery." *In re Bard IVC Filters Products Liability Litigation*, 317 F.R.D. 562, 564 (D. Ariz. 2016). "The test going forward is whether evidence is 'relevant to any party's claim or defense,' not whether it is 'reasonably calculated to lead to admissible evidence.'" *Id.* at 564.

"The 2015 amendments also added proportionality as a requirement for permissible discovery. Relevancy alone is no longer sufficient – discovery must also be proportional to the needs of the case. . . . [¶]The inquiry to be conducted under the

proportionality requirement . . . requires input from both sides." *Id.* In this regard, the advisory committee notes for the 2015 amendments state in part as follows:

> This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections. [¶][T]he proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.
>
> Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes. . . .
>
> The parties may begin discovery without a full appreciation of the factors that bear on proportionality. A party requesting discovery, for example, may have little information about the burden or expense of responding. A party requested to provide discovery may have little information about the importance of the discovery in resolving the issues as understood by the requesting party. . . . A party claiming undue burden or expense ordinarily has far better information -- perhaps the only information -- with respect to that part of the determination. ***A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.*** The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26(b) advisory committee's note (2015 amendments) (emphasis added).

The intent of the recent amendments is to bring about "[a] change in the legal culture that embraces the leave no stone unturned and scorched earth approach to discovery. . . ." *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 604 (D. Nevada 2016). "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' [Citation omitted.] The fundamental principle of amended Rule 26(b)(1) is 'that lawyers must size and shape their discovery requests to the requisites of

10

a case.' [Citation omitted.] The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* at 603, quoting John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), available at http://www.supremecourt.gov/publicinfo/2015year-endreport.pdf.

Here, based on the allegations in the First Amended Complaint, the Court finds that plaintiff's request to discover "source documents" to determine whether and to what extent defendant breached the Assignment Agreement meets the relevance standard of Federal Rule of Civil Procedure 26(b)(1). However, the Court finds that plaintiff's Document Request Nos. 1 through 20 are overly broad on their face, and neither party adequately addressed the proportionality requirement in Federal Rule of Civil Procedure 26(b)(1). When viewed as a whole, plaintiff's document requests are so overly broad and seek such a wide range of documents that they cannot possibly be reasonably tailored to fit the needs of the case. Based on the arguments made in the Joint Motion, it also appears that no effort was made by plaintiff during the parties' meet and confer sessions to narrow the scope of these requests to the types of documents most likely to elicit "a complete picture of the facts" [Doc. No. 45, at p. 114 *et seq.*] believed by plaintiff to be necessary to determine whether and to what extent the Assignment Agreement was breached.[1] [Doc. No. 45, at p. 114 *et seq.*]

Defendant did respond to plaintiff's document requests and did produce a very substantial but limited set of responsive documents based on its view of the case, along

---

[1] Particularly when a party stands on overly broad requests and does not make a reasonable attempt to narrow them or to adequately explain the need for such a broad range of documents and/or information, the Court will not "rewrite a party's discovery request[s] to obtain the optimum result for that party. That is counsel's job." *Bartolome v. City and County of Honolulu*, WL 2736016, at 14 (D. Hawaii 2008). *See also Kilby v. CVS Pharmacy, Inc.*, No. 09CV2051-MMA(KSC), 2017 WL 1424322, at *4 (S.D. Cal. Apr. 19, 2017); *Sanchez Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12914435, at *3 (S.D. Cal. Mar. 30, 2015).

11

with an explanation as to why it believed its production of responsive documents was adequate and appropriate under the circumstances. As with plaintiff, however, it also does not appear that any effort was made by defendant during meet and confer sessions to compromise or to adequately address plaintiff's concern that defendant had not produced "source documents" necessary for plaintiff to obtain "a complete picture of the facts." [Doc. No. 45, at p. 114 *et seq.*]

In the Joint Motion, both parties simply repeat bare, conclusory arguments that lack the substance necessary for the Court to determine the appropriate scope of discovery under the circumstances. Plaintiff makes no attempt on a request-by-request basis to explain why it seeks particular documents and why those documents are likely to include information that is important to resolving the issues at stake. In turn, defendant makes no attempt to explain on a request-by-request basis why it believes plaintiff's document requests are duplicative, overly burdensome, and/or disproportional to the needs of the case. Nor did defendant submit a declaration by a competent witness supporting or explaining why it believes plaintiff's document requests are duplicative, overly burdensome, and/or disproportional to the needs of the case.

Based on the foregoing, the Court would not have issued an order on the current record compelling defendant to produce all documents responsive to Request Nos. 1 through 20, even if plaintiff submitted a timely request. In other words, the Court finds that plaintiff's request for an order compelling defendant to produce all documents responsive to Request Nos. 1 through 20 must be DENIED as untimely and for failure to make a sufficient showing of relevance and need. However, the Court will briefly re-open fact discovery solely for the purpose of allowing plaintiff to serve defendant with a narrowly tailored set of five or fewer document requests. These requests must be specifically calculated to discover the types of "source documents" that are most likely to elicit "a complete picture of the facts" that plaintiff reasonably believes are necessary to determine whether and to what extent the Assignment Agreement was breached. [Doc. No. 45, at pp. 114-115 *et seq.*]

## *Conclusion*

For the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an order compelling defendant to provide further responses to Request for Admission Nos. 14, 15, 18, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50 is DENIED as untimely and for failure to establish that defendant did not satisfy its obligations under Federal Rule of Civil Procedure 36(a)(4). However, ***within ten (10) days of the date this Order is issued***, defendant shall provide plaintiff with a set of responses to the above-listed requests for admissions in the usual format (*i.e.*, each request for admission, followed by defendant's initial response to each request, and by the further explanations defendant provided as to each request in the parties' Joint Motion, signed by defendant or its attorney as required by Federal Rules of Civil Procedure 26(g) and 36(a)(3)).

2. Plaintiff's request for an order compelling defendant to produce documents in response to Document Request Nos. 1 through 20 is DENIED as untimely and for failure to make a sufficient showing of relevance and need under Federal Rule of Civil Procedure 26(b)(1).

3. The deadline for completing fact discovery is extended to ***August 31, 2017*** solely for the purpose of allowing plaintiff to serve defendant with a narrowly tailored set of five or fewer document requests pursuant to Federal Rule of Civil Procedure 34 that are consistent with this Order. In other words, if plaintiff elects to serve defendant with five or fewer requests for the production of documents, the requests must be specifically calculated to discover the types of "source documents" most likely to elicit "a complete picture of the facts" that plaintiff reasonably believes are necessary to determine whether and to what extent the Assignment Agreement was breached. [Doc. No. 45, at pp. 114-115 *et seq.*] Any such requests must be served on defendant within ten (10) days of the date this Order is entered. Defendant is ordered to respond and

produce documents in response to any such requests ***without delay*** and within the time permitted under Federal Rule 34(b)(2).

    4.    The fact discovery outlined above in No. 3 shall be completed on or before ***August 31, 2017.*** "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). ***The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process***. All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. If there is discovery dispute, the parties shall submit a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court. (For further information on resolving discovery disputes, see Judge Crawford's "Chambers' Rules" which are accessible via the Court's website at www.casd.uscourts.gov.) A failure to comply in this regard will result in a waiver of a party's discovery issue. ***Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.***

///
///
///
///
///
///
///

5. All other terms and conditions of the Scheduling Orders issued on August 11, 2016 [Doc. No. 35] and February 17, 2017 [Doc. No. 43] shall remain in full force and effect.

IT IS SO ORDERED.

Dated: June 29, 2017

Hon. Karen S. Crawford
United States Magistrate Judge