UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICINOVA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION, a Massachusetts Corporation,<br><br>Defendant. | Case No.: 14-CV 2513-JLS (KSC)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 68) |

Presently before the Court is Defendant Genzyme Corporation's Motion to File Documents Under Seal, ("MTN," ECF No. 68). Defendant requests an order authorizing the filing under seal of various documents in support of Defendant's Motion for Summary Judgment of No Liability. (*Id.* at 2.) Defendant alleges the documents contain highly confidential and proprietary business information regarding the research, development, and clinical trial of Defendant's AAV2-sFLT01 gene therapy product, and the confidential Avigen-Genzyme Assignment Agreement. (*Id.* at 3.)

Plaintiff opposes Defendant's request to seal these documents for various reasons.

("Opp'n," ECF No. 73.) First, Plaintiff argues Defendant did not provide Plaintiff with appropriate notice for an application to seal documents, as per the Parties' protective order, (ECF No. 42). (Opp'n 4.) Plaintiff also argues its expert Dr. Burger will need to review Defendant's confidential material in order to prepare his report. (*Id.* at 5.)

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the

2

14-CV 2513-JLS (KSC)

production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

### I. Notice Under the Protective Order

Under the Parties' protective order: "Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel." ("Protective Order," ECF No. 42, at 10.) Plaintiff argues Defendant told Plaintiff of its intention to file a motion for summary judgment, part of which would be under seal, on the day it filed the Motion. (Opp'n 7.). Plaintiff argues this is a violation of the protective order's requirement of "appropriate notice." (*Id.*)

The issue before the Court is whether it is proper to seal the documents requested by Defendant. The issue is not whether Defendant violated the protective order. And even so, under the protective order, Defendant has applied to file documents under seal, requesting an order from the Judge before whom the hearing on the Motion for Summary Judgment will take place. Although Plaintiff argues it did not receive "appropriate" notice and the "day of" notice did not provide it time to "evaluate, confer, and respond" to Defendant's request, (*id.*), Plaintiff was able to file an opposition to the Motion and express its position to the Court. Even if Defendant had provided Plaintiff with more notice of its intention to file a Motion to Seal, the Court does not see how this would have changed anything.

### II. Plaintiff's Expert

As factual background, Plaintiff provides that its first expert witness, Dr. Davies, was inadvertently provided confidential materials so Plaintiff required Dr. Davies to destroy all the materials he received, and Plaintiff hired a second expert, Dr. Burger.

(Opp'n 8). Plaintiff explains Defendant has refused to agree to Plaintiff retaining Dr. Burger as an expert in this matter. (*Id.*) Plaintiff argues if Defendant's documents are sealed, Dr. Burger will not be able to review them. (*Id.*; *see* Protective Order Section II.6.e (noting the Receiving Party may disclose confidential or highly confidential information to approved experts).)

It appears the crux of this issue is the approval of Dr. Berger as an expert witness. The Parties currently have a "Joint" Motion pending before Magistrate Judge Crawford, (ECF No. 61). In this Motion (wherein each party expresses its respective, contrasting positions), Plaintiff notes Defendant has refused to agree to the substitution of Dr. Burger, so Plaintiff cannot disclose any "Confidential" or "Highly Confidential" materials to him. (*Id.* at 5.) Defendant objects to Dr. Burger receiving Defendant's confidential information because Dr. Burger "is in a position to consult companies that directly compete with Genzyme in the gene therapy technology space." (*Id.* at 11.)

While the Court understands the Parties' positions and understands they are waiting for Judge Crawford to rule on the expert witness issue, this does not have a place in the Court's analysis here. In determining whether to seal documents, the Court evaluates according to the test outlined above.

## III. Discussion

First, the Court finds the Motion for Summary Judgment (the underlying motion for the present Motion to Seal), is more than tangentially related to the merits of the case. Therefore, the "compelling reasons" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1096–98; *see also Dakota Med., Inc. v. Rehabcare Grp., Inc.*, No. 14-cv-02081-DAD-BAM, 2016 WL 6493896, at *2 (E.D. Cal. Nov. 2, 2016) (holding the "compelling reasons" standard applies for a dispositive motion for summary judgment). Defendant requests to file under seal: 1. Memorandum of Points and Authorities in Support of Motion for Summary Judgment; 2. The Declaration of Abraham Scaria; 3. Exhibits A, B, and C to the Declaration of Abraham Scaria; 4. The Declaration of Dr. Barry J. Bryne; and 5. Exhibits A and B to the Declaration of Dr. Barry J. Byrne. (MTN 2.)

The scope of Defendant's request is very broad. "[G]eneralized information is not likely to meet the compelling reasons standard of sealing, and [a party] must avoid this general information when applying its redactions to propriety information." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 5001287, at *5 (S.D. Cal. Nov. 2, 2017) (collecting cases). The Court finds it is plausible there may be information in one or more of the above documents that warrants sealing, but Defendant has failed to present compelling reasons that the entirety of each of the documents warrant sealing. Thus, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion and **GRANTS** Defendant leave to amend its motion to file documents under seal.[1] *See Obesity Research Inst., LLC v. Fiber Research Int'l*, No. 15-cv-595-BAS (MDD), 2017 WL 3269211, at *2 (S.D. Cal. July 31, 2017) (holding the same). Defendant's revised Motion must specify portions of the documents that present compelling reasons for sealing. Upon Defendant's filing of its revised Motion to Seal, Plaintiff **SHALL** file a Response within seven days. If Defendant does not file a revised Motion to Seal by December 19, 2017, the Court will direct the Clerk of Court to return to Defendant the documents for which sealing has been denied.

**IT IS SO ORDERED.**

Dated: December 5, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court is conscious of the briefing schedule that has been set in this matter, wherein Plaintiff must file its opposition to the Motion for Summary Judgment on or before January 25, 2018. (*See* ECF No. 71.) Should it become necessary to reschedule the hearing on the pending Motion for Summary Judgment and reset the briefing schedule, the Court will do so.